## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JEFFERSON-PILOT LIFE              :
INSURANCE COMPANY                 :
                                  :
              Plaintiff,     :
                                  :
       vs.                    :    Case No. C-1-02-479
                                  :
CHRISTOPHER L. KEARNEY,           :    JUDGE SPIEGEL
                                  :
                                  :
          Defendant.        :

## DEFENDANT CHRISTOPER L. KEARNEY'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF DECLARATORY JUDGMENT CONTAINED IN PLAINTIFF'S COMPLAINT

Under and pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant Christopher L. Kearney (hereinafter "Kearney") moves the Court for Summary Judgment dismissing Plaintiff's Complaint for a Declaratory Judgment. Additional support for this Memorandum is supported by the Affidavit of Defendant Christopher L. Kearney (attached hereto as Exhibit A); Plaintiff's Insurance Policies (attached hereto as Exhibit B); Plaintiff's Admissions (attached hereto as Exhibit C);  Plaintiff's Letter to Defendant dated July 1, 2002 (attached hereto as Exhibit D); Mr. Kearney's letter to Plaintiff's Agent, Mr. Shelton, dated January 19, 1998 and the response dated January 28, 1998 (attached hereto as Exhibit E); Letter of Plaintiff's Agent, Mr. Robert Mills, to Mr. Kearney dated August 11, 2000 (attached hereto as Exhibit F); Letter of Phyllis Harden, Plaintiff's Claims Specialist,  to Mr.

Kearney, dated January 2000, (attached hereto as Exhibit G); and the Affidavit of Clinton E.

Miller, an expert in insurance law (attached hereto as Exhibit H).

Respectfully submitted,

**s/ Eugene L. Matan**
**EUGENE L. MATAN     0012381**
MATAN, GEER & WRIGHT
261 South Front Street
Columbus, Ohio 43215
Telephone:   614-228-2678
Telefax:       614-221-6122
*E-Mail:*          *ematan@mgwlaw.com*
**Attorney for Defendant**

I.    **FACTS**

The Defendant ("Kearney") purchased two individual policies of own-occupation individual disability insurance from Plaintiff, Jefferson-Pilot Life Insurance Company: Policy HO-0493029, effective May 28, 1990 and Policy HO-0538069 effective May 28, 1991. See, Affidavit of Christopher Kearny, Exhibit A; Exhibit B, Policies. For each policy, Mr. Kearney opted to purchase, for additional premium dollars, several optional benefits, including residual disability benefits, a Social Security supplemental benefit, and a 7% Cost of Living Adjustment (COLA) increase in benefits as shown in the schedule of each policy. *Id*. All premiums have been paid to date. *Id*.; Exhibit C, Plaintiff's Admissions. Written sales proposals authored by the Plaintiff convinced Mr. Kearney to purchase these additional benefits in 1990 and 1991. See, Exhibit A, Affidavit of Christopher Kearney. Plaintiff's original disability insurance sales proposal emphasized the importance of purchasing an additional 7% increase in COLA benefits to protect Mr. Kearney's financial future in the event of a period of disability. *Id*. These documents, prepared by the Plaintiff, were the basis upon which Mr. Kearney made his decision to purchase the policies. *Id*.

Mr. Kearney paid all premiums as requested by the Plaintiff, and also has met the claim requirements for disability since May 6, 1993. *Id*. The Plaintiff and the third party administrator approved benefit checks since that time. *Id*. thereafter since being appointed Mr. Kearney's case manager in 2000, DMS has also approved payments of COLA with an increase. Plaintiff had been paying full benefits since May 6, 1993, including residual benefits, a Social Security Supplement and a COLA benefit. *Id*. This COLA benefit to which

Mr. Kearney is entitled, effective May 6, 2002, was not added to benefit checks due in June of 2002. *Id.* Plaintiff sent Mr. Kearney a letter, dated July 1, 2002 along with its Complaint for Declaratory Judgment as the first notification that the Plaintiff was intentionally cutting off the COLA benefit for which Plaintiff is collecting and has collected premiums for years. See, Exhibit D Plaintiff's Letter to Defendant of July 1, 2002 ; Exhibit A, Affidavit of Christopher Kearney. Another increase in benefits, effective May 6th, 2003 has been similarly cut-off and remains unpaid by the Plaintiff.  See Exhibit A, Affidavit of Christopher Kearney. These benefits are due and owing Mr. Kearney for the following reasons as outlined below.

In January 1998, Mr. Harold Shelton, Plaintiff's Manager for Individual Health Administration, told Mr. Kearney that the residual disability benefits were ***subject to the same terms that are listed in the total disability section***, i.e., that they were eligible for the COLA increase. See, Exhibit A Affidavit of Christopher Kearney; Exhibit E. Mr. Kearney confirmed this statement in a letter dated January 1, 1998 to Mr. Shelton. Mr. Shelton acknowledged receipt of that letter with a written response. See, Exhibit E. Prior to Plaintiff's withholding of COLA benefits in May of 2002, Mr. Robert Mills, Mr. Kearney's designated claims contact at DMS, wrote him a letter, dated August 11, 2000, regarding the COLA benefits. See, Exhibit F. In this letter, Mr. Mills apologized for not including these adjustments in a timely manner.

In January 2000, Phyllis Harden, Plaintiff's Claims Specialist, sent a letter to Mr. Kearney introducing DMS as the "third party administrator" of this claim. See, Exhibit G.

Mr. Kearney has been communicating with Mr. Mills at DMS since that time concerning all disability issues raised by Mr. Mills as to his Jefferson-Pilot policies. Apparently, Plaintiff raised the issue of COLA by filing of the Declaratory Judgment action, even though COLA benefits had been paid by Plaintiff since 1993.

## II.     LAW AND ARGUMENT

### A.     STANDARD OF REVIEW

The question that the Court must decide on a motion for summary judgment is whether there exists a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Supreme Court elaborated upon the appropriate standard in deciding a motion for summary judgment as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Id*. at 321; *Guarino v. Brookfield Township Trustees,* 980 F.2d 399, 405 (6th Cir. 1992); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989). If the moving party meets this burden, then the non-moving party "must set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see, *Guarino,* 980 F.2d at 405. In

addition, Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Jurisdiction in this case is based upon diversity of citizenship between the parties. In diversity cases, a federal court must apply state law in accordance with the then controlling decision of the highest state court. *U.S. v. Anderson County*, 761 F.2d 1169, 1173 (6th Cir. 1985), *cert. denied*, 474 U.S. 919 (1985) (citing *Vandenbark v. Owens-Illinois Glass Co.*, 311 U.S. 538, 543, (1941)).

**B. <u>PLAINTIFF IS NOT ENTITLED TO DECLARATORY JUDGMENT BECAUSE THE POLICIES IN QUESTION PROVIDE FOR A "COLA" FOR RESIDUAL DISABILITY</u>**

The Declaratory Judgment Act of 1934 provides that in a case of actual controversy, a competent court may "declare the rights and other legal relations" of a party "whether or not further relief is or could be sought." 28 U.S.C. § 2201; *Public Serv. Comm'n of Utah v. Wycoff*, 344 U.S. 237, 241, (1952). The Act provides that a court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The district court's exercise of discretion under this Act is only reviewed for abuse of discretion. *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 967 (6th Cir. 2000). The standard for a declaratory judgment consists of five factors: (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res

judicata"; (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.

In the case *sub judice*, the Court's judgment would settle the COLA issue by granting Mr. Kearney's Summary Judgment Motion. This is a proper and effective remedy because Plaintiff's denial of COLA increases caused the Defendant significant economic and mental damages. It is insurance industry custom and practice to allow any benefit payable for total disability to be paid for residual disability as well, unless expressly stated otherwise. See, Exhibit H, Affidavit of Clinton Miller, insurance law expert. The relevant policies do not exclude a COLA or an increase in benefits to be paid for a residual disability claim. *Id*. Therefore the COLA benefits should be paid to the Mr. Kearney in either a total or residual disability claim.

**C.   PLAINTIFF VOLUNTARILY WAIVED ITS RIGHT TO REINTERPRET ITS POLICIES TO DISALLOW COLAS AND THERFORE IS ESTOPPED FROM ARGUING A NEW INTERPRETATION AND ATTEMPTING TO COLLECT OVERPAYMENTS**

Waiver is a voluntary relinquishment of a known right. *State ex rel. Board of County Comm'rs v. Board of Dirs.*, (1996) 75 Ohio St.3d 611 citing *State ex rel. Ryan v. State Teachers Retirement Sys.* (1994), 71 Ohio St.3d 362, 368. Waiver may be made by express words or by conduct which renders impossible a performance by the other party, or which seems to dispense with complete performance at a time when the obligor might fully perform. *White Co. v. Canton Transp. Co.*, (1936) 131 Ohio St. 190 , 198 citing *List & Son Co.* v. *Chase*, 80 Ohio St. 42. As a general rule, the doctrine of waiver is applicable to all

personal rights and privileges, whether secured by contract, conferred by statute, or guaranteed by the Constitution, provided that the waiver does not violate public policy. *State ex rel. Board of County Comm'rs id*. Equitable estoppel precludes a party from asserting certain facts where the party, by his conduct, has induced another to change his position in good faith reliance upon that conduct. *State ex rel. Cities Service Oil Co. v. Orteca*, (1980) 63 Ohio St. 2d 295, 299 citing *London & Lancashire Indem. Co.* v. *Fairbanks Steam Shovel Co.* (1925), 112 Ohio St. 136, 152; *Russell* v. *Fourth Natl. Bank* (1921), 102 Ohio St. 248, 269-70.

As shown *supra* in the letter of Mr. Roberson, Vice President of Plaintiff, Plaintiff approved the payment of COLAS in 1993 and they were paid by Plaintiff until May of 2002. See, Exhibit A, Affidavit of Christopher Kearny; Exhibit G, Affidavit of Clinton Miller. Both policies state that the COLAS will be 7%. See, Exhibit B, "Additional Increase In Benefits Rider" for which Mr. Kearney paid additional premiums. The question remains why Plaintiff has suddenly and unexpectedly determined these benefits to be "overpayments?"

COLA payments to Mr. Kearney continued until Plaintiff Insurance Company filed this lawsuit and further increases in COLA were denied and Plaintiff claimed "overpayment." *Id*. This approval is clearly shown in the correspondence between the parties. *Id*.; See, Exhibits D, E, F. The company correctly interpreted its own policy and is estopped from taking an opposite position unfair to its own insured. *Id*. There has also been a waiver by the Plaintiff, as it continued to make the COLA payments over an extended time period, and are still making COLA payments but not increasing as the policy requires. *Id*.

**D. IF THE COURT FINDS THE PROVISIONS OF PLAINTIFF'S CONTRACT ARE SUSCEPTABLE OF MORE THAN ONE INTERPRETATION, THEY ARE TO BE CONSTRUED AGAINST THE PLAINTIFF AND IN DEFENDANT'S FAVOR**

Under well-settled Ohio law, when provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured. *Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 492  (2001 6th Cir.) citing *U.S. Fidelity & Guaranty Co. v. Lightning Rod Mut. Ins. Co.*, 80 Ohio St. 3d 584, (Ohio 1997). As was shown *supra*, Mr. Kearney purchased two policies from the Plaintiff for disability, has met the claims criteria, and has paid premiums and is in good standing. Both policies state that the COLAS will be 7%. See, Exhibit B, "Additional Increase In Benefits Rider." The Plaintiff's Vice President himself wrote that the policies "include[e] a seven percent cost-of-living adjustment rider and a residual disability benefit rider." See, Exhibit A, Affidavit of Christopher Kearny; Exhibit G, Affidavit of Clinton Miller. Plaintiff approved the payment of 7% COLAS in 1991 and they were paid by Plaintiff until May of 2002. *Id*. The "four corners" of the contract specifically provide for a 7% COLA increase, as admitted by Plaintiff's Vice President Mr. Roberson.

Therefore the intent of the policies in question was to allow COLA adjustments, and any ambiguity should be construed in the Defendant's favor and against the Plaintiff, the drafter of the policy. See, Exhibit G, Affidavit of Clinton Miller. This conclusion is based on the policies as well as the correspondence between the parties. *Id*. In this correspondence, the parties interpreted the policy as allowing COLA adjustments to be a permanent feature of the policies. *Id*. Plaintiff has been paying COLA to the Defendant since 1994. *Id*.

III.    <u>CONCLUSION</u>

There exists no genuine issue as to any material fact and therefore Mr. Kearney, the moving party, is entitled to judgment as a matter of law on the issue of declaratory judgment, the subject of its Complaint. The Plaintiff cannot make a showing sufficient to establish the existence of an element essential to its case. As was shown *supra*, Mr. Kearney purchased two policies from the Plaintiff for disability, has met the claims criteria, and has paid premiums for the policy and additional premiums for COLA, and is in good standing. Both policies state that the COLAS will be 7%.

It is insurance industry custom and practice to allow any benefit payable for total disability to be paid for residual disability as well, unless expressly stated otherwise. As the relevant policies do not exclude a COLA or an increase in benefits to be paid for a residual disability claim, therefore the COLA benefits should be paid to Mr. Kearney in either a total or residual disability claim. The Plaintiff approved such a COLA. The Plaintiff correctly interpreted its own policy and is estopped from taking an opposite position unfair to Mr. Kearney. Plaintiff has waived its right to a return of any overpayment, as it continued to make the COLA payments over an extended time period, which Mr. Kearney justifiably relied upon. The intent of the policies in question was to allow COLA adjustments, and any ambiguity should be construed in Mr. Kearney's favor and against the Plaintiff, the drafter of the policy. The parties interpreted the policy as allowing COLA adjustments to be a permanent feature of the policies.

As it has been shown that Summary judgment is appropriate, Defendant Christopher Kearney respectfully requests that the Court grant him Summary Judgment on the issue of declaratory judgment.

Respectfully submitted,

**s/ Eugene L. Matan**
**EUGENE L. MATAN      0012381**
MATAN, GEER & WRIGHT
261 South Front Street
Columbus, Ohio 43215
Telephone:   614-228-2678
Telefax:       614-221-6122
*E-Mail:*          *ematan@mgwlaw.com*
**Attorney for Defendant**

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Motion and Memorandum was served on counsel at the addresses set forth below, by ordinary U.S. mail service, postage prepaid this 3rd day of November, 2003.

**GERALDINE JOHNSON (0010450)**
ROETZEL & ANDRESS
310 Chiquita Center,
250 E. Fifth Street
Cincinnati, Ohio  45202
Telephone:   513-361-8288
Telefax:       513-361-0335
*Email:         gjohnson@ralaw.com*
**Attorney for Plaintiff**

                                                    **s/ Eugene L. Matan___**
                                                    **Attorney for Defendant**