IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEFFERSON-PILOT LIFE INSURANCE COMPANY, ] | |
| ] | Case No. C-1-02-479 |
| Plaintiff, ] | |
| ] | JUDGE SPIEGEL |
| -vs- ] | |
| ] | |
| CHRISTOPHER L. KEARNEY, ] | |
| ] | |
| Defendant. ] | |

**MEMORANDUM CONTRA MOTION OF PLAINTIFF
TO EXTEND TIME TO RESPOND TO DEFENDANT KEARNEY'S
MOTION FOR SUMMARY JUDGMENT**

Defendant Kearney will attempt to outline the facts which show that another extension within which the Plaintiff must respond to the Motion for Summary Judgment is unjustified, unfair, and should not be granted.

/s/ Eugene L. Matan
**EUGENE L. MATAN        0012381**
MATAN, GEER & WRIGHT
261 South Front Street
Columbus, Ohio 43215
Telephone:   614-228-2678
Telefax:       614-228-6122
*Email:*        ematan@mgwlaw.com


/s/ Michael A. Roberts
**MICHAEL A. ROBERTS**
GRAYDON, HEAD & RICHEY LLP
1900 Fifth Third Center
Cincinnati, Ohio  45202
Telephone:   513-629-2799
Telefax:       513-651-3836
*Email:*        mroberts@graydon.com
**Attorneys for Defendant**

## **MEMORANDUM IN SUPPORT**

Defendant Kearney (hereinafter "Kearney") has had difficulty in getting responses from Plaintiff to various items in this lawsuit, especially discovery, almost from its inception. Granted, Ms. Johnson had some health problems and counsel for Kearney was sympathetic and made every possible concession to Ms. Johnson and she would be the first one to admit that and so stated at the status conference with Judge Spiegel on December 2, 2003.

As to this issue, that is, the response to the Motion for Summary Judgment filed by Kearney on or about the 3rd day of November, 2003, there is no reason to delay the date for Plaintiff's reply. The chronology is as follows:

1. By agreement and request of Ms. Johnson, the response date was extended to January 6, 2004.

2. Judge Spiegel scheduled a status conference in Cincinnati on the 2nd of December, 2003. These matters were thoroughly discussed and a date of February 16, 2004 was agreed on by everybody as the time in which Plaintiff's response to the Motion for Summary Judgment would be due.

3. Although the issue to be decided in the Motion for Summary Judgment is an issue of law based on an interpretation of the policies as to whether Kearney is entitled to cost of living increases, together with the fact that he had been paid this for many years before this time and there is an estoppel issue, the Plaintiff claimed it needed Kearney's deposition before responding and also wanted the deposition of Plaintiff's expert. Kearney has never refused to have his deposition taken. Many requests for the depositions of the representatives of Plaintiff, Robert Mills and others, were made but Mr. Mills and the others have never been produced. After the December 2, 2003 status conference with Judge Spiegel, the first request for scheduling Kearney's deposition was made and honored for the 14th of January, 2004. A request to cancel and reschedule this date was then made by the Plaintiff. Plaintiff brought in a new counsel, John Zervas, of the Columbus office of Roetzel & Andress, to take the deposition.

4. The new scheduled date was the 27th of January, 2004, which, again, was readily agreed to by Kearney. This was again cancelled by Mr. Zervas because he needed time to review certain documents which he had not yet received. At the request of Plaintiff, counsel for Kearney again rescheduled the deposition, this time to February 5, 2004. Everyone's schedules were rearranged for that date.

5. The next thing that occurred was a call on February 3, 2004, from William Ellis, attorney from Wood & Lamping LLP. Plaintiff apparently saw fit to discharge Roetzel & Andress and employ new counsel. Mr. Ellis wished to alter the date for the deposition and counsel for Kearney resisted because this was the third time the date had been changed. No new date was suggested and counsel for Kearney was reluctant to set the deposition for a fourth time but did not refuse to do so. The main thrust of the call from Mr. Ellis was to extend the date within which to respond to the Motion for Summary Judgment beyond February 16, 2004. Counsel for Kearney did refuse to voluntarily extend that date since the motion had been pending for some time. We had also tentatively arranged to take the discovery deposition of Kearney's expert by teleconferencing the following week and that was also cancelled. Mr. Zervas of Roetzel & Andress had indicated to the undersigned during our telephone conference of January 28, 2004, that he was prepared and ready to take the deposition on February 5, 2004. The undersigned suggested to Mr. Ellis that Mr. Zervas take the deposition but this was rejected.

Plaintiff chose to hire new counsel. The other attorneys were ready and prepared to take the deposition but Mr. Ellis was hired and requested more time. To rearrange the depositions was a major problem because schedules of Mr. Ellis, the undersigned, co-counsel Mr. Roberts, and Kearney had to be coordinated in order to do that. This is all well-documented as follows:

1. Letter dated January 23, 2004, from John A. Zervas to the undersigned, canceling the Kearney deposition for January 27, 2004. TAB 1
2. Receipt of a call from Mr. Ellis on February 3, 2004 to the undersigned and receipt of Substitution of Counsel electronically on the same date. Also receipt of letter faxed by Mr. Ellis to the undersigned memorializing the telephone conference. TAB 2
3. Almost simultaneous receipt of Notice of Withdrawal of Counsel by Roetzel & Andress on February 3, 2004. TAB 3
4. Letter of February 4, 2004, from the undersigned to Mr. Ellis, responding to his February 3, 2004 inaccurate letter. TAB 4

Apparently Mr. Ellis now wishes to reschedule the deposition of Mr. Kearney for a fourth time, extend the date for response to the Motion for Summary Judgment, and, further, indicates he is going to file his own Motion for Summary Judgment. I believe that the Court can take judicial notice that all of this scheduling and rescheduling takes time and costs the client money which he does not have. The Plaintiff filed this lawsuit and cut off a cost-of-living increase that was being paid to Kearney.

Plaintiff's Memorandum is misleading. There was a conference call with the undersigned and co-counsel, Mike Roberts, in which the scheduled deposition for February 5 was cancelled by counsel for Plaintiff, Mr. Ellis. At no time was Defendant given a new date for a deposition which could be checked for availability with the client. The main thrust was to get an extension on the time to respond to the Motion for Summary Judgment set for February 16, 2004.

Discovery was extended at the December 2 status conference with Judge Spiegel because Kearney's discovery requests were not complied with. We have repeatedly, since July, attempted to take Mr. Mills' deposition, together with other witnesses of Plaintiff. We further have had great difficulty in getting answers to our discovery, including production of documents. Defendant has not received full discovery, nor did he receive a privilege log which was promised. The discovery disputes are ongoing and will have to be resolved by a Magistrate. Contrary to what Mr. Ellis has indicated, and what was stated in chambers before Judge Spiegel, every professional courtesy was extended to Ms. Johnson.

**PREJUDICE TO DEFENDANT KEARNEY**

Mr. Ellis makes the unwarranted statement that delay will not prejudice Kearney. This is untrue. This delay and the litigation itself is all taking a toll on Mr. Kearney's health. The reason that he is receiving the disability insurance, which is very well known to the Plaintiff, is for major depression from which he suffers. The prolonging and fighting and the litigation aggravates that. See Tab 5, medical records which have been furnished to the Plaintiff showing a major depression diagnosis, anxiety, and it being exacerbated by the litigation.

Unfortunately, Mr. Kearney's condition is getting worse. This is well known to the Plaintiff Insurance Company and it has been commented on by its counsel. See Tab 6, first to the last paragraph, a letter to Plaintiff's reinsurer from Geraldine Johnson, Esquire.

Based on the foregoing, Mr. Ellis' motion should be denied and Kearney's deposition will be rescheduled at a time convenient for all, as Mr. Ellis suggests.

Respectfully submitted,

**/s/ Eugene L. Matan**
**EUGENE L. MATAN        0012381**
MATAN, GEER & WRIGHT
261 South Front Street
Columbus, Ohio 43215
Telephone:    614-228-2678
Telefax:        614-228-6122
*Email:*        ematan@mgwlaw.com

**/s/ Michael A. Roberts**
**MICHAEL A. ROBERTS**
GRAYDON, HEAD & RICHEY LLP
1900 Fifth Third Center
Cincinnati, Ohio  45202
Telephone:    513-629-2799
Telefax:        513-651-3836
*Email:*        mroberts@graydon.com
**Attorneys for Defendant**

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true copy of the foregoing has been filed with the Court by electronic means on this _____ day of February, 2004.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                          **/s/ Eugene L. Matan**
                                          **EUGENE L. MATAN    0012381**
                                          **Attorney for Defendant**