



NATIONAL CITY CENTER
TWELFTH FLOOR
155 EAST BROAD STREET
COLUMBUS, OH 43215
614.723.2017 DIRECT
614.463.9770 MAIN
614.463.9792 FAX
jzervas@ralaw.com

January 23, 2004

**VIA FACSIMILE AND ORDINARY MAIL**
Eugene Matan, Esquire
Matan, Greer & Wright
261 S. Front Street
Columbus, OH 43215-5089

**Re: Jefferson-Pilot Life Insurance Co. v. Christopher Kearney**
**Case No. C-1-02 479**
**Our File No. 100411.0043**

Dear Mr. Matan:

Please allow this correspondence to serve as notice that we are canceling the deposition of Christopher Kearney scheduled for January 27, 2004. However, we would like to reschedule his deposition for the following week. As such, would you please consult your client and calendar in order that we may reschedule this deposition for a mutually agreeable date and time.

In addition, advise us of dates your expert witness is available for deposition.

Thank you for your time and attention to these matters. We look forward to your response.

Very truly yours,

John A. Zervas

JAZ/lml
cc: Geraldine Johnson, Esq.
Michael Roberts, Esq. (via facsimile)
Adam Formas
Stephanie Farabow





SINCE 1927
ATTORNEYS AT LAW

600 VINE STREET, SUITE 2500
CINCINNATI, OHIO 45202-2491
TELEPHONE (513) 852-6000
FAX (513) 852-6087

WOOD, LAMPING & LEHNER LLP
208 WALNUT STREET
LAWRENCEBURG, INDIANA 47025
TELEPHONE (812) 537-2375
FAX (812) 537-2368

KENNETH J. SCHNEIDER
WILLIAM R. ELLIS**
WILLIAM H. EDER, JR.
HAROLD G. KORBEE
ERIC C. HOLZAPFEL
PAUL R. BERNINGER
ROBERT P. MALLOY
JEFFREY M. ROLLMAN
MARK S. RECKMAN
JAN M. FRANKEL
GARY J. DAVIS*
JAMES B. HARRISON*
HENRY E. MENNINGER, JR.
C.J. SCHMIDT, III
THOMAS M. WOEBKENBERG
ARTHUR D. WEBER, JR.*
THOMAS J. BREED

JOHN W. EILERS
LISA D. LEHNER*** +
PETER M. BURRELL++
JEFFREY P. MCSHERRY* ***
LISA M. RAMMES
DOUGLAS L. WESTENDORF
ROCCINA S. NIEHAUS
TIMOTHY A. GARRY, JR.
THOMAS R. BLONDELL+++
EDWARD D. BENDER
JANET Y. CASTAÑEDA
KAREN A. NICEWANDER
JAMES D. HOUSTON
JEFFREY D. FORBES
V. BRANDON MCGRATH*
NATHAN H. BLASKE
SARAH B. ELLINGTON

*Counsel*
ROBERT F. RECKMAN
AMY GASSER CALLOW

*Retired*
HARRY M. HOFFHEIMER

JOHN WOOD II (1917-1998)
FRED C. LAMPING (1903-1989)
ALBERT H. NEMAN (1929-2003)

*Also Admitted in Kentucky
**Also Admitted in Pennsylvania
***Also Admitted in Indiana
+ Also Admitted in Arizona
++ Also Admitted in Oregon
+++Admitted in Illinois and Indiana

DIRECT DIAL: (513) 852-6067
E-MAIL: wrellis@woodlamping.com

February 3, 2004

**VIA FACSIMILE AND FIRST CLASS MAIL**

Eugene L. Matan, Esq.
MATAN, GEER & WRIGHT
261 South Front Street
Columbus, OH 43215-5089

Re: Jefferson-Pilot Life Insurance Co. v. Christopher L. Kearney
U. S. District Court, Southern District of Ohio, Western Division
Case No. C-1-02-479

Dear Mr. Matan:

Confirming our telephone conversation at 5:05 p.m. yesterday, it is my understanding that you and Mr. Roberts are not willing to alter the scheduled date for the deposition of Mr. Kearney, which I will be unable to take on the 5th of February, 2004, nor the date for the response to your Motion for Summary Judgment which is currently set for February 16, 2004. As I explained, I have been asked to take over this case due to Ms. Johnson's physical condition and have not yet received the case file from her office. I will on this date file a Motion and ask the Court's indulgence to enable me to review what has been represented to be a large claim file and the case file to properly represent my client. I will make every effort to do this as expediently as possible.

While I do understand, that you tell me you had prior difficulties due to Ms. Johnson's physical condition, I had hoped for a modicum of professional courtesy as was extended to your co-counsel only yesterday morning by my office in another matter. I will file the substitution of counsel and motion for additional time today.

02/03/04 TUE 14:24 FAX 513 852 6087 WOOD & LAMPING LLP 003

Eugene L. Matan, Esq.
February 3, 2004
Page 2

It is indeed unfortunate that I am required to seek judicial intervention in order to have appropriate time to review the material in this case.

Thank you for your kind consideration of my request.

Very truly yours,

William R. Ellis

WRE/pp
198261.1

3

*Geraldine M. Johnson (0010450)*
*Attorney for Plaintiff,*
*Jefferson-Pilot Life Insurance Co.*

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JEFFERSON-PILOT LIFE INSURANCE COMPANY,** | : | **CASE NO. C-1-02-479** |
| **Plaintiff,** | : | **JUDGE SPIEGEL** |
| **v.** | : | **NOTICE OF WITHDRAWAL OF COUNSEL** |
| **CHRISTOPHER L. KEARNEY,** | : | |
| **Defendant.** | : | |

Now comes counsel for Plaintiff, Jefferson-Pilot Life Insurance Company and for Cross-Claimant Disability Management Services and hereby notifies the Court and all interested parties that the undersigned counsel must withdrawal from this case for health reasons. Counsel has found that her health will not allow her to proceed with the pursuit of this case. It is counsel's understanding that new counsel is simultaneously notifying the court of this substitution of counsel. The undersigned counsel sincerely apologizes to the Court, counsel for the parties and the parties themselves for any inconvenience or disruption this withdrawal may cause. It was certainly not intended by the undersigned counsel.

Respectfully submitted,

s/ *Geraldine M. Johnson*

Geraldine M. Johnson (0010450)
Attorney for Plaintiff,
Jefferson-Pilot Life Insurance Company
250 E. Fifth Street, Suite 310
Cincinnati, Ohio 45202
Tele.: (513) 361-8288
Fax: (513) 361-0335
E-Mail: gjohnson@ralaw.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT** on February 3, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Eugene L. Matan, Esq., Matan, Geer & Wright, 261 South Front Street, Columbus, Ohio 43215; Mike Roberts, Esq., Graydon, Head and Richey, L.L.P., 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, Ohio 45202; and William R. Ellis, Esq., Wood & Lamping, 600 Vine Street, Suite 2500, Cincinnati, Ohio 54202. I also certify that I have served all above stated counsel via fax and regular U.S. mail.

s/ *Geraldine M. Johnson*

Geraldine M. Johnson (0010450)
Attorney for Plaintiff,
Jefferson-Pilot Life Insurance Company

4

MATAN, GEER & WRIGHT
Attorneys At Law
261 South Front Street, Columbus, Ohio 43215
www.mgwlawfirm.com

**Telephone: 614-228-2678** **Facsimile: 614-228-6122**

Eugene L. Matan*+
Christopher J. Geer
Scott E. Wright**+
Robert D. Noble
Andrew E. Russ

+Board Certified By
National Board of
Trial Advocacy
Also Admitted In:
*Florida
**District of Columbia

February 4, 2004

**VIA FACSIMILE AND ORDINARY MAIL**

William R. Ellis, Esq.
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, Ohio 45202-2491

RE: **Jefferson-Pilot Life Insurance Co. v. Christopher L. Kearney**
**U.S. District Court, Southern District of Ohio, Western Division**
**Case No. C-1-02-479**

Dear Bill:

I am just confirming our telephone conversation of February 3, and receipt of your follow-up letter of February 3, 2004, that you are canceling the deposition of our client, Chris Kearney. This was the third time we had him available to testify and all of the previous dates had been cancelled by counsel for the Plaintiff. I talked with Mr. Zervas and he indicated he was ready to take Mr. Kearney's deposition. This entire matter of scheduling Mr. Kearney's deposition and the response date on the Motion for Summary Judgment was taken up at a conference with Judge Spiegel on December 2, 2003. We have been extremely cooperative in attempting to fix the dates for Mr. Kearney's deposition pursuant to that status conference. We had also tentatively scheduled the deposition of Clinton A. Miller, our expert witness, by video teleconference, for the following week, and I assume that is also cancelled. Mr. Miller needs a check from you one week prior to his scheduled deposition for $1,580.00 sent to the following address:

Clinton E. Miller, J.D., DABFE, FACFE, DABDA
502 Park Avenue
San Jose, California 95110
Phone: (408) 279-1034

Please keep that in mind when, and if, you wish to reschedule Mr. Miller's deposition. In all good conscience and in fairness to our client, we could not agree to extending the date with which to file a responsive brief to our Motion for Summary Judgment. As I indicated, this was the third time Mr. Kearney's deposition was scheduled and there had been previous extensions for that response date, which was set at the status conference with Judge Spiegel.

I believe if you check with Ms. Johnson, you will find that we have been exceedingly fair and cooperative with her scheduling problems. Incidentally, we request that you examine our previous correspondence. You will find that many items of discovery are still owed in the case and we would like to have that addressed before it will be necessary to file a Motion to Compel. You will find several letters addressing this issue.

If you have any questions, please call.

Very truly yours,

Eugene L. Matan

ELM/mr
cc: Christopher L. Kearney
   Michael A. Roberts, Esq.
   Clinton E. Miller, Esq.

5

FROM : FAX NO. : Feb. 05 2004 04:09PM P2

To be completed by the Insured

| Authorization For Release Of Information: I hereby authorize the undersigned physician to release any information acquired in the course of my treatment. | Signature: Chris Kearney | Date: 5-6-03 |
|---|---|---|

To be completed by the attending physician

Dear Doctor:

Please answer all applicable questions below regarding the above mentioned patient.

A return envelope has been provided for your convenience.

Thank you for your prompt cooperation so as to avoid delays in handling this patient's claim.

1) Current Diagnosis:
Major Depression

2) Symptoms observed by physician:
Interrupted sleep, nervous, agitated, feelings of sadness, no peace of mind

3) Objective findings: (include date and results of most recent diagnostic tests)

4) Dates of treatment within the past three months:
4/25/03, 5/6/03

5) Briefly describe the current plan of treatment:
Cognitive Tx + medication

6) Is the current plan of treatment expected to improve the patient's physical or cognitive function? If so, within what time frame?

7) Please identify the patients insurance providers for:
Medical Insurance: ______
Disability Insurance: ______
Workers' Compensation: ______
Automobile Insurance:

8) Is the patient competent to manage his or her property unassisted, and to understand the nature and consequence of his or her actions, including the ability to endorse checks and direct use of the proceeds? Yes ______ No ______

9) Additional comments or progress:
Stressed by legal and unpaid benefits from insurance; legal costs causing financial stress

| 10) Name of physician: | 11) Degree(s): | 12) Tax identification number: |
|---|---|---|
| A. Judd-McClure | MC | |

| 13) Address: | 14) Telephone number: |
|---|---|
| See last report | |

| 15) Signature: | 16) Date: |
|---|---|
| A. Judd-McClure MC | 5/6/03 |

d/b/a: New England Claims Administration Services, Inc. in FL, MD, ME
Licensed as New England Claims Administration Services, Inc. in CA.
d/b/a Centre Claims Administration Services in NH

**To be completed by the insured**

| Authorization For Release Of Information: I hereby authorize the undersigned physician to release any information acquired in the course of my treatment. | Signature: Chris Kearney | Date: 6/6/03 |
|---|---|---|

**To be completed by the attending physician**

**Dear Doctor:**
**Please answer all applicable questions below regarding the above mentioned patient.**
**A return envelope has been provided for your convenience.**
**Thank you for your prompt cooperation so as to avoid delays in handling this patient's claim.**

1) Current Diagnosis:
MAJOR Depression

2) Symptoms observed by physician:
agitation 2 -> anxiety, feelings of sadness, overwhelming concerns about financial fees

3) Objective findings: (include date and results of most recent diagnostic tests)

4) Dates of treatment within the past three months:
6/2/03 ; 6/6/03

5) Briefly describe the current plan of treatment:
Cognitive TX + medication for depression

6) Is the current plan of treatment expected to improve the patient's physical or cognitive function?
If so, within what time frame?

7) Please identify the patients insurance providers for:
Medical Insurance: ____
Disability Insurance: ____
Workers' Compensation: ____
Automobile Insurance: ____

8) Is the patient competent to manage his or her property unassisted, and to understand the nature and consequence of his or her actions, including the ability to endorse checks and direct use of the proceeds? Yes ____ No ____

9) Additional comments or progress:
Mood worse, guarded + fearful of invasion of life + privacy.

| 10) Name of physician: D. Judd-McClure, MD | 11) Degree(s): | 12) Tax identification number: |
|---|---|---|
| 13) Address: | 14) Telephone number: | |
| 15) Signature: D. Judd McClure, MD | | 16) Date: 6/6/03 |

*d/b/a: New England Claims Administration Services, Inc. in FL, MD, ME*
*Licensed as New England Claims Administration Services, Inc. in CA.*
*d/b/a Centre Claims Administration Services in NH*

Name: Christopher Kearney, DOB 11-9-52

OCT 22 2002

CC: go over med (see 3/15/2 ovt Δ in doses) / bld work 3/2 results never reached pt.

Allergies: NKDA

General Appearance: WDWNWM

BP: 120/80

5'10 1/4"

- ED better ē Viagra & new relationship. No ADR's ē med.
- has ↓'d 10# ē better diet & plans re ✓ cholest soon close to home.
- depression continues to be monitored by psych ē present combo effective @ keeping things stable. Did feel ↑'d wellb. may have ↓'d appetite but has returned to QD dosing.

P.E. still flatter affect & remains on edge re: difficulties ē disability co. Has atty involved in process & received expert opinions

A ① chronic depression ② hypercholest

P. ① no Δ in meds ② samples (Welchol & Starlix) if ... ↑C remains ↑ high on meds.

Schenbauer NP

Name: Chris Kearney DOB: 11.9.52 Date: NOV 25 2003

CC: Med ✓ up, last [illegible] 1 yr ago
s̄ much Δ overall. Low energy most of the time
Allergies: NKDA ↑ has ↑'d Wellbutrin c̄ times to 300mg c̄ ⊕ benefit

General appearance: WDWNWM 112/80 76 16 70½" 188

Permanent chart problem/surgery list reviewed / unchanged or updated
Permanent chart chronic meds/allergy list reviewed
Permanent chart social/family history reviewed
PFSH and Health Screening list reviewed

- 51 y.o. w/m c̄ CAD + 3V CABG
also ⊕ fam hx Sa, P. aunt.
- wt has ↑'d 11#
still pending
awaiting c̄
irritability battle.
continued to be
useful + has
been followed by
psychologist.
Fell down fatigue
[illegible] relief on
[illegible] Wellbutrin.
married + going
fertility [illegible]

Sabbing today

P.E. benign, flat affect
- prior labs reviewed c̄ pt.

A/P ① chronic depression
c̄ multiple stressors → trial
Δ Wellbutrin XL 300mg QD
② hypercholest. → rev ✓
labs + fm results see #4
③ wt gain - rev ✓ labs + fm
will try to ↓ c̄ ↑ exercise
④ fm hx CAD → CT scan
of the heart + decide on
prophylactic tx due to
age / fam hx + lipids.

[signature]





250 East Fifth Street
Suite 310
Cincinnati, OH 45202
513.361.8288 Direct
513.361.0200 Main
513.361.0335 Fax
gjohnson@ralaw.com

December 21, 2001

**VIA FACSIMILE**

William E. Dempsey, Esq.
Employers Reinsurance Corporation
5200 Metcalf, P.O. Box 2991
Overland Park, Kansas 66201-1381

*Re: Insured: Christopher Kearney*
*Policies: H-493029;*
*H-538069;*
*Payee: Jefferson-Pilot Life Insurance Company*

Dear Bill:

In following-up on our phone conversations of December 5, 2001 and December 18, 2001, this letter will serve as an opinion letter and recommendation relative to addressing and effectively terminating Mr. Kearney's COLA benefits since we do not believe he is entitled to such benefits under his policies.

By way of background, Mr. Kearney is approximately 48 years old and has been receiving disability benefits from Jefferson-Pilot since February, 1993 predominantly secondary to an alleged psychiatric impairment (major depression) which he believes limits his ability to perform his occupation on a full-time basis. Mr. Kearney's occupation is that of a manufacturers' representative. He has two policies. The policies provide lifetime benefits for his own occupation (self-employed sales representative) for five years and any occupation after five years.

After examining the claim in detail, Disability Management Services discovered that Mr. Kearney has been receiving monthly benefits at a rate that exceeds the maximum benefits allowed under the terms of his policies for his claimed Residual Disability. The maximum benefit allowable for an insured who is residually disabled is $2,125.00 under Policy H-493029 and $1,375.00 under Policy H-538069. Hence, the allowed maximum aggregate is $3,500.00. However, Mr. Kearney has erroneously been receiving benefits at a rate of $4,290.00 under Policy H-493029 and $2,496.00 under Policy H-538069 for a total of $6,786.00. Hence, for approximately the past 7 years, Mr. Kearney has mistakenly been overpaid a total of $3286.00/month. The increased amounts resulted from Jefferson-Pilot incorrectly paying the Social Security Supplement Benefit and providing a yearly 7% increase under the Cost-Of-Living Increase Rider based upon the combination of the

William E. Dempsey, Esq.
December 21, 2001
Page 2

Basic Monthly and Social Security benefits. Since the Social Security Supplement and COLA are only payable when Total Disability has been claimed and established, and given the fact that Mr. Kearney has claimed only Residual Disability since 1993 (and not Total Disability) Mr. Kearney is not entitled to these additional benefits.

At this juncture, action needs to be taken to address this error. Since Mr. Kearney has not demonstrated any level of cooperation with Jefferson-Pilot since he has begun to receive benefits, it is highly doubtful that Mr. Kearney will willingly agree and accept our conclusion that his monthly benefits should and must be reduced. Mr. Kearney's lack of cooperation is objectively established by his refusals and/or delayed responses to requested information concerning his health, corporate documents, tax returns, etc. In recognizing that Mr. Kearney will probably take exception to the fact that his policies do not allow for COLA adjustments, we will most probably need to resort to legal action. The most efficient, definitive forum would be for us to pursue a declaratory judgment action and address this issue from a contractual standpoint. In order to strip Mr. Kearney of the ability to allege bad faith or to at least best position ourselves to defend such a claim, it is my recommendation that we continue to pay Mr. Kearney the monthly amount we have been paying under a full and complete reservation of rights Contemporaneous with our pursuit of a declaratory judgment action. In keeping the monthly indemnity at the same amount, there is less potential for the waters to be muddied up and for attention to be deflected away from the real issue which is fairly simple--whether Mr. Kearney is entitled to COLA adjustments given the fact that the terms of his policies do not permit COLA adjustments when an insured is residually disabled, not totally disabled? Otherwise, I suspect Mr. Kearney will claim that as a result of our own mistake, we have decided to "retaliate" against him.

With regard to the medical/psychiatric side of this claim, the independent opinions of Dr. Otto Kaush, M.D. (March 19, 2001) and John T. Kenny, Ph.D (March 4, 2001) seem to suggest that Mr. Kearney is psychologically impaired and indeed his condition has worsened since his initial receipt of benefits. I would recommend that we proceed first with the declaratory judgment action and perhaps in the second half of 2002 revisit the possibility of additional IME's to better evaluate the true level of disability.

Bill, I know that you need to review this information with Jefferson-Pilot. I will wait to hear from you before proceeding with a declaratory judgment action.

Very truly yours,

Geraldine M. Johnson

GMJ/jwc
41121_1