UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE COMPANY, | : | Case No. 1:02CV00479 |
| Plaintiff, | : : | (Judge Spiegel) |
| vs. | : : | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT ON BEHALF OF JEFFERSON-PILOT** |
| CHRISTOPHER KEARNEY, | : : | |
| Defendant, | : : | |
| vs. | : : | |
| DISABILITY MANAGEMENT SERVICES, INC., | : : | **ORAL ARGUMENT REQUESTED** |
| Cross-Defendant. | : : | |

Defendant, Mr. Kearney, is correct that the issue of the level of benefits to which he is entitled is a matter of law which the Court can decide on summary judgment pursuant to the two contracts of insurance. In this case, the contract language in the underlying claim could not be more clear. Contrary to Defendant's motion however, the plain language of the contracts require that Mr. Kearney's motion be denied. The "Increase in Benefits provision" at issue, commonly referred to as COLA, as well as the Social Security Supplement, only apply to periods of continuous Total Disability under the policies. Plaintiff Jefferson-Pilot therefore opposes Defendant's motion for summary judgment and moves this Court for summary judgment in its favor on the issue of the level of benefits due under the contracts.

It is undisputed that Defendant, Mr. Kearney, has made a claim for Residual Disability benefits under both of his policies. It is also undisputed that he has been receiving those benefits plus a Social Security Supplement benefit and benefit increases under the Increase in Benefits provision of his policies since 1993. Jefferson-Pilot contends however that it has paid the Social Security Supplement benefit and applied the Increase in Benefits provision in error. Neither of these two benefits is due to a claimant under a Residual Disability claim. Jefferson-Pilot has recognized this error and since May, 2002 has not applied any additional cost of living increases.[1] Jefferson-Pilot admits that the application of the Increase in Benefits provision and Social Security Supplement was in error and that a demand for refund of the overpayment may result in a hardship for Mr. Kearney. As such, Jefferson-Pilot makes no claim for repayment of the prior overpayments. Instead, the Court is asked to declare the rights and liabilities of the parties for the present and future under the plain language of the policies as is appropriate on cross-motions for summary judgment.

The undisputed material facts of this case establish that under the plain language of Mr. Kearney's policies, the Social Security Supplement benefit and the Increase in Benefits provision do not apply to a period of Residual Disability. It is undisputed that Mr. Kearney's claim is one for Residual Disability. Jefferson-Pilot therefore respectfully moves this Court for

---

[1] Jefferson-Pilot has continued to pay the benefit plus increases applied prior to May, 2002 and the Social Security Supplement.

summary judgment in its favor on the issue of the non-applicability of the Increase in Benefits provision and the Social Security Supplement rider to Mr. Kearney's claim under the policies.

                    Respectfully submitted,

                    s/ William R. Ellis_____
                    William R. Ellis (0012279)
                    Peter M. Burrell (0044139)
                    Amy Gasser Callow (0063470)
                    Wood & Lamping LLP
                    600 Vine Street, Suite 2500
                    Cincinnati, OH  45202-2409
                    (513) 852-6000

                    Trial Attorneys for Plaintiff

## **MEMORANDUM IN SUPPORT**

**A.     The Benefits Sought By Mr. Kearney Do Not Apply to Periods of Residual Disability.**

There is no dispute that Mr. Kearney's policies contain an Increase in Benefits provision (modified as to percentage by rider). The policy provision states:

> **Increase in benefits**. After you have received benefits for Total Disability for 12 consecutive months, your Monthly Benefit will be increased during the continuance of that Period of Disability up to your 65th birthday. The increase will be 3% of the Monthly Benefit shown in the Schedule for each successive 12 month Period of Total Disability after the first Period. The benefit payable will not be increased for the part of any Period of Total Disability beyond your 65th birthday.

*See* Exhibits A Form WJ576A/page 3-4 of policies. *See also* initial proposal for Mr. Kearney attached to Defendant's Motion and here as Exhibit B. Defendant had also purchased a rider which increased the Increase in Benefits provision from a 3% to a 7%. *See,* Exhibits C and D, Policy no. H493029 and Policy no. H538069 at Additional Increase in Benefits Rider.

The Increase in Benefits provision only applies to a 12-month Period of continuous Total Disability. It is incorrect to characterize the Increase in Benefits provision as a rider. The portion of the policy providing for a 3% increase in benefits is found within the body of the policy itself. This provision is found under that portion of the policy setting out the benefits for Total Disability. The rider which Mr. Kearney purchased at additional premium is the Additional Increase In Benefits Rider which changes the 3% in the policy to 7%. The rider itself directly refers back to the Increase in Benefits provision of the policy   *See* Exhibit C at WJ-756A.

In addition, Mr. Kearney purchased a Residual Disability rider. Unlike the Total Disability benefit portion of his policy, the Residual Disability rider does not provide for

application of the Increase in Benefits provision.  This rider deals with inflation in other ways.  The Residual Disability rider also expressly states that it is separate from the Total Disability section and the benefits paid are mutually exclusive.  *See*, Exhibit E, Residual Disability Rider at Limitations, paragraph c.

In addition to the Residual Disability Rider and the Additional Increase In Benefits Rider, Mr. Kearney also purchased a Social Security Supplement.  This supplement, like the increase in benefits portion of the policy, expressly applies only to Periods of Total Disability.  It reads:

> The Monthly Benefit of this policy will be increased by the amount of the Social Security Supplement Benefit shown in the Schedule if:
> (1) you are entitled to receive Monthly Benefits for Total Disability;
> (2) the period of Total Disability begins prior to the premium due date of this policy next following your 65th birthday; and
> (3) Social Security benefits are not payable.

*See* Exhibit F, WJ-1527A.

There is no dispute that Mr. Kearney has not satisfied or even claimed to satisfy the definition of Total Disability.  In apparent recognition of this, he continues to pay his policy premiums.  Under the terms of his policies, he is required to continue to pay premiums unless Totally Disabled.  *See*, Exhibit C and D at p. 4.  At page three of his Motion, Mr. Kearney argues that he has paid all premiums.  Consistently, the claims forms submitted by Mr. Kearney expressly state that they are for Residual Disability benefits.  *See* Exhibit G, example of supplemental claimant statement for Residual Disability benefits, Bates numbers 0809-0938.  On this supplemental statement for example, Mr. Kearney states that he has been residually disabled from February 8, 1993 to the present.  Similarly, on his continuance of disability forms, Mr. Kearney reported to Jefferson-Pilot that he continued to perform work since the date of his last report.  *See* Exhibit H, 940 2/22/01 Continuance of Disability form.

Mr. Kearney cannot satisfy the threshold requirement for an Increase in Benefits for a period of Total Disability. There is no evidence or even allegation before this Court that he has been Totally Disabled for a continuous 12-month period. He also cannot satisfy the continuing requirement of Total Disability. Under the terms of his policy he cannot be residually disabled and totally disabled at the same time. The express limitation of the Residual Disability benefit provides that Residual Disability benefits will not be paid for any period of time if "the benefits are payable for Total Disability." *See* Exhibit E, Residual Disability Rider. Mr. Kearney's claim has correctly been paid under the Residual Disability benefit of his policy. He is being paid Residual Disability benefits and by definition he is not being paid Total Disability benefits. Mr. Kearney made a Residual Disability claim and Jefferson-Pilot appropriately paid it as such.

Similarly, the Social Security Supplement rider also requires that the Insured be Totally Disabled. It provides:

> The monthly benefit of this policy will be increased by the amount of the Social Security supplement benefits shown in the schedule if:
> (1) you are entitled to receive monthly benefits for Total Disability;
> (2) the period of Total Disability begins prior to the premium due date of this policy next following your 65th birthday; and
> (3) Social Security benefits are not payable.
>
> However, the Social Security supplemental benefits shall not be payable unless:
> (1) at the commencement of the period of Total Disability you meet the coverage requirements for Social Security;
> (2) you apply for Social Security benefits as soon as you become entitled to such; and
> (3) your application for Social Security is not approved.

*See* Exhibit F, Social Security Supplement Rider. Once again, the plain language of the policies require a continuous period of Total Disability as a prerequisite to this benefit. Mr. Kearney has failed to satisfy this prerequisite.

Mr. Kearney argues in his motion that he was induced to purchase these riders on the representation that the benefits he claims would be payable. He refers to the proposals presented to him as the basis for his purchase of the Additional Increase in Benefits rider and Social Security Supplement rider to his policies. These documents clearly state that the two benefits in question are applicable to periods of Total Disability. The Increase in Benefits is explained as: "Your increase in benefits begins with the 13th month of <u>total disability benefits.</u>" *See*, Exhibit B, proposal at p.2 (emphasis added.) The increase rider is described as a "Optional Increase In Benefits During Total Disability" and states that it "Increases the 3% increase in benefits described previously to 7%." *See, id.* Likewise, the Social Security Supplement could not be more clear. "This provision pays if you are receiving Basic Benefits for <u>total</u> <u>disability</u> and your claim for disability benefits from Social Security has not been approved." *See, id* (emphasis added).

Mr. Kearney has made a claim and is being paid for a period of residual disability. He has reported to Jefferson-Pilot that he continues to perform his occupation. He claims that he does not earn more than 20% of his former income from such occupation but he does continue to work. Mr. Kearney's doctors also confirm that he is partially or residually disabled. None of the supporting documents attached by Mr. Kearney establish or even allege that he is totally disabled.

**B.    Jefferson-Pilot Is Entitled to Judgment in its Favor as a Matter of Law.**

The instant cause of action originates in 28 U.S.C. §§ 2201-2202. Section 2201 reads, in pertinent part, that

> (a) In a case of actual controversy within its jurisdiction, * * *, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether

> or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. §§ 2201(a). Additionally, "further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202.

The Sixth Circuit applies the following criteria to determine whether it is appropriate for a district court to issue a declaratory ruling:

> * * * (1) when the judgment will serve a useful purpose in clarifying and settling the legal relationship in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows that when neither of these results can be accomplished, the court should decline to render the declarations prayed.

*Grand Trunk Western R.R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984), quoting E. Borchard, *Declaratory Judgments* 299 (2d ed. 1941). *See also Zide Sport Shop of Ohio, Inc. v. Ed Eobergate Associates, Inc.*, 16 Fed.Appx. 433, 437-38 (6th Cir. 2001). In assessing whether to exercise its discretion to accept jurisdiction in a declaratory judgment action, a district court considers five factors:

> 1) whether the judgment would settle the controversy; 2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; 3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; 4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and 5) whether there is an alternative remedy that is better or more effective.

*Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000), quoting *Omaha Property & Cas. Ins. Co. v. Johnson*, 923 F.2d 446, 447-48 (6th Cir. 1991).

Here, there is an actual controversy between the parties -- Jefferson-Pilot's assertion that Mr. Kearney is not entitled to application of the Increase in Benefits provision and the Social Security Supplement and Mr. Kearney's dogged, and, as established herein unsupported,

assertion that he is.  A declaration by this Court as to the rights of the parties will settle this issue and clarify the legal insurer-insured relationship between Jefferson-Pilot and Mr. Kearney. Without such declaration, Jefferson-Pilot is left in limbo -- certain that it owes Mr. Kearney nothing in the way of an Increase in Benefits provision or Social Security Supplement but vulnerable to a bad faith claim without such a declaration.  There would be no improper encroachment on state jurisdiction -- there is no concurrent state action pending and the subject matter jurisdiction of this Court stems from an entirely legitimate source:  complete diversity between the parties.  The only alternative remedy is an expensive "bad faith" lawsuit which would likely end up right back in this Court because of that complete diversity.  Thus, all factors and criteria tip overwhelmingly in favor of this Court exercising its declaratory power.  And, as established above, such exercise should be in favor of Jefferson-Pilot.

### C.    Mr. Kearney's Motion for Summary Judgment Must be Denied

It is clear that Mr. Kearney does not qualify for either the Social Security benefits or the increase in benefits.  He is not and does not claim to be totally disabled.  Mr. Kearney does not make a claim of Total Disability.  Instead, he makes four separate arguments which are not supported in law or fact.

First, Mr. Kearney relies upon the opinion of a California attorney as an "insurance expert" who opines that it is industry standard to continue to overpay a claimant once a mistake has been discovered and to continue to provide increases into the future further compounding the error. If the "expert" in fact read the insurance contract he would see that Total Disability benefits are only paid when the claimant is totally disabled.  He would also see that the residual benefits are mutually exclusive of total disability.  While it is true that a person, such as Mr. Kearney, may qualify for the "full benefit amount" even if residually disabled, dependant upon

income loss, such a condition does not alter the Increase in Benefits provision nor the Social Security Supplement any more than it affects Mr. Kearney's obligation to pay premiums he has done.

Similarly, Mr. Miller's opinion that "he believes that any benefit payable for Total Disability should also be payable for Residual Disability" is wholly unsupported by the language in these Policies. In fact the clear language in these policies makes the benefits for Total and Residual Disability mutually exclusive. In effect, Mr. Miller tries to support Mr. Kearney's argument that an individual who is mistakenly provided an unjust enrichment, such as an erroneous tax refund or a raise in salary intended for someone else, should not only be permitted to keep the money paid but to demand that such error be perpetuated into the future.

Second, the equitable estoppel argument suggests that Mr. Kearney relied upon the annual increases and has somehow changed his position to his detriment. Are we to gather from this claim that Mr. Kearney has somehow changed his position to rely upon the assumption, that he will never recover from depression or that none of his business ventures will ever succeed? Or, has he hoped that Jefferson Pilot would never discover its mistake and continue to provide increasing benefits to which he is not entitled? Such a belief is not supported by law.

Third Counsel's reliance on the idea of waiver is misplaced. There is no waiver. There is no factual situation even alleged which could make the performance of the contract impossible or which dispenses with complete performance of the contract as argued by the defendant. In effect Mr. Kearney argues that should the government or a corporation mistakenly put a person on the payroll or send a taxpayer a refund check or overpays a person in any way, not only is he allowed to keep the money but he can demand that such unjust enrichment continue. Such an argument is not cognizable in a system of justice which tries to resolve disputes in a manner that

is fair and equitable to both parties. Mr. Kearney's claim that there is an attempt to collect the overpayments by Jefferson Pilot is untrue. No demand has been made for a repayment and in fact, at this time the prior erroneous increases in Mr. Kearney's benefits are being continued in an effort to act in the utmost good faith until the dispute is judicially determined. There is no case cited by the plaintiff that holds that a mistaken overpayment must be continued once discovered, let alone increased each year into the future.

Fourth, Mr. Kearney argues that the court should interpret, (rewrite) the contract in such a way that the clear and unambiguous language of the policy concerning the Increase in Benefits provision and the Social Security Supplement no longer requires a Period of Total Disability. There is no legitimate way for the Court to do what is asked.

The requested interpretation is contrary to the clear and unambiguous terms of Mr. Kearney's policy. The Ohio Supreme Court has consistently held that insurance contracts must be construed in accord with the same rules as other written contracts. *Hybud Equipment Corp. v. Sphere Drake Insurance Company, Ltd.*, 64 Ohio St. 3d 657, 597 N.E.2d 1096 (1992); *Universal Underwriters Insurance Company v. Shuff*, 67 Ohio St. 2d 172, 423 N.E.2d 417 (1981); *Rhodes v. Equitable Life Insurance Society of the United States*, 54 Ohio St. 2d 45, 378 N.E.2d 643 (1978). The most critical consideration is the language of the policy's provisions. If those provisions are clear and unambiguous, a court must give effect to the party's intent as expressed through that language. *See Karabin v. State Auto Mutual Insurance Company*, 10 Ohio St. 3d 163, 167, 462 N.E.2d 403 (1984). The Ohio Supreme Court has declared that "if a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined." *See Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio, Inc.*, 15 Ohio St. 3d 321, 322, 474 N.E.2d 271, 272 (1984). Courts have "an obligation to

give plain language its ordinary meaning and to refrain from rewriting the contractual agreement of the parties." *See Miller v. Marrocco*, 28 Ohio St. 3d 438, 439, 504 N.E.2d 67, 69 (1986). In other words, "when the language of an insurance policy has a plain and ordinary meaning, it is unnecessary and impermissible for this court to resort to construction of that language." *See Karabin*, 10 Ohio St. 3d at 166-167.

In this case, the language of the policies is clear and unambiguous. The Total Disability benefit provision is the only portion of the policy which contains the increase in benefits language. The Residual Disability section of the policy, the section under which Mr. Kearney is receiving benefits, does not incorporate this provision. The Residual Disability benefit deals with inflation by increasing the "Prior monthly income" so that inflation does not reduce the percentage of benefits due under the calculation. To allow the Increase in Benefits provision of the policy to apply to the Residual Disability portions of the policy will effectively rewrite an unambiguous contract and alter its clear terms. This was not the intent of the parties and something which cannot be allowed by the Court.

Mr. Kearney relies upon a letter from Mr. Roberson to an outside accounting consultant for his claim that Jefferson-Pilot is estopped from correcting its erroneous benefit increases. It is true that this November 19, 1996 letter sets out the various benefits and riders contained in Mr. Kearney's policy. Nowhere in this two-page letter does it state that the increase in benefits portion of the policy is included in the Residual Disability benefit, although it does identify the benefits that have been paid, including those being paid in error. The plain language of the policy requires that before the Increase in Benefit provision applies, Mr. Kearney must have a Period of Total Disability exceeding 12 months. Mr. Kearney was paid "the full benefits amount" due to

his reported loss in income not due to total disability.  As a threshold matter therefore, he has not met the prerequisites under the policy for the two additional benefits claimed.

Even accepting Mr. Kearney's claim that he received erroneous information about the coverage of his policy, this is insufficient to carry his burden on his Motion for Summary Judgment.  It is a well-accepted principle of Ohio insurance law that the doctrines of waiver and estoppel cannot be used to expand the parameters of the literal terms of coverage.  *See Hybud Equipment Corp.*, 64 Ohio St. 3d at 668, 597 N.E.2d 1096; *Lakota v. Westfield Insurance Company*, 132 Ohio App. 3d 138, 144, 724 N.E.2d 815 (1998); *Erie Insurance Company v. Favor*, 129 Ohio App. 3d 644, 649, 718 N.E.2d 968 (1998).  Mr. Kearney completely ignores this principle in his Motion.  This rule has been consistently applied when the coverage sought has been expressly excluded under the terms of a policy.  *See, e.g.*, *Hartory v. State Auto Mutual Insurance Company*, 50 Ohio App. 3d 1, 522 N.E.2d 223 (1988).

There are three reasons for this general rule.  First, a court may not create a new contract for the parties.  Second, an insurer should not be required to pay for a loss for which it sought, and was paid, no premium.  Third, a risk should not be imposed on an insurer that it might have denied.  *Insurance Company of North America v. Travelers Insurance Company*, 118 Ohio App. 3d 302, 318, 692 N.E.2d 1028 (1997).

Mr. Kearney seeks benefits limited to a Period of Total Disability under the Residual Disability portion of his policy.  It is inherent in the payment of benefits under this portion that Mr. Kearney continues to work.  If he is able to work more or if his limited work becomes more profitable, his benefits will necessarily change.  Because the Increase in Benefits provision is not found in the Residual Disability portion of the policy under which he claims benefits, and

because the Social Security Supplement is limited to a period of Total Disability, he cannot claim reasonable reliance.

**D.    Conclusion**

This matter is one which can properly be resolved by the Court through a declaration of the rights of the parties. The plain language of Mr. Kearney's policies allow for an increase in benefits provision to apply only under the Total Disability portion of the policy. The plain language also makes clear that the Social Security Supplement rider applies only to Total Disability. Finally, there is no dispute that Mr. Kearney has claimed to be residually disabled. His benefits have been paid under the Residual Disability portion of the policy and the Social Security and benefit increase portions of the policy do not apply. Jefferson-Pilot is therefore entitled to judgment in its favor and a declaration that Mr. Kearney is not entitled to increases under the Increase in Benefits provision nor payment of Social Security Supplement benefit.

Respectfully submitted,

s/ William R. Ellis
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202-2409
(513) 852-6000

Trial Attorneys for Plaintiff

- 15 -

**CERTIFICATE OF SERVICE**

I hereby certify that the original of Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment and Cross-Motion for Summary Judgment on Behalf of Jefferson-Pilot – Oral Argument Requested has been filed electronically with the court and a paper copy of the same has been served by regular United States Mail, this 16th day of February, 2004, upon the following:

Eugene L. Matan, Esq.
MATAN, GEER & WRIGHT
261 South Front Street
Columbus, OH  43215-5089

Michael A. Roberts, Esq.
GRAYDON HEAD & RITCHEY LLP
Fifth  Third Center
511 Walnut Street
Suite 1900
Cincinnati, OH  45202-3157

Attorneys for Defendant

                                                                                 _s/ William R. Ellis_____
                                                                                  William R. Ellis
                                                                                   Trial Attorney for Plaintiff

199348.1