Jan-19-98 12:49P                                                         P.01

Jefferson-Pilot                                             January 19, 1998
Life Insurance Company
PO Box 21008
Greensboro, NC 27420

Mr. Harold Shelton
Manager, Individual Health Administration

Dear Mr. Shelton,

When we talked last week, you told me that residual disability benefits were subject to the same terms that are listed in the total disability section. That is your reasoning for contacting me concerning the end of the five yr. period in which a claimant can keep the same occupation but then should consider other alternatives after five yrs.

You were unaware that JP has been collecting monthly premiums from me while on residual disability. If other total disability terms are meant as well for residual, then JP should refund me 48 premium payments of $160.61 which amounts to $7709.28.

Could you please send me a check for this amount? Thank you for your help in this matter.

Sincerely,

Christopher Kearney

2990

JAN 19 '98 13:37                                                    PAGE.01

January 28, 1998

Mr. Chris Kearney
12168 Village Woods Dr.
Cincinnati, OH 45241

RE:   Policy H-493029 & H-538069

Dear Mr. Kearney

This is in response to your correspondence dated January 19, 1998 pertaining to benefits under the Residual Rider and the Waiver of Premium Provision as pertained to the Residual.

We have reviewed our files with regard to this coverage. The Residual Disability Rider provides that benefits will be payable to age 65. The "Your Occupation" limitation of 5 years applies only when an insured is under the total disability portion of his policy. In reviewing the Waiver of Premium Provision, it appears that is applicable only if benefits are being paid under the total disability provision of the policy. Since benefits continue to be paid under the residual portion of the policy, then premiums would continue to be due.

Our apologies for any misleading statement that may have been made in our conversation on this matter. The above is the basis for any consideration of your future claim. We will continue to pay benefits under the Residual portion of the policy as long as conditions remain as they are at the present time.

Should you have any questions or need additional information, please let us know.

Sincerely,


Harold D. Shelton
Manager, Individual Health Administration
4170

HDS/bb

2982

Mr. Robert Mills, Claims Consultant                                            May 16, 2002
Disability Management Services, Inc.
1350 Main Street
Springfield, MA 01103-1619

Re: Policy #H-493029 and H-538069                    Sent by Certified Mail

Mr. Mills:

I received your letter of April 25, 2002. I also received the benefit checks earlier this month of the correct amount and on time. I thank you, VP Hughes, and the other executives at DMS and JP for sending those checks, of the correct amount, without delay.

My questions, #2 through #5, posed in my letter of April 10, 2002 are straightforward. One would think that you would welcome the opportunity to clarify the ambiguity of your policy language. Your own employee, Ms. Beattie, PDC, Inc., recommended to Todd Ditmar, of DMS, that JP provide written clarification to me on the very same issues. JP and DMS totally ignored her request because your plan by collusion is to keep me confused and on edge while you continue to "fully explore those options available to us."

In your letter, you stated: "we have clarified for you, on a number of occasions, many of your policy's provisions and how they are applicable to the analysis of your claim." JP, DMS and PDC have asserted many misrepresentations and self-serving interpretations of my policy provisions, terms, and benefits.

In fact, I have several different definitions and explanations of disability purported by DMS, JP, and PDC to be the defining definitions in my policies. Which one shall I believe? To my detriment, I have relied on your misrepresentations.

Currently, you continue to threaten me with reservations of rights statements, which are unwarranted and contrary to good faith principles. Please provide your "immediate review and attention" to the issues which you have threatened me with for over 7 months. Please provide a response, as promised by VP Hughes. It is your duty.

I again request an immediate refund for all collected monthly premiums while receiving disability benefits- these premiums should have been waived. Please send a check to me immediately with compounded interest.

I have been updating you of my earned income on the forms that you have chosen to send me "from time to time," as you stated. Please point out the specific language in the policies that support your request for further information and then I will be happy to supply such information.

Sincerely,

*Christopher L. Kearney*
Christopher L. Kearney

3650