UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT INSURANCE COMPANY, | : | Case No. C-1-02-479 |
| | : | |
| Plaintiff, | : | (Judge Spiegel) |
| | : | |
| vs. | : | **PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS CROSS MOTION FOR SUMMARY JUDGMENT** |
| | : | |
| CHRISTOPHER L. KEARNEY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**I.     INTRODUCTION**

Defendant Christopher Kearney has made a valiant effort to describe the policy in question in as confusing terms as possible. Mr. Kearney's approach is to try to create an ambiguity which would permit interpretation of the policy. Plaintiff Jefferson Pilot Insurance Company encourages the Court to simply read the plain language of the policy in question. It is clear and unambiguous. As established in Jefferson Pilot's Motion for Summary Judgment, the benefit increases sought by Mr. Kearney simply do not apply to periods of residual disability. As such, Plaintiff is entitled to a declaratory judgment that the Social Security Supplement benefit and the Increase in Benefits provision of Mr. Kearney's policy do not apply to his claim for residual disability benefits. Jefferson Pilot respectfully requests judgment in its favor and a Declaration that Mr. Kearney is not entitled to periodic benefit increases under the Increases in Benefits provision of his policy, nor payment of the Social Security Supplement benefit.

II.    **ARGUMENT**

Mr. Kearney's initial claim for benefits was one for total disability. After a brief period of time, his claim was changed to one for residual disability benefits. Mr. Kearney has never challenged the fact that his claim is one for residual disability benefits. And for its part, Jefferson Pilot continues to acknowledge that Mr. Kearney is entitled to residual disability benefits. But in the face of the clear language of the policy, Mr. Kearney argues that the Social Security Supplement benefit and Increase in Benefits provision should be paid under a residual disability claim. Mr. Kearney also appears to make the new argument that he should have been receiving waiver of premium. Mr. Kearney makes this argument despite the fact that he has properly continued to pay premiums under his policy during the ten years he has been making a claim for residual benefits.

As set forth in Plaintiff's Motion for Summary Judgment, the Ohio Supreme Court has consistently held that where contract provisions are clear and unambiguous, a court must give effect to the parties' intent as expressed through the language used in the contract. *See Karavin v. State Auto Mutual Ins. Co.,* 10 Ohio St.3d 163, 167, 462 N.E.2d. 402 (1984). The Ohio Supreme Court has declared that "if a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined." *See Inland Refuge Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.*, 15 Ohio St.3d. 321, 322, 474 N.E.2d 271, 272 (1984). A Court has an obligation to apply the plain and ordinary meaning of an insurance policy. *See Karavin*, 10 Ohio St.3d at 166-67. A court must refrain from rewriting the contractual agreement of the parties to include terms to which the parties did not agree. *See Miller v. Marrocco*, 28 Ohio St.3d 438, 439, 504 N.E.2d 67, 69 (1986).

Mr. Kearney has gone to great lengths to make the insurance policy in question appear ambiguous and confusing. His brief is difficult to follow and does not appear to flow logically from argument to argument. The crux of his argument appears to be that all terms applicable to total disability are equally applicable to residual disability. Nothing could be further from the truth.

The provisions for residual disability are separate and distinct from the provisions for total disability. In fact, residual disability benefits are only available under an additional rider which was purchased by Mr. Kearney. If, as he argues, all benefits applicable to total disability were equally applicable to residual disability, there would be no need for purchase of an additional residual disability rider. The disability income proposal relied upon by Mr. Kearney (which he received prior to his purchase of the policy) makes clear at page 5 that residual disability is an additional benefit Mr. Kearney has chosen. To construe all aspects of total disability as equally applicable to a period of residual disability would rewrite the contract and render the residual disability rider meaningless. This was not the intent of the parties and cannot be the interpretation allowed by the Court.

Jefferson Pilot has never made a claim for return of the erroneously paid benefits. The purpose of the declaratory judgment action was to have the court declare that the Social Security Supplement benefit should not be applied and that Mr. Kearney was not entitled to continued increases under the Increase in Benefits provision. By arguing that these erroneous payments and increases should continue, Mr. Kearney in effect asks the Court to enforce a clear error. Jefferson Pilot has elected to forgo its right to recover the overpayment and has neither demanded nor attempted to collect the erroneous overpayments. This does not mean, however,

that the erroneous overpayment should continue indefinitely once the error is discovered. This is contrary to the plain language of the policy.

Mr. Kearney's reliance on the proposal presented to him for continued payment of the increase in benefit provision, social security benefits and premium waiver is misplaced. First, the policy supersedes the proposal and by its terms represents the entire contract between the parties. Second, Plaintiff's tortured interpretation of the language in the proposal ignores the plain language of the proposal. Page 5 of the proposal sets forth the additional benefits he chose under the policy. Under Social Security Supplement, it says:

> This benefit is payable if you are receiving the policy's basic benefit for **total disability** and your claim for disability income benefits from the Social Security Administration has not been approved. (Emphasis added).

This language could not be clearer. Where total disability benefits are payable, the Social Security Supplement may be applicable. Mr. Kearney argues that the Social Security Supplement benefit is included in the description of residual disability. The provision cited clearly states that the Social Security Supplement benefit is payable **if applicable.** Under the definition of Social Security Supplement for the benefit specific to Mr. Kearney as laid out on page 5, however, it is clear that the social security supplement is only payable if an insured is being paid the basic benefit for total disability.

Mr. Kearney's claim for increase in benefits is similarly misplaced. The optional Increase in Benefits provision as explained in the proposal reads as follows:

> Optional Increase in Benefits During **Total Disability**
> Increases the 3% increase in benefits described previously to 7%. Applicable to the Basic Benefit and Social Security Supplement benefit if it is payable.

*See* page 2. (Emphasis added). There can be no question that the optional increase in benefits provision, as it clearly states in its description, is applicable to benefits during **total disability**.

-4-

Mr. Kearney purchased the optional increase in benefits. The plain language of the basic benefit describes a "percentage increase in benefits during **total disability**" as 3%. This section of the proposal states:

> Your increase in benefits begins with the 13th month of **total disability** and benefits. Benefits will be increased during each successive 12 month period of **total disability** up to the end of your benefit period. No further increases will be applied after your 65th birthday.

Again, this clearly relates to the **total disability** benefit. The 3% increase and Mr. Kearney's optional increase in benefits rider is payable only to a period when **total disability benefits** are paid.

Under the residual disability section of the proposal, there is no mention of the increase in benefits provision or the optional additional increase in benefits. This is because they are not applicable. Mr. Kearney's argument that these provisions apply to residual disability stretches any logical reading of the Policy to the breaking point.

Mr. Kearney has offered the new argument that he should have received premium waiver during his period of residual disability. The waiver premium provision of his policy states that:

> If you become **totally disabled** for a continuous period of at least 3 months, Jefferson Pilot will: (1) waive premiums that come due during the disability; and (2) refund any payments made for premiums due during the disability. Jefferson Pilot will continue to waive premiums under this policy until you are no longer **totally disabled** or benefits are no longer payable, whichever is earlier.

When Mr. Kearney's benefits were changed to residual disability benefits, he was no longer on waiver of premium. Mr. Kearney resumed payment of his premiums without objection. He now makes the unsupported argument that waiver of premiums should have been included with residual disability. Specifically, he argues that waiver of premium is applicable when the full benefits amount are paid. This is not interpretation but rather a disregard for the plain language of the policy. Nowhere in the residual disability section does it allow for waiver of premiums.

Mr. Kearney demonstrated his understanding of this when he resumed payment of his premiums under the policy.

Mr. Kearney in effect argues that the **Residual Disability** portion of his policy, which he purchased as a separate benefit should be read to include all of the provisions of **Total Disability**. This is clearly not the intent of the parties. The basis for his argument that all benefits payable under total disability are equally payable under residual disability can not be found in the Policy. It is in fact completely inconsistent with the plain language of the policy. It is also undermined by the fact that **Residual Disability** benefits are a separate benefit requiring separate purchase. To interpret the policy as Mr. Kearney suggests, the Court would have to, in effect, rewrite the contract between the parties and add new obligations. This is improper under Ohio law. Under the plain language of Mr. Kearney's policies, the Social Security Supplement benefit and the Increase in Benefits provision do not apply to periods of residual disability. As it is undisputed that Mr. Kearney's claim is one for residual disability, this Court should issue a declaratory judgment that Mr. Kearney is not entitled to continued increases under the Increase in Benefits provision and that the Social Security Supplement benefit should not be applied.

Respectfully submitted,

s/Amy Gasser Callow
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202-2491
(513) 852-6000 (Telephone)
(513) 852-6087 (Fax)

Trial Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 24th day of March 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                          s/Amy Gasser Callow
                                          Amy Gasser Callow, Esq.

202565.1