IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE CO., | ) : | CASE NO. C-1-02-479 |
| Plaintiff, | ) : | JUDGE SPIEGEL Magistrate Judge Hogan |
| vs. | ) : | |
| CHRISTOPHER L. KEARNEY, | ) : | MOTION TO COMPEL |
| Defendant. | ) | |

Pursuant to Fed. R. Civ. P. Rule 37, the defendant, Chris L. Kearney hereby moves the Court for an Order compelling the plaintiff, Jefferson-Pilot Life Insurance Company, and the cross claim defendant, Disability Management Services, Inc. ("DMS"), to produce the information Mr. Kearney has properly requested pursuant to Fed. R. Civ. P. 33 and 34. A memorandum in support is attached.

Dated: April 27, 2004

OF COUNSEL:

GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio  45201
(513) 621-6464
Cincinnati, Ohio  45201

Respectfully submitted,

/s Michael A. Roberts
Michael A. Roberts (0047129)
GRAYDON HEAD & RITCHEY LLP
Trial Attorney for Plaintiff
1900 Fifth Third Center
511 Walnut Street
(513) 629-2799
(513) 651-3836
email: mroberts@graydon.com

**MEMORANDUM IN SUPPORT**

After paying residual disability benefits, inclusive of: (i) a 7% annual cost of living adjustment; and (ii) a "Social Security Supplement" to Mr. Chris L. Kearney, its policyholder, for close to 10 years, Jefferson-Pilot Life Insurance Company ("JP") through its third party administrator, Disability Management Services Inc. ("DMS" and collectively "JP/DMS") determined that JP had made an error and ceased paying benefits to Mr. Kearney and filed this action requesting that the Court find that the manner in which JP had paid Mr. Kearney for nearly 10 years was a mistake.

Mr. Kearney countersued.

For over 1 year, Mr. Kearney has been seeking discovery from JP/DMS, but JP/DMS refuses to comply. For over 6 months Mr. Kearney has been seeking depositions from JP/DMS, but JP/DMS refuses to comply.

For the reasons set forth herein, Mr. Kearney requests an order compelling the discovery which is long overdue and the depositions which have been long sought.

1. *Documents Not Produced*

Mr. Kearney issued discovery requests to JP/DMS over one year ago. On March 31, 2003, Mr. Kearney agreed to allow defendant extra time to respond to the discovery requests. (*See*, Exhibit A, Declaration of Counsel, Exh. A-1). Incomplete discovery responses were provided on June 27, 2003. (*See*, Exhibits B). Following this incomplete response, Mr. Kearney's counsel repeatedly requested the full production of documents and information from JP/DMS and a long-promised, never-provided privilege log. (*See*, Exhibits A-3, A-4, A-5, A-6, and A-7: Letters of September 3, 2003; November 12, 2003; January 28, 2004; February 4, 2004; and April 27, 2004).

Notwithstanding Mr. Kearney's one year of patience, the discovery deadline looms and the documents and information have not been provided. Mr. Kearney requests that JP/DMS be now ordered to fully respond to his long outstanding discovery requests (identified in Attorney Matan's letter of September 3, 2003 – *Exhibit A-3*), and that Mr. Kearney be afforded the opportunity to conduct follow-up discovery should those late responses require.

2.  *Depositions OF JP/DMS Representatives*

For over 6 months, Mr. Kearney has been seeking the depositions of the following representatives of the defendant: William Hughes, John Anderson, Robert Mills, J. L. Roberson, Harold Shelton, Robert Bonsall, Chelsea Ugolik, Janet Beattie, Betty Lou Hand, Sue Clark, Phyllis Harden, Todd Dittmar, Steve Allen, David Newkirk, Robert Maxwell, Paul Swink, and Clyde Honaker. (*See*, *Exhibit A-4, attached*). JP/DMS has completely refused to provide dates for these depositions, yet has unilaterally scheduled a deposition of Mr. Kearney's expert in California on 7 days notice and also desires to take Mr. Kearney's deposition after the discovery cutoff.

Because of the discovery deadline (April 30) and JP/DMS' refusal to cooperate with depositions, Mr. Kearney noticed these depositions to occur on April 28-May 1. (*See, Docs. 39-42*). JP/DMS should be ordered to comply with those notices.

3.  *Privilege Log*

Although JP/DMS produced a partial copy of Mr. Kearney's Claims File, JP/DMS has not produced and has affirmatively withheld many documents. For example, approximately 10 months ago, JP/DMS promised that it would provide Mr. Kearney with a privilege log but none

has been produced. (*See*, *Exhibit A-2*) JP/DMS should be compelled to now do so and be required to pay Mr. Kearney's expenses associated with obtaining this material.

## Conclusion

Defendant's discovery conduct in this case has been extraordinary. Mr. Kearney needs all of the requested information to fairly prosecute his claim and asks that the Court order its production forthwith.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL | /s Michael A. Roberts |
| | Michael A. Roberts, Esq. (0047129) |
| GRAYDON HEAD & RITCHEY LLP | GRAYDON HEAD & RITCHEY LLP |
| 1900 Fifth Third Center | 511 Walnut Street, Suite 1900 |
| 511 Walnut Street | Cincinnati, Ohio 45202 |
| Cincinnati, Ohio 45202 | (513) 629-2799 |
| (513) 621-6464 | (513) 651-3836 (fax) |
| | email:mroberts@graydon.com |

## CERTIFICATE OF SERVICE

The foregoing was electronically filed and thereby served on William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 27th day of April, 2004.

/s Michael A. Roberts