IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE CO., | ) : | CASE NO. C-1-02-479 |
| Plaintiff, | ) : | JUDGE SPIEGEL |
| vs. | ) : | Magistrate Judge Hogan |
| CHRISTOPHER L. KEARNEY, | ) : | |
| Defendant. | ) | |

## DECLARATION OF DEFENDANT'S COUNSEL

1.     My name is Michael A. Roberts.  I am an attorney at law licensed to practice in the State of Ohio and am presently in good standing.  I am a partner in the law firm of Graydon Head & Ritchey LLP.  I serve as the Trial Attorney for the defendant in the above matter.

2.     As evidenced in the attached exhibits, Mr. Kearney's counsel has exhausted all extrajudicial means of resolving continuing disputes concerning discovery obligations of Jefferson Pilot Life Insurance Company and Disability Management Services, Inc.   It is necessary that the Court now intervene.

I declare the foregoing to be true and correct to the best of my knowledge and belief, upon penalty of perjury.

Dated:  April 27, 2004                    /s Michael A. Roberts_____

## CERTIFICATE OF SERVICE

The foregoing was electronically filed and thereby delivered to William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 27th day of April, 2004.

/s Michael A. Roberts

# MATAN, GEER & WRIGHT
### Attorneys At Law
261 South Front Street, Columbus, Ohio 43215
*www.mgwlaw.com*

| **Telephone:**  614-228-2678 | **Facsimile:**  614-228-6122 |

+Board Certified By
National Board of
Trial Advocacy
Also Admitted In:
*Florida
**District of Columbia

Eugene L. Matan*+
Christopher J. Geer
Scott E. Wright**+
Robert D. Noble

March 31, 2003

Geraldine Johnson, Esq.
Roetzel & Andress
310 Chiquita Center
1250 East Fifth Street
Cincinnati, Ohio   45202

Re:   *Jefferson-Pilot Life Insurance Company v. Christopher L. Kearney*
        Case No. C-1-02-479

Dear Gerri:

Thank you for sending me a file-stamped copy of the Stipulation giving you an additional 30 days to respond to discovery.

I am enclosing herein a copy of an Amended Request for Admission as to Request Nos. 6, 15 and 20.   In re-examining them after your call, there are changes made for clarification or because of a typographical mistake.   The Amended Requests are revised as follows:

6.    That Plaintiff made such determinations to pay COLA benefits to Defendant Kearney voluntarily without action, application or demand of Defendant and that some or all of the COLA benefits were made without a reservation of rights.

15.    Admit that in February of 2001 Plaintiff denied Defendant Kearney's benefits for a period of 21 days.

20.    Admit that Plaintiff and DMS owe Defendant Kearney a covenant of good faith and fair dealing in handling, investigating, and payment of claims to Defendant Kearney with respect to the policies mentioned in Paragraphs 1 and 2, above.



3781

March 31, 2003
Page 2

As you can see, these are rather minor changes and should not give you any problems. If you have concerns with respect to these changes, please let me know and we can discuss it further or I can submit them in a new Request for Admissions.

Unless I hear from you otherwise, I will presume that you will answer the Amended Request for Admissions rather than the original document as to Nos. 6, 15, and 20.

Thank you for your consideration in this matter.

Very truly yours,

Eugene L. Matan

ELM/mr

Enclosure

cc: Christopher L. Kearney

3782



ROETZEL & ANDRESS

A LEGAL PROFESSIONAL ASSOCIATION

250 EAST FIFTH STREET
SUITE 310
CINCINNATI, OH 45202
513.361.8288 DIRECT
513.361.0200 MAIN
513.361.0335 FAX
gjohnson@ralaw.com

July 14, 2003

Eugene Matan, Esq.
Matan, Geer & Wright
261 South Front Street
Columbus, OH 43215

Re:   Jefferson-Pilot Life Insurance Company vs. Christopher Kearney
      Case No. C-1-02-479

Dear Gene:

I received your phone message and want to follow-up with you regarding production of the claim
file. I have additional documents to send to you, which I should receive back from Copy Plex on
Tuesday, July 15, 2003. However, I will not be in the office again until Thursday, July 17, 2003
because of depositions. As soon as I am back in the office, I will review these additional
documents and construct a privilege log prior to forwarding documents to you which are neither
protected nor privileged. I will Federal Express these documents to you so that you should have
them at the end of the week.

Please call me if I can answer any questions for you regarding this letter.

Very truly yours,

Geraldine M. Johnson /lj.

Geraldine M. Johnson

DEFENDANT'S
EXHIBIT
2
ALL-STATE LEGAL®

CLEVELAND   TOLEDO   AKRON   COLUMBUS   CINCINNATI   WASHINGTON, D.C.   TALLAHASSEE   FORT MYERS   NAPLES

www.ralaw.com

# MATAN, GEER & WRIGHT

Attorneys At Law
261 South Front Street, Columbus, Ohio 43215
*www.mgwlaw.com*

| Telephone: | 614-228-2678 | | Facsimile: | 614-228-6122 |

Eugene L. Matan*+
Christopher J. Geer
Scott E. Wright**
Robert D. Noble

+Board Certified By
National Board of
Trial Advocacy
Also Admitted In:
*Florida
**District of Columbia

September 3, 2003

Geraldine Johnson, Esq.
Roetzel & Andress
310 Chiquita Center
1250 East Fifth Street
Cincinnati, Ohio   45202

Re:    *Jefferson-Pilot Life Insurance Company v. Christopher L. Kearney*
Case No. C-1-02-479

ALL-STATE LEGAL®
DEFENDANT'S
EXHIBIT
3

Dear Gerri:

Apparently, we inadvertently missed providing you with a response to Interrogatory Number 12 which states as follows:

> 12.    Please state with particularity the basis for your position that you are entitled to COLA adjustments under Policy Number HO-0493029.

Our response is as follows:

> ANSWER:   The wording of the policy.  The interpretation made by the company itself in paying COLA benefits from 1993 to date but failing to give appropriate increases for 2002 and 2003.

It would be appreciated if you would add this correction to the responses previously sent to you.

Pursuant to the Court rules on discovery, this letter is an attempt to cooperate with you to procure more complete discovery to cut down on items which must be submitted to the Court for decision as to discovery disputes.

We have gone through all of the documents that you submitted to us and they apparently have been carefully bate-stamped by you or your client.  In comparing the bate-stamps numerically we find that there are a number of missing documents.  We are attaching herein a copy of an index setting forth those pages which are missing.  We did not receive

September 3, 2003
Page 2

your privilege logs so we don't know if these are documents which you are claiming to be privileged and, if so, the reason(s) you are claiming that. Of course, some of the documents may be those obtained by your private investigator which you state you are not releasing. We feel we should have those regardless of when Mr. Kearney is deposed. However, the numbers should be either furnished or a reason for the absence of the particular numbered documents should be given with some narrative description of the missing documents. As you can see, there are quite a number of documents not furnished.

I would like to go over your responses to our production request as follows:

**Production Request No. 1**

1. You indicated you were not giving us any materials from the surveillance of Mr. Kearney by your private investigator or investigators. Apparently the documents do show some of those reports and/or notes of the investigators but we don't know to what extent the missing documents contain other information from the surveillance. Chris has noted one thing that is missing. That is his interview with Michael Conlon in which he voluntarily cooperated with Mr. Conlon's inquiries. That interview was in December of 1999. Further, we have no internal memos or other documents other than the report from Joseph R. Levy, with whom Chris also cooperated. In addition, we would like any further documents from Baker & Barris, the vocational rehabilitation consultants.

**Production Request No. 2**

2. Again, we have no privilege logs so we don't know what documents you are attempting to protect by the attorney/client privilege and what attorney or attorneys are involved or any other claimed privilege. In essence, we need more information before we can make a more specific objection on a Motion to Compel as to why the document or documents are not produced. For example, we don't find any correspondence to or from the Employers' Reinsurance Company.

**Production Request No. 3**

3. I can't see how you are making a valid objection here as to DMS. Of course, DMS is now a party and they are admittedly your agent. There are a number of documents which point toward DMS being employed to bring about a "resolution" to Mr. Kearney's policy. I feel any of the documents requested in Number 3 are relevant. Please let me know if you intend to continue to maintain that objection because we do wish to have those documents and will probably pursue it with a Motion to Compel.

**Production Request No. 4**

September 3, 2003
Page 3

4.    I don't agree with the reasons stated for your failure to answer Number 4. Certainly motive on the part of the claims handler is most relevant. I don't see any valid legal reason that these are not produced since this can provide relevant information or lead to relevant information. Privacy of the individuals is not a valid objection or privilege. We would probably agree to a reasonable protective order if you really feel that the disclosed information would harm the individuals about whom it is disclosed.

**Production Request No. 5**

5.    Please reexamine the answer to this. It would appear to me that there is some classification or some criteria used for files which are sent to DMS versus files which are retained by Jefferson Pilot. I don't believe this is a random selection of claims.

**Production Request No. 6**

6.    As you know, we are claiming the tort of bad faith which is an intentional tort. Certainly the record of sanctions and disciplinary proceedings by various state regulatory agencies is most relevant and could also lead to the discovery of admissible evidence. Please reexamine your answer to this question since we feel that this is something that is easily obtained by your client from records it keeps and can be furnished to our office in response to the production request. If you still maintain the position that you are not going to respond to that production request, we probably will include it in a Motion to Compel.

**Production Request No. 7**

7.    We will check the website and ascertain if it contains the complete information that we are attempting to discover.

**Production Request No. 8**

8.    We will check the website and ascertain if it contains the complete information that we are attempting to discover.

**Production Request No. 9**

9.    It would appear that the underwriting file is very pertinent. I would assume that your clients would have done an investigation on Mr. Kearney before they issued the policy or they wouldn't have issued it. Certainly, their knowledge of the information they had at the time of underwriting is extremely pertinent. Please consider your response to Number 9.

September 3, 2003
Page 4

**Production Request No. 10**

10.    I find it hard to believe that there are no directives or instructions by supervision to the claims handlers on setting precedent on handling the various claims. Would you please have the company reexamine their records to see if there are any claims manuals, directives, letters of instruction, etc., on the claims handling.

**Production Request No. 11**

11.    I don't believe this is overly broad or burdensome. Certainly they have advertising brochures, sales materials, commercials, etc. These are all germane to what representations are made to the public. Please reconsider your answer to Number 11.

**Production Request No. 12**

12.    As I understand the answer to Number 12, we have been furnished all such documents by virtue of the claims file which you produced. If there are any other documents as requested previously which relate to this matter but are missing, please produce them. Apparently you produced a report from Janet Beattie, who spent a considerable amount of time interviewing Mr. Kearney and made notes during the interview. We would like to have all of her notes, calculations, statements, and correspondence that relate to the Kearney case. In addition, a person by the name of Chelsea Ugolik also reviewed the file. We would like to have all of her notes and any memos or correspondence which she sent to anyone relating to her report.

**Production Request No. 14**

14.    It would appear to me that the training itself may be privileged where you have a direct communication between the attorney and the claims handler. However, I believe that you are stretching it when you try to say that they are using these procedures for which they are trained on a claims basis for various claims. I feel we are absolutely entitled to that material once it is put in writing and furnished to them and used. Please see if you can clarify that answer and furnish us the materials that are being used by the claims handlers for claims adjustment. Also, if some of these training classes are given to other adjusters at training sessions, conferences, and/or programs rendered, I don't believe that material would be privileged since it is not between the "client" and the attorney but it is made publicly to various other claims handlers, including the ones working for DMS and/or Jefferson Pilot.

September 3, 2003
Page 5

## Production Request No. 15

15.    We would ask you to reconsider this since I don't believe your objection is well taken. If these treatises, manuals, etc. are used in the settlement and/or claims practices of the claims handlers, they would not be privileged.

## Production Request No. 16

16.    We don't agree that these documents attain any sense of objection on your part and should be produced. I will discuss this with you via telephone when we attempt to arrange further discovery.

## Production Request No. 17

17.    You did produce the bulk of the claims file. However, I believe they would have a calendar documenting their daily activities which may contain additional comments or meetings with various individuals from Jefferson Pilot or their superiors which would be pertinent and not contained in the claims file. Would you please check on this and produce individual calendars of Mills and others involved with Kearney's claim?

## Production Request No. 20

20.    Certainly other complaints or counterclaims alleging bad faith are most relevant and I can't see any justification for you refusing to furnish this information. Your confidentiality argument is bogus since all of these pleadings that we are requesting would be filed in public forums and not confidential at all but available to the public. Please reconsider your response to Number 20 and furnish us with this information.

## Production Request No. 21

21.    See our comments to Number 20, above.

## Production Request No. 22

22.    Certainly the information relating to the training of the claims handlers, especially in our case, and the officers of the companies is most relevant. The training and subsequent following of claims practices learned at the training sections is relevant. Please reconsider your answer to Number 22.

September 3, 2003
Page 6

## Production Request No. 23

23.    In examining the documents which you furnished, we don't find any computations, comments, evaluations or other materials relating to the offer they made to Mr. Kearney's previous attorney, John Spiegal. There certainly must have been some memorandums, computations, notes, etc., relating to that offer and how they arrived at it and who arrived at it. This should be in the claims file. If it is in some other file we wish to know that. Thank you.

This portion of my letter addresses your Answers to Interrogatories submitted about June 27, 2003.

## Interrogatory Response No. 1

1.    Mr. Kearney indicates that there are additional people that dealt with the claim. Apparently John Anderson, Vice President, and Janet Beattie dealt with Mr. Kearney's claim. In addition, as to Jefferson Pilot, apparently a J. L. Roberson and Robert Maxwell dealt with his claim. Will you please confirm those and either supplement the answer or do it by letter?

## Interrogatory Response No. 2

2.    You give a general answer to this question but do not identify with particularity the document and the portion of the document upon which you are relying to deny COLA and now, according to your answer, a social security supplement. Please specify the language in the documents that you are relying upon.

## Interrogatory Response No. 3

3.    Again, we don't feel that withholding the documents of the private investigator has any basis since it would be relevant information or could lead to relevant information. Please produce an answer to Question 4.

## Interrogatory Response No. 5

5.    You have not produced any documents from Mr. David Newkirk of Employers Reinsurance Corporation and the Assistant Vice President Health Care Claims, and any other documents from Employers Reinsurance Corporation relating to this matter. According to your answer, there should be some correspondence, memoranda, and notes to or from Mr. Newkirk. Would you please examine your file to see if that document or documents can be furnished?

September 3, 2003
Page 7

## Interrogatory Response No. 7

7.    We don't agree with your answer to Question 7 since it is most relevant as to the relationship between DMS and Plaintiff. We've asked that this contract or the contracts be produced and we take issue with your objection to this question.

## Interrogatory Response No. 9

9.    I take issue with your answer to question 9 inasmuch as Court records are currently public and would not violate any attorney-client privilege or expectation of privacy. Perhaps if there is a confidentiality provision in a settlement that could apply but you would have to disclose that under this answer. Obviously this information is geared to discovery of relevant admissible information or could lead to admissible relevant information.

## Interrogatory Response No. 10

10.   See the comments made to Paragraph 9, above. Please reconsider these answers and give us the information about prior litigation involving your clients.

## Interrogatory Response No. 11

11.   In a case where we are asking for punitive damages, what could be more relevant than ascertaining whether or not this company has ever been sanctioned, fined, or penalized? Certainly this is very relevant and should be answered. Please let me know if you continue to maintain this same answer or if we need to make this part of our Motion to Compel.

## Interrogatory Response No. 13

13.   This question is not fully answered. You will note that I ask "state in detail how the computation or computations selection were made, how it was initiated and who initiated it." All you say there is that William Hughes and Robert Mills met with Spiegal. There is nothing about the computations of the company as to the amount of the settlement, how it was computed, etc. Please more fully answer this question.

## Interrogatory Response No. 14

14.   Please provide the name(s) and address(es) of the person(s) having custody of Mr. Kearney's file(s).

September 3, 2003
Page 8

**Interrogatory Response No. 15**

15.   We feel that this is most relevant inasmuch as the company has filed a lawsuit to get rid of the COLA payments they have been making, fighting the increase in COLA payments, and now you have brought up, for the first time, the social security issue. The reserves for this are most relevant together with the details of the reserves, who figured it and what it is and how is has changed over the years. This gives motive to the company as to bad faith. Please answer this question.

There is one other serious matter which needs to be addressed. I don't find any verification page for the answers to the interrogatories. This is definitely in violation of the Civil Rules. I feel that an officer of the company must verify these answers as being true. Otherwise, there can't be an impeachment after there has been a swearing to the answers. Please correct this matter as soon as possible and furnish us a positive verification.

I will call you concerning deposition discovery which should be forthcoming in the near future. In addition, I would like to schedule the depositions of Mr. Kearney and Robert Mills for the same day. Time permitting, we will need to discuss other depositions we also want at that same time.

Very truly yours,

Eugene L. Matan
ELM/hb
Enclosure
cc:  Christopher L. Kearney

Chris Kearney

Page 1 8-16-03

Missing Documents from Claim File

2590
2594
~~2599 → 2687~~ Produced
2683
2688
2698
2726
2728
2730
2731
2732
2734 → 2740
2742
2745 - 2752
2759
2762
2772
2774
2777
~~2779~~ 2779
2781 - 2784
2786
2792
2810
2814
2815
2819
2820

2825
2827
2832
2834
2841
2847
2849
2850
2853
2882
2883
2889
2907
2909
2911
2914
2927
2929
2931
2932
2934
2935
2938
2939
2941 → 2944
~~2948~~
2949
2963
2978
2984

3288

2998 → 3004
3006 → 3008
3014 → 3006 3016
3068

3070 → 3075
3091
3095 - 3101
3105 - 3109
3111 - 3112
3122

3132
3135
3151
3152

3208
3247

3318
3331
3333 - 3336
3350
3356 - 3358
3366 - 3368
3372
3374
3376

3377
3382
3385 → 3388
3390
3392 → 3397
3399 → 3413
3419
3421 - 3423
3428
3430 → 3450
3468
3474
3480
3493
3497
3503
3508
3509
3519
3528
3544
3547
3551
3579
3608 → 3610
3616
3619
3623

*Page 3 / 8-16-03*

3625
3639
3643 ⟶ 3646
3648 .
3649
3651
3655
3666
3668
3669
3671
3674
3677 - 3678
3680
3686
3691
3695
3697
~~3698~~
3705
3707 ⟶ 3717
3719 ⟶ 3724
~~3725~~
3726 ⟶ 3773
3776 - 3780
3783
3785



# MATAN, GEER & WRIGHT

Attorneys At Law
261 South Front Street, Columbus, Ohio 43215
*www.mgwlaw.com*

**Telephone:    614-228-2678**

**Facsimile:    614-228-6122**

+Board Certified By
National Board of
Trial Advocacy
Also Admitted In
*Florida
**District of Columbus

Eugene L. Matan*+
Christopher J. Geer
Scott E. Wright**
Robert D. Noble
Andrew E. Russ

November 12, 2003

Geraldine Johnson, Esq.
Roetzel & Andress
310 Chiquita Center
1250 East Fifth Street
Cincinnati, Ohio   45202

DEFENDANT'S
EXHIBIT
4
ALL-STATE LEGAL

Re:    *Jefferson-Pilot Life Insurance Company v. Christopher L. Kearney*
Case No. C-1-02-479

Dear Gerri:

As you probably know, the Court has already granted the discovery extension to the 15th of January, 2004. I noticed on my confirmation e-mail that they had an incorrect e-mail address for you and so I am forwarding a copy of the Court's Order to you. You may wish to make sure your address is corrected.

My daughter is getting married at the end of this month and the time is very short in view of the holidays and so on. We definitely need the depositions of the following individuals as soon as possible; i.e. William Hughes, John Anderson, Robert Mills, J. L. Roberson, Harold Shelton, Robert Bonsal and Chelsea Ugolik. Others whom we may want to depose are Janet Beattie, Betty Lou Hand, Sue Clark, Phyllis Harden, Todd Ditmar, Steve Allen, David Newkirk, Robert Maxwell, Paul Swink, and Clyde Honaker. In addition, we would like to depose the private detective(s). As you can see, it has now become urgent that these depositions be scheduled and taken prior to the new discovery cutoff date.

Further, it is **imperative** that you answer the discovery questions in my letter of September 3, 2003, followed up by letter of September 25. I believe we are out of cooperation under the Civil Rules and will have no choice but to file a Motion to Compel. Please act promptly so that we can get our discovery up-to-date.

September 3, 2003
Page 2

We previously raised the issue of somebody signing the discovery on behalf of Jefferson-Pilot. Please provide positive verification as required by the Rules and plan to make that person available for deposition.

Thank you very much.

Very truly yours,


Eugene L. Matan
ELM/mr
Enclosure
cc: Christopher L. Kearney

# MATAN, GEER & WRIGHT

Attorneys At Law
261 South Front Street, Columbus, Ohio 43215
*www.mgwlaw.com*

---

**Telephone:    614-228-2678**

**Facsimile:    614-228-6122**

Eugene L. Matan*+
Christopher J. Geer
Scott E. Wright**
Robert D. Noble
Andrew E. Russ

+Board Certified By
National Board of
Trial Advocacy
Also Admitted In:
*Florida
**District of Columbia

January 28, 2004

## VIA FACSIMILE AND ORDINARY MAIL

John A. Zervas, Esq.
Roetzel & Andress LPA
155 East Broad Street, 12th Floor
Columbus, Ohio  43215

Geraldine Johnson, Esq.
Roetzel & Andress
310 Chiquita Center
1250 East Fifth Street
Cincinnati, Ohio  45202



Re:    *Jefferson-Pilot Life Insurance Company v. Christopher L. Kearney*
        Case No. C-1-02-479

Dear John and Gerri:

This will confirm the scheduling of the Kearney deposition for the 5th of February, 2004, in my office, at 10:00 a.m. I presume you will see that a court reporter is present for the deposition.

As you know, this deposition was scheduled two previous times and you requested that those dates be changed. We are not going to change this date again in light of the Court's order to make Mr. Kearney available for deposition because of the due date of your response on the summary judgment motion.

We are also ready to schedule the deposition of our expert, Clint Miller, by video conference as you suggested. Since he will not have a copy of Mr. Kearney's deposition nor any of the exhibits you use in the deposition, we would ask that Mr. Miller's deposition be limited to the issues addressed in his affidavit and the complaint plus the issues in the summary judgment motion. After you take his deposition on those issues,

September 3, 2003
Page 2

we can reschedule him for a future date after he has had an opportunity to review Mr.
Kearney's deposition and the documents that you will have used in his deposition. The
issues then would be on the bad faith claims and the counterclaim and cross-claim.

As indicated in our previous correspondence, we have not yet gotten all of the discovery
responses we requested from you, nor has a privilege log been produced. Since we don't
have all of the documents and discovery requested, Mr. Kearney's deposition is taken in
that light and if you do intend to ask him about documents we have not yet received, we
would like to receive those documents immediately to provide to him. As you further
know, we requested the depositions of Mr. Mills and others some months ago and we
continue to make that request for you to produce him and the other witnesses. It is my
understanding that you probably will be able to produce Mr. Mills in Cincinnati so we
can take his deposition there. Of course, producing the other potential witnesses whom
we have requested in Cincinnati would also be appreciated.

If you have any questions relating to any of these matters, please call.

Very truly yours,

Eugene L. Matan
ELM/mr

cc:     Christopher L. Kearney
        Michael A. Roberts, Esq.

# MATAN, GEER & WRIGHT

Attorneys At Law

261 South Front Street, Columbus, Ohio 43215

*www.mgwlawfirm.com*

Telephone:   **614-228-2678**                                                                 Facsimile:      **614-228-6122**

Eugene L. Matan*+
Christopher J. Geer
Scott E. Wright**+
Robert D. Noble
Andrew E. Russ

▾Board Certified by
National Board of
Trial Advocacy
Also Admitted in
*Florida
**District of Columbia

February 4, 2004

## VIA FACSIMILE AND ORDINARY MAIL

William R. Ellis, Esq.
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, Ohio 45202-2491

#### RE:   **Jefferson-Pilot Life Insurance Co. v. Christopher L. Kearney**
**U.S. District Court, Southern District of Ohio, Western Division**
**Case No. C-1-02-479**

Dear Bill:

I am just confirming our telephone conversation of February 3, and receipt of your
follow-up letter of February 3, 2004, that you are canceling the deposition of our client,
Chris Kearney. This was the third time we had him available to testify and all of the
previous dates had been cancelled by counsel for the Plaintiff. I talked with Mr. Zervas
and he indicated he was ready to take Mr. Kearney's deposition. This entire matter of
scheduling Mr. Kearney's deposition and the response date on the Motion for Summary
Judgment was taken up at a conference with Judge Spiegel on December 2, 2003. We
have been extremely cooperative in attempting to fix the dates for Mr. Kearney's
deposition pursuant to that status conference. We had also tentatively scheduled the
deposition of Clinton A. Miller, our expert witness, by video teleconference, for the
following week, and I assume that is also cancelled. Mr. Miller needs a check from you
one week prior to his scheduled deposition for $1,580.00 sent to the following address:

Clinton E. Miller, J.D., DABFE, FACFE, DABDA
502 Park Avenue
San Jose, California 95110
Phone: (408) 279-1034



DEFENDANT'S
EXHIBIT

ALL-STATE LEGAL®

6

February 4, 2004
Page 2

Please keep that in mind when, and if, you wish to reschedule Mr. Miller's deposition. In all good conscience and in fairness to our client, we could not agree to extending the date with which to file a responsive brief to our Motion for Summary Judgment. As I indicated, this was the third time Mr. Kearney's deposition was scheduled and there had been previous extensions for that response date, which was set at the status conference with Judge Spiegel.

I believe if you check with Ms. Johnson, you will find that we have been exceedingly fair and cooperative with her scheduling problems. Incidentally, we request that you examine our previous correspondence. You will find that many items of discovery are still owed in the case and we would like to have that addressed before it will be necessary to file a Motion to Compel. You will find several letters addressing this issue.

If you have any questions, please call.

Very truly yours,

Eugene I. Matan

ELM/mr
cc:    Christopher L. Kearney
       Michael A. Roberts, Esq.
       Clinton E. Miller, Esq.

**Graydon
Head &
Ritchey
LLP**



Attorneys at Law
Direct Dial: (513) 629-2799
E-Mail: mroberts@graydon.com

April 27, 2004

*Via Email and Fax*
William R. Ellis, Esq.
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202



DEFENDANT'S
EXHIBIT
7

Re:    *Jefferson Pilot v. Chris Kearney: Case No. C-1-02-479*

Dear Bill:

Big Brother - as I indicated on the telephone today, I am writing to let you know that while we believe your firm has a conflict of interest in opposing Mr. Kearney in this action and you have again violated the Code of Professional Responsibility, Mr. Kearney will not proceed with a motion to have you disqualified for obvious reasons.

Second, I am preparing a Motion To Compel in the above matter which will be filed later today since you have completely disregarded discovery disputes raised in my co-counsel's letters. (*See, e.g., Letters of January 28, 2004 ("as indicated in our previous correspondence, we have not yet gotten all of the discovery responses we requested from you, nor has a privilege log been produced . . . we requested the depositions of Mr. Mills and others some months ago and we continue to make that request for you to produce him and the other witnesses"); and February 4, 2004 ("many items of discovery are still owed in the case an we would like to have that addressed before it will be necessary to file a Motion To Compel. You will find several letters addressing this issue"*).

Third, your request that I agree to not take plaintiff's depositions in the forum in which it chose to file a lawsuit is unacceptable. I offered to agree to change the dates of the deposition notices to a date of your liking (beyond the discovery cutoff of April 30, 2004) – if you agreed to make plaintiff's representatives available in Cincinnati. You refused. It is inappropriate, unfair, and contrary to law for your client to sue Mr. Kearney in Cincinnati and then object to being deposed here.

Sincerely,

GRAYDON HEAD & RITCHEY LLP

*Michael A. Roberts/TG*

Michael A. Roberts

www.graydon.com

**Mailing Address**
P.O. Box 6464
Cincinnati, Ohio 45201-6464

*Cincinnati Office*
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202-3157
telephone (513) 621-6464
fax (513) 651-3836

*Kentucky Office*
2500 Chamber Center Drive
Suite 300
Ft. Mitchell, Kentucky 41017-7070
telephone (859) 282-8800
fax (859) 525-0214

William R. "Big Brother" Ellis
April 27, 2004
Page 2

MAR/tg

*Copy:*   *Gene Matan, Esq.*
          *Mr. Chris L. Kearney*