UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT INSURANCE COMPANY, | : | |
| | : | Case No. C-1-02-479 |
| Plaintiff, | : | |
| | : | (Judge Spiegel) |
| vs. | : | |
| | : | **PLAINTIFF'S MOTION FOR** |
| | : | **PROTECTIVE ORDER** |
| CHRISTOPHER L. KEARNEY, | : | |
| | : | |
| Defendant. | : | |

At 8:30 a.m. today, counsel for Plaintiff received electronic notice of 12 depositions sought by Defendant Christopher Kearney. *See* Exhibit A, Documents 39-41[1]. These notices included two 30(b)(6) deposition notices as well as 10 additional depositions of current and former Jefferson Pilot and DMS employees. Also included was a notice for the deposition of in-house counsel for Employers Reinsurance. Despite the fact that the notices were filed at 8:30 a.m. today, April 27, 2004 the depositions are scheduled to commence 24 hours later at 9:00 a.m. on April 28, 2004. One day's notice is simply not reasonable under the Federal Rules of Civil Procedure and it is logistically impossible for Plaintiff to comply given the fact that all of the deponents sought by Defendant reside in Massachusetts, North Carolina, or Kansas. Plaintiff also challenges the relevancy of many of the identified witnesses. Jefferson Pilot moves this Court for a protective order declaring that the depositions not take place at the time and in the manner proposed by Defendant. Jefferson Pilot further submits that given the fact that there are Cross-Motions for Summary Judgment pending, it is probable that this case can be resolved on

---

[1] Although the certificate of service on three of the four notices claims that they were served on April 26th, the electronic filing notice confirms that they were filed on April 27th.

the Motions and all of these depositions will become unnecessary. A Memorandum in Support of this Motion is attached hereto and incorporated herein.

> Respectfully submitted,
>
> s/William R. Ellis
> William R. Ellis (0012279)
> Peter M. Burrell (0044139)
> Amy Gasser Callow (0063470)
> Wood & Lamping LLP
> 600 Vine Street, Suite 2500
> Cincinnati, OH  45202-2491
> (513) 852-6000 (Telephone)
> (513) 852-6087 (Fax)
>
> Trial Attorneys for Plaintiff

**MEMORANDUM IN SUPPORT**

**I.    Introduction**

Rule I of the Federal Rules of Civil Procedure mandates that the rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action." The matter before the Court is a simple contractual dispute with regard to the erroneous application of an individual disability benefit. Defendant and his counsel should not be permitted to unnecessarily increase the length and cost of resolving this matter.

Jefferson Pilot has filed this action seeking a declaration that its insured, Christopher Kearney is not entitled to continued erroneous calculation of his benefit amount. Jefferson Pilot does not seek to terminate Mr. Kearney's benefits nor has it sought repayment of erroneous overpayments. Jefferson Pilot simply seeks a declaration that it need not continue to make the erroneous overpayment now that the error has been discovered. A brief history is appropriate.

II.   **Factual Background**

Mr. Kearney filed a claim for total disability benefits in 1993. After a relatively brief period of total disability, Mr. Kearney returned to work on a reduced basis and indicated that he was residually disabled. His benefits continue to be paid on a residual basis.

Under the terms of Mr. Kearney's policy, if he is totally disabled, he may be eligible for additional benefits. These additional benefits include a Social Security rider as well as periodic increases in his base benefit amount. Mr. Kearney in particular had purchased an additional increase rider which would allow for 7% annual increases rather than the 3% increase contemplated within the body of his policy. Both the increase provisions and the Social Security provisions apply only to claims for total disability benefits. Despite the fact that Mr. Kearney's benefit changed from a total disability to a residual disability, Jefferson Pilot erroneously continued to apply both the Social Security and benefit increase provisions. These provisions should not have been applied to a residual disability claim as the plain language of the policy limits their application to total disability claims.

When Jefferson Pilot discovered the erroneous application of these benefits, it filed this lawsuit seeking a declaration that the benefits were in fact erroneously applied. There are two factors that are important to remember. One, Jefferson Pilot has not readjusted Mr. Kearney's benefit amount to what it should be while this action is pending. Although Jefferson Pilot has not applied additional erroneous increases, it has not yet reduced Mr. Kearney's benefit amount to what it should be for a residual disability claim. Second, Jefferson Pilot has not and will not seek recoupment of the erroneously overpaid benefits. Jefferson Pilot simply seeks a declaration that the erroneous payment need not continue into the future. Now that the error has been

discovered, Jefferson Pilot seeks to correct the error and correctly apply Mr. Kearney's benefit provisions, as required by the contract.

Both Mr. Kearney and Jefferson Pilot have filed Cross-Motions for Summary Judgment with regard to whether the benefit provisions in question are applicable to only a total disability claim, as maintained by Jefferson Pilot or if they should be applied to Mr. Kearney's residual claim as he argues. By filing these Motions, both sides have effectively conceded that there are no disputed issues of material fact with regard to the contract interpretation issue. As such, this is a matter that can and should be resolved by the Court in a manner which will obviate the need for the depositions sought both by Plaintiff and Defendant.

## III.  Depositions

On April 21, 2004, the Court issued an Order granting Jefferson Pilot's Motion for Extension of Time in part. (Doc. No. 37). Specifically, Jefferson Pilot was permitted until May 10, 2004 to take Plaintiff's deposition. To this end, Jefferson Pilot has asked counsel for Defendant for dates on which Defendant is available. Jefferson Pilot has offered three possible dates and has attempted to work with Defendant's counsel on this issue. *See*, Exhibit B, Declaration of William Ellis.

The Court's Order was silent as to the general discovery cutoff. Clint Miller is an expert witness designated by Defendant. Counsel for Jefferson Pilot contacted counsel for Mr. Kearney, Mr. Gene Matan and left messages regarding Mr. Miller's availability for deposition. *See*, Exhibit B. These messages were not returned and on April 23, 2004 Jefferson Pilot filed a Notice to take Mr. Miller's deposition on Monday, May 3, 2004 at Mr. Miller's office. *Id*. Counsel has since been advised that Mr. Matan was out of town. The Notice was filed simply to preserve Jefferson Pilot's right to take Mr. Miller's deposition and was done

admittedly without consultation with opposing counsel because opposing counsel did not return Mr. Ellis' phone call.

Since that time, Mr. Kearney's new counsel, Mr. Roberts has advised that he is in fact lead counsel, not Mr. Matan, and that all communications should be through him. *See*, Exhibit B. Counsel for Defendant was not aware of this designation of lead counsel. Nonetheless, counsel for Defendant offered to work with either counsel and Mr. Miller to set a mutually agreed upon date.

Following the Notice of Mr. Miller's deposition and apparently in light of the looming discovery cutoff, Defendant has now filed notices of deposition for 12 depositions to take place over a four day period in Cincinnati, Ohio. None of the deponents live in the Cincinnati area or even the State of Ohio. Several of the deponents are former employees of Jefferson Pilot over whom Jefferson Pilot has no ability to compel their attendance at a deposition. Finally, one of the deponents, William Dempsey, is in-house counsel for a non-party reinsurer and is from Kansas City. Plaintiff opposes Mr. Dempsey's deposition on several grounds not the least of which is that any information he has regarding this case is attorney client privileged and not discoverable. Further, the availability of witnesses, required travel, time to prepare, and necessary schedule adjustments cannot be accomplished in the time allowed by the notice. Procedurally, there are several errors attendant with Defendant's Notices of Deposition.

    A.    <u>Defendant Seeks More Than 10 Depositions Without Leave Of Court</u>.

Rule 30 of the Federal Rules of Civil Procedure contemplates the issuance of notices to parties without leave of court. Where a proposed deposition would result in more than 10 depositions being taken however, leave of court is required pursuant to Rule 30(a)(2)(A). The four Notices filed by Defendant seek the depositions of 12 individuals. This is in excess of the

number allowed by the Federal Rules. As such, Defendant should have sought leave of Court prior to filing his Notices. Document No. 42 which noticed the depositions of William Dempsey, Janet Beattie, J. L. Roberson and Robert Maxwell, exceeds the number of depositions allowed without leave of Court. This Notice is also procedurally deficient in that it seeks to notice the deponents for Saturday, April 30, 2004 which is an invalid date.

### B. Defendant's Notices Are Insufficient To Compel The Attendance Of Several Witnesses.

The Notices also seek to compel the attendance of persons who are not officers of Jefferson Pilot and who reside more than 100 miles from Cincinnati, Ohio. As such, a motion to quash or modify the subpoena is appropriate under Rule 45(c)(3)(A)(ii). All of the deponents noticed by Defendant's counsel live more than 100 miles from Mr. Roberts' offices which is where the depositions have been noticed. Of the twelve people noticed, Mr. Shelton, Mr. Roberson and Mr. Maxwell are retired and therefore no longer employed by Jefferson Pilot nor under the control of Jefferson Pilot with regard to a notice. Every effort will be made to seek their cooperation, however, given a reasonable time frame. Similarly, Mr. Dempsey is not an officer or employee of any party to this case. In addition to the fact that any topic upon which he could speak would be attorney client privileged, his attendance at Mr. Roberts' office cannot be compelled by this Notice.

### C. The Timing of the Depositions Sought is Unreasonable.

Setting aside the issue of the appropriateness of the witnesses sought by Defendant, all the depositions should be quashed as unreasonable pursuant to Rule 45(c)(3)(A)(i). The Notices of Depositions filed by Defendant at 8:30 a.m. this morning fail to give reasonable time for compliance. The first deposition is scheduled to begin Wednesday, April 28, 2004 at 9:00 a.m. Mr. Shelton is the first witness noticed and he is a retired Jefferson Pilot employee who resides

in North Carolina. The remaining witnesses scheduled for that day also reside in North Carolina and Massachusetts. In fact, none of the deponents noticed by Defendant live in the State of Ohio and all would be required to travel at significantly inflated expense given Defendant's late notice. Moreover, the 30(b)(6) deponents noticed by Plaintiff are required to testify with a great deal of knowledge. It would be impossible for the appropriate witnesses sought by Defendant to be able to prepare upon such short notice.

It is anticipated that Defendant will argue that the Deposition of Mr. Miller was made an only nine days notice. This is true but done without significant expense to Defendant. Mr. Miller's deposition is scheduled to take place in California and Jefferson Pilot has agreed to Defense Counsel's request to attend by phone. No travel is required by neither Mr. Miller nor Defendant's counsel. Mr. Kearney's counsel has already advised that Mr. Miller is available and has requested payment of his fee up front.

        D.       <u>The Notices Are Premature</u>.

Finally, as stated above, it is the position of Jefferson Pilot that the contractual issues can be resolved by the pending Cross-Motions for Summary Judgment. It would be the proposal of Plaintiff that any deposition of any appropriate person be delayed until after ruling on the Cross-Motions for Summary Judgment is made. It is extremely likely that all of these issues could be resolved. With regard to Defendant's bad faith claim, and Defendant's anticipated argument that these depositions needed to address this issue, it is Plaintiff's understanding that the crux of Defendant's bad faith claim arises from his allegation that although all payments due to him have been made, at times the payments were delayed. There is a four year statute of limitations for bad faith actions.

Under Ohio law, a bad faith claim is a tort arising independently from any contract claim, and a bad faith claim is subject to a four-year statute of limitations. *See United Dep't Stores Co. v. Continental Casualty Co.*, 534 N.E.2d 878 (Ohio App. 1987); *see also* Ohio Rev. Code §2305.09(D). The statute of limitations on a bad faith claim exists regardless of and independently from any statute of limitations governing a breach of contract claim. *Id*. As a result, Ohio law requires a claim for bad faith to be asserted within four years of the accrual date of that claim. *Id.*

The case at bar does not involve a denial of benefits. There is no claim that Mr. Kearney's benefits have been denied. Defendant's claim of bad faith appears to stem from his interpretation of how the claim has been processed. Where these actions took place more than four years ago, any claim he had has expired.

Some of the witnesses sought by Defendant for deposition were involved in this case well in excess of four years ago. Plaintiff has no standing to require the deposition of these witnesses where any actions they took more than four years ago are no longer actionable. If Defendant truly believed that Jefferson Pilot had acted in bad faith with regard to the actual payment of his claim, he should have raised such action within the prescribed statute of limitations. In any event, these depositions can still be obtained after the Summary Judgment decision is rendered.

Moreover, most of the witnesses sought by Defendant are not material to this case and one is covered by attorney client privilege. To permit Defendant to require the attendance of these witnesses in Cincinnati, Ohio serves only to harass. Counsel for Plaintiff has offered to coordinate with counsel for Defendant a mutually convenient time and place for these depositions. It is proposed by counsel for Plaintiff that the most cost efficient way to handle these depositions would be at the location of Plaintiff's principal place of business. Counsel for

Plaintiff is aware that it has brought the lawsuit in this jurisdiction. It is entirely reasonable for counsel for Plaintiff to arrange for the travel and accommodation of the lead defense counsel or his designated alternate. There would be no hardship to Plaintiff and it would significantly reduce costs. As such, it is reasonable as contemplated under the Federal Rules of Civil Procedure.

## IV. CIVILITY

Finally, counsel for Plaintiff feels compelled to address the blatant lack of civility displayed by Defendant's new counsel. Many of the discovery disputes raised since Wood & Lamping entered this case in February could be avoided if the parties simply communicated. To this end, counsel for Jefferson-Pilot has asked Mr. Roberts to address him by name, without sarcasm, and in accord with the civility contemplated by the introductory statement of the Local Rules. *See*, Exhibit C, e-mail correspondence between Mr. Ellis and Mr. Roberts. Mr. Roberts has refused. In past dealings with Mr. Roberts, the undersigned counsel has chosen to remain silent regarding Mr. Roberts' antics. It is clear that such silence only encourages Mr. Roberts; to the disservice of both clients involved. Counsel for Jefferson-Pilot does not intend to make that mistake again and feels compelled to bring this matter to the Court's attention.

## **CONCLUSION**

Plaintiff respectfully requests that an Order be issued quashing the Notices of Depositions filed by Defendant. The Notices fail to give sufficient time for Plaintiff's witnesses to appear, seek to compel the attendance of persons who are not officers of Jefferson Pilot and who reside more than 100 miles from the place of deposition, seek depositions in excess of the number

permitted by the Federal Rules of Civil Procedure and seek depositions of persons against whom any possible bad faith statute of limitation has run.

    Respectfully submitted,

    s/William R. Ellis
    William R. Ellis (0012279)
    Peter M. Burrell (0044139)
    Amy Gasser Callow (0063470)
    Wood & Lamping LLP
    600 Vine Street, Suite 2500
    Cincinnati, OH  45202-2491
    (513) 852-6000 (Telephone)
    (513) 852-6087 (Fax)

    Trial Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 27th day of April 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Amy Gasser Callow
Amy Gasser Callow, Esq.

205984.1