IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE CO., | : | CASE NO. C-1-02-479 |
| Plaintiff, | : | JUDGE SPIEGEL<br>Magistrate Judge Hogan |
| v. | : | |
| CHRISTOPHER L. KEARNEY, | : | **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL** |
| Defendant. | : | |
| | : | |

Defendant's counsel, Michael A. Roberts' Motion and Memorandum in Support of a Motion to Compel contains several misstatements of facts. The misstatements may be due to the fact that both Mr. Roberts, and for that matter, counsel for the Plaintiff in this case were only added to the case as trial counsel within the last few months and during at least the last two months were both heavily involved in another case before this Court.

First, Mr. Kearney, as admitted, was being paid residual disability benefits for a significant period of time. However, the receipt of the cost of living increases and the Social Security Supplement, which were also paid during that time, were paid in error and not as part of a residual benefit. This payment of these two additional benefits, the cost of living and the Social Security Supplement, is the issue currently pending before this Court in cross-motions for summary judgment. The resolution of these motions may well result in the end of this case regardless of which way the Court rules.

Secondly, Mr. Kearney has, to the best of counsel's knowledge, continued to receive not only the residual benefit but the cost of living increase and Social Security Supplement as it

stood at the time the suit was filed. At no time did the Plaintiff "cease[d] paying benefits to Mr. Kearney."

Discovery in this case with respect to depositions was apparently hampered by the life-threatening illness of former counsel for the Plaintiff. Current counsel is more than willing to work out dates, times and places for the appropriate depositions requested without waiving its objection to such witnesses whose testimony would be either irrelevant or unnecessary or in some manner privileged. Prior counsel has responded to the "paper" discovery with either production or appropriate objections with the exception of the privileged log. Current counsel is in the process of reviewing the materials and preparing the requested privileged log. There are a number of documents to be reviewed and counsel wishes to be certain that those items which are on the privileged log belong there and those which are not have been or will be produced. Counsel does not wish to sacrifice accuracy for speed which only results in increased costs and lost time and additional motions filed by the Defendant in this case.

There has not at this time nor ever been a refusal to cooperate with the discovery in this case but merely a significant medical problem by the former counsel and a time and schedule issue with current counsel as well as that of the Defendant.

Given the fact that both parties agree that the issue of the overpayment is a matter of law to be determined by the Court, it seems only reasonable to delay the expense of discovery until such ruling is made in that, for all intents and purposes, the ruling will end the only legitimate dispute between the parties and likely result in saving both parties the cost of discovery as proposed. Counsel for the Plaintiff is willing to delay the deposition of the bad faith expert in California as well as that of the Plaintiff pending the Court's ruling on the cross-motions for

2

summary judgment provided only that those depositions can be taken if there is necessary discovery after the Court's ruling.

                                        Respectfully submitted,

OF COUNSEL:

WOOD & LAMPING LLP

                                        s/ William R. Ellis
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
600 Vine Street, Suite 2500
Cincinnati, Ohio 45202-2491
Telephone: (513) 852-6000
Telefax:    (513) 852-8087

Attorneys for Plaintiff
Jefferson-Pilot Life Insurance Co.

**CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 28th day of April, 2004.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                                                s/ William R. Ellis
                                                                William R. Ellis
                                                                Attorney for Defendant

206087.1