UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**JEFFERSON-PILOT LIFE**                      **CASE NO. 1:02CV479**
**INSURANCE COMPANY,**                 **(SPIEGEL, J.)**
     **PLAINTIFF**                                    **(HOGAN, M.J.)**

     **VS.**

**CHRISTOPHER L. KEARNEY,**
     **DEFENDANT**

**ORDER**

       An informal discovery conference was conducted by telephone in the middle of a deposition. The first issue is whether or not documents from personnel files of Plaintiff's employees could be used during their depositions. Plaintiff argued that these documents were the subject of a Protective Order of April 2, 2004. Defendant argued that the documents were mailed to it prior to the issuance of any Protective Order and were sent without any request for confidentiality. The Court has searched the record and cannot locate any Order of the undersigned or Judge Spiegel that dealt with the issue raised by the parties, but if there was such an Order, it would not be retroactive. The disputed documents may, therefore, be used to cross-examine the present deponents with the limitations suggested by Defendant, that names be redacted as well as positions in the organization.

       The second issue was triggered by the reluctance of some deponents to give their home addresses during the depositions. The reason for the request was Defendant's desire to subpoena these witnesses and to have an accurate address whereby the trial subpoenas could be served. Plaintiff, of course, does not want its employees' home addresses unnecessarily publicized. The answer is either to use a business address or to authorize the carrier's attorney to accept service of the subpoenas. If one or the other alternatives are unacceptable to the deponents, they must disclose their home addresses to counsel for Defendant, who will use this information solely for purposes of issuing subpoenas.

      The last issue involves alleged name-calling by one counsel to another during the deposition. It was represented that this incident occurred in the presence of at least one deponent and the court reporter and that a complaint will be filed with a disciplinary authority. In the event this incident took place on the record, the Court hereby requests of the court reporter that he or she prepare a transcript for this Court's review.


May 20, 2004                                  s/Timothy S. Hogan
                                                   Timothy S. Hogan
                                                   United States Magistrate Judge