UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE COMPANY, | : | Case No. C-1-02-479 |
| | : | |
| Plaintiff, | : | (Judge Spiegel) |
| | : | (Magistrate Judge Hogan) |
| vs. | : | |
| | : | **MOTION FOR PROTECTIVE** |
| CHRISTOPHER L. KEARNEY, | : | **ORDER** |
| | : | |
| Defendant. | : | |
| | : | |

Now comes Plaintiff Jefferson-Pilot Life Insurance Company and Cross-Defendant

Disability Management Services, Inc. and moves for a Protective Order that the depositions

noticed by Defendant Kearney on May 19, 2004 not go forward as scheduled. Defendant

Kearney has noticed the depositions of Robert Mills and William Hughes, employees of

Disability Management Services, Inc. as well as the depositions of three attorneys, Stephanie

Farabow, William Dempsey and Geraldine Johnson. Defendant Kearney has also re-noticed the

deposition of a Jefferson-Pilot 30(b)(6) witness despite the fact that he deposed such a witness

two weeks ago. With regard to Mr. Mills and Mr. Hughes, Jefferson-Pilot and DMS respectfully

request that the depositions not go forward as noticed. With regard to the remaining depositions,

Jefferson-Pilot and DMS request that they be quashed.

Plaintiff has noticed these depositions for Monday, May 24, 2004 and Tuesday, May 25,

2004 in Cincinnati, Ohio. These notices were served less than three working days before they

were to take place. Setting aside the fact that these Notices provide insufficient time for the

depositions to take place, Defendant had ample opportunity to take the depositions of both

Mr. Mills and Mr. Hughes while he was in Springfield, Massachusetts yet he chose not to do so.

Plaintiff cannot now be expected to bear the cost of bringing these witnesses to Cincinnati on

such short notice.  With regard to Ms. Farabow, Ms. Johnson and Mr. Dempsey, these witnesses

are attorneys and any testimony they may give is protected by the attorney-client and work

product privileges.  As such, Plaintiff respectfully requests an Order holding that their

depositions not take place.  Finally, Plaintiff has already taken a Jefferson-Pilot 30(b)(6)

deposition.  The fact that it did not yield the evidence he hoped for does not merit a second

chance.

<div style="margin-left:auto">

Respectfully submitted,


s/William R. Ellis
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202-2409
(513) 852-6000

Trial Attorneys for Plaintiff
Jefferson-Pilot Life Insurance Company

</div>

## MEMORANDUM IN SUPPORT

### I.    Depositions Of Mr. Mills And Mr. Hughes

On Wednesday, May 19, Defendant filed a Notice attempting to compel the depositions

of Robert Mills and William Hughes less than three working days later on Monday, May 24,

2004.  Defendant has noticed the depositions for Cincinnati, Ohio despite the fact that Mr. Mills

and Mr. Hughes reside in the State of Massachusetts.  These Notices provide insufficient time for

compliance and opposing counsel is unavailable. See Exhibit A, Declaration of William R. Ellis. These depositions should not go forward as noticed.

The depositions of Mr. Mills and Mr. Hughes were scheduled for last week in Springfield, Massachusetts. Defendant began Mr. Mills' deposition on May 14, 2004. The transcript is not yet available but it is estimated that Defendant took at least six hours with Mr. Mills. At most, Defendant may have one additional hour or so during which he could depose Mr. Mills under the Federal Rules. He now seeks to compel Mr. Mills to travel to Cincinnati, Ohio to complete this possible one hour. As will be demonstrated herein, the failure to complete Mr. Mills' deposition is no one's fault but Defendant's counsel. Similarly, Defendant chose not to begin the deposition of Mr. Hughes despite the fact that Plaintiff complied with his requests in every way with regard to the Springfield depositions.

At Mr. Roberts' request and pursuant to his Notices, two days were allotted for the depositions of Mr. Mills, Mr. Dittmer, a 30(b)(6) representative, Mr. Hughes, Mr. Bonsal and Ms. Beattie. These depositions were scheduled to take place and in fact did take place on May 13 and 14, 2004. When it appeared that the depositions were running longer than Mr. Roberts had anticipated, Mr. Ellis offered to stay and complete the depositions. *See* Exhibit A. There was a later flight that counsel could have taken. *Id.* Mr. Roberts refused. *Id.* Despite the fact that the witnesses were prepared and available, Mr. Roberts chose to end Mr. Mills' deposition and return to Cincinnati. He did not make any attempt to take Mr. Hughes' nor Ms. Beattie's deposition.

Defendant now seeks to require Jefferson-Pilot and DMS to incur the additional cost of completing at most one hour of Mr. Mills' deposition and Mr. Hughes' deposition. This is unreasonable. In addition, counsel for Plaintiff is not available on May 24 and 25, the dates

noticed by Mr. Roberts.  In any event, Jefferson-Pilot and DMS cannot be required to bring witnesses to Cincinnati for depositions when it previously made those witnesses available to counsel for Mr. Kearney in Springfield, Massachusetts, at the cost of Plaintiff and in compliance with the Court's Order.  The decision of counsel for Mr. Kearney to return to Cincinnati without completing the depositions was at his own peril.

Plaintiff respectfully requests that the depositions of Mr. Mills and Mr. Hughes not take place on May 24, 2004.  Plaintiff does not object to the completion of Mr. Mills' deposition and the taking of Mr. Hughes' deposition in theory.  However, it is required that if these depositions go forward, they take place in Springfield, Massachusetts and that Defendant bear the costs of Plaintiff's counsel's travel.  These depositions could have and should have been completed when all parties were in Springfield, Massachusetts last week.

## II.    Depositions Of Legal Counsel

Defendant has also noticed the depositions of Stephanie Farabow, William Dempsey and Geraldine Johnson.  Ms. Farabow is in-house counsel for Jefferson-Pilot Life Insurance Company.  Mr. Dempsey is in-house counsel for Employers Reinsurance Corporation.  As a threshold matter, Employers Reinsurance Corporation is not a party to this case and the filing of a Notice is insufficient to compel Mr. Dempsey's deposition.  Finally, Defendant has attempted to notice the deposition of Geraldine Johnson who was former outside counsel for Jefferson-Pilot.  These persons are all attorneys and may not be deposed in this case.  Any information they may have is subject to attorney-client and/or work product privilege.  To require their attendance at deposition is simply an exercise in futility and done only to harass Jefferson-Pilot and DMS.

The issue before the Court is the correct application of the contract between the parties. The opinion of the attorneys for any party as to how the contract should be interpreted is not dispositive of this issue. With regard to Defendant's retaliatory bad faith allegations, any communications between counsel regarding the bad faith issue was necessarily a matter discussed in anticipation of litigation. The bad faith issues were not raised until after Jefferson-Pilot filed its declaratory judgment action. As such, there are no communications which would be discoverable and no reason for their depositions to go forward.

In his Motion to Compel, Defendant has argued that the attorney-client privilege does not attach to communications between Ms. Farabow, Mr. Dempsey and/or Ms. Johnson because there is no attorney-client relationship. The Ohio Revised Code states that a client is "a person, firm, partnership, corporation, or other association that, directly or through any representative, consults an attorney for the purpose of retaining the attorney or securing legal service or advice from him in his professional capacity, or consults an attorney employee for legal service or advice, and who communicates, either directly or through an agent, employee, or other representative, with such attorney." O.R.C. § 2317.021. The definition of a client is any corporation or individual who consults an attorney for legal advice. There can be no question that Ms. Farabow, Ms. Johnson and Mr. Dempsey have all been consulted for legal advice. In his Motion to Compel, Defendant has argued that there was no attorney-client relationship between Mr. Dempsey and Mr. Hughes or Mr. Mills; between Ms. Farabow and Mr. Hughes or Mr. Mills; between Mr. Dempsey and Ms. Farabow; or between Mr. Dempsey and Ms. Johnson. Defendant fails to provide the basis for his conclusion and simply states that three way communications between these individuals are not privileged. The presence of other attorneys in a privileged communication does not destroy the privilege. Mr. Dempsey and Ms. Farabow

serve in the capacity of counsel in their respective corporations.  Their communications between themselves and with representatives of JP, ERC and DMS are privileged and not discoverable.

The question of Ms. Johnson's privilege is even clearer.  She is a member of a law firm retained to provide legal advice.  There can be no question that her communications are protected and that she cannot be deposed.  Moreover, all communications with Ms. Johnson, Ms. Farabow and/or Mr. Dempsey are privileged.

1.    **Because there is no denial of coverage, and Ohio law does not apply, *Boone v. Vanliner* is not applicable to the privilege issue in this case.**

It should first be noticed that depositions and discovery are  procedural in nature and not substantive and thus Federal and not state law governs. Thus neither case cited by the plaintiff is applicable to the issue before the court. Plaintiff has cited no Federal case that limits the application of either the attorney –client privilege or the work product privilege. These privileges are well recognized in the law to provide for and encourage the open and frank communication between counsel and client and to protect the work product of both in preparing for litigation.

Mr. Kearney argues that he can depose the attorneys involved in this case because privilege does not apply.  The law asserted by Mr. Kearney regarding the discovery of privileged materials is not applicable to this case by its own terms in addition to the above application of federal as opposed to state procedural law.  In *Boone v. Vanliner Ins. Co.*, 91 Ohio St. 3d 209 (2001), the Ohio Supreme Court held that attorney-client communications regarding coverage under a UIM (under insured motorist) policy are not protected prior to the date of the denial of coverage.  *Id*. at syllabus.  The key issue in *Boone* was whether the plaintiff qualified as an insured under policy.  *Id*. at 210.  The insurer determined that the plaintiff did not qualify as an insured and therefore denied coverage under the UIM policy.  *Id*.  The plaintiff sued under a "bad faith" theory of liability and sought discovery of the claims file.  *Id.* at 211.

*Boone* is not applicable to this case because Jefferson-Pilot has not denied coverage under Mr. Kearney's disability insurance policy. Rather, Jefferson-Pilot seeks to correct an overpayment of benefits under the policy. It has continued to pay Mr. Kearney benefits. There is no denial of coverage to trigger the application and analysis found in *Boone*.

> **2.    Even if *Boone* applies, many of the attorney-client privileged documents remain protected.**

If the limited exception in *Boone* is expanded to apply to this type of case, where there has been no denial of coverage, then the Court is forced to make an arbitrary decision as to when the attorney client privilege protects Jefferson-Pilot. Under *Boone's* "denial" trigger point, the most analogous point in this case is the date upon which Jefferson-Pilot informed Mr. Kearney that he was being overpaid under his policy. At this point, Mr. Kearney was told that he was entitled to his standard benefit under "residual disability" in his policy and that the "increase in benefits" clause under "total disability" did not apply. Jefferson-Pilot disclosed the overpayment mistake to Mr. Kearney in October 2001. Accordingly, all attorney-client communications after that date are protected from disclosure under *Boone*.

The other logical date under the *Boone* "denial" language is the date that Jefferson-Pilot decided to pursue a declaratory judgment action against Mr. Kearny. On December 21, 2001, counsel for Jefferson-Pilot advised that the best way to proceed with this case would be to file a declaratory judgment action. *Boone* held, "[T]he only attorney-client and work-product documents that would contain information related to the bad faith claim, and thus, be unworthy of protection, would have been created prior to the denial of coverage." *Id*. at 213. At that stage of the claims handling, the claims file materials will not contain work product, *i.e.*, things prepared in anticipation of litigation, because at that point it has not yet been determined whether coverage exists." *Id*. at 214. Once Jefferson-Pilot decided to pursue legal action against Mr.

Kearney, all of the communications and work-product were created in anticipation of litigation. Thus, even under *Boone*, all of those materials created after that point are protected from discovery.

      **3.     Mr. Kearney's assertion that everything before the filing of suit is discoverable is blatantly wrong.**

      Even under the most liberal reading of *Boone*, the demarcation line for discoverability of attorney-client communications is the denial of coverage, ***not*** the filing of a lawsuit. Mr. Kearney incorrectly states that "Ohio provides no protection in bad faith suits to communications between an attorney and his/her client on issues relating to coverage ***before a lawsuit is filed***." *See* Second Motion to Compel at p.4 (emphasis added). This is not the test. Even a cursory reading of the syllabus demonstrates that the Ohio Supreme Court allowed protection for attorney-client privilege materials at some point ***before*** the commencement of a lawsuit. *See Boone*, 91 Ohio St. 3d at 214.

      Mr. Kearney's misrepresentation of Ohio law even further demonstrates the inapplicability of *Boone* to this disability insurance case.[1] *Boone* should be limited to the denial of coverage context. On the limited facts of *Boone* and other cases where there is a denial of coverage, it is proper to apply *Boone*. In this case, the application of *Boone* becomes arbitrary and does not provide Jefferson-Pilot with any predictability as to the protections that it is afforded for consulting legal advice. Furthermore, it requires the Court to select an arbitrary date without any relationship to a "denial" of coverage under Mr. Kearney's disability insurance policy.

---

[1] Plaintiff also relies upon *Garg v. State Auto. Mut. Ins. Co.*, 800 N.E.2d 757 (Ohio App. 2003). Aside from the fact that this is an Ohio appellate court case, Mr. Kearney's application of *Garg* should not mislead the Court. Although *Garg* focuses on privileged materials that demonstrate bad faith, *Garg* still applied the "denial of coverage" demarcation line as to what materials might be included for discovery. *Garg* does not change the clear holding of *Boone*.

**III.    Additional 30(b)(6) Deposition Of Jefferson-Pilot**

On May 6, 2004, Defendant took the deposition of Valerie Loftin pursuant to a 30(b)(6)

Notice served by Defendant on Jefferson-Pilot.  Ms. Loftin is Vice President of Claims for

Jefferson-Pilot.  *See* Exhibit B, Loftin deposition at p. 8.  During the course of Ms. Loftin's

deposition, counsel for Defendant took issue with the fact that she did not know all of the

information to which he sought the answers.  In particular, he has now re-noticed a 30(b)(6)

deposition for someone at Jefferson-Pilot with knowledge of DMS' administration of

Mr. Kearney's claim, communications between Jefferson-Pilot and DMS, DMS' claims process

and the answers to interrogatories and production of documents.  Ms. Loftin testified that

Jefferson-Pilot does not directly discuss the handling of individual Jefferson-Pilot claims with

DMS.  *Id.* at p. 38.  She also testified that she is the person at Jefferson-Pilot with the most

knowledge of the DMS relationship.  *See id.* at p. 98.  As Ms. Loftin testified, DMS administers

all claims on Jefferson-Pilot policies that are reinsured through ERC.  *Id.* at p. 27.

Jefferson-Pilot is no longer involved in the day-to-day administration of these claims.  There can

therefore be no one at Jefferson-Pilot capable of responding to requests 3 and 4 despite

Mr. Kearney's desire.  With regard to requests 1 and 2 regarding the relationship and

communications between DMS and Jefferson-Pilot, Ms. Loftin has already responded.  The fact

that her answers did not result in a bad faith smoking gun as apparently hoped for by

Mr. Kearney, does not mean her answers were not sufficient.  Finally, with regard to the answers

to interrogatories and production of documents, these interrogatories were not verified by Ms.

Loftin.  These interrogatories were in fact not verified by anyone at Jefferson-Pilot since the

interrogatory information related to information held by Disability Management Services.  As

Ms. Loftin testified, the information came from in-house counsel's conversations with the DMS examiners who handled the file.  *Id.* at p. 117.  Jefferson-Pilot has produced a person with the

most knowledge possible on all of the topics within its knowledge and has compiled to the best

of its ability.  In addition, the handling of Mr. Kearney's claim was the subject of the depositions

of the other witnesses and thus  Mr. Kearney's request for a 30(b)(6) witness as to that issue has

also been satisfied. A second 30(b)(6) deposition should not be allowed.

Respectfully submitted,


s/William R. Ellis
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202-2409
(513) 852-6000

Trial Attorneys for Plaintiff
Jefferson-Pilot Life Insurance Company

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been filed with the Court by electronic

means on this 21st day of May 2004.  Notice of this filing will be sent to all parties by operation

of the Court's electronic filing system.  Parties may access this filing through the Court's system.


<u>s/William R. Ellis</u>
William R. Ellis, Esq.


208604.1