IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE CO., | ) | CASE NO. C-1-02-479 |
| Plaintiff, | ) | JUDGE SPIEGEL |
| | : | Magistrate Judge Hogan |
| vs. | ) | |
| | : | DECLARATION OF |
| CHRISTOPHER L. KEARNEY, | ) | <u>CHRIS KEARNEY</u> |
| Defendant. | ) | |

1.    In 1990 and 1991, I purchased 2 separate disability insurance policies from the plaintiff-insurer (the "Policies"). With each Policy, I also purchased: (i) a Residual Disability benefits rider; (ii) a 7% Increase In Benefits (the "COLA") rider; and (iii) a Social Security Supplement ("SSS") rider. I then became disabled in 1993.

2.    For the last approximately 10 years, the plaintiff has paid benefits to me. Through today, these payments have included payment of the SSS benefit that I purchased through the SSS Rider. In addition, on May 6th of each year from 1994 through 2001, the plaintiff increased my monthly benefit checks (1 for each policy purchased) by 7% - pursuant to the COLA Rider I purchased.

3.    The plaintiff did not deny any COLA payments to me prior to May 6, 2002.

4.    On May 6, 2002, another annual 7% COLA adjustment was required under the Policies. The plaintiff, however, **for the first time**, denied me that benefit. To this day, plaintiff issues 2 Residual Disability checks monthly to me in the May 6, 2001, adjusted amounts. But plaintiff has denied me the 7% COLA adjustment for May 6, 2002, May 6, 2003, and May 6, 2004.

5.  On July 1, 2002, the plaintiff filed this suit. In the letter notifying me of the lawsuit, the plaintiff-insurer's counsel confirmed that she believed the Policies at issue to be ambiguous. She wrote: "**it does not appear** that you are entitled to cost-of-living adjustments. In order to resolve [our] **difference in policy interpretation**, Jefferson-Pilot has [filed suit]." (*emphasis supplied*).

6.  I filed a counterclaim alleging *inter alia* bad faith.

7.  In 2001, I retained counsel to assist him in his dealings with Disability Management Services, Inc. ("DMS"), a company retained by plaintiff in 1997 to administer the claim.

I declare the foregoing to be true and correct to the best of my knowledge and belief, upon penalty of perjury.

*/s/ Christopher L. Kearney*
Christopher L. Kearney

### CERTIFICATE OF SERVICE

The foregoing was electronically filed and thereby served on William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 11th day of June, 2004.

/s Michael A. Roberts

2