

250 East Fifth Street
Suite 310
Cincinnati, OH 45202
513.361.8288 Direct
513.361.0200 Main
513.361.0335 Fax
gjohnson@ralaw.com

December 21, 2001

**VIA FACSIMILE**

William E. Dempsey, Esq.
Employers Reinsurance Corporation
5200 Metcalf, P.O. Box 2991
Overland Park, Kansas 66201-1381

    Re:    Insured:    *Christopher Kearney*
            Policies:    *H-493029;*
                           *H-538069;*
            Payee:     *Jefferson-Pilot Life Insurance Company*

Dear Bill:

In following-up on our phone conversations of December 5, 2001 and December 18, 2001, this letter will serve as an opinion letter and recommendation relative to addressing and effectively terminating Mr. Kearney's COLA benefits since we do not believe he is entitled to such benefits under his policies.

By way of background, Mr. Kearney is approximately 48 years old and has been receiving disability benefits from Jefferson-Pilot since February, 1993 predominantly secondary to an alleged psychiatric impairment (major depression) which he believes limits his ability to perform his occupation on a full-time basis. Mr. Kearney's occupation is that of a manufacturers' representative. He has two policies. The policies provide lifetime benefits for his own occupation (self-employed sales representative) for five years and any occupation after five years.

After examining the claim in detail, Disability Management Services discovered that Mr. Kearney has been receiving monthly benefits at a rate that exceeds the maximum benefits allowed under the terms of his policies for his claimed Residual Disability. The maximum benefit allowable for an insured who is residually disabled is $2,125.00 under Policy H-493029 and $1,375.00 under Policy H-538069. Hence, the allowed maximum aggregate is $3,500.00. However, Mr. Kearney has erroneously been receiving benefits at a rate of $4,290.00 under Policy H-493029 and $2,496.00 under Policy H-538069 for a total of $6,786.00. Hence, for approximately the past 7 years, Mr. Kearney has mistakenly been overpaid a total of $3286.00/month. The increased amounts resulted from Jefferson-Pilot incorrectly paying the Social Security Supplement Benefit and providing a yearly 7% increase under the Cost-Of-Living Increase Rider based upon the combination of the

William E. Dempsey, Esq.
December 21, 2001
Page 2

Basic Monthly and Social Security benefits. Since the Social Security Supplement and COLA are only payable when Total Disability has been claimed and established, and given the fact that Mr. Kearney has claimed only Residual Disability since 1993 (and not Total Disability) Mr. Kearney is not entitled to these additional benefits.

At this juncture, action needs to be taken to address this error. Since Mr. Kearney has not demonstrated any level of cooperation with Jefferson-Pilot since he has begun to receive benefits, it is highly doubtful that Mr. Kearney will willingly agree and accept our conclusion that his monthly benefits should and must be reduced. Mr. Kearney's lack of cooperation is objectively established by his refusals and/or delayed responses to requested information concerning his health, corporate documents, tax returns, etc. In recognizing that Mr. Kearney will probably take exception to the fact that his policies do not allow for COLA adjustments, we will most probably need to resort to legal action. The most efficient, definitive forum would be for us to pursue a declaratory judgment action and address this issue from a contractual standpoint. In order to strip Mr. Kearney of the ability to allege bad faith or to at least best position ourselves to defend such a claim, it is my recommendation that we continue to pay Mr. Kearney the monthly amount we have been paying under a full and complete reservation of rights Contemporaneous with our pursuit of a declaratory judgment action. In keeping the monthly indemnity at the same amount, there is less potential for the waters to be muddied up and for attention to be deflected away from the real issue which is fairly simple-- whether Mr. Kearney is entitled to COLA adjustments given the fact that the terms of his policies do not permit COLA adjustments when an insured is residually disabled, not totally disabled? Otherwise, I suspect Mr. Kearney will claim that as a result of our own mistake, we have decided to "retaliate" against him.

With regard to the medical/psychiatric side of this claim, the independent opinions of Dr. Otto Kaush, M.D. (March 19, 2001) and John T. Kenny, Ph.D (March 4, 2001) seem to suggest that Mr. Kearney is psychologically impaired and indeed his condition has worsened since his initial receipt of benefits. I would recommend that we proceed first with the declaratory judgment action and perhaps in the second half of 2002 revisit the possibility of additional IME's to better evaluate the true level of disability.

Bill, I know that you need to review this information with Jefferson-Pilot. I will wait to hear from you before proceeding with a declaratory judgment action.

Very truly yours,

Geraldine M. Johnson

GMJ/jwc
41121_1

0629