IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFERSON-PILOT LIFE
INSURANCE COMPANY

          Plaintiff,

vs.                                               Case No. C-1-02-479

CHRISTOPHER L. KEARNEY,                           JUDGE SPIEGEL

          Defendant.

## RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AND/OR DMS. INC., ITS THIRD PARTY ADMINISTRATOR

**Production Request No. 1:**

Produce, without subtraction or deletion, including a copy of the claims file jacket or order each and every document contained in the claims file of Defendant, whether that claims file is in your possession or the possession of DMS.

ANSWER:    Objection. This Request asks for materials protected by the attorney-client privilege/work-product doctrine. Further, Plaintiff objects to production of any materials related to surveillance on Defendant until after Defendant's deposition, but agrees to produce such information immediately after Defendant's deposition. Excepting such objections, the claim file of Defendant has been produced.

*(signature)*
Geraldine M. Johnson

**Production Request No. 2:**

Produce every item of correspondence, memo, or other writing in your possession and/or in the possession of DMS. that relates to Defendant Kearney. Correspondence shall mean and be defined as documents as they are set forth in the definition section preceding these discovery Requests, specifically Paragraphs 5 and 6. If you claim some of such documents are privileged, attach a privilege log describing such document(s).

ANSWER: Objection. Plaintiff objects to production of information protected by the attorney/client and/or work product doctrine. See also response to Document Request No. 1. Without waiving such objection, the claim file of Defendant has been produced.

*[signature]*
Geraldine M. Johnson

**Production Request No. 3:**

Each and every document that relates to your contractual relationship with DMS, whether or not they are formal documents, correspondence, letters, memoranda, e-mails, memorialization of telephone conferences or meetings, or other documents showing the relationship between the two.

ANSWER: Objection. This Request is overly broad and seeks information that is neither relevant, admissible, nor reasonably calculated to lead to the discovery of admissible evidence. Also, this Request seeks proprietary business information which is confidential.

*[signature]*
Geraldine M. Johnson

**Production Request No. 4:**

Produce any correspondence, letters, understandings, schedules, e-mails, or documents relating to the method of compensation to DMS and/or claims handlers of DMS or Defendant, including any bonuses, incentives, trips, paid vacations, or monetary payments of any type and description.

ANSWER: Objection. This Request is overly broad and seeks information that is neither relevant, admissible, nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, it seeks proprietary business information which is confidential. Further, relative to inquiries about the claims handlers' compensation/benefits, such information is highly confidential, completely irrelevant and not calculated to lead to the discovery of admissible evidence. Additionally, it violates the privacy of such individuals.

*Geraldine M. Johnson*
Geraldine M. Johnson

**Production Request No. 5:**

Produce any documents that relate to the criteria used by plaintiff to refer cases to DMS for handling, including notes, memoranda, c-mails, messages, or any documents of any type and description.

ANSWER: Objection. Plaintiff is uncertain of Defendant's use of the term "refer". Further, this request is overly broad and neither relevant nor reasonably calculated to lead to admissible evidence. Without waiving such objections, no such documents exist.

*Geraldine M. Johnson*
Geraldine M. Johnson

**Production Request No. 6:**

Produce copies of all sanctions, fines, penalties, limitations imposed, consent decrees, investigations, fines or letters of reprimand imposed upon Plaintiff and/or DMS, by any state insurance commissioner, insurance regulator or state or federal government office or official in the last ten (10) years. If there are none please state so clearly.

ANSWER:   Objection. This Request seeks information that is overly broad, completely unlimited via time, locale, etc., unduly burdensome and is neither relevant, admissible, nor reasonably calculated to lead to the discovery of admissible evidence.

*[signature]*
Geraldine M. Johnson

**Production Request No. 7:**

Produce your annual report to shareholders and/or policy holders for the years 1999, 2000, 2001 and 2002, if available.

ANSWER:   Objection. This Request is overly broad and unduly burdensome and to the extent it seeks proprietary business information is confidential and is neither relevant, admissible, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, and to the extent such information is not private and not confidential, please refer to www.jpfinancial.com.

*[signature]*
Geraldine M. Johnson

**Production Request No. 8:**

Produce consolidated financial statements and/or financial statements for the years 1999, 2000, 2001 and 2002, if available. (If they are produced in the annual statements requested above, ignore this request).

ANSWER: Objection. This Request is overly broad and unduly burdensome and to the extent it seeks proprietary business information is confidential and is neither relevant, admissible, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, and to the extent such information is not private and not confidential, please refer to www.jpfinancial.com.

*Geraldine M. Johnson*
Geraldine M. Johnson

**Production Request No. 9:**

Produce the complete underwriting file pertaining to the above mentioned polices of insurance issued to Defendant Kearney from inception to the present, including, but not limited to, the file folder or file folders themselves, adjacent exhibit folders, all papers, documents, and investigative reports directly pertaining to above mentioned policy, including but not limited to inter office memoranda or notes pertaining to the issuance of the above policy, and any and all written communications or statements made between Plaintiff and other parties, which directly pertain to issuance of the above mentioned policy to Defendant Kearney.

ANSWER: Objection. This Request seeks information that is neither relevant, admissible, nor reasonably calculated to lead to the discovery of admissible evidence.

*Geraldine M. Johnson*
Geraldine M. Johnson

**Production Request No. 10:**

The complete claims manuals and/or procedures manuals which sets forth the company practices or policies regarding the handling, processing and/or investigation of claims submitted by your insured and which has or should have been utilized by you with respect to the Plaintiffs claim or claims, submitted pursuant to the above referenced policies of insurance as handled, processed, and or investigated. Include the following:

a) All additions, revisions, deletions or other changes that have been made in the above referenced claims manuals and/or procedure manuals from the time Defendant's claim was submitted up to and including the present;

b) Any other documents, including but not limited to, inter-office memoranda, notes, files or reports outlined or describing procedures for claims handling, processing and investigation and which were or should have been utilized by you at the time Defendant's claim was handled, processed and/or investigated.

ANSWER: This Request is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request calls for privileged attorney client communications and attorney work product. Without waiving these objections and subject thereto, no claims manuals or procedure manuals regarding the processing of disability insurance claims exist because each claim is unique and is administered on a case-by-case basis.

*Geraldine M. Johnson*

**Production Request No. 11:**

From 1990 to date, any and all writings and/or literature which constitute all advertising, sales, promotional and/or marketing materials, including sales, promotional, marketing and/or advertising brochures, pamphlets, memorandum and/or letters, or other type of "writings" whatsoever, used by your company to sell, promote, market and/or advertise the type of insurance coverage which is the subject matter of this action to the general public, including all such materials and instructions and memoranda for use by and instructions to the agents who would be selling these disability policies. This Request includes television and radio commercials and transcripts thereof.

ANSWER: Objection. This Request is overly broad, unduly burdensome, and seeks information which is neither relevant, admissible, nor reasonably calculated to lead to the discovery of admissible evidence.

*Geraldine M. Johnson*

**Production Request No. 12:**

Any and all medical, vocational, file reviews, or other reports or guides used or produced or used by you with regard to the claim of the Defendant Kearney.

ANSWER:   See responses to Document Request Nos. 1 and 2.

*Geraldine M. Johnson*
Geraldine M. Johnson

**Production Request No. 13:**

Any expert reports, memorandums, letters or other written materials produced, used or referenced with regard to the claims of Defendant, including all internal reports, status reports by Plaintiff, DMS, or their affiliates.

ANSWER:   In addition to Plaintiff's responses to Document Request Nos. 1 and 2, please refer to Defendant's policies, which have been produced.

*Geraldine M. Johnson*
Geraldine M. Johnson

**Production Request No. 14:**

Materials or guidelines which refer to the Plaintiffs and/or DMS's claims handling procedures and/or criteria. Any and all claims training manuals.

ANSWER:   This Request is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, this Request calls for privileged attorney client communications and attorney work product. Without waiving these objections and subject thereto, there are no set claims handling procedures and/or criteria because each claim is unique and is administered on a case-by-case basis. Further, in recognizing that DMS began assisting in the administration of Defendant's claim in late 1997, DMS responds that its attorneys provide training on an annual basis to its claim representatives in The Fair Claims Settlement Practices regulations; such training is entirely privileged from disclosure. However, to the extent that certain training materials are not attorney client communications or attorney work product, such materials will be produced.

*Geraldine M. Johnson*
Geraldine M. Johnson

**Production Request No. 15:**

Any and all treatises, manuals, articles, references, articles, handbooks, memoranda and other documents of any kind, nature or description which were used during the handling of Defendant's claim, including but not limited to, any medical or vocational reference materials.

ANSWER: Objection. To the extent this Request seeks information or materials protected by the attorney-client privilege and/or the work product doctrine, Plaintiff objects. Further, this Request seeks information that is overly broad, unduly burdensome, oppressive and requires excessive detail. Without waiving said objections, any such materials would be in Defendant's claim file and/or his policies.

*Geraldine M. Johnson*
Geraldine M. Johnson

**Production Request No. 16:**

Any and all investigative materials, including witness statements (written or recorded) which relate to the policy benefits of Defendant, private investigators reports, surveillance logs, tape (video or audio) recordings, digitalized and regular photographs, motion pictures, credit reports, or other reports (including drafts) obtained with respect to the investigation of Defendant's claim, including tape recordings (video or audio) of conversations with Defendant Kearney.

ANSWER: Plaintiff objects to production of such materials until after Plaintiff's deposition, and will move for a protective order against production of such materials until after Defendant's deposition has been taken.

*Geraldine M. Johnson*
Geraldine M. Johnson

**Production Request No. 17:**

Any individual, personal or desk files, activity logs or other diary notes of the adjusters or claims handlers who, either directly or indirectly, handled Defendant's claims.

ANSWER: See claim file of Defendant, which has been produced.

**Production Request No. 18:**

A listing of every check with amounts and/or payment of amounts paid to the Defendant Kearney with respect to his disability claims in ledger or account form as recorded by the Plaintiff. Also a listing of all checks with amounts spent on investigating Defendant Kearney's claims.

ANSWER: Record of payments made has been produced. With regard to a list of all checks spent on investigating Defendant, Plaintiff objects to same but such information will be provided after Defendant's deposition has been taken.

*[signature]*
Geraldine M. Johnson

**Production Request No. 19:**

Produce a copy of all documents, records and information that relate to the administrative processes and safeguards that are in place with your company and/or DMS that insure and verify that the benefits determinations are made in accordance with the governing policy and governing law.

ANSWER: Objection. Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information in excessive detail. Also, this Request seeks proprietary business information which is confidential. See also responses to Document Request Nos. 10 and 14. However, without waiving such objections, benefit determinations are made on the basis of Defendant's claim file and policies.

*[signature]*
Geraldine M. Johnson

**Production Request No. 20:**

Produce a copy of each and every complaint and/or counterclaim filed in any court against plaintiff alleging breach of contract or bad faith for non-payment or delay of disability payments or benefits during the past 10 years.

ANSWER: Objection. Plaintiff objects to this Document Request on the grounds that it is overly broad, unduly burdensome, oppressive and seeks information in excessive detail. Additionally, such Request seeks information which is neither relevant, admissible nor reasonably calculated to lead to the discovery of admissible evidence. Finally, this Request would jeopardize the confidentiality of Plaintiff's other insureds.

*Geraldine M. Johnson*

**Production Request No. 21:**

Produce a copy of each and every complaint filed by Plaintiff for Declaratory judgment on or with respect to any disability policy, whether in any state court or federal court.

ANSWER: Objection. Plaintiff objects to this Document Request on the grounds that it is overly broad, unduly burdensome, oppressive and seeks information in excessive detail. Additionally, such Request seeks information which is neither relevant, admissible nor reasonably calculated to lead to the discovery of admissible evidence. Finally, this Request would jeopardize the confidentiality of Plaintiff's other insureds.

*Geraldine M. Johnson*

**Production Request No. 22:**

Produce all notes, outlines, briefing packets, course descriptions, instructors, lesson plan or speakers' documents or notes, etc. concerning the attendance or participation of any of Plaintiffs or DMS personnel at any inter-company or intra-company claims conference, class, meetings, program, continuing education credit course (live, or via written or electronic correspondence), retreat, etc., any Claims Conference 1995 and similar events featuring sessions on Individual Disability Income, Group Long Term Disability and Disability Roundtable and "ERISA-- New Rules, New Legislation?" for the period 1/1/90 through to present.

ANSWER: Objection. Plaintiff objects to this Document Request on the grounds that it is overly broad, unduly burdensome, oppressive and seeks information in excessive detail. Additionally, such Request seeks information which is neither relevant, admissible nor reasonably calculated to lead to the discovery of admissible evidence.

*Geraldine M. Johnson*
Geraldine M. Johnson

**Production Request No. 23:**

Produce all documents, papers, notes, drafts, computations, memoranda used and/or generated in the making of a buy back offer of the policies of Defendant Kearney with Plaintiff by you or by DMS.

ANSWER: See Defendant's claim file and policies which have been produced.

Respectfully submitted,

*Geraldine M. Johnson*
Geraldine Johnson (0010450)
ROETZEL & ANDRESS
310 Chiquita Center
250 East Fifth Street
Cincinnati, Ohio 45202
(513) 361-8288
(513) 361 0335 FAX
E Mail: gjohnson@ralaw.com
ATTORNEY FOR PLAINTIFF
JEFFERSON-PILOT LIFE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document has been served via facsimile and regular U.S. Mail, postage prepaid, to the following this 27th day of June, 2003:

Eugene L. Matan, Esquire
Matan, Geer & Wright
261 South Front Street
Columbus, OH 43215-5089
Attorney for Christopher L. Kearney

                                                            _/s/ Geraldine M. Johnson_
                                                            Geraldine Johnson (0010450)

100411.0043\45141_1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFERSON-PILOT LIFE
INSURANCE COMPANY

        Plaintiff,

vs.                              Case No. C-1-O2-479

CHRISTOPHER L. KEARNEY,        JUDGE SPIEGEL

        Defendant.

**RESPONSES TO FIRST SET OF INTERROGATORIES TO PLAINTIFF
AND/OR DISABILITY MANAGEMENT SERVICES. INC. ("DMS") ITS
THIRD-PARTY ADMINISTRATOR**

1.    Identify every individual employed by you, interviewed or with whom a discussion has been held with regard to Defendant and/or his claim, including, but not limited to, the agent who wrote the policy, any private investigator employed to investigate the claim of Defendant, and any individual in the employ of Plaintiff and/or Disability Management Services, Inc. ("DMS") that handled the claim of Defendant..

**ANSWER:**    Objection. This Interrogatory, with particular regard to the word "handled", is overly broad, vague, unduly burdensome, and seeks information in excessive detail. Please see claim file which has been produced. Without waiving such objections, the following individuals at DMS administered Defendant's claim: William Hughes, Vice President/Claim Operations; Robert F. Mills, Claims Consultant; Todd Ditmar, Director of Claims; the individuals at Jefferson-Pilot include: Harold Shelton, Manager, Individual Health Administration (retired); Kim Brann, previously a Claims Examiner, no longer with Jefferson-Pilot and Phyllis Hardin, former Disability Claims Examiner and Current Life Claims Examiner. Plaintiff reserves the right to supplement this response as discovery progresses.

                                                                                                 _/s/ Geraldine M. Johnson_
                                                                                                 Geraldine M. Johnson

2. State and identify with particularity each document and/or part of each document or every item of information upon which the Plaintiff relied in determining that Defendant is not entitled to the disability benefits as specified in its Complaint and when and by whom such decision was made.

**ANSWER:** Defendant's claim file and policies illustrate that Defendant was and is not entitled to the COLA and Social Security Supplement that he was mistakenly paid and continues to be paid. Robert Mills identified this erroneous payment shortly before DMS representatives met with Attorney Spiegel in October, 2001.

*/s/ Geraldine M. Johnson*
Geraldine M. Johnson

3. Identify all physicians, or other health care professionals, with whom Plaintiff has spoken, corresponded with, or received information from concerning the Defendant.

**ANSWER:** To the extent this request seeks information and materials protected by the attorney-client privilege and/or the work product doctrine, Plaintiff objects. Without waiving such objection, Plaintiff states that the identity of the individuals requested can be found in Defendant's claim file, which has been produced.

*/s/ Geraldine M. Johnson*
Geraldine M. Johnson

4. Identify each investigator, private investigation firm, investigation agency and/or other investigative and/or credit investigative or compilation firm used to compile data, information or facts, or give reports (oral or written) on Defendant.

**ANSWER:** Plaintiff objects to providing such identification until after Plaintiff's deposition, and, if necessary, will move for a protective order against such identity until after Defendant's deposition has been taken.

*/s/ Geraldine M. Johnson*
Geraldine M. Johnson

5. State when the Defendant's claim was referred to DMS, as third party administrator, why it was so referred, what documents, e-mail, memorandums or correspondence accompanied such referral, what person and/or persons (with their titles and office location) were involved in the decision to make such referral, and the reasons for such referral.

**ANSWER:** Objection. Plaintiff is uncertain of Defendant's use of the word "referred". Without waiving said objection, in approximately July, 1997, DMS was asked to assist in the review and the evaluation of Defendant's claim for benefit eligibility. Individuals involved in this decision were: Mr. Harold Shelton, Jefferson-Pilot, Manager, Individual Health Administration (retired) and Mr. David Newkirk, Employers Reinsurance Corporation, Asst. Vice-President, Health Care Claims.

*Geraldine M. Johnson*

6. State the criteria for making referrals on investigation and handling of claims to DMS, any memoranda or manual which are in existence relating to the criteria for such referrals, and any other documents pertinent thereto, their title, location, and author.

**ANSWER:** Objection. This Interrogatory is overly broad and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, Plaintiff is uncertain of Defendant's use of the word "referrals". Without waiving such objections, no criteria exists.

*Geraldine M. Johnson*

7. State the terms of any contract between DMS and the Plaintiff (oral or written), whether that has been reduced to writing, either by memorandum or formal written agreement, when signed, its location, who it was signed by and whether it was solicited by DMS and, if so, by what means.

**ANSWER:** Objection. Plaintiff objects to this request because it seeks proprietary business/confidential information as well as information that is neither relevant, admissible nor reasonably calculated to lead to the discovery of admissible evidence.

*Geraldine M. Johnson*

8. State whether or not you have any literature or brochures promoting, urging, or advertising the services of DMS and, if so, completely describe such document(s) in detail and its location.

**ANSWER:** Objection. This Interrogatory is extremely vague and seeks proprietary business/confidential information as well as information that is neither relevant, admissible nor reasonably calculated to lead to the discovery of admissible evidence. Further, even if materials responsive to this Request exist, such materials were never seen or relied upon by Defendant and are wholly irrelevant. Without waiving such objections, Plaintiff has none.

*Geraldine M. Johnson*
Geraldine M. Johnson

9. List all lawsuits or counterclaims filed by you within the last ten (10) years against any of your insureds giving the following information:

    a) Complete caption of the case, including all Plaintiffs and all Defendants;

    b) The complete name, address, telephone number, e-mail address of all counsel designating whether they are for Plaintiffs or Defendants;

    c) The disposition of each case, whether pending, settled, dismissed, or in judgment.

**ANSWER:** Objection. Plaintiff objects to this Request because it is overly broad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, with particular regard to Request 9(c), Plaintiff objects on three additional bases: such information is attorney-client privileged; such information is potentially protected against disclosure via confidentiality provisions, affording the parties a reasonable expectation of privacy; and the release of such information would violate the privacy of individual policyholders (Plaintiff's insureds).

*Geraldine M. Johnson*
Geraldine M. Johnson

10. State the names of the cases against you (whether by Complaint or Counterclaim) by insureds within the last ten (10) years, giving the following information in detail:

a) Complete caption of the case, showing all Plaintiffs and Defendants;

b) The complete name, address, telephone number of all counsel in the case for Plaintiff and for defendant;

c) The disposition of each case, whether pending, settled, dismissed, or in judgment.

**ANSWER:** Objection. Plaintiff objects to this Request because it is overly broad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, with particular regard to Request 10(c), Plaintiff objects on three additional bases: such information is attorney-client privileged; such information is potentially protected against disclosure via confidentiality provisions, giving the parties a reasonable expectation of privacy; and the release of such information would violate the privacy of individual policyholders (Plaintiff's insureds).

*Geraldine M. Johnson*

11. State whether you have been sanctioned, fined, given penalties, limitations imposed, consent decrees, investigated, fines or letters of reprimand or other action against you by any state insurance commissioner or regulator or any federal governmental office or official in the last ten (10) years, including criminal, civil, or governmental investigations and pending investigations that plaintiff has any knowledge of. If there are none, please state so clearly.

**ANSWER:** Objection. Plaintiff objects to this Interrogatory because it is overly broad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

*Geraldine M. Johnson*

12. State the name of the person(s) with title and supervisor(s) who authorized Cost of Living Adjustment ("COLA") payments (also known as increase in benefits provision) to Defendant and the original date of such authorization, and whether the authorization was in writing.

**ANSWER:** Plaintiff never authorized COLA payments to be paid to Defendant. Such payments were made in error. Robert Mills identified the fact that such erroneous benefits were being paid.

13. State the names and title of the persons who computed, selected or determined the amount of any "buy back" or "settlement" offer made to Defendant or his attorney John Spiegal and state in detail how the computation or computations selections were made, how it was initiated and who initiated it.

**ANSWER:** Objection. Plaintiff objects to this Interrogatory because it seeks information inadmissible and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, William Hughes and Robert Mills met with Attorney John Spiegal in October, 2001 to discuss and possibly settle Mr. Kearney's claim.

*/s/ Geraldine M. Johnson*
Geraldine M. Johnson

14. State how many files Plaintiff and DMS maintain on Defendant Kearney and the name of each, its location, and the name and addresses of the custodian of each file.

**ANSWER:** Plaintiff maintains a claim file on Defendant. DMS is the custodian of such file.

15. State the amount of reserve on Plaintiffs policies for each year since 1993, and if it has been raised or lowered, when it was raised or lowered in any particular year, who did it, and why.

**ANSWER:** Objection. Plaintiff objects to this Interrogatory in that it seeks information neither relevant, admissible, nor reasonably calculated to lead to the discovery of admissible evidence. Also, to the extent that this Interrogatory seeks proprietary business information, which is confidential, Plaintiff further objects.

*Geraldine M. Johnson*
Geraldine M. Johnson

Respectfully submitted,

*Geraldine M. Johnson*
Geraldine Johnson (0010450)
ROETZEL & ANDRESS
310 Chiquita Center
250 East Fifth Street
Cincinnati, Ohio 45202
(513) 361-8288
(513) 361 0335 FAX
E Mail: gjohnson@ralaw.com
ATTORNEY FOR PLAINTIFF
JEFFERSON-PILOT LIFE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served via facsimile and regular U.S. Mail, postage prepaid, to the following this 27th day of June, 2003:

Eugene L. Matan, Esquire
Matan, Geer & Wright
261 South Front Street
Columbus, OH 43215-5089
Attorney for Christopher L. Kearney

_Geraldine M. Johnson_
Geraldine Johnson (0010450)

100411.0043\45140_1