IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE CO., | ) : | CASE NO. C-1-02-479 |
| Plaintiff, | ) : | JUDGE SPIEGEL<br>Magistrate Judge Hogan |
| vs. | ) : | DEFENDANT'S MEMORANDUM |
| CHRISTOPHER L. KEARNEY, | ) : | IN OPPOSITION TO MOTION<br>TO EXPEDITE HEARING (Doc. 58) |
| Defendant. | ) | |

This is an insurance bad faith case. The plaintiff, Mr. Kearney's disability insurer, sued Mr. Kearney and now, having completed all discovery that it requested, desires for the Court to expedite a summary judgment hearing (presently scheduled for August 4, 2004). The problem, however, is that discovery has only been one-sided. Plaintiff has not provided Mr. Kearney with the discovery that he has requested and which the Court has Ordered.

For that reason, the motion to expedite the August 4, 2004, hearing should be denied. In fact, unless plaintiff provides the outstanding discovery shortly, it is likely that the Court will need to postpone the August 4, 2004, hearing.

    A.    *<u>Outstanding Discovery Issues.</u>*

Mr. Kearney has willingly provided the plaintiff with the written discovery and depositions that plaintiff requested which included responses to plaintiff's Rule 34 requests and the depositions of Mr. Kearney and his expert, Mr. Clint Miller (these depositions were in fact accommodated on less than 2 weeks notice on dates unilaterally selected by plaintiff's counsel).

The plaintiff, on the other hand, has refused to produce documents, interrogatory responses, deponents, a privilege log, and even a verification of its partial discovery responses. Plaintiff's refusal to cooperate has resulted in extensive motion practice:

- Mr. Kearney filed a First Motion to Compel. (*Doc. 43*). Plaintiff opposed the Motion. (*Doc. 46*). But the Court has not made a ruling.

- Mr. Kearney filed a Second Motion To Compel. (*Doc. 54*). This week, plaintiff filed a 40+ page opposition. (*Doc. 63*). Mr. Kearney intends to file a Reply memorandum on or before June 25. Thereafter, Mr. Kearney will desire a conference with the Magistrate to resolve the discovery disputes identified in the Second Motion To Compel.

- Plaintiff's counsel filed a Motion For Protective Order. (*Doc. 57*). Mr. Kearney filed an opposition. (*Doc. 62*). Mr. Kearney will desire a conference with the Magistrate to resolve the discovery disputes identified in that motion.

- Plaintiff has even refused to provide sworn deposition testimony of witnesses that the Court Ordered take place. (*Doc. 48, 49, and 62*).

Given the one-sided nature of the cooperation with discovery, it is easy to see why plaintiff now desires to quickly proceed to a merits hearing. The Court, however, must deny plaintiff's request and in fact postpone the August 4 hearing if Mr. Kearney is not provided the information requested.

The issue to be determined at the hearing plaintiff seeks to now place before discovery in the case is the rights and obligations of the parties under the insurance policies at issue. Mr. Kearney feels strongly that, **consistent with the parties course of dealing for 10 years,** the policies unambiguously provide Mr. Kearney with: (i) increased COLA; (ii) Social Security Supplement benefits; (iii) waiver of premium; and (iv) lifetime benefits. However, if the Court concludes that the policies are ambiguous on one or more of these benefit issues, then the Court can look beyond

2

the contract language. Accordingly, it is imperative that Mr. Kearney be provided every opportunity to develop the facts of which only plaintiff is presently aware.

Finally, this analysis was raised with the magistrate previously in an informal discovery conference held on April 28, 2004 (*Doc. 48*) when plaintiff attempted to block Mr. Kearney from taking any depositions. Accordingly, plaintiff's motion is fairly frivolous since plaintiff has already been instructed that the Court would not permit plaintiff to expedite the merits hearing and prevent Mr. Kearney from obtaining discovery.

For these reasons the motion should be denied.

|  |  |
|---|---|
|  | Respectfully submitted, |
| OF COUNSEL | /s Michael A. Roberts_____ |
|  | Michael A. Roberts, Esq. (0047129) |
| GRAYDON HEAD & RITCHEY LLP | GRAYDON HEAD & RITCHEY LLP |
| 1900 Fifth Third Center | 511 Walnut Street, Suite 1900 |
| 511 Walnut Street | Cincinnati, Ohio 45202 |
| Cincinnati, Ohio 45202 | (513) 629-2799 |
| (513) 621-6464 | (513) 651-3836 (fax) |
|  | email:mroberts@graydon.com |

### CERTIFICATE OF SERVICE

The foregoing was electronically filed and thereby served on William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 18th day of June, 2004.

/s Michael A. Roberts_____