UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEFFERSON-PILOT LIFE INSURANCE COMPANY, | Case No. C-1-02-479 |
| Plaintiff, | (Judge Spiegel) |
| | (Magistrate Judge Hogan) |
| vs. | |
| CHRISTOPHER L. KEARNEY, | **PLAINTIFF'S MOTION TO BIFURCATE** |
| Defendant. | |

      Now comes Plaintiff, Jefferson-Pilot Life Insurance Company and Counter-Defendant Disability Management Services, Inc. and pursuant to Rule 42(b) of the Federal Rules of Civil Procedure and respectfully request that the Court bifurcate adjudication of Defendant's bad faith claim. Specifically, Jefferson-Pilot and DMS request that all further discovery regarding Defendant's bad faith claim be stayed until after the Court rules on the underlying contract claim. There are Cross-Motions for Summary Judgment pending before the Court. These Cross-Motions should resolve the underlying contract action and may eliminate the need to

proceed with the bad faith action.  Separation of these issues would therefore be conducive to judicial economy.  Bifurcation is also required to avoid prejudice to DMS and Jefferson-Pilot.

Respectfully submitted,

s/Amy Gasser Callow
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202-2409
(513) 852-6000

Trial Attorneys for Plaintiff
Jefferson-Pilot Life Insurance Company

## MEMORANDUM IN SUPPORT

A District Court may bifurcate a trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expediation and economy."  Fed. R. Civ. P. 42(b).  "Only one of these criteria need be met to justify bifurcation."  *Saxon v. Titan-C Manufacturing Inc.*, 86 F.3d 553, 556 (6th Cir. Ohio 1996).  Bifurcation is within the discretion of the trial court.  *In Re Beverly Hills Fire Litigation*, 695 F. 2d 207 (6th Cir. 1982).

Bifurcation is appropriate in this case.  One of the issues is Defendant's request for extensive and expensive discovery.  The discovery he seeks relates to his bad faith claim.  What is telling, however, is the fact that his alleged bad faith claim did not arise until after Jefferson-Pilot filed its declaratory judgment action.  The primary issue that needs to be resolved is whether Jefferson-Pilot may correct its overpayment and pay Mr. Kearney the way he should be paid for a residual disability claim under the terms of his policy.  This declaratory judgment determination has nothing to do with bad faith.  Defendant has nonetheless sought extensive

discovery of both DMS and Jefferson-Pilot in an attempt to advance his bad faith claim. If it is determined by the Court that Jefferson-Pilot is in fact correct in its interpretation, this would eliminate the need for the bad faith trial.

Defendant has sought to exponentially expand the scope of discovery in this case. This is unnecessary and expensive to both sides, as will be demonstrated at the resolution of the contract claim. Many of the issues underlying Defendant's bad faith claim may be resolved if Jefferson-Pilot is successful on its declaratory judgment action. Courts have recognized that where issues of coverage can be decided which may eliminate the issue of bad faith, bifurcation is appropriate. *See Equitable Life Assurance Society v. Berry*, 212 F.3d 832, 216 Cal. Rept. 819 (6th Dist. 1989) (bifurcation so as to try issues of insurance coverage before that of an insurer's alleged bad faith was proper; interpretation of written instruments, necessary to deciding issues of coverage was essentially a judicial function). The same situation exists here.

Several courts have also concluded that bifurcation is appropriate on the issues of insurance coverage in bad faith claims in order to minimize the cost of litigation to the parties and ensure prudent use of a district court's resources. *Miles v. State Farm Mutual Auto Ins. Co.*, 27 F Supp. 2d 1246 D. Nev. (1998); *Cook v. United Service Auto Association*, 169 F.R.D. 359 D. Nev. (1996) (bifurcation was appropriate on the issue of insured's breach of contract and bad faith claims against automobile insurer for refusal to pay under insured motorist benefits; need for second trial would be obviated if insured does not prevail in breach of contract of claim and bifurcation would, in any event, simplify issues for trial).

At issue is Mr. Kearney's entitlement, or lack thereof, to benefit increases and a social security supplement when he has a claim for residual disability benefits. This is an issue that can be decided independent of his bad faith claim. Bifurcation is therefore appropriate. *See Brady v.*

*National Mutual Liability Ins. Co.*, 122 N.C. at 402, 407 S.E. 2d 820 (1996) (bifurcation is appropriate where it would reduce delaying expense and ultimately obviated the need for trial in a bad faith).

Additionally, Defendant has sought discovery of documents which Jefferson-Pilot and DMS allege are protected by the attorney-client and work product privileges.  In support of his request for these documents, Defendant relies upon *Boone v. Vanliner Ins. Co.*, 91 Ohio St. 3d 209, 744 N.E. 2d 154 (2001).  The Ohio Supreme Court has recognized that where a *Boone* exception to the attorney-client and work product privileges applies, bifurcation may be appropriate.  Where it is determined that the release of information would inhibit an insurer's ability to defend on the underlying claim, the Court "may issue a stay of the bad faith claim and related production of discovery pending the outcome of the underlying claim." *See Id*. at 214. Here, if Defendant's request for documents under a *Boone* exception is allowed, bifurcation of his bad faith claim and all discovery related to it is required.

Finally, this case lends itself well to bifurcation because of the procedural posture that currently exists.  Pending are cross-motions for summary judgment.  These motions are scheduled to be argued August 4, 2004.  Although DMS and Jefferson-Pilot have sought an earlier argument date from the Court, one has not yet been set.  In any event, the contractual issue is fully briefed and ready to be heard by the Court.  There is no prejudice to either party if any additional discovery is stayed until after determination of the contract claim.  Mr. Kearney continues to receive his residual disability benefits, albeit at a rate which Jefferson-Pilot believes to be erroneous.  This is not a situation where his benefits have been stopped during the pendency of the litigation.  Moreover, because Jefferson-Pilot has not sought recoupment of the

- 5 -

overpayment, continued payment to Mr. Kearney at the erroneous rate in no way prejudices him.

Jefferson-Pilot and DMS respectfully requests that the Court bifurcate Defendant's bad faith claim. They further request that a stay of discovery regarding the bad faith be issued until after resolution of the declaratory judgment action as it relates to the contract interpretation.

                                          Respectfully submitted,

                                          s/Amy Gasser Callow
                                          William R. Ellis (0012279)
                                          Peter M. Burrell (0044139)
                                          Amy Gasser Callow (0063470)
                                          Wood & Lamping LLP
                                          600 Vine Street, Suite 2500
                                          Cincinnati, OH  45202-2409
                                          (513) 852-6000

                                          Trial Attorneys for Plaintiff
                                          Jefferson-Pilot Life Insurance Company

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 18th day of June 2004.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                                                   s/Amy Gasser Callow  
                                                                     Amy Gasser Callow, Esq.

210908