IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFERSON-PILOT LIFE
INSURANCE COMPANY

    Plaintiff,

vs.

CHRISTOPHER L. KEARNEY,

    Defendant.

Case No. C-1-02-479

JUDGE SPIEGEL

## DISCOVERY REQUESTS

The Plaintiff, Christopher L. Kearney, pursuant to Federal Rules 26, 33, 34, 35 and 36 of the Federal Rules of Civil Procedure, request that the Defendant shall provide responses within the times prescribed in Federal Rules 33, 34, and 36 and documents to the following discovery and admission requests. If any document requested has been lost, discarded, deleted from a computer, or destroyed, identify such document. State the type of document, its date, the approximate date of the loss, discarding, deletion or destruction, the reason it was lost, discarded, deleted or destroyed, a summary of its substance and the identity of each person having knowledge of the contents thereof and, if there are any copies in existence which are not in your possession, state the name, address, telephone number and location of that document. If any such documents have been deleted from a computer, state the location, serial number of the computer, and the location of its hard drive.

    1.    In each case where Plaintiff is asked to "identify" a person or individual,

Plaintiff is asked to state with respect to each such person, the following:

(a) Name;
(b) Current business address and telephone number;
(c) Current residence address and telephone number, if known.

In each case where Plaintiff is asked to "identify" a document, Plaintiff is asked to state, with respect to each document, the following:

(a) Date;
(b) Author(s);
(c) Recipient(s);
(d) Subject matter;
(e) Custodian(s); and
(f) Current location(s), if known.

2. If Plaintiff refuses or fails to answer all or any part of a request on the basis of any claim(s) of privilege, (whether it is "attorney-client", "doctor-patient"," work product" or any other type) it is required to state the nature and scope of the privilege claimed, and the information withheld, with sufficient particularity to enable Defendant to evaluate the appropriateness of the privilege claim under the circumstances. A privilege log shall be prepared and attached to the Answer(s).

3. If an objection is made to any request, the reason therefore shall be stated with particularity . The documents are required to be produced as they are kept in the usual course of business by Plaintiff or organized and labeled to correspond to each category of documents requested. All file folders, tabs, and other means of collecting or storing are required to be produced along with the documents. Should a document subject to a request be electronically stored (i.e., by electronic computer (laptop, desktop or mainframe), word processing system, data base, "e-mail", scanner, storage, etc.) said documents should be printed (paginated in such system, with all identification, directives noted thereon (i.e., system location, directory, subdirectory(ies), file name, etc.

4. If a requested document is "deleted" or otherwise erased from a computer that fact should be stated together with the location of the "hard drive" of that computer.

Pursuant to Rule 36, Federal Rules of Civil Procedure, each matter of which an admission is requested shall be separately set forth and shall be admitted unless, within thirty (30) days after service of the Request, it is denied by the Plaintiff. Such Request for Admission shall be deemed to be submitted to Plaintiff and/or its third party administrator, Disability Management Services, Inc. (DMS).

All discovery requests shall be signed by the person making such responses, their title, with Plaintiff, and their office address.

5.  "Document" or "documents" shall encompass all correspondence, financial records, corporate records and reports, notes, inter-office and intra-office communications, written communications, circulars, announcements, directories, declarations, evaluations, filings, agreements, contracts, subcontracts, legal instruments, work papers, work orders, work authorizations, process sheets, record, instructions, notes, note books, scrap books, diaries, minutes, minutes of meetings, calendars, schedules, projections, plans, drawings, specifications, designs, sketches, pictures, photographs, photocopies, charts, graphs, curves, descriptions, motion pictures, videotapes, audio recordings, published or unpublished speeches,or articles, press releases, newspapers, magazines, books, publications, telephone logs, telephone bills, transcripts of telephone conversations, sound recordings, electronic mail messages and/or files, and any other recorded or retrievable information or data, including, but not limited to Internet and world Wide Wide Web materials (whether cards, taped, punched or coded, electrostatically or electromagnetically, on computer or otherwise). The term also includes all notes made of any conversations, whether contemporaneously or after the fact. These requests are further intended to encompass each and every non-identical copy of the documents requested, as well as all documents which are in the actual or constructive possession, custody, care or control of or available by request to plaintiff, his agents, contracted companies, accountants or attorneys.

6.  "Communication", "communicate" or "communicated" includes any written correspondence, oral conversations, electronic correspondence or other transmission of fact, information, ideas or opinion with one or more person.

7.  "Financial records" comprise all documents, formal or informal, containing or concerning financial data of any kind, including without limitation tax returns, accounts, summaries of accounts, books or records of accounts (including journals, ledgers and the like), financial statements, workpapers, worksheets, purchase orders, bills of sale, invoices, debit and credit memoranda and applications.

8.  "Identify", "identification", or "identity" have the following meanings:

a) when used in reference to a natural person it means to state the person's full name current residence and business addresses, current residence and business telephone numbers and, if applicable, their title, dates of employment, and job description. If their current addresses are unknown, provide the last known business and residence address;

b) when used in reference to a document it means to state the type of document (e.g., letter, memorandum, telegram, chart, etc.), its author and originator, its date or dates, all

3

3433

addressees and recipients, and its present location or custodian. If any such document was but is no longer in your possession or subject to your control, state what disposition was made of it.

    c) when used in reference to a legal entity, the structure of the business (i.e., corporation, partnership, sole proprietorship, association), a brief description of the nature of the business, and the business address and telephone number; used in reference to real property, the full address, legal description of the property, the type of structure (e.g., commercial, single-family residential, multi-unit dwelling) and the number of units.

    9.    These requests also apply to any subsidiary, branch, or contracting agency, specifically to Disability Management Services, Inc. to whom you have referred this file, and including any of its employees, officers, directors, agents, or contracting agencies as they relate to the claim of the Defendant.

    10.    "Relate(s) to" or "relating to" means containing recording, discussing, mentioning, noting, evidencing, memorializing, analyzing, describing, commenting upon, referring to, generated in connection with, or tending to prove or disprove, any of the matters set forth, generated in connection with or tending to prove or disprove, any of the matters set forth.

    11.    "And" and "or" mean, where the context permits, "and/or".

    12.    "All" and "any" mean, where the context permits, "and and all".

    13.    Words used in the singular shall, where the context permits, be deemed to include the plural, and vice versa.

These discovery requests are deemed to be continuing in nature, and in the event you become aware of or acquire in your possession, custody, or control of additional responsive answers to interrogatories or additional documents, you are requested to supplement your answers to interrogatories, or promptly to produce each additional document for inspection and copying as so requested.

3434

## FIRST SET OF INTERROGATORIES TO PLAINTIFF AND/OR DISABILITY MANAGEMENT SERVICES, INC.,("D M S") ITS THIRD-PARTY ADMINISTRATOR

1. Identify every individual employed by you, interviewed or with whom a discussion has been held with regard to Defendant and/or his claim, including, but not limited to, the agent who wrote the policy, any private investigator employed to investigate the claim of Defendant, and any individual in the employ of Plaintiff and/or Disability Management Services, Inc. ("DMS") that handled the claim of Defendant..

   ANSWER:

2. State and identify with particularity each document and/or part of each document or every item of information upon which the Plaintiff relied in determining that Defendant is not entitled to the disability benefits as specified in its Complaint and when and by whom such decision was made.

   ANSWER:

3. Identify all physicians, or other health care professionals, with whom Plaintiff has spoken, corresponded with, or received information from concerning the Defendant.

ANSWER:


4. Identify each investigator, private investigation firm, investigation agency and/or other investigative and/or credit investigative or compilation firm used to compile data, information or facts, or give reports (oral or written) on Defendant.

ANSWER:


5. State when the Defendant's claim was referred to DMS, as third party administrator, why it was so referred, what documents, e-mail, memorandums or correspondence accompanied such referral, what person and/or persons (with their titles and office location) were involved in the decision to make such referral, and the reasons for such referral.

ANSWER:

6. State the criteria for making referrals on investigation and handling of claims to DMS, any memoranda or manual which are in existence relating to the criteria for such referrals, and any other documents pertinent thereto, their title, location, and author.

ANSWER:

7. State the terms of any contract between DMS and the Plaintiff (oral or written), whether that has been reduced to writing, either by memorandum or formal written agreement, when signed, its location, who it was signed by and whether it was solicited by DMS and, if so, by what means.

ANSWER:

8. State whether or not you have any literature or brochures promoting, urging, or advertising the services of DMS and, if so, completely describe such document(s) in detail and its location.

ANSWER:

    9.    List all lawsuits or counterclaims filed by you within the last ten (10) years against any of your insureds giving the following information:

    a)    Complete caption of the case, including all Plaintiffs and all Defendants;

    b)    The complete name, address, telephone number, e-mail address of all counsel designating whether they are for Plaintiffs or Defendants;

    c)    The disposition of each case, whether pending, settled, dismissed, or in judgment.

**ANSWER:**


    10.    State the names of the cases against you (whether by Complaint or Counterclaim) by insureds within the last ten (10) years, giving the following information in detail:

    a)    Complete caption of the case, showing all Plaintiffs and Defendants;

    b)    The complete name, address, telephone number of all counsel in the case for Plaintiff and for defendant;

    c)    The disposition of each case, whether pending, settled, dismissed, or in judgment.

**ANSWER:**

11. State whether you have been sanctioned, fined, given penalties, limitations imposed, consent decrees, investigated, fines or letters of reprimand or other action against you by any state insurance commissioner or regulator or any federal governmental office or official in the last ten (10) years, including criminal, civil, or governmental investigations and pending investigations that plaintiff has any knowledge of. If there are none, please state so clearly.

ANSWER:

12. State the name of the person(s) with title and supervisor(s) who authorized Cost of Living Adjustment ("COLA") payments (also known as increase in benefits provision) to Defendant and the original date of such authorization, and whether the authorization was in writing.

ANSWER:

3439

13. State the names and title of the persons who computed, selected or determined the amount of any "buy back" or "settlement" offer made to Defendant or his attorney John Spiegal and state in detail how the computation or computations selections were made, how it was initiated and who initiated it.

**ANSWER:**

14. State how many files Plaintiff and DMS maintain on Defendant Kearney and the name of each, its location, and the name and addresses of the custodian of each file.

**ANSWER:**

15. State the amount of reserve on Plaintiff's policies for each year since 1993, and if it has been raised or lowered, when it was raised or lowered in any particular year, who did it, and why.

**ANSWER:**

*[signature: Eugene L. Matan]*
EUGENE L. MATAN        0012381
MATAN, GEER & WRIGHT
261 South Front Street
Columbus, Ohio 43215
Telephone:   (614) 228-2678
Telefax      (614) 228-6122
*Email: ematan@mgwlaw.com*
**Attorney for Defendant**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFERSON-PILOT LIFE
INSURANCE COMPANY

        Plaintiff,

vs.     :     Case No. C-1-02-479

CHRISTOPHER L. KEARNEY,     :     JUDGE SPIEGEL

        Defendant.

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AND/OR DMS, INC., ITS THIRD PARTY ADMINISTRATOR

**Production Request No. 1:**

Produce, without subtraction or deletion, including a copy of the claims file jacket or order each and every document contained in the claims file of Defendant, whether that claims file is in your possession or the possession of DMS.

**Production Request No. 2:**

Produce every item of correspondence, memo, or other writing in your possession and/or in the possession of DMS, that relates to Defendant Kearney. Correspondence shall mean and be defined as documents as they are set forth in the definition section preceding these discovery requests, specifically Paragraphs 5 and 6. If you claim some of such documents are privileged, attach a privilege log describing such document(s).

**Production Request No. 3:**

Each and every document that relates to your contractual relationship with DMS, whether or not they are formal documents, correspondence, letters, memoranda, e-mails, memorialization of telephone conferences or meetings, or other documents showing the relationship between the two.

3442

**Production Request No. 4:**

Produce any correspondence, letters, understandings, schedules, e-mails, or documents relating to the method of compensation to DMS and/or claims handlers of DMS or Defendant, including any bonuses, incentives, trips, paid vacations, or monetary payments of any type and description.

**Production Request No. 5:**

Produce any documents that relate to the criteria used by plaintiff to refer cases to DMS for handling, including notes, memoranda, e-mails, messages, or any documents of any type and description.

**Production Request No. 6:**

Produce copies of all sanctions, fines, penalties, limitations imposed, consent decrees, investigations, fines or letters of reprimand imposed upon Plaintiff and/or DMS, by any state insurance commissioner, insurance regulator or state or federal government office or official in the last ten (10) years. If there are none please state so clearly.

**Production Request No. 7:**

Produce your annual report to shareholders and/or policy holders for the years 1999, 2000, 2001 and 2002, if available.

**Production Request No. 8:**

Produce consolidated financial statements and/or financial statements for the years 1999, 2000, 2001 and 2002, if available. (If they are produced in the annual statements requested above, ignore this request).

**Production Request No. 9:**

Produce the complete underwriting file pertaining to the above mentioned polices of insurance issued to Defendant Kearney from inception to the present, including, but not limited to, the file folder or file folders themselves, adjacent exhibit folders, all papers, documents, and investigative reports directly pertaining to above mentioned policy, including but not limited to inter office memoranda or notes pertaining to the issuance of the above policy, and any and all written communications or statements made between Plaintiff and other parties, which directly pertain to issuance of the above mentioned policy to Defendant Kearney.

3443

**Production Request No. 10:**

The complete claims manuals and/or procedures manuals which sets forth the company practices or policies regarding the handling, processing and/or investigation of claims submitted by your insured and which has or should have been utilized by you with respect to the Plaintiff's claim or claims, submitted pursuant to the above referenced policies of insurance as handled, processed, and or investigated. Include the following:

  a) All additions, revisions, deletions or other changes that have been made in the above referenced claims manuals and/or procedure manuals from the time Defendant's claim was submitted up to and including the present;

  b) Any other documents, including but not limited to, inter-office memoranda, notes, files or reports outlined or describing procedures for claims handling, processing and investigation and which were or should have been utilized by you at the time Defendant's claim was handled, processed and/or investigated.

**Production Request No. 11:**

From 1990 to date, any and all writings and/or literature which constitute all advertising, sales, promotional and/or marketing materials, including sales, promotional, marketing and/or advertising brochures, pamphlets, memorandum and/or letters, or other type of "writings" whatsoever, used by your company to sell, promote, market and/or advertise the type of insurance coverage which is the subject matter of this action to the general public, including all such materials and instructions and memoranda for use by and instructions to the agents who would be selling these disability policies. This request includes television and radio commercials and transcripts thereof.

**Production Request No. 12:**

Any and all medical, vocational, file reviews, or other reports or guides used or produced or used by you with regard to the claim of the Defendant Kearney.

**Production Request No. 13:**

Any expert reports, memorandums, letters or other written materials produced, used or referenced with regard to the claims of Defendant, including all internal reports, status reports by Plaintiff, DMS, or their affiliates.

3444

**Production Request No. 14:**

Materials or guidelines which refer to the Plaintiff's and/or DMS's claims handling procedures and/or criteria. Any and all claims training manuals.

**Production Request No. 15:**

Any and all treatises, manuals, articles, references, articles, handbooks, memoranda and other documents of any kind, nature or description which were used during the handling of Defendant's claim, including but not limited to, any medical or vocational reference materials.

**Production Request No. 16:**

Any and all investigative materials, including witness statements (written or recorded) which relate to the policy benefits of Defendant, private investigators reports, surveillance logs, tape (video or audio) recordings, digitalized and regular photographs, motion pictures, credit reports, or other reports (including drafts) obtained with respect to the investigation of Defendant's claim, including tape recordings (video or audio) of conversations with Defendant Kearney.

**Production Request No. 17:**

Any individual, personal or desk files, activity logs or other diary notes of the adjusters or claims handlers who, either directly or indirectly, handled Defendant's claims.

**Production Request No. 18:**

A listing of every check with amounts and/or payment of amounts paid to the Defendant Kearney with respect to his disability claims in ledger or account form as recorded by the Plaintiff. Also a listing of all checks with amounts spent on investigating Defendant Kearney's claims.

**Production Request No. 19:**

Produce a copy of all documents, records and information that relate to the administrative processes and safeguards that are in place with your company and/or DMS that insure and verify that the benefits determinations are made in accordance with the governing policy and governing law.

3445

**Production Request No. 20:**

Produce a copy of each and every complaint and/or counterclaim filed in any court against plaintiff alleging breach of contract or bad faith for non-payment or delay of disability payments or benefits during the past 10 years.

**Production Request No. 21:**

Produce a copy of each and every complaint filed by Plaintiff for Declaratory judgment on or with respect to any disability policy, whether in any state court or federal court.

**Production Request No. 22:**

Produce all notes, outlines, briefing packets, course descriptions, instructors, lesson plan or speakers' documents or notes, etc. concerning the attendance or participation of any of Plaintiffs or DMS personnel at any inter-company or intra-company claims conference, class, meetings, program, continuing education credit course (live, or via written or electronic correspondence), retreat, etc., any Claims Conference 1995 and similar events featuring sessions on Individual Disability Income, Group Long Term Disability and Disability Roundtable and "ERISA-- New Rules, New Legislation?" for the period 1/1/90 through to present.

**Production Request No. 23:**

Produce all documents, papers, notes, drafts, computations, memoranda used and/or generated in the making of a buy back offer of the policies of Defendant Kearney with Plaintiff by you or by DMS.

*/s/ Eugene L. Matan*
EUGENE L. MATAN        0012381
MATAN, GEER & WRIGHT
264 South Front Street
Columbus, Ohio 43215
Telephone:  (614) 228-2678
Telefax      (614) 228-6122
Email: ematan@mgwlaw.com
**Attorney for Defendant**