11/26/03 10:33 FAX 2286122
Date: 11/26/03 Time: 3:42 PM To:                     Cincinnati Fax    Page: 002/004



250 EAST FIFTH STREET
SUITE 310
CINCINNATI, OH 45202
513.361.8258 DIRECT
513.361.0208 MAIN
513.361.0335 FAX
gjohnson@ralaw.com

November 26, 2003

**VIA FAX**
Eugene L. Matan, Esq.
Matan, Geer & Wright
261 South Front Street
Columbus, OH 43215

    Re:    <u>Jefferson-Pilot Life Insurance Company vs. Christopher L. Kearney</u>
            Case No. C-1-02 479, U.S.D.C., Southern District of Ohio, Western Division
            Your Client: Christopher L. Kearney
            Policy Nos. H-493029 and H-538069
            My Client: Jefferson-Pilot Life Insurance Company

Dear Gene,

    In an effort to resolve the discovery issues referenced in Jefferson-Pilot Life Insurance Company's and Disability Management Services, Inc.'s responses to Defendant's First Set of Interrogatories and First Request for Production of Documents and the issues raised in your correspondence dated September 3, 2003, I want to provide you with the following information.

    First, I will produce a privilege log to you by Monday, December 1, 2003.

    With regard to Defendant's Request for Production of Documents, please note below:

    **Production Request No. 1**: We continue to maintain that any surveillance information relative to Mr. Kearney is not required to be produced prior to his deposition. However, we are willing to produce documents from Baker and Barris, the vocational rehabilitation consultants.

    **Production Request No. 2**: As noted, the privilege law will be produced by December 1, 2003.

    **Production Request No. 3**: As initially framed, the request for "each and every document that relates to Jefferson-Pilot's relationship with DMS", is overly broad. If Defendant can make a specific request relative to Defendant's insurance policies, i.e., regarding references to a "resolution" of Mr. Kearney's policies, then I believe that such documents would be relevant and therefore would be produced.

CLEVELAND   TOLEDO   AKRON   COLUMBUS   CINCINNATI   WASHINGTON, D.C.   TALLAHASSEE   FORT MYERS   NAPLES

www.ralaw.com

11/29/03  10:33  FAX 2286122                                                                          ☒04
Date: 11/26/03  Time: 3:41 PM  To: 16142286122                           Cincinnati Fax    Page: 003-004

Eugene L. Matan, Esq.
November 26, 2003
Page 2

> **Production Request No. 4**: We continue to maintain that the compensation structure at DMS is not relevant to either Mr. Kearney's claim or any other insurance claims.

> **Production Request No. 5**: Although it is my understanding that there is no set classification or set criteria used by Jefferson-Pilot to refer cases to DMS, I will make certain that my understanding is correct. I agree with Defendant's assessment that these claims are not randomly selected and then referred to DMS. However, Document Request Number 5 asks for documents that relate to the criteria used by Plaintiff. Again, I do not believe that any such documents exist. However, in an effort to demonstrate good faith on the part of Plaintiff, I would certainly recommend that my client provide an explanation or information regarding how/why claims are referred to DMS. Again, I will confirm that no such documents on this issue exist.

> **Production Request No. 6**: It is my understanding that the Defendant is claiming that Jefferson-Pilot/DMS handled his claim in a manner exhibiting bad faith. However, based on my review of Defendant's counterclaim, Defendant did not allege a pattern or practice of bad faith on the part of Jefferson-Pilot/DMS relative to claims other than Mr. Kearney. Therefore, the basis for our position relative to Document Request Number 6 is that any such sanctions, fines, et cetera do not relate to the issue of whether bad faith was exhibited on the part of Jefferson-Pilot and/or DMS in administering Mr. Kearney's claim.

> **Production Request No. 9**: I believe that I have convinced my client that the underwriting file is relevant and should be produced.

> **Production Request No. 10**: I will again verify with Jefferson-Pilot and DMS that no claim manuals, directives, exist. It is my understanding that each claim is handled on a claim by claim basis. It is very important to point out that the individuals who administered Mr. Kearney's claim will be made available for deposition and during the course of such deposition can be asked to address how Mr. Kearney's claim was handled with particularity.

> **Production Request No. 11**: Representations made to the public are again not relevant to this case since Pattern and Practice have not been alleged. If there are specific advertising brochures or materials that were used in securing Mr. Kearney's decision to purchase such policies then I agree that such brochures are relevant and will be produced.

> **Production Request No. 12**: I agree that the notes, statements, et cetera of Ms. Beanie and Ms. Ugolik are relevant. If any such notes have not been produced, they will be produced.

> **Production Request No. 14**: See prior response to Production Request No. 10.

Case 1:02-cv-00479-MRB    Document 70-9    Filed 06/26/2004    Page 3 of 3

Eugene L. Matan, Esq.
November 26, 2003
Page 3

**Production Request No. 15**: I will again confirm that there are no such particular treatises or manuals used in administering Mr. Kearney's claim. If such information exists, then it will be produced.

**Production Request No. 16**: Again, as to any documents that relate to the surveillance of Mr. Kearney, it is our position that such documents are not required to be produced until after Mr. Kearney's deposition.

**Production Request No. 17**: I will ask Mr. Mills and other individuals who assisted in administering Mr. Kearney's claim to produce calendars relative to the time period in which they administered his claim.

**Production Request No. 20**: If Defendant believes that such information is available to the public, then Plaintiff is not required to produce information that is readily available to any and all party.

**Production Request No. 22**: Please see response to Production Request Nos. 15 and 19.

**Production Request No. 23**: I will reconfirm that no additional information exists other than what was in the claim file. Also, Mr. Mills and other relevant personnel will be made available for deposition and can address this request more specifically at that time.

Gene, I will provide responses to your inquiries relative to our interrogatory answers in a separate letter. Once you have had a chance to review this letter, please call me.

Very truly yours,

Geraldine M. Johnson (kcc)

GMJ/kcc

<u>DICTATED BUT NOT READ</u>