UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE COMPANY, | : | |
| | : | Case No. C-1-02-479 |
| Plaintiff, | : | |
| | : | (Judge Spiegel) |
| | : | (Magistrate Judge Hogan) |
| vs. | : | |
| | : | **REPLY MEMORANDUM IN** |
| CHRISTOPHER L. KEARNEY, | : | **SUPPORT OF MOTION TO** |
| | : | **EXPEDITE HEARING** |
| Defendant. | : | |

  Defendant has opposed Jefferson-Pilot's and DMS' Motion to expedite the hearing currently scheduled for August 4, 2004. In his Opposition, Defendant implies that an additional extension beyond August 4, 2004 may be required because of the state of discovery disputes between the parties. He admits however that the Court need not look beyond the contract language unless the Court first concludes that the policies are ambiguous with regard to the provisions at issue. As Defendant concedes, the Court should first determine whether there is even an ambiguity. If in fact the Court can apply the policies as written, these discovery issues will be resolved on the pending Motions. There is no reason to delay resolution of the contract issue when such resolution will expedite or even eliminate the discovery issues.

  The Cross-Motions for Summary Judgment have been fully briefed for months. The expensive and overwhelming motion practice since that time has been dedicated to Defendant's search for a bad faith claim. He argues that Jefferson-Pilot and DMS have not cooperated in his discovery. In fact, the discovery has not yielded the bad faith claim he seeks. Many of Defendant's issues have now been resolved. Jefferson-Pilot and DMS have provided a privilege log, have provided copies of surveillance tapes and have provided an affidavit verifying their

interrogatory responses.  Defendant has also taken six depositions.  The only remaining issues are Defendant's request to depose former outside counsel as well as inside counsel for the parties and the terms upon which Mr. Mills' and Mr. Hughes' depositions will be completed.  These are all issues that can wait until after resolution of the Cross-Motions for Summary Judgment.  It would be in the best interest of the parties and judicial resources to proceed accordingly.  Jefferson-Pilot and DMS therefore respectfully request that the hearing on the Motion for Summary Judgments take place as soon as possible with proper regard to the Court's calendar and in any event no later than August 4, 2004.

Further, the Court should not be mislead by the inaccurate statements made by Defendant's Counsel in his Brief in Opposition.  Although Jefferson-Pilot and DMS believe that this issue can and should be resolved on the Motions, and further discussion of the myriad of discovery issues raised by Defendant is not necessary, they are compelled to identify Defendant's blatant mis-statements to the Court.

Defendant contends that he has "willingly" provided depositions.  This is incorrect.  Plaintiff had to seek an Order of Court to take Mr. Kearney's deposition.  In its April 21, 2004 Order, the Court granted Plaintiff's Motion for an Extension of Time and Ordered the parties to complete the deposition of Mr. Kearney on or before May 10, 2004.  Document No. 37.  On May 5, 2004 the Court held that the deposition of Clint Miller, Defendant's bad faith expert, must take place by June 1, 2004.  *See* Document No. 49.  Even after these depositions were Ordered by the Court, Mr. Roberts sent several e-mails to Counsel for Jefferson-Pilot and DMS in which he threatened to cancel both Mr. Kearney and Mr. Miller's depositions.  *See* Exhibit A 4-27-04 and 4-28-04 e-mails.  In these e-mails, Mr. Roberts attempted to tie what he called "non-negotiable conditions" to what he now argues was his willingness to provide the depositions of

Mr. Miller and Mr. Kearney. In several of his e-mails he advised that the depositions of Mr. Miller or Mr. Kearney are or would be cancelled. In his 4/28/04 e-mail sent at 12:21 p.m. Mr. Roberts stated "You are not taking Miller's deposition on Monday unless you agree to the terms I proposed." The day before that he advised that the depositions of Mr. Miller and Mr. Kearney could not go forward. *Id.* Even after the Court held that Mr. Kearney's deposition take place by May 10, 2004, Mr. Roberts wrote:

> I will absolutely NOT allow you to proceed with the depositions of Messrs. Miller and Kearney prior to the Motion for Summary Judgment hearing (and after the discovery deadline) and also allow you to delay depositions I have requested of Jefferson-Pilot and DMS until after the hearing or decision which could be months from now. The Court and all counsel in this case agreed to a discovery schedule - Big Brother can't unilaterally change it." *See id.*

Rather than "willingly" provide Mr. Kearney for deposition, Defendant openly challenged the Court's Orders. These threats were made despite the Court's Orders that the depositions go forward, and Mr. Robert's argument that he has always been willing to provide the depositions of Mr. Miller and Mr. Kearney. His e-mail correspondence demonstrates otherwise.

Defendant also erroneously contends that Jefferson-Pilot and DMS have refused to produce deponents, a privilege log or a verification page in support of their response to paper discovery. In fact, Plaintiff has produced every witness listed on Defendant's Notice, except for Mr. Maxwell, who was too ill to attend and Mr. Dempsey, who is an attorney for a non-party and not subject to deposition, absent first a Subpoena and second a ruling with regard to privilege. The balance of the requested discovery is pending ruling by the Court.

Defendant erroneously contends that Plaintiff has refused to provide sworn testimony of witnesses Ordered by the Court. To the contrary, not only were such witnesses produced with the two exceptions noted above, but they were produced as requested and on the schedule set by

Defendant's counsel.  The fact that Mr. Roberts did not allot himself enough time to take these depositions and chose to return to Cincinnati, rather than accept Mr. Ellis's invitation to complete them, is not the fault of the Plaintiff.

Finally, Defendant erroneously contends that Plaintiff attempted to block him from taking any depositions and cites Document No. 48 in support.  In fact, Plaintiff did not object to these depositions in theory, but did object to the fact that Mr. Roberts noticed and demanded that ten people be flown to Cincinnati from three distant cities (Springfield, Massachusetts, Overlook Park, Kansas and Greensboro, North Carolina) and that these depositions were to take place beginning 24 hours after the Notices were filed.  Mr. Roberts filed his notice of depositions on April 27, 2004 at 8:32 a.m.  The first deposition was scheduled to begin at 9:00 a.m. the next day.  Doc. No. 40.  Mr. Roberts refused to discuss any alternative dates for the depositions which required the Motion for Protective Order.  *See* Exhibit A, e-mail correspondence.  With the notable exceptions of the depositions of Counsel and Mr. Maxwell, Jefferson-Pilot and DMS have not objected to the depositions of the witnesses, but did seek protective orders with regard to the unacceptable time and places noticed by Defendant.  During the hearing with the Magistrate Judge, Plaintiff's Counsel advised the Court that the issue is one of notice and not one of refusal.  As to the location, Plaintiff agreed to absorb the airfare and lodging terms of Defendant's Counsel upon his agreement to take the depositions in North Carolina and Massachusetts.  This agreement between Counsel has been fully executed.

## **CONCLUSION**

Defendant would prefer to distract the Court from the true issue.  As Defendant concedes in his Memorandum, this is an issue of contract application and interpretation.  If there is no ambiguity as DMS and Jefferson-Pilot contend, all that is left is to apply the contract as written.

It is in the best interest of all parties if the contractual issue is determined before additional unnecessary and expensive discovery is undertaken.

                              Respectfully submitted,

                              s/William R. Ellis
                              William R. Ellis (0012279)
                              Peter M. Burrell (0044139)
                              Amy Gasser Callow (0063470)
                              Wood & Lamping LLP
                              600 Vine Street, Suite 2500
                              Cincinnati, OH  45202-2409
                              (513) 852-6000

                              Trial Attorneys for Plaintiff
                              Jefferson-Pilot Life Insurance Company

- 6 -

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 1st day of July 2004.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                            s/William R. Ellis
                                            William R. Ellis, Esq.

211710.1