IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JEFFERSON PILOT LIFE INSURANCE CO.,** | ) : | CASE NO. C-1-02-479 |
| Plaintiff, | ) : | JUDGE SPIEGEL |
| v. | ) : | Magistrate Judge Hogan |
| **CHRISTOPHER L. KEARNEY,** | ) : | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO BIFURCATE**

This Court should deny plaintiff's "Motion To Bifurcate." In its motion, plaintiff seeks two separate and distinct forms of relief: (i) stay of discovery; and (ii) bifurcation of trial. Neither request is appropriate.

A.  *Stay Of Discovery Is Inappropriate*

Despite the name plaintiff gives to its motion, the true objective of plaintiff's motion is to prevent discovery. This is the same objective sought in plaintiff's improper discovery responses as well as its motions for protective order, motions for sanctions, and oppositions to Mr. Kearney's multiple motions to compel. Plaintiff's multiple efforts to avoid discovery are each improper. Plaintiff's present effort is delinquent, improper, and unsupported even by the case authority cited in plaintiff's motion.

1.  **Delinquent Request.**

The Court' original discovery deadline in the case has come and gone months ago. Prior to that date, Mr. Kearney served written discovery requests and deposition requests. Plaintiff did not

1

object. Plaintiff then moved for a continuance of the discovery deadline on all claims and counterclaims. The Court reset this deadline, which too has passed. At no time prior to the passing of either discovery deadline did plaintiff seek to stay discovery.

2.      **Request Is Unsupported By Case Law Plaintiff Cites.**

In support of its request to stay discovery, plaintiff relies on no statute or case law in the Sixth Circuit.

First, it is assumed that plaintiff relies on California state appellate case, *Equitable Life Assurance Society v. Berry*, 212 Cal. App. 3d 832, 260 Cal. Rptr. 819, 824 (1989) [plaintiff cites to a case that does not exist: *Equitable Life Assurance Society v. Berry* 212 F. 3d 832, 216 Cal. Rept. 819 (6th Dist. 1989)]. That case, however, does not help plaintiff's argument. In *Equitable* there was no stay of discovery. There was a bifurcation of the trial only.

The second case plaintiff relies on is even more unhelpful to plaintiff. In *Miles v. State Farm Mutual Auto Insurance Co.,* 27 F. Supp. 2d. 1246 (D. Nev. 1998) the Court ruled that:

> "the parties **will** prepare both the coverage and the bad faith claims for trial. The coverage issues will then be tried and submitted to the jury." *Id., at 1247.*

Accordingly, using *Miles* for direction, it is appropriate for the Court to deny plaintiff's request to stay discovery and the Court should in fact affirmatively order that discovery on all claims proceed.

In the third case plaintiff relies on, *Cook v. United Service Auto Association* 169 FRD 359 (D Nev. 1996), the Court held that:

> "the Court finds that joint discovery on the contract issues and the bad faith claims is **more convenient** to the parties and would further judicial economy . . . therefore, the court shall allow full and joint discovery on all issues . . . ."

This case too supports denial of plaintiff's motion.

2

The argument by plaintiff that this Court should stay discovery because the discovery sought by Mr. Kearney "will inhibit plaintiff's ability to defend itself on the underlying claim" is meritless. The Court will decide in light of the contract language whether the Policies unambiguously provide for the benefits Mr. Kearney has received for 10 years or whether the contract is ambiguous on this point. If the court determines that an ambiguity exists it will look to extrinsic evidence to determine the Policy's meaning. The Court can make that determination without being improperly prejudiced by the documents Mr. Kearney seeks from the plaintiff.

For those reasons, this Court should not stay the discovery of claims/issues for trial.

B.   <u>The Request To Bifurcate Trial Is Premature.</u>

It is likely that the Court will conclude at the summary judgment stage, consistent with the parties course of dealing over 10 years, that the Policies entitle Mr. Kearney to a 7% annual increase in benefits and the social security supplement. That would completely dispose of plaintiff's claim and leave for trial Mr. Kearney's bad faith claim. Accordingly, any decision to bifurcate the trial is premature at this stage.

<u>Conclusion</u>

Plaintiff is pulling out all stops to deny Mr. Kearney the discovery he has requested and is entitled to. First, plaintiff ignored the requests, then it opposed motions to compel, then it filed motions for protective order, then it filed motions for sanctions, and now it has asked for a stay of discovery. The discovery deadline**s** passed long before the request to stay discovery was made. Mr. Kearney requires the information. The production of this information will not prevent the Court from arriving at the proper decision on the competing motions for summary judgment.

3

|  |  |
|---|---|
|  | Respectfully submitted, |
| OF COUNSEL | /s Michael A. Roberts |
|  | Michael A. Roberts, Esq.  (0047129) |
| GRAYDON HEAD & RITCHEY LLP | GRAYDON HEAD & RITCHEY LLP |
| 1900 Fifth Third Center | 511 Walnut Street, Suite 1900 |
| 511 Walnut Street | Cincinnati, Ohio 45202 |
| Cincinnati, Ohio 45202 | (513) 629-2799 |
| (513) 621-6464 | (513) 651-3836 (fax) |
|  | email:mroberts@graydon.com |

### CERTIFICATE OF SERVICE

The foregoing was electronically filed and thereby served on William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 2nd day of July, 2004.

/s Michael A. Roberts