UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE COMPANY, | : | Case No. C-1-02-479 |
| | : | |
| Plaintiff, | : | (Judge Spiegel) |
| | : | (Magistrate Judge Hogan) |
| vs. | : | |
| | : | **PLAINTIFF'S REPLY** |
| CHRISTOPHER L. KEARNEY, | : | **MEMORANDUM IN SUPPORT OF** |
| | : | **MOTION TO BIFURCATE** |
| Defendant. | : | |

I.    **INTRODUCTION**

Both parties have represented to the Court that there are no genuine issues as to any material fact with regard to Jefferson-Pilot's Declaratory Judgment Action.  *See* Document No. 19, Defendant Christopher L. Kearney's Motion for Summary Judgment on the issue of Declaratory Judgment contained in Plaintiff's Complaint at p. 10; Document No. 31 Motion for Summary Judgment by Jefferson-Pilot Life Insurance Company.  It is clear that no additional discovery is required with regard to the contract issue.  Both the insurer and the insured have argued to the Court their interpretation of how the Contract is to be applied.  All that remains is for the Court to read the Contract and apply it.

Despite his acquiescence that no genuine issues of fact exist with regard to Jefferson-Pilot's declaratory judgment action, Defendant now argues that there are outstanding discovery issues with regard to his bad faith claim.  He seeks to have these discovery disputes delay resolution of the contract claim.  DMS and Jefferson-Pilot continue to overpay Defendant's benefits.  His arguments regarding these self-created

discovery disputes serve only to delay resolution of the claim contract issue and continue the overpayment as long as possible. This argument must not be allowed to divert the Court from the straightforward declaratory judgment issue.

Defendant concedes that the Cross-Motions for Summary Judgment can resolve the contractual issue. As expected, each side argues that the contractual issue will be resolved in its favor. Nonetheless, it is clear that no additional discovery is needed to resolve this issue. A ruling on the Cross-Motions for Summary Judgment will significantly simplify the issue before the Court. It is therefore with the goal of conserving judicial resources that Jefferson-Pilot and DMS have requested bifurcation of the bad faith and contractual portions of the case. Jefferson-Pilot and DMS also request a stay of discovery on the bad faith claim until after the Court's ruling on the Motion for Summary Judgment. Defendant's opposition to this Motion serves only to further complicate the issues before the court.

## II.    <u>ARGUMENT</u>

Defendant inconsistently argues first that DMS and Jefferson-Pilot delinquently requested the stay of discovery through bifurcation and then that the request for bifurcation is premature. Defendant continues to claim that his discovery requests have been inadequately answered. He also continues to seek the depositions of in-house and former outside counsel and production of their files and notes. He has filed a Motion to Compel to which Jefferson-Pilot and DMS have responded. These issues are before the Court. DMS and Jefferson-Pilot seek a stay of onerous and unnecessary discovery sought by Defendant in his search for a bad faith claim. It is the belief of DMS and Jefferson-Pilot that these issues at the very least can be narrowed by a ruling on the pending Cross-

Motions for Summary Judgment. Once that is accomplished, the Court will be in a better position to determine if Defendant is correct in his contention that additional discovery is required, or if Jefferson-Pilot and DMS have fully and completely responded to any relevant discovery requests.

As for Defendant's claim that the request for bifurcation is premature, this request was prompted by Defendant's latest attempts to obtain the files and records of Plaintiff's in-house and former outside counsel. In keeping with the authority relied upon by Defendant in his Motion to Compel, bifurcation is needed to protect the interests of DMS and Jefferson-Pilot. The request was prompted by Defendant's insistence on his pursuit of frivolous, irrelevant and onerous discovery. What discovery is or is not required must be determined by the Court, and this can only be done once the issues are sufficiently simplified by the Cross-Motions for Summary Judgment.

It must also be noted that Defendant persists in his blatant mis-statement of facts. He opens his argument by stating that DMS and Jefferson-Pilot did not rely upon Sixth Circuit law. Federal Rule of Civil Procedure 42(b) contemplates bifurcation "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed. R. Civ. P. 42(b). Jefferson-Pilot and DMS have also cited Sixth Circuit cases which have recognized that bifurcation is appropriate and within the discretion of the trial court. *See Saxon v. Titan-SC Mfg., Inc.,* 86 F.3d 553, 556 (6th Cir. Ohio 1996); *In re Beverly Hills Fire Litigation*, 695 F.2d 207, 216 (6th Cir. 1982). Defendant may of course attempted to distinguish the case law relied upon by Jefferson-Pilot and DMS, but to falsely state Jefferson-Pilot and DMS have not relied upon any Sixth Circuit case law is blatantly wrong.

Moreover, as demonstrated above, bifurcation is appropriate in this case. There is no question that bifurcation will be more convenient and more economical to both parties. This is a declaratory judgment action. Jefferson-Pilot has asked the Court to read and apply the contract to correct the overpayment currently being made to Defendant. Defendant agreed that the Court was ready to make this determination when he filed his motion for summary judgment. The discovery battles he has created have nothing to do with the contract issue and serve only to require DMS and Jefferson-Pilot to continue the overpayments as long as possible.

Once the issues in this case are properly narrowed, both sides will be in a better position to determine what, if any, of the remaining discovery claimed by Defendant to be insufficiently responded to is really relevant. There is also no question that bifurcation is necessary to avoid prejudice both to Jefferson-Pilot and DMS. Each month the erroneous overpayment is continued Jefferson-Pilot is prejudiced.

Finally, there is no prejudice to Mr. Kearney if discovery on his alleged bad faith claim is delayed until after resolution of the Cross-Motions for Summary Judgment, because he continues to be overpaid at the erroneous rate. Notwithstanding Mr. Kearney's claim that he has been entitled to an additional increase, there has been no decrease in the erroneous amount of the benefits overpaid to him. He is therefore in no worse of a position. In fact, it appears to be Mr. Kearney's plan to delay resolution of the contract issue as long as possible.

## III.    <u>CONCLUSION</u>

Bifurcation is necessary to conserve jurisdiction resources and to properly define the true issues to be decided in this case. There is no prejudice to Defendant since his

benefits continue to be erroneously overpaid. Jefferson-Pilot and DMS therefore respectfully request that the Court bifurcate Defendant's bad faith claim and stay the pending discovery dispute until after resolution of the pending Cross-Motions for Summary Judgment.

Respectfully submitted,


s/ William R. Ellis
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
600 Vine Street, Suite 2500
Cincinnati, Ohio 45202-2491
Telephone:  (513) 852-6000
Telefax:    (513) 852-8087

Attorneys for Plaintiff
Jefferson-Pilot Life Insurance Co.

OF COUNSEL:

WOOD & LAMPING LLP

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 16th day of July, 2004.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

<u>s/Amy Gasser Callow</u>
Amy Gasser Callow, Esq.

213146.1