UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEFFERSON-PILOT LIFE INSURANCE COMPANY, | : <br> : Case No. C-1-02-479 <br> : <br> : (Judge Spiegel) <br> : (Magistrate Judge Hogan) |
| Plaintiff, | |
| vs. | : <br> : **PLAINTIFF'S OBJECTIONS TO** |
| CHRISTOPHER L. KEARNEY, | : **ORDER AT DOCUMENT NO. 76** |
| Defendant. | : |

## I.   INTRODUCTION

Plaintiff objects to those portions of the Magistrate Judge's Order (Doc No. 76) Document No. 76, which compel the production of claims file materials between counsel dated prior to June 6, 2002. Plaintiff further objects to the Order regarding electronic discovery. Plaintiff submits that discussions are underway between counsel in an attempt to resolve this issue as it relates to the electronic discovery portion of the order. Plaintiff also awaits a ruling following the July 29, 2004 discovery conference. Plaintiff nonetheless files these objections in order to preserve its right to do so. A copy of the Order is attached as Exhibit A.

## II.   ARGUMENT

### A.   Any Denial Occurred When DMS Advised Mr. Kearney That He Was Being Overpaid.

Jefferson-Pilot and Disability Management Services, Inc. have objected in general to the application of *Boone v. Vanliner Insurance Co.*, 91 Ohio St. 3d 209 (Ohio, 2001) to the facts of this case. Setting that argument aside however, Plaintiff respectfully submits

that the date applied by the Magistrate Judge in calculating when the *Boone* exception begins and ends is incorrect.

At issue in this case is the overpayment of benefits to Mr. Kearney. Jefferson-Pilot and DMS maintain that where an insured such as Mr. Kearney receives residual disability benefits, the clear and unambiguous terms of the policy language do not allow for application of the increase in benefits provision of total disability, nor application of the Social Security Supplement benefit. Mr. Kearney has disagreed with this position. In October 2001, representatives of DMS met with one of Mr. Kearney's previous counsel and advised him of the miscalculation. At that point, Mr. Kearney was aware that DMS and Jefferson-Pilot had concluded he was not entitled to additional benefits under the increase provision, because his claim was for residual disability benefits. Even if *Boone* is applied, it was at this time that the "denial" occurred.

In ordering that the attorney-client materials contained in the claims file must be produced, the Court has used the date of June 6, 2002 as the date of denial. It was on this date that Mr. Kearney was informed that an additional incorrect increase in his benefit and Social Security Supplement would not be added to his monthly benefit. At the time the overpayment was discovered, DMS and Jefferson-Pilot did not reduce Mr. Kearney's monthly benefit amount by the overpayments. The incorrect benefit adjustments occurred on an annual basis. Mr. Kearney has continued to receive his residual disability benefits at an amount which DMS and Jefferson-Pilot believe is incorrect. Rather than reduce his benefits to the correct amount however, Jefferson-Pilot and DMS continue to pay Mr. Kearney the overpayment amount and sought the Court's assistance in addressing this overpayment. As of June 6, 2002, however, DMS and Jefferson-Pilot did

not perpetuate the overpayment to the extent that the 2002 annual increase was not applied.

The denial occurred when DMS and Jefferson-Pilot determined Mr. Kearney was being overpaid. This was in October 2001, and Mr. Kearney as his counsel were advised of this denial. The fact that the mistake in overpayment continued on an annual basis does not mean that a "denial" took place later. Although it is correct that an additional increase could have occurred on June 6, 2002, further perpetuating overpayment, this additional increase was not made. The decision that the additional increase would not be made had already been determined prior to the due date of that increase, and Mr. Kearney was advised of this decision. The appropriate date to use therefore is October 2001.

Jefferson-Pilot and DMS have submitted for in-camera review those portions of the claims file which contain communications between counsel until June 6, 2002. DMS and Jefferson-Pilot respectfully submit that the June 6, 2002 date is incorrect. Nonetheless, even if that date is applied, the documents submitted in-camera do not demonstrate bad faith and therefore are not discoverable.

**B.     Plaintiff Objects To The Order of Electronic Discovery**.

DMS and Jefferson-Pilot also object to that portion of the Magistrate's Order which holds that electronic material stored off-site for disaster recovery purposes must be restored and searched. DMS and Jefferson-Pilot are undertaking a search of their existing hard drives and e-mails. These documents are being prepared for submission to Defendant's counsel. DMS and Jefferson-Pilot object however to the requirement that back-up tapes stored off-site for purposes of disaster recovery must also be retrieved, restored, and searched.

On July 28, 2004, Plaintiff updated its responses to Defendant's request for production of documents. See Exhibit B. As the Affidavit of Kathleen Lyons demonstrates, the cost of retrieving the stored back-up tapes, restoring them to a usable format, and searching them for Mr. Kearney's name or identifying claim number is extraordinary. It will cost in excess of $24,000.00 to perform such a search. The justification for requiring this search is the Court's acknowledgement that a similar search had been ordered in the Jeffries case. As has been demonstrated by the submission made to the Court last week, the electronic data search in the Jeffries case did not yield relevant information.

The search in the Jeffries case cost in excess of $47,000.00 and yielded about 400 pages of information. Those 400 pages have been presented to the Court for review. The great majority of those pages were duplicative of what was already contained in the claims file. Those pages that were not duplicative did not impact the outcome of the Jeffries case one way or another. This is consistent with the testimony of DMS personnel that important documents are printed and placed in the hard copy of the claims file.

DMS and Jefferson-Pilot have identified for the Court what Defendant described as "two principal trial exhibits" which resulted from the electronic discovery in the Jeffries case. One exhibit was the "big brother" e-mail. The second "principal trial exhibit" were the timesheets of a DMS nurse-employee showing that she worked on the Jeffries case. This was a known fact and verified by the claims file. The extraordinary cost of electronic discovery did not justify these documents.

There is no question that electronic discovery is costly. This is especially true when weighed against the likelihood of discovering relevant information in this particular

case. As demonstrated in the Jeffries case, any information which is relevant to the claim is printed from the computers and placed in the claims file. It is true that a representative of DMS has testified that perhaps not every piece of paper sent to him is printed and put into a claims file. What is also true however, as demonstrated by the Jeffries case, is that any relevant or important communications regarding a claim are in the claims file. The information contained in the electronic discovery was for the most part duplicative of the information contained in the claims file. That information that was not duplicative was not relevant and had no bearing on the outcome of the case.

## III.    CONCLUSION

Plaintiff objects to the Magistrate's Order to the extent that it holds claims file materials showing communications between counsel created prior to June 6, 2002 must be disclosed, and with regard to the electronic discovery. The date of "denial" in this case was October 2001 when Mr. Kearney was informed of his overpayment. With regard to electronic discovery, there can be no justifiable use for the electronic discovery and it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff therefore respectfully requests that the Order be overruled to the extent described herein.

Respectfully submitted,

OF COUNSEL:

WOOD & LAMPING LLP

s/ William R. Ellis
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202-2409
(513) 852-6000

Trial Attorneys for Plaintiff
Jefferson-Pilot Life Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 9th day of August, 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                s/ William R. Ellis  
                                                William R. Ellis, Esq.

215590.1