UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEFFERSON-PILOT LIFE INSURANCE COMPANY, | Case No. C-1-02-479 |
| Plaintiff, | (Judge Spiegel) |
| | (Magistrate Judge Hogan) |
| vs. | |
| CHRISTOPHER L. KEARNEY, | **PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENT** |
| Defendant. | |

Now comes Jefferson-Pilot Life Insurance Company and Disability Management Services and pursuant to Rule 26(e) of the Federal Rules of Civil Procedure supplements their response to Defendant's requests for production of documents.

**PRODUCTION REQUEST NO. 2:**

Produce every item of correspondence, memo, or other writing in your possession and/or the possession of DMS that relates to Defendant Kearney. Correspondence shall mean and shall be defined as documents, as they are set forth in the definition section preceding these discovery Requests, specifically Paragraphs 5 and 6. If you claim some of such documents are privileged, attach a privileged log showing such document(s).

**ANSWER:** Objection. Plaintiff objects to the production of information protected by the attorney-client and/or work product doctrine. See also response to Document Request No. 1. Without waiving such objection, the claim file of Defendant has been produced.

**SUPPLEMENTAL ANSWER:** Defendant has clarified that in addition to the above, he also requests copies of stored data from DMS and Jefferson-Pilot's network,

employee hard drives or back-up tapes. In addition to the above objection, Plaintiff further objects that the request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as clarified. Attached in supplementation of this response is the Affidavit of Kathleen Lyons, which sets forth the anticipated cost involved in searching the e-mail and network back-up tapes that would be in question under this request.

Respectfully submitted,

*[signature]*

William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202-2409
(513) 852-6000

Trial Attorneys for Plaintiff
Jefferson-Pilot Life Insurance Company

OF COUNSEL:

WOOD & LAMPING LLP

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served upon the following this 28th day of July, 2004, by facsimile:

Michael A. Roberts
Graydon, Head & Ritchey
1900 Fifth Third Center
511 Walnut Street
Cincinnati, OH 45202

Eugene Louis Matan
Matan Geer & Wright
261 S. Front Street
Columbus, OH 43215

*William R. Ellis*
William R. Ellis, Esq.

214166.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JEFFERSON PILOT LIFE INS.CO.,** | ) | CASE NO. C-1-02-351 |
| Plaintiff, | ) | JUDGE SPEIGEL |
| | ) | MAGISTRATE JUDGE HOGAN |
| v. | ) | |
| **CHRISTOPHER KEARNEY.,** | ) | |
| Defendant. | ) | |

**AFFIDAVIT OF**
KATHLEEN LYONS

---

KATHLEEN LYONS, being duly sworn, deposes and says:

1. I am the Vice President of the Information Technology Department for Disability Management Services, Inc. ("DMS"). I make this statement based on personal knowledge.

2. I have been asked to estimate the costs involved in the retrieval, conversion and search of electronically-stored information. For purposes of this estimate I have assumed a need to review e-mail and network back-up tapes generated out of our Springfield, MA office for the period from February 2002 (the date from which the back-up dates are available) through July 2004. Estimating 2 tapes per month (one for e-mail and one for the network) over a 29 month period, this is a total of 58 tapes through July and 60 tapes through August 2004. This estimate is based on 60 tapes and could increase if additional months are required.

3. "Backup" tapes are stored off site for disaster recovery purposes. Since the tapes are kept for this purpose, it is anticipated that they would have to be accessed only in the rare event of a full scale catastrophe which resulted in irretrievable loss of on site data.

4. There is a retrieval charge for the retrieval of each tape from off-site storage. It would cost approximately $1000.00 for retrieval of the 60 tapes and their return to storage. This cost assumes that the retrieval would not need to be a rush. A rush retrieval would cost $100.00 per tape.

5. These "backup" tapes represent the entirety of DMS' disaster recovery information.

6. Since we will not turn over the actual original tapes, they will need to be duplicated. The tapes are kept in a compressed format that cannot simply be copied. It is not just a matter of making a duplicate tape like a VCR tape. Rather, the tapes will need to be restored to hardware and then backed up again, in order for them to be delivered to an outside firm.

7. Preparation and set-up of the equipment needed to uncompress the tapes would take an estimated 16 hours. This would be a cost of $1,600.00.

8. In order to put this data in a searchable format it must first be decompressed from its current backed-up state on the Digital Linear Tape (DLT) tape. This accomplished using Computer Associates' ArcServe software. This software is designed to restore to a server the exact files that were present on the server when it was backed up. This means files in the format that is usable by the applications that use the files. The data once restored to a server, is still not yet in a searchable format.

9. The data restored would then need to go onto a server that runs the Microsoft Exchange mail software involved and then the data must be searched using Microsoft Outlook client software. This process can search only one email box at a time.

10. Even if the backup tapes could be simply copied in their current format, the data on those tapes must be restored onto a server using ArcServe software and into an Exchange environment to perform the review.

11. After a restoration has been completed, in order to perform a search of email boxes for particular words or characters, each email box must be searched separately, due to the nature of the database files designed by Microsoft. The Microsoft software itself is designed to be heavily encrypted to ensure mailbox privacy and security. This means that we will have to go through all of the built-in safeguards to the email boxes.

12. The process requires the transitions of the data from its current stored format to a usable form.

13. This process of formatting the tapes from their current state to a searchable format would take an estimated 180 hours at a cost of $18,000.00. To then search the tapes would take an additional 60 hours at a cost of $6,000.00. This cost estimate is based on the cost of a similar search previously performed.

14. The total estimated cost for the retrieval, recovery and search of the back-up e-mail and network tapes is $26,600.00. This number does not include any hardware costs.

15. I am willing to offer additional information or testimony on this mater if needed.

_____
KATHLEEN LYONS

Sworn to and subscribed before me
this 20th day of July 2004

_____
NOTARY PUBLIC



DARLENE MARIE STANCZAK
Notary Public
Commonwealth of Massachusetts
My Commission Expires Nov 22, 2007