UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE COMPANY, | : | Case No. C-1-02-479 |
| | : | |
| Plaintiff, | : | (Judge Spiegel) |
| | : | (Magistrate Judge Hogan) |
| vs. | : | |
| | : | **PLAINTIFF'S OBJECTIONS TO** |
| CHRISTOPHER L. KEARNEY, | : | **DOCUMENT NO. 77, ORDER** |
| | : | **SUBMITTING PLAINTIFF'S** |
| Defendant. | : | **MOTION FOR SANCTIONS** |

I. **PROCEDURAL INTRODUCTION**

Now comes Plaintiff Jefferson-Pilot Life Insurance Company and objects in part to the Order regarding Plaintiff's Motion for Sanctions (Document No. 68). Specifically, Plaintiff objects to that portion of the Order which addresses the imposition of sanctions on Plaintiff's counsel, William R. Ellis. Jefferson-Pilot also objects to the conclusion of the Magistrate Judge that its allegations lacked basis. This objection is being made at this time to preserve Plaintiff's right to object. Plaintiff has filed a Motion to Stay Operation of this Order and the Order on Discovery, which has not yet been ruled upon. A copy of the Order is attached as Exhibit A.

II. **FACTUAL OVERVIEW**

On June 23, 2004, Plaintiff hand-filed its Motion for Sanctions (Document No. 68). Due to the sensitive nature of the allegations, Plaintiff chose to hand-file the document so that it would not be available for public access and to protect the interests of opposing counsel, Michael A. Roberts, and his law firm, Graydon Head & Ritchey. The Court referred consideration of the motion to the Magistrate Judge and caused the same

to be filed electronically. Defendant filed a Memorandum in Opposition on July 14, 2004. Although Defendant acknowledged a portion of the allegations in the Motion for Sanctions, he argued that several of the allegations were frivolous. The Magistrate Judge issued its Order on July 26, 2004.[1]

In its ruling, the Magistrate Judge indicated that both counsel for Plaintiff and counsel for Defendant would be sanctioned. The basis for sanctions against counsel for Plaintiff appears to be in the filing of the motion itself. Although the Magistrate Judge has acknowledged that the motion in fact has merit, as evidenced by his indication that sanctions are being considered against counsel for Defendant, he appeared to agree that some of the allegations were frivolous. As a result, the Magistrate Judge concluded that making the allegations in and of itself was sanctionable behavior. To this conclusion, Plaintiff objects. It is the position of Plaintiff that the allegations made were well-founded and supported both in fact and law.

### III.  ARGUMENT

####   A.  DMS Employee Evaluations Are Subject To A Protective Order Entered In The Jeffries Case.

Plaintiff had a good faith basis to seek a sanction for Counsel's use of a performance evaluation obtained during the course of the Jeffries case during the deposition of Todd Ditmar in this case. Plaintiff's contention that defense counsel violated a Confidentiality Order is based on an Order issued by this Court in the case of Centre Life v. Jeffries, Case No. 02-CV-351. Plaintiff's claim that there was a violation of a Protective Order does not relate to any Protective Order issued in the Kearney case. The Protective Order in question was that issued by the Court in the Jeffries case on 4-2-

---

[1] Although this Court's ruling came before the time had elapsed for Plaintiff to file a Reply, a Reply Brief in Support of the Motion for Sanctions was in fact filed on July 28, 2004.

04, which was a Stipulated Protective Order signed by counsel for both parties, following the Court's 3-23-04 Order addressing the confidentiality of performance evaluations. Both these Orders are attached to Plaintiff's Motion for Sanctions and Reply.

In the Jeffries case, the Court's 3-23-04 Order specifically applied to the performance evaluation of John Midghall.  Mr. Midghall's performance evaluation was Bates numbered at DMS0047-0051.  It was this same performance evaluation that was used during the deposition of Todd Ditmar during the case at bar as part of Exhibit 30. There can be no question that Mr. Midgehall's performance evaluation was expressly sealed by the Court and made confidential.  Plaintiff had a good faith basis to claim violation of both the 3-23-04 Order granting Centre Life's Motion to Seal Mr. Midghall's evaluation and the 4-2-04 Stipulated Protective Order.  This performance evaluation was expressly subject to the granted Motion to Seal and Stipulated Protective Order.  The use of this sealed document during the Mr. Ditmar's deposition was a violation of these Orders and sanctionable.  Plaintiff had a good faith basis to bring this allegation.

Moreover, in the 3-23-04 Order granting the Motion to Seal Mr. Midghall's performance evaluation, the Court expressly recognized that the performance review contained "information from the personnel file from one of Defendant's employees.  The Court finds such information to be protected from public inquiry. . ." *See* 3-24-04 Order in the Jeffries case.  There can be no question that the Court recognized the confidential nature of performance evaluations.  It was in this spirit that Jefferson-Pilot and DMS believed in good faith that the Court had then made confidential the remaining performance evaluations produced during the Jeffries case.  In the 4-2-04 Stipulated Protective Order, the Court expressly stated that the Protective Order applied to the

"previously redacted 'performance evaluations.'" In its Order addressing the Motion for Sanctions, the Court has now stated that the Stipulated Protective Order applied only to the previously redacted material. Plaintiff respectfully requests that the Court review the Stipulated Protective Order in total and respectfully suggests that the Stipulated Protective Order was intended to apply to the entirety of the previously redacted performance evaluations, not the previously redacted material only. This is in keeping with the Court's 3-23-04 Order recognizing the personal nature of performance evaluations.

Plaintiff objects to the Magistrate Judge's finding that this allegation lacked basis. The allegation of a violation was supported by Orders entered in the Jeffries case. Even if the Court finds that the use of the sealed performance evaluation was not sanctionable, Jefferson-Pilot and DMS submit that these evaluations must not be further disseminated. The evaluations obtained during the course of the Jeffries case contain personal information which must be protected.

**B.   The Failure Of Counsel To Properly Identify His Interest To A Former Employee Who Is A Potential Witness Is Sanctionable**.

Included in Plaintiff's Motion for Sanctions was its complaint that in his contact with Mr. Maxwell, a former employee of Jefferson-Pilot, Mr. Roberts failed to properly identify himself to the Maxwells as an attorney representing an interest adverse to Mr. Maxwell's former employer, Jefferson-Pilot. Ohio Ethics Opinion 96-1 confirmed that an attorney may communicate with former employees of a corporation, when the attorney is representing a client in a matter adverse to the corporation, but that "an attorney must fully explain to the former employee that he or she represents a client adverse to the corporation." *See* Opinion No. 96-1, attached as Exhibit P to Plaintiff's Motion for

Sanctions. Plaintiff does not argue the fact that Mr. Roberts contacted the Maxwells in any way violated his professional ethical responsibilities. But, in his contact with the Maxwells, Mr. Roberts failed to properly identify himself as an attorney representing an interest adverse to Mr. Maxwell's former employer, Jefferson-Pilot. The Court concluded that this claim was based on a hearsay statement from J.L. Roberson that Mrs. Maxwell had been deceived and that this statement did not justify the allegation. Plaintiff objects to this conclusion and respectfully submits that the allegation was not based simply on Mr. Roberson's statements, but on Mr. Roberts' own admissions in responding to Mr. Roberson's allegations. It was these admissions that provided a good faith basis for Jefferson-Pilot to make the allegation. As such, the allegation was not frivolous.

The exchange that took place during Mr. Roberson's deposition speaks for itself. On the record, Mr. Roberts reiterated what he said to Mrs. Maxwell and how he identified himself. <u>Mr. Roberts</u> stated "I spoke to his wife, . . .. I said, Mrs. Maxwell, my name is Mike Roberts, I'm a lawyer, I'm in Greensboro taking some depositions relating to a Jefferson-Pilot matter." *See* Exhibit I to Motion for Sanctions at p. 37. The Court is correct that Mr. Roberson then challenged Mr. Roberts on the fact that Mrs. Maxwell understood him to be representing Jefferson-Pilot. Important is the fact that in responding to this, Mr. Roberts questioned "what difference does it make if he can give a deposition whether it's at the request of a lawyer representing the Plaintiff or a lawyer representing the Defendant? By the way, I'm not a Plaintiff's attorney. I'm the Defendant in this case." *See* Exhibit I at p. 39. Mr. Roberts does not deny Mr. Roberson's allegations that he did not properly identify himself to the Maxwells when he requested the deposition. Although Mr. Roberts is correct that as to Mr. Maxwell's

ability to give or not give a deposition, his representation is not at issue. What is at issue, however, is his identification of his representation to the Maxwells. This allegation is based not simply on the statement of Mr. Roberson, but the entirety of the exchange between Mr. Roberson and Mr. Roberts. As such, it was well-supported by ethics opinion 96-1 and the statement of Mr. Roberts during Mr. Roberson's deposition. It was not frivolous and the fact that the allegation was made is not sanctionable.

### C. The Court's Ruling On The Motion For Sanctions Demonstrates That Filing The Motion Was Not Frivolous

The Magistrate's Report Recommendation concludes that the some of the allegations made by Plaintiff in its Motion for Sanctions lacked basis. The Court appeared to base its intended sanction of Plaintiff's counsel on the fact that the motion had been filed. The Court went on to state, however, that the behavior of defense counsel during depositions and in his correspondence was sanctionable. The fact that the Magistrate Judge found merit in at least a portion of Plaintiff's Motion for Sanctions militates against the finding that filing the motion in and of itself was sanctionable behavior. Even if the Court disagrees that the actions Plaintiff complains of were sanctionable, in light of the entirety of the motion, it is clear that the issues needed to be addressed. Filing the Motion for Sanctions was done as a last resort and in an effort to work toward resolution of the issues in this case. Plaintiff respectfully submits that in fact resolution of the issues raised in the Motion for Sanctions is being discussed between counsel. Plaintiff therefore objects to the finding that filing the motion was frivolous and requests that the Magistrate's Report and Recommendation be overturned on this point.

**IV.    CONCLUSION**

Plaintiff objects to the Magistrate's Order with regard to the Motion for Sanctions to the extent it concludes that portions of Plaintiff's motion lacked basis.  Plaintiff relied upon both Court orders and deposition testimony in making its allegations.  Plaintiff respectfully requests that the Court's order regarding sanctions be modified in this respect.  Regardless of whether the Court agrees that the motion has merit, Plaintiff respectfully submits that filing the motion was not frivolous.

                Respectfully submitted,

OF COUNSEL:

WOOD & LAMPING LLP

s/ William R. Ellis
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202-2409
(513) 852-6000

Trial Attorneys for Plaintiff
Jefferson-Pilot Life Insurance Company

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 9th day of August, 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ William R. Ellis  
William R. Ellis, Esq.

215386.1