FILED

AUG 1 7 2004

JAMES BONINI, Clerk
CINCINNATI, OHIO

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE CO., | ) | CASE NO. C-1-02-479 |
| Plaintiff, | ) | JUDGE SPIEGEL |
| | : | Magistrate Judge Hogan |
| vs. | ) | |
| CHRISTOPHER L. KEARNEY, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO CONTINUE
PARTIAL SUMMARY JUDGMENT HEARING**

This Court has scheduled a hearing on the parties' competing motions for partial summary judgment for Tuesday, August 17, 2004 (the "Hearing"). Because many depositions remain untaken and many documents requested and ordered to be produced remain unproduced, the defendant, Christopher Kearney, a policyholder sued by his insurer, Jefferson-Pilot, requests a one month continuance of the Hearing. A memorandum in support is attached.

Respectfully submitted,

s/ Michael A. Roberts
Michael A. Roberts, Esq.
GRAYDON HEAD & RITCHEY LLP
511 Walnut Street, Suite 1900
Cincinnati, OH 45202
(513) 629-2799
(513) 651-3836 - fax
email: mroberts@graydon.com

**MEMORANDUM IN SUPPORT**

This Court should sustain Christopher L. Kearney's Motion For Partial Summary Judgment. (*Doc. 19*). The disability insurance policies at issue (collectively, the "Policy") require Jefferson-Pilot Insurance Company (the "Insurer") to pay Mr. Kearney a Residual Disability Benefit inclusive of: (i) an annual 7% "Increase in Benefits" (the " COLA Benefit"); (ii) a Social Security Supplement Benefit (the "SSS Benefit"); and (iii) a Waiver of Premium Benefit (the "Premium Waiver"). In addition, the Insurer must pay these benefits to Mr. Kearney for life should Mr. Kearney remain "Residually Disabled" within the meaning of the Policy.

However, before the Court can determine the parties' rights at a summary judgment hearing (the "Hearing") it is imperative that Mr. Kearney be entitled to the discovery which he has requested and which has been ordered/compelled by the Court. [Notably, the plaintiff has taken the depositions it requested and received the documents it sought].

The District Court recognized this fundamental right in its Order of July 15, 2004, wherein the Court denied plaintiff's request to accelerate the Hearing and suggested it may be necessary to even postpone the Hearing to accommodate Mr. Kearney's discovery requests. (*Doc. 74*). In that Order, Judge Spiegel specifically found (as the Magistrate Judge had concluded during an informal discovery conference of April 28, 2004 – *Docs. 48 and 49*) that:

> "when discovery disputes have been resolved, and if necessary, further depositions are completed then the case will be in a correct posture for a hearing on the Cross Motions. It remains to be seen whether it will be necessary to postpone the August 4 2004 hearing, but it is clear that an expedited hearing is neither practicable or just at this time." (*Doc. 74*).

A Hearing on August 17, 2004, is not "just" because the discovery disputes have <u>not</u> been resolved and the requested depositions remain untaken.

The last discovery deadline set in this case was May 1, 2004. (*Doc. 25*). Following an informal discovery conference conducted on April 28, 2004, the Magistrate Judge ordered the conduct and completion of requested depositions before the summary judgment Hearing. (*Docs. 48 and 49*).

Defendant was required to file a First Motion to Compel (*Doc. 43*) and a Second Motion To Compel (*Doc. 54*). On July 26, 2004, the Court sustained these motions. (*Doc. 76*). Last week, on August 9, 2004, the plaintiff filed Objections. (*Doc. 81*).

In addition, on August 13, 2004, the Magistrate Judge seemingly reversed its ruling regarding the timing of plaintiff's compliance with its Rule 34 obligations. According to the Magistrate's more recent ruling (to which Mr. Kearney intends to file objections), the plaintiff may now refrain from producing documents requested under Rule 34 until after this Court decides the competing motions for summary judgment. (*Doc. 83*). The Magistrate's recent ruling is based on two inaccurate premises: (i) that the Rule 34 requests were directed only to the bad faith claim and not plaintiff's declaratory judgment claim; and (ii) that plaintiff has now finally provided "an appropriate" privilege log. *Id.*

An unmodified and <u>unsatisfied</u> order that the Magistrate made on April 28 (*Docs. 48/49*) and again on July 26 (*Doc. 76*) is that the depositions of Mr. Mills and Hughes should "go forward" prior to the summary judgment hearing. Due to primarily the vacation schedule of plaintiff's counsel, those depositions have not been completed.

This untapped Rule 34 and Rule 30 information will assist the Court in determining the parties' rights under the insurance policies.

## Conclusion

It is important and only fair for Mr. Kearney to obtain all the discovery to which he is entitled before the Court determines the rights of the parties under Rule 56. For that reason, Mr. Kearney requests a one month continuance of the Hearing. The Continuance will not prejudice or harm plaintiff in any way. Mr. Kearney also desires to limit the continuance to a single month so that the November 16, 2004 trial date may be preserved.

> Respectfully submitted,
>
> s/ Michael A. Roberts
> Michael A. Roberts, Esq.
> GRAYDON HEAD & RITCHEY LLP
> 511 Walnut Street, Suite 1900
> Cincinnati, OH 45202
> (513) 629-2799
> (513) 651-3836 - fax
> email: mroberts@graydon.com

## CERTIFICATE OF SERVICE

I hereby certify that the original of the above has been filed electronically with the court and a copy has been thereby served this 16th day of August, 2004, upon William R. Ellis, Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, OH 45202.

> s/ Michael A. Roberts