UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEFFERSON-PILOT LIFE INSURANCE COMPANY, | : |
| | : Case No. C-1-02-479 |
| Plaintiff, | : |
| | : (Judge Spiegel) |
| | : (Magistrate Judge Hogan) |
| vs. | : |
| | : **PLAINTIFF'S MEMORANDUM IN** |
| CHRISTOPHER L. KEARNEY, | : **OPPOSITION TO DEFENDANT'S** |
| | : **MOTION TO CONTINUE** |
| Defendant. | : |

    On the eve that the Summary Judgment Hearing is scheduled to take place, Defendant has now filed a motion to continue the hearing. This motion appears to be in response to the Court's Order of August 13, 2004. In that Order, the Magistrate Judge recognized that many, if not all, of the issues between the parties may be resolved by resolution of the cross-motions for summary judgment. The Magistrate Judge has concluded that if the Trial Court finds that the policy language in question is clear and unambiguous, then this will resolve several of the disputes between the parties and thereby eliminate the possibility of a viable bad faith claim. The Magistrate Judge also recognized that if the policy language is found to be ambiguous, then additional discovery related to the bad faith claim may be necessary. There is no question that the cross-motions for summary judgment should be resolved.

    Although Defendant begins his memorandum in support by arguing that his motion for summary judgment should be sustained, he again requests an extension of the hearing date. He argues that the discovery he seeks is not related only to the bad faith claim. This contention is in direct conflict with the fact that Defendant initially filed his motion for partial summary judgment several months before any of the discovery was completed.

Defendant filed his motion for summary judgment on the declaratory judgment issue on November 3, 2003. At that time, he represented to the Court that with regard to the declaratory judgment issue, there were no genuine issues of material fact related to the contract interpretation claim. This is consistent with the holding of the Magistrate Judge. As determined by the Magistrate Judge, the discovery issues in dispute are related to the bad faith claim. These discovery disputes need not be resolved until after the Trial Court considers the cross-motions for summary judgment.

It is correct that the depositions of Mr. Mills and Mr. Hughes have not yet been completed. It is also correct that these depositions were not even begun when Defendant initially filed his partial motion for summary judgment. Defendant cannot now claim that these depositions are necessary to resolution of the summary judgment issues. Defendant filed his motion for summary judgment before these depositions were taken, and there is no good faith argument that the depositions must be completed in order to resolve the declaratory judgment issue.

Moreover, any delay in the completion of the depositions of Mr. Mills and Mr. Hughes does not justify continuation of this hearing. As Plaintiff has previously stated to the Court, these depositions were begun in accordance with the Magistrate Judge's Order. The fact that they were not completed is not the fault of Plaintiff's counsel. Moreover, the vacation schedule of one of the Plaintiff's counsel did not foreclose completion of the depositions, as there are other counsel of record representing Plaintiff in this case. In fact, counsel have not discussed any date for the reconvening of these depositions.

Finally, to further delay this hearing will serve to further prejudice Plaintiff. Jefferson-Pilot has continued in good faith to pay what it believes to be an overpayment. It

has also represented to Mr. Kearney that up until this point, it will not seek reimbursement of the overpayment amount. At this time however, there have been four continuances of the summary judgment oral argument. Although this case was originally set for oral argument in April of 2004, it was continued until May 26, 2004 and August 4, 2004, until it was finally set for August 17, 2004. Any additional continuances will result in further prejudice to Plaintiff. If this hearing is continued, Plaintiff will have no choice but reserve its right to seek reimbursement of any overpayments after August 17, 2004.

There is no basis to continue this hearing. The only outstanding discovery issues relate to bad faith, which are not the subject of Defendant's motion for partial summary judgment and Plaintiff's cross-motion for summary judgment. Plaintiff respectfully requests that Defendant's motion to continue be denied.

Respectfully submitted,

OF COUNSEL:

WOOD & LAMPING LLP

s/William R. Ellis
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202-2409
(513) 852-6000

Trial Attorneys for Plaintiff
Jefferson-Pilot Life Insurance Company

- 4 -

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 17th day of August, 2004.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                                s/ William R. Ellis
                                                William R. Ellis
                                                Trial Attorney for Plaintiff
                                                Jefferson-Pilot Life Insurance Company

216378.1