1

```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION


                          - - -


JEFFERSON-PILOT LIFE        .  CIVIL ACTION NO. C-1-02-479
INSURANCE COMPANY, et al., .
                            .
          Plaintiffs,       .  Cincinnati, Ohio
                            .
         - v -              .  Tuesday, August 17, 2004
                            .  3:00 p.m. Hearing
CHRISTOPHER L. KEARNEY,     .
                            .  Cross-Motions for Summary
          Defendant.        .  Judgment
. . . . . . . . . . . . . . .

              TRANSCRIPT OF PROCEEDINGS
      BEFORE THE HONORABLE S. ARTHUR SPIEGEL, JUDGE
TRANSCRIPT ORDERED BY: William R. Ellis, Esq.
```

APPEARANCES:

For the Plaintiffs:   WOOD & LAMPING
                      BY:  William R. Ellis, Esq.
                      and  Amy Gasser Callow, Esq.
                      600 Vine Street
                      Suite 2500
                      Cincinnati, Ohio   45202

For the Defendant:    GRAYDON, HEAD & RITCHEY
                      BY:  Michael A. Roberts, Esq.
                      511 Walnut Street
                      Cincinnati, Ohio   45202

Also Present:         Mr. Christopher Kearney

Law Clerk:            Keith Syler, Esq.

Courtroom Clerk:      Kevin Moser

Court Reporter:       Mary Ann Ranz

                          - - -

7

1  Disability.  Those benefits are available.

2      Sickness for Total Disability, that applies in Residual
3  Disability.  And then we come to the first issue of dispute
4  in the case:  The definition in the policy of Increase in
5  Benefits.  Like all the other definitions I just referenced
6  and those here on the handout, it is described by using the
7  words Total Disability.  But just like all the other
8  definitions, it applies in Residual Disability, as I'll show
9  the Court.

10     When a person applies -- purchases and pays a premium for
11 Residual Disability and then they apply for Residual
12 Disability, to make sense of the rider in this policy --
13 because the way the policy was written, it doesn't mention
14 Residual; you have to take the rider and then go back for the
15 policy and apply these definitions as if it's Residual.  Just
16 like it's undisputed for Elimination Period, Maximum Benefit
17 and Monthly Benefit, even those described as Total, they
18 apply in Residual and so does Increase in Benefits, as we'll
19 get to in a second.

20     Now, the language of Increase in Benefits says, "After
21 you've received benefits for Total Disability for 12
22 consecutive months."  As I'll show you, because of the
23 Residual Disability rider and the claim for residual, when
24 residual is the issue, it should be read, "After you've
25 received benefits for Residual Benefits for 12 months."  The