Based on your policies' definitions as stated above and in your contracts, and the information in your file which includes all of the above information supplied by you, we have continued to administer your claim under the Residual Disability benefit provisions. We have also explained to you on numerous occasions, both verbally and in writing, with detailed specificity, how your policies' provisions apply to your particular claim situation (see enclosed copies of our letters dated October 2, 2000 and July 13, 2001). Any claim by you that we have not done so, is not born out by the facts and the documentary evidence in the file, and is simply false. You may disagree with our assessment of how your policies' provisions apply to your claim, which is your right; but to state that we have not explained our position, citing both the facts of the claim and the policies' definitions and provisions, is completely disingenuous.

As your claim has been, and appears to continue to be, one of Residual Disability, you are not eligible for Waiver of Premium benefits. Please review that provision of your policy, which clearly states that such is the case. You have also been advised of this on several occasions, including in Mr. Harold D. Shelton's letter to you dated January 28, 1998, a copy of which is enclosed for your review.

You will also note that, in his letter, Mr. Shelton also provides you with the answer to yet another question you claim you never received ie. "a written explanation of my policies to include length of benefits (emphasis added)". Please see the second sentence in the second paragraph which states "The Residual Disability Rider provides that benefits will be payable to age 65" Again, the documentary evidence shows that your assertions that you have never received this information, are without any merit whatsoever.

*By reiterating the information communicated in Mr. Shelton's letter (copy enclosed)* ~~(Here is optional paragraph——Notwithstanding that Jefferson Pilot/Mr. Shelton has provided you with the above information~~ regarding the benefit period for Residual Disability, ~~you claim you never received, which is what we have also relied on heretofore, we re-examined the policies ourselves to determine where, in the documents, the age 65 maximum benefit period for Residual Disability is actually stated. Although,~~ *although the policy language does not specifically address age 65 as a limitation, it is generally accepted* we are unaware of any Residual Disability benefit written by any insurance company ~~for whom we have provided service~~, that provides benefits beyond age 65. ~~We are unable to find where the policy actually cites the age 65 limitation. Therefore, in the absence of such language, we would have to agree with your assessment that the benefit period for Residual Disability benefits, for a disability that begins before age 45 (such as yours), would be the same as the benefit period for Total Disability, i.e. life. We have discussed this with JP, and they have stated that, inasmuch as the contract is not specific in this regard they will resolve the matter in your favor—end of 1st alternative paragraph)~~ *However, we are willing to look at this issue as part of a global settlement of both policies*

In an effort to amicably resolve our differences, we held discussions with your previous attorney about the possibility of a compromise settlement. We also apprised you of these discussions in our letter to you dated March 11, 2002. (The offer we made at that time was based on the belief that Residual Disability benefits were only payable to age 65. Based on a lifetime benefit period, the company is now willing to increase their offer to ___. If you are interested in pursuing a settlement along these lines, please let us know.—end of 2nd alternative paragraph) Based on your comments in your April 8, 2002 letter, we assume that you do not have any further interest in resolving our differences by way of a compromise settlement. If this in not an accurate assessment of your sentiment, please let us know.

*d/b/a: New England Claims Administration Services, Inc. in FL, MD, ME*
*Licensed as New England Claims Administration Services, Inc. in CA*
*d/b/a Centre Claims Administration Services in NH*

0559

```
            MAY        JUN        JULY
           8166.00    8166.00    8166.00
          -3000.00   -6000.00   -2000.00
           5166       2166       6166

#538069                          # 493029

 ⎡ 1808°°      5166
 ⎢ 1008°°     ───── = 63 %  MAY      1732 50
 ⎣            8166                              
              ────                               ⟩    3107 50
             8166                                    -2750 °°
                                                     ───────
   800°°      2166                                     357 50
             ───── = 50 %  Ju      1375 °°
             8166

  1600°°    ~200°
             6166
            ───── = 100 %           2750 °°
             8166
```

#451089
#53806°
#. 4930°

Jefferson-Pilot
Life Insurance Company
PO Box 21008
Greensboro, NC 27420
Telephone 919 691 3000



July 6, 1993

Chris L. Kearney
16168 Village Woods Drive
Cincinnati, OH  45241



RE:  Policy H-538069 & H-493029

Dear Mr. Kearney

Your disability claim has been carefully reviewed.

In order that further consideration can be given your claim for residual disability benefits, please have the enclosed residual disability claim form completed and return it to us.

The disability form which you furnished was dated June 9, 1993.  Therefore, in order that your claim may be considered on a current basis please have the enclosed blue form completed also.

If you have any questions, please let us know.

Sincerely

Robert Maxwell (fj)
Robert W. Maxwell, ALHC
Supervisor of Claims
IHI Adm Dept. #4170

RWM/fj

2697

Jefferson-Pilot
Life Insurance Company
PO Box 21008
Greensboro, NC 27420
Bus 910 691 3000

November 08, 1994



Jefferson Pilot
INSURANCE / FINANCIAL SERVICES

Chris L. Kearney
12168 Village Woods Deive
Cincinnati, OH 45242

RE: Policy H-493029 & H-538069

Dear Mr. Kearney

Your latest disability claim has been carefully reviewed.

In order that further consideration can be given your claim, please let us have a copy of your 1992 and 1993 tax returns including copies of your W-2 forms and please let us have a statement from your accountant telling us your earnings during 1994.

Your cooperation is appreciated.

Sincerely

Robert W. Maxwell, ALHC
Supervisor of Claims
IHI Administration - 4170
Ext. #4371

RWM/fj

2720

Christopher L. Kearney
12168 Village Woods Dr.
Cincinnati, OH 45241

Mr. Robert W. Maxwell                                    January 26, 1994 95
Supervisor of Claims
Jefferson-Pilot
PO Box 21008
Greensboro, NC 27420

RE: Policy H-493029 & H-538069

Dear Mr. Maxwell:

I received a copy of your most recent letter of 1/18/95 to my Accountant, Thielen & Company. I have forwarded information to Thielen & Company concerning the payment of commissions to another sales representative in 1993. Also, I have forwarded copies of invoices from the computer firm which was paid for computer training in 1993. Thielen & Company will reply to you within a few days.

I am enclosing a copy of my 1994 W-2. The original has been sent to the IRS.

Per your request of 1-18-95, I have asked Thielen & Company to forward copies of my 1994 personal and 1995 Kearney Associates, Inc. corporate tax returns when they are available. These will take at least a month and probably longer to be completed.

Mr. Maxwell, I do not agree that Jefferson Pilot is making every effort to process this claim as soon as possible. This claim was sent to you on Nov. 1, 1994. I did not receive your first letter of 11/8/94 until Nov. 28, 1994. Obviously it was not sent until after I called you in late November to check on the status of the claim. Also, several letters of correspondance from your office were sent to my previous address even though I have put my current address on previous communication. This further delayed the claim.

Even though my accountant has responded promptly and completely to each of your three previous requests for additional and sometimes redundant information, I am now being asked by Jefferson-Pilot for tax returns which are not available yet and certainly were not available last November when the claim was initiated. In my view, Jefferson-Pilot will continue to make further requests for information and stall payment on my claim. If this claim is being held up because of inexperience on your part, Mr. Maxwell, I request that this claim be handled directly by someone at Jefferson-Pilot who has experience with this type of claim.

My accountant has twice verified my income in 1994 and now you have my W-2. I do not think that it is reasonable for me to wait any longer for payment by Jefferson-Pilot. As I have for years, I have continued making my monthly premium payments to Jefferson-Pilot.

2753

My employer, Kearney Associates, Inc., has just been terminated for lack of production by a major, long-time principal. This is directly related to my current medical condition. Waiting for Jefferson-Pilot to pay this claim and the stress involved further compicates my recovery.

After waiting almost three months, I would appreciate payment now from Jefferson Pilot. Further stalling by Jefferson-Pilot will prompt me to make a formal complaint to the Ohio Dept. of Insurance.

Very truly yours,

*Christopher L. Kearney*
Christopher L. Kearney

cc: Charles Melville, Strauss & Troy
    Harold Duryee, Director, Ohio Dept. of Insurance

Jefferson-Pilot
Life Insurance Company
PO Box 21008
Greensboro, NC 27420
Bus 910 691 3000

February 24, 1995



Jefferson Pilot

INSURANCE / FINANCIAL SERVICES

M. Lehenbauer, MD
770 Reading Road
Mason, OH  45040


RE:   Policy H-493029 & H-538069 - Christopher Kearney


Dear Dr. Lehenbauer


We are currently auditing a disability claim for
Christopher L. Kearney.

In order that further consideration be given his claim, we
will appreciate your sending us a copy of your office
records pertaining to any treatment of Mr. Kearney.

Your cooperation is appreciated.  An authorization for
release of this information is enclosed along with a
business reply envelope for your use.


Sincerely


Phyllis J. Harden
Claims Analyst
IHI Administration - 4170
Ext. #4922

PJH/fj

Christine
$25.00 ✓ on copying fee!
OK

2793

Christopher L. Kearney
12168 Village Woods Dr.
Cincinnati, OH 45241

Mr. Robert W. Maxwell                                           February 6, 1995
Supervisor of Claims
Jefferson-Pilot
PO Box 21008
Greensboro, NC 27420

RE: Policy H-493029 & H-538069

VIA: Facsimile

Dear Mr. Maxwell:

I called you this morning to again inquire about the status of my claim on the above policies. You have now had this for over 90 days. You told me that you, just this morning after my phone call, have taken my file to the dept. supervisor. You received my letter of 1/26/95 on Monday of last week.

You did not phone me back as you said you would so I called again this afternoon. Now you tell me that it is in the hands of the dept. supervisor and it may be tomorrow before you get back to me. Frankly, Mr. Maxwell, I have heard that before from you and I believe that this is just another stall technique that Jefferson-Pilot is using.

On my previous claim when I had back surgery, I was sent a check in less than 30 days. I expect the same service on this claim.

If I do not receive a check from Jefferson-Pilot by Friday, February 10, 1995, I will be making a formal complaint with the Ohio Dept. of Insurance. Also, I will discuss legal action with my attorney on Monday, February 13, 1995.

Please take this message to the appropriate people at Jefferson-Pilot.

Very truly yours,

Christopher L. Kearney

cc: Charles Melville, Strauss & Troy

2799

November 19, 1996

Mr. Ernie Smith
Callaghan, Nawrocki
225 Broad Hollow Road
Mellville, NY 11747

RE: Policies H-493029 & H-538069
    Christopher Kearney

Dear Mr. Smith:

In accordance with our telephone conversation, we are enclosing a copy of the application for the two policies mentioned above, a specimen of the policy form issued, the initial claim form, and monthly statements regarding Mr. Kearney's reported income. Also, enclosed is a copy of the form which was the basis for removal of an exclusion rider from the policy, H-538069.

Policy H-493029 was issued effective May 28, 1990. The policy provides a basic benefit of $2,125 plus a Social Security Supplement of $525. It includes a seven percent cost-of-living adjustment rider and a residual disability benefit rider. The policy originally excluded back disorders but this restriction was removed as indicated above. Policy H-538069 was issued effective May 28, 1991 (I erroneously advised 1990). This policy provides a basic benefit of $1,375 with a $225 Social Security Supplement. It also includes residual disability and a C.O.L.A. rider. This policy is still in the contestable period.

Disability benefits have been paid since May 6, 1993 including the adjustments, we are paying $5,566.50 currently each month. The initial cause was reported as a lumbosacral spine strain and later changed to depression. Total disability benefits were paid from May 6, 1993 to April 1, 1994. Residual disability has been paid since that date with the last payment covering the period from October 1 to November 1, 1996. Based on his reported income, full benefits have been paid.

2817

Mr. Ernie Smith
November 19, 1996
Page 2

If after reviewing these materials, you need any additional information, please let me know. Your assistance in the investigation of this claim will be appreciated.

Sincerely,


J. L. Roberson

JLR:mds

Enclosures

2818

Faxed 3-6-98

**From:**

Name: Chris Kearney
Company: Kearney Associates, Inc.
Phone: (513) 769-5885
Fax: (513) 769-0818

**To:**

Name: Ms. Phylis Harden
Company: Jefferson Pilot- Claims Dept.
Phone: (910) 691-3000
Fax: (910) 691-4254

**Total number of pages, including cover: 1**

**Message:**

Please process the following Supplemental Disability Claim Report for Policy #H-493029 and H-538069. I am mailing the originals to you today. Thank you.

*Please check to see if yearly increase in benefits is due. Thank you.*

*Chris Kearney*

2846

September 18, 1997

Mr. Todd C. Ditmar
Disability Management Services, Inc.
1391 Main St.
Springfield, MA 01103-1619

RE:   Policy H-493029 & H-538069 - Christopher Kearney

Dear Todd

As you requested in your letter, dated September 12, 1997, enclosed you will find a copy of policy form WJ-576A, which is the same policy form both of the above insured's policies.

Should you need additional information for your investigation in this matter, please let us know.

Sincerely,


Harold D. Shelton
Manager, Individual Health Administration
4170

HDS/bb

2880

## *Disability Management Services, Inc.*
New England Claims Administration Services, Inc. ** Centre Claims Administration Services

Harold Shelton
Jefferson-Pilot
Life Insurance Company
PO Box 21008
Greensboro NC 27420

September 12, 1997

Re: Christopher Kearney  H.

Dear Harold:

As we discussed in our recent telephone conversation, we are recommending the following steps in order to properly evaluate Mr. Kearney claim for disability benefits.

- We will be contacting Mr. Kearney to discuss the details of his claim. Specifically, we will question him regarding his occupational duties and determine the exact duties he performs on a daily basis. We will attempt to obtain information regarding his clients, past and present, which may help objectify his claim. We will also discuss his current medical treatment and we will enlist the services of Psychiatric Disability Consultants to contact his providers and discuss his current condition and treatment.

- As Mr. Kearney has refused Jefferson-Pilots' request for an independent financial audit, we would request that you forward a copy of Mr. Kearney's policy to us so that we may have it reviewed by our legal counsel. It would seem that an audit would be the only true way to measure and objectify his reported loss of income.

Once the above items are completed we will be in a better position to discuss our future actions on this claim.

Thank you for your assistance. Should you have any questions or if you need any additional information, please call me at (413) 747-0990 ext. 107.

Sincerely,

*Todd C. Ditmar*

Todd C. Ditmar
Disability Claim Consultant

2886

1391 Main Street   Springfield, MA 01103-1619   (413) 747-0990   Fax (413) 747-1545

Jefferson-Pilot
Life Insurance Company
PO Box 21008
Greensboro, NC 27420
Bus 910 691 3000

COPY OF ORIGINAL



July 8, 1997

Disability Management Service
1391 Main St.
Springfield, MA 01103-1647
Attn.: John Anderson

RE: ~~[redacted]~~
Policy H-493029 & H-538069 - Christopher Kearney
~~[redacted]~~

Dear John

Enclosed is the material from the files on the above 3 insureds, which represents 4 policies in force.

These are cases that you are going to investigate for us to see what can be done either to settle these in an equitable manner to both the reinsurer and to Jefferson-Pilot or to give us further advice on where to proceed.

Thank you for your help in this matter. If you have any questions or need additional information, please let us know.

Sincerely,


Harold D. Shelton
Manager, Individual Health Administration
4170

HDS/bb

2892

*Disability Management Services, Inc.*
1350 Main Street Springfield, MA 01103-1619  Tel:(413)747-0990  Fax:(413)747-1545
A third party administrator for:
*Jefferson-Pilot Life Insurance Company*

August 11, 2000

Christopher Kearney
3218 Glengyle Ave
Cincinnati, OH 45208

Re: Policy Number/s: H-493029, H-538069

Dear Mr. Kearney,

Thank you for your letters of July 3, 2000 and July 28, 2000.

Under separate cover, you should receive two checks reflecting the increase under the cost of living adjustment (COLA) rider for both of your policies that became effective on May 6, 2000. I apologize for this oversight.

As of this writing, please be aware that Dr. Judd-McClure has yet to provide us with a complete copy of your medical records. We would again appreciate your assistance in facilitating our receipt of your medical records. As previously explained, this documentation is essential to the review of your ongoing eligibility for disability benefits.

In my June 5, 2000 letter, I also provided you with an Authorization To Obtain Information form. Please be sure to sign and date this form prior to returning it to this office. For the convenience of your reply, enclosed please find a duplicate authorization form.

Please do not hesitate to contact me directly at 1-800-883-0596 ext. 1119 should you have any questions.

Very truly yours,

Robert F Mills
Claims Consultant

d/b/a: New England Claims Administration Services, Inc. in FL, MD, ME
Licensed as New England Claims Administration Services, Inc. in CA
d/b/a Centre Claims Administration Services in NH

3064

**Disability Management Services, Inc.**
1350 Main Street, Springfield, MA 01103-1619   Tel:(413)747-0990   Fax:(413)747-1545
*A third party administrator for:*
**Jefferson-Pilot Life Insurance Company**

August 11, 2000

Christopher Kearney
3218 Glengyle Ave
Cincinnati, OH  45208

Re:  Policy Number/s: H-493029, H-538069

Dear Mr. Kearney,

Thank you for your letters of July 3, 2000 and July 28, 2000.

Under separate cover, you should receive two checks reflecting the increase under the cost of living adjustment (COLA) rider for both of your policies that became effective on May 6, 2000.  I apologize for this oversight.

As of this writing, please be aware that Dr. Judd-McClure has yet to provide us with a complete copy of your medical records.  We would again appreciate your assistance in facilitating our receipt of your medical records.  As previously explained, this documentation is essential to the review of your ongoing eligibility for disability benefits.

In my June 5, 2000 letter, I also provided you with an Authorization To Obtain Information form.  Please be sure to sign and date this form prior to returning it to this office.  For the convenience of your reply, enclosed please find a duplicate authorization form.

Please do not hesitate to contact me directly at 1-800-883-0596 ext. 1119 should you have any questions.

Very truly yours,

Robert F Mills
Claims Consultant

*d/b/a: New England Claims Administration Services, Inc. in FL, MD, ME
Licensed as New England Claims Administration Services, Inc. in CA
d/b/a Centre Claims Administration Services in NH*

3064