IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JEFFERSON-PILOT LIFE INSURANCE CO.,** | ) : | CASE NO. C-1-02-479 |
| Plaintiff, | ) : | JUDGE SPIEGEL<br>Magistrate Judge Hogan |
| vs. | ) : | |
| **CHRISTOPHER L. KEARNEY,** | ) : | |
| Defendant. | ) | |

**MEMORANDUM OPPOSING PLAINTIFF'S MOTION
FOR ADDITIONAL ORAL ARGUMENT AND/OR BRIEFING**

This Court should deny plaintiff's request for additional oral argument and/or briefing on the competing motions for summary judgment.

Plaintiff's motion is premised on the allegation that there was misconduct with regard to the filing of memoranda on Tuesday, August 25, 2004. As indicated in the attached Declaration, plaintiff's allegations are not true. (*Exh. 1*). Defendant submits that plaintiff desires additional argument because it realizes that its memorandum is not persuasive.

Plaintiff's argument is further curious since plaintiff contended at the oral argument that "the language could not be simpler . . . you could read this policy as if you were reading the funny papers . . . ." (*See*, *Transcript of August 17 Hearing, attached as Exhibit 2, p. 66*). Plaintiff also stated that "our contention is these six pages are very, very simple and very, very clear." (*Id., p. 75*). If these assertions are true, no purpose can be served by additional argument, and there can be no harm or prejudice to plaintiff.

At the hearing of August 17, the Court first concluded that it had heard enough argument and had received sufficient written memoranda and would, therefore, "take the matter under advisement." (*Id., p. 74*). Plaintiff protested. *Id.*

After plaintiff's protest, the Court scheduled for plaintiff to file a brief in one week (by August 24) with a responsive brief to follow one week later by defendant (by August 31). (*Id., p. 79*). Plaintiff again protested. *Id.*

After plaintiff's 2nd protest the Court advised the parties: "Put it this way: Both of you file your briefs within a week's time." (*Id., p. 80*).

Therefore, as the result of plaintiff's protests, on August 24, 2004, contrary to the Court's original plan, the parties each filed their memoranda.

As affirmed in the attached Declaration, however, even though defendant's counsel received plaintiff's memorandum four (4) hours before defendant's counsel completed and then filed defendant's memorandum, there was no misconduct. Defendant's counsel did not even read plaintiff's posthearing memorandum until 20 minutes before defendant's counsel filed defendant's memorandum.

Despite plaintiff's contention, defendant's memorandum was not a "responsive" memorandum. Rather, defendant's memorandum simply reasserted all of the arguments defendant had earlier set forth in its 3 separate memorandums filed on this issue as well as the arguments addressed at the August 17 hearing. Defendant also addressed and responded to plaintiff's own 3 separate earlier filed briefs as well as plaintiff's oral argument of August 17. Importantly, plaintiff offered no new arguments in its posthearing memorandum.

Defendant's 22 page memorandum took over 20 hours to complete and is based solely on the Policy, the Schedules, the Riders, the Proposal, and the payment history. It supplies great analysis on issues and items not even addressed in plaintiff's posthearing memorandum. It is obvious by the content of defendant's memorandum that it is in no way a "response" to the memorandum received from plaintiff 4 hours earlier. It is additionally inconceivable for plaintiff to contend that that defendant's counsel could possibly write a 22 page memorandum in response to plaintiff's memorandum received just 4 hours earlier. Moreover, there was no substantive need for defendant's counsel to respond to any of the unpersuasive, arguments presented by plaintiff.1

Plaintiff's protest is misplaced and incorrect. There was no misconduct and there is no need for any further oral or written argument. But, if either side should have additional opportunity to file a brief or offer oral argument, both sides should be granted that opportunity.

Respectfully submitted,

s/ Michael A. Roberts
Michael A. Roberts, Esq.
GRAYDON HEAD & RITCHEY LLP
511 Walnut Street, Suite 1900
Cincinnati, OH 45202
(513) 629-2799
(513) 651-3836 - fax
email: mroberts@graydon.com
*Trial Attorneys for Mr. Kearney*

---

1   There exist just two (2) ancillary "responses" to plaintiff's memorandum in defendant's posthearing memorandum. The first is not a response at all, it is simply a citation to plaintiff's memorandum, appended to a sentence drafted prior to receipt of plaintiff's memorandum. (p. 12, line 9). The second is a sentence added to the end of Section 2 on page 18, which highlights to the Court inconsistent statements made by plaintiff's counsel at the hearing and in the memorandum. That is the extent of the "responsive" arguments that plaintiff contends is unfair.

4

**CERTIFICATE OF SERVICE**

     I hereby certify that the original of the above has been filed electronically with the court this 26th day of August 2004, and thereby served upon William R. Ellis, Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, OH 45202.

                                        s/ Michael A. Roberts