IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE CO., | ) : | CASE NO. C-1-02-479 |
| Plaintiff, | ) : | JUDGE SPIEGEL |
| | | Magistrate Judge Hogan |
| vs. | ) : | |
| CHRISTOPHER L. KEARNEY, | ) : | |
| Defendant. | ) | |

## DECLARATION OF COUNSEL

Pursuant to 28 U.S.C. § 1746, Michael A. Roberts makes the following statement based upon personal knowledge, unless otherwise indicated:

1.  My name is Michael A. Roberts.  I am an attorney at law licensed to practice in the State of Ohio and am presently in good standing.  I am a partner in the law firm of Graydon Head & Ritchey LLP.  I serve as the Trial Attorney for the defendant in the above matter.

2.  I have been accused of misconduct with regard to the filing of memoranda on August 24, 2004.  The accusation is not correct.

3.  On August 24, 2004, I spent the day at home working on my home computer writing defendant's Post Hearing Memorandum requested by the Court.  I had begun the process of writing that memorandum on August 23.

4.  At 4:45 p.m. on August 24, I was growing concerned about my ability to complete the memorandum on time.  I phoned my assistant at Graydon Head & Ritchey LLP to alert her that I required secretarial assistance that evening - which I learned would not be unavailable due to scheduling issues.  Later, because I was concerned about the need to create PDFs so that I could

electronically file exhibits to the memorandum, a GH&R assistant, Terri Lewis, sent me an email explaining the process of "PDFing" and invited me to call her at home should I have any problems.

5. At 5 p.m., I phoned Ted Kluemper, Executive Director of Kicks For Kids, Inc., a non-profit entity located in Northern Kentucky. His phone number is (859) 331-8484. I explained to Mr. Kluemper that I would not have enough time to complete the memorandum I needed to write and also attend the Board meeting scheduled for 6 p.m. that evening. Mr. Kluemper expressed regret since I am the only lawyer-board member and he intended to discuss significant legal issues at the meeting that evening. After listening to Mr. Kluemper, I reluctantly agreed to attend the meeting.

6. Although I was unaware of it, at the time that plaintiff filed its brief (5:45 p.m.), I was driving in my car en route to the Kicks For Kids meeting in Northern Kentucky.

7. I excused myself from the Board meeting early (at approximately 7 p.m.) and I arrived at my office a little after 7 p.m.

8. Since I had been at home during the day, I first spent time responding to email and voicemail messages I had received, including an email message I received from plaintiff's counsel at 5:49 p.m. inviting dialogue on settlement.

9. I then focused on completing the memorandum for Mr. Kearney. While I recognized that plaintiff had earlier filed its brief, I did not read it: I was devoting my attention to completing the memorandum I was in the process of writing and creating. And I, therefore, continued with the task of completing, editing, and revising the Memorandum that I ultimately filed on behalf of Mr. Kearney.

10. At approximately 10:45 p.m. I was ready to file my memorandum but I needed to create PDF versions of the 10 exhibits which needed to accompany the memorandum. That process

2

took approximately 30 minutes. At approximately 11:15, I returned to my office to file the memorandum electronically. At that point I read plaintiff's memorandum. While I disagreed with many of the statements made in the memorandum, I did not need to alter the memorandum I had written and which took me over 20 hours to create. I did, however, feel it was important to inform the Court of a statement made in plaintiff's memorandum which was inconsistent with a statement plaintiff's counsel had made at the oral argument. (p. 18)

11. I quickly read plaintiff's memorandum and added the citation to p. 12, appending it to an existing argument and advising the court of the inconsistency with regard to SSS, p. 18.

12. I then filed the memorandum on behalf of Mr. Kearney.

13. There was no misconduct.

I declare the foregoing to be true and correct to the best of my knowledge and belief, upon penalty of perjury.

/s Michael A. Roberts
Michael A. Roberts, Esq.

### CERTIFICATE OF SERVICE

The foregoing was electronically filed and thereby served on William R. Ellis, Esq., Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, this 26th day of August 2004.

/s Michael A. Roberts

401684.1