IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE CO., | ) : | CASE NO. C-1-02-479 |
| Plaintiff, | ) : | JUDGE WATSON<br>Magistrate Judge Hogan |
| vs. | ) : | |
| CHRISTOPHER L. KEARNEY, | ) : | JOINT STATUS REPORT |
| Defendant. | ) | |

Pursuant to this Court's order of October 14, 2004 (*Doc. 96*), the plaintiff Jefferson-Pilot Life Insurance Company ("JP"), defendant Christopher L. Kearney ("Kearney"), and the third-party defendant Disability Management Services, Inc. ("DMS") submit this Joint Status Report.

1. <u>Nature of the case and brief description of claims asserted</u>.

This is a disability insurance case.

In 1990 and 1991, Christopher L. Kearney purchased two policies of long term disability insurance from the plaintiff, Jefferson-Pilot. Mr. Kearney thereafter filed a claim for benefits. Jefferson-Pilot has paid Mr. Kearney disability benefits since 1993.

It is the allegation of Jefferson-Pilot that in October 2001 DMS (the third party administrator that took over the administration of Jefferson-Pilot's individual disability claims) discovered that benefits -- a "Social Security Supplement" benefit and an "Annual Increase in Benefits" benefit (the "Two Benefits") -- it believes to be applicable only to total disability claims- were being erroneously paid to Mr. Kearney on what Jefferson Pilot alleges is his residual disability claim. In October 2001, Jefferson-Pilot asserted that these Two Benefits, which it had been paying to Mr. Kearney since 1994, had been paid to him in error. Mr. Kearney disagreed and asserts that the Two Benefits have been and are properly payable.

In June 2002, JP filed this action seeking a declaration of the rights afforded by its policies. JP and DMS have continued to make monthly payments to Mr. Kearney at the pre-filing level which it asserts is greater than required under the policies. Since the filing no additional increases have been applied to the benefit. Specifically, the May 2002, May 2003, and May 2004 Increase in Benefits payments, which Mr. Kearney asserts are properly payable; have not been added to the benefits being paid since suit was filed.

In his counterclaim, Mr. Kearney asserts claims against JP and its third-party administrator for breach of contract, bad faith, conspiracy, intentional infliction of emotional distress, and invasion of privacy.

2. <u>Efforts to settle, pre- and post-filing of Complaint</u>.

Before it filed the Complaint, JP made an offer to Mr. Kearney which he rejected. The parties have not engaged in any settlement discussions.

3. <u>Scheduled dates for</u>:

   a. <u>Discovery Cut-off</u>: The discovery cutoff has past. However, there remain substantial discovery disputes (including depositions that remain untaken) on which the Magistrate Judge has delayed decision (<u>See</u>, *Doc. 83*), pending the Court's determination of the competing motions for summary judgment.

   b. <u>Dispositive Motion Deadline</u>: The Dispositive Motions Deadline too has past. Presently before the Court are the parties competing motions for partial summary judgment.

   c. <u>Settlement Conference</u>: There has been no scheduled settlement conference in the action.

   d. <u>Final Pretrial</u>: The Final Pretrial was scheduled for October 5, 2004, but cancelled by the Court on September 28, 2004, just days prior to the reassignment of this case to Judge Watson.

   e. <u>Trial:</u> The jury trial of this matter had been scheduled for November 16, 2004. It too, however, has presumably been cancelled as the result of the reassignment of this case.

4. <u>Other Relevant Issues.</u>

Defendant filed his motion for summary judgment nearly one year ago (*Doc. 19, filed Nov. 3, 2003*). Plaintiff responded with its own affirmative motion for partial summary judgment. Defendant's summary judgment memoranda are included in the docket as Docs. Nos. 19, 33, 34, and 89. Plaintiff's summary judgment memoranda are included in the docket as Docs. Nos. 30, 31, 35, and 88. The transcript of the August 17, 2004, hearing (before J Spiegel) on the competing motions for summary judgment is included as Docs. Nos. 87 and 93. Document numbers 88 and 89 are the parties' post-argument briefs. Also pending is Jefferson-Pilot's motion to file an additional reply or to conduct additional oral argument (*Doc. 90*), which Mr. Kearney has opposed (*Doc. 91*). The basis for the requested reply is set forth in Document No. 90.

The parties ask that the Court render a decision on these pending motions at its earliest opportunity.

                                                             Respectfully submitted,

| s/ William R. Ellis | s/ Michael A. Roberts |
|---|---|
| William R. Ellis, Esq. | Michael A. Roberts, Esq. |
| WOOD & LAMPING LLP | GRAYDON HEAD & RITCHEY LLP |
| 600 Vine Street, Suite 2500 | 511 Walnut Street, Suite 1900 |
| Cincinnati, OH 45202 | Cincinnati, OH 45202 |
| (513) 852-6067 | (513) 629-2799 |
| (513) 852-6087 fax | (513) 651-3836 - fax |
| email: wrellis@woodlamping.com | email: mroberts@graydon.com |
| *Trial Attorneys for JP/DMS* | *Trial Attorneys for Mr. Kearney* |

456804.1