UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEFFERSON-PILOT LIFE INSURANCE COMPANY, | Case No. C-1-02-479 |
| Plaintiff, | (Judge Watson) |
| | (Magistrate Judge Hogan) |
| vs. | |
| | **PLAINTIFF'S STATUS REPORT** |
| CHRISTOPHER L. KEARNEY, | |
| Defendant. | |

On February 10, 2006 the Court ordered that a status report of the parties be filed by March 8, 2006 in advance of the status conference that was continued until March 10, 2006. Counsel for Jefferson-Pilot Life Insurance Company ("Jefferson-Pilot") invited counsel for Defendant Christopher Kearney to cooperate in the preparation of a joint status report. Counsel for Defendant declined. Consequently, separate Status Reports for Plaintiff and Defendant are being filed.

1.  **Nature of the Case and Brief Description of Claims Asserted.**

This is a disability insurance case. The insured, Mr. Kearney, has two policies of individual disability insurance issued by the insurance company, Plaintiff Jefferson-Pilot. For a number of years Jefferson Pilot paid benefits over and above those specified in the contract. Upon discovery of the overpayment of benefits, Jefferson-Pilot sought a declaration of the rights and liabilities of the parties, as is its right under federal statute, and asked the Court to declare that it need not continue to overpay Mr. Kearney.

The Court has ruled on the Cross-Motions for Summary Judgment regarding the contract involved in the case. The remaining issues are the bad faith, conspiracy, intentional infliction of emotional distress, and invasion of privacy claims that Defendant raised in his Counterclaim. Plaintiff believes that as it relates to the aforementioned claims, dispositive motions would be the most expedient method to resolve these remaining issues. Under Ohio law there can be no bad faith if there is a reasonable justification for the claims decision. *Zoppo v. Homestead Ins. Co.*, 71 Ohio St. 3d 552, 644 N.E.2d 397 (1994). While Jefferson-Pilot's claims decision with respect to Mr. Kearney has been determined to be in error, this does not give rise to a claim of bad faith. *Id.* Jefferson-Pilot's claims decision was reasonably justified based on the language of the contract which the Court has already determined to be clear and unambiguous. Any claim of bad faith is a non-issue and should be eliminated regardless of whether Mr. Kearney was ultimately determined to be entitled to an overpayment of benefits under his contract. *Dardinger v. Anthem Blue Cross & Blue Shield*, 98 Ohio St. 3d 77, 781 N.E. 2d 121 (2002); *Hoskins v. Aetna Insurance Company*, 6 Ohio St. 3d 272, 452 N.E. 2d 1315 (1983); *American Rock Mechanics, Inc. v. Thermex Energy Corp.*, 80 Ohio App. 3d 53, 628 N.E. 2d 830 (1992). *Zoppo v. Homestead Ins. Co.*, 71 Ohio St. 3d 552, 644 N.E.2d 397 (1994); *Staff Builders, Inc. v. Armstrong*, 37 Ohio St. 3d 298, 525 N.E.2d 783 (1998). Thus, all of Defendant's tort claims should be resolved by dispositive motion.

2.  **Status of Case Following the January 26, 2006 Opinion and Order.**

Defendant's Counterclaims remain pending. Based upon its continuous payment of the contractual benefits and maintenance of the status quo during the exercise of its rights to a judicial determination, Plaintiff intends to file a Motion for Summary

Judgment on the remaining claims as soon as possible. No additional discovery is needed before the Motion is filed.

Pursuant to the Court's Opinion and Order, Plaintiff has tendered to Defendant a check in the amount of $36,387.99 in payment of back benefits to Mr. Kearney with interest. This payment was made without waiving any of Plaintiff's rights and in full reservation of Plaintiff's rights to appeal the Court's decision on the contract. Once there is a final and appealable order in the case, Plaintiff intends to appeal the decision while maintaining the status quo as modified by the Court's decision. Consistent with the tender of this check an entry regarding payment is attached hereto and presented to the Court for execution and filing.

3. **Scheduled Dates**.

At this time, other than the continued status conference on March 10, 2006, there are no scheduled dates. Plaintiff proposes that date for filing the Motion for Summary Judgment on bad faith and the other remaining claims be set within 45 days and ruled upon before any additional dates are set.

4. **Other Issues.**

Defendant asked Plaintiff to make an offer of settlement by E-mail. Jefferson-Pilot had, in fact, made an offer in settlement to Mr. Kearney before it filed its Complaint. This offer was rejected and no counteroffer of settlement has ever been tendered by Mr. Kearney. Plaintiff is willing to consider any offer of settlement made by Mr. Kearney, however is not willing to bid against itself absent any demand on the part of Mr. Kearney. Jefferson Pilot believes that this case can be resolved upon consideration

of dispositive motions on Plaintiff's remaining claims. At that time, it is likely that one or both parties will appeal the Court's determinations. Jefferson Pilot believes that this matter will most expediently be resolved by prompt filing of all necessary dispositive motions and briefs by both parties and consideration by the Court of the remaining issues.

Respectfully submitted,

s/ William R. Ellis
William R. Ellis (0012279)
Amy Gasser Callow (0063470)
WOOD & LAMPING LLP
600 Vine Street, Suite 2500
Cincinnati, Ohio 45202-2941
Telephone:    (513) 852-6000
Telefax:    (513) 852-6087
E-mail:    wrellis@woodlamping.com

Attorneys for Plaintiff
Jefferson-Pilot Life Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2006, I electronically filed the foregoing with the Clerk of the Court, which will send a notice of electronic filing to the following:

Michael A. Roberts, Esq.
Graydon, Head & Ritchey LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, OH  45202-3157

Attorney for Defendant

                                            s/ William R. Ellis
                                            William R. Ellis
                                            Attorney for Plaintiff

C:\Documents and Settings\pap\Local Settings\Temporary Internet Files\OLK7\DOCS-#267080-v1-KEARNEY_-_Plaintiff_s_Status_Report.doc