IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE CO., | ) : | CASE NO. C-1-02-479 |
| Plaintiff, Counterclaim Defendant, | ) : | Judge Watson |
| vs. | ) : | Magistrate Judge Hogan |
| CHRISTOPHER L. KEARNEY, | ) : | |
| Defendant, Counterclaimant, and Third-Party Plaintiff, | ) : | |
| vs. | ) : | |
| DISABILITY MANAGEMENT SERVICES, INC. | ) : | |
| Third-Party Defendant. | ) : | |

STATUS REPORT OF DEFENDANT, COUNTERCLAIMANT,
AND THIRD-PARTY PLAINTIFF, CHRIS KEARNEY

As requested by the Court, this is defendant, Chirstopher Kearney's, statement of the procedural status of the above matter now that the Court has resolved plaintiff Jefferson-Pilot's claims pursuant to Fed. R. Civ. P. 56.[1]

I.  **THE REMAINING CLAIMS**.

The claims remaining are defendant's claims of: (a) breach of contract; (b) bad faith; (c) intentional infliction of emotional distress; (d) civil conspiracy; (e) breach of fiduciary duty; and (f) invasion of privacy.

II.  **DISCOVERY REMAINING**.

---

[1] On March 7, 2006, plaintiff's counsel sent the undersigned an email which stated in full: "I believe we have a status report due tomorrow. Is this joint, or are we each preparing our own?" The undersigned responded to this question by stating the obvious: it would be more efficient and less expensive from his client's perspective to create independent Status Reports.

Discovery in this 2002 case was slow to begin, primarily because of the grave illness of plaintiff's now deceased prior counsel. By 2004, however, plaintiff's present counsel became involved and depositions were finally taken and written discovery had become more urgent, given the discovery, global dispositive motion, and trial deadlines which existed.

Unfortuately, plaintiff did not cooperate with either written discovery or the conduct of depositions. These actions necessitating the filing of two separate motions to compel by defendant and plaintiff filed its own motion for prtotective order.

In his order dated July 26, 2004 (*Doc 76*) the Magistrate Judge sustained Mr. Kearney's two Motions to Compel (holding in abeyance the determination of the appropriate sanction). The Magistarate Judge also denied plaintiff's motion for protective order which sought to prohibit the depositions of certain individuals.

Here, the remaining items of discovery, as ordered to be delayed by Magistrate Hogan until the motions for sumamry judgment were decided are:

A.      **Electronic Discovery.**

In a disability case such as this the "Claims File" are those documents that the insurer _choses_ to place in a hard copy file. Not all documents are placed in the Claims File. During the depositions that have been taken, witnesses have acknoowledged that electronic communications are not always placed in the Claims File. And in 2006, electronic discovery is a basic staple of commerical litigation.

In this case, although electronically stored documents were requested, plaintiff made no effort whatsoever to retreive such information. The Magistrate Judge became involved at that

point and ordered that such information be secured by plaintiff and produced to defendant. (*Doc. 76*).  To date, these materials have still not been supplied.

B.      **Attorney Communications Prior To June 6, 2002.**

In *Doc. 76* the Magistrate Judge ordered the production of written materials shared with attorneys relative to Mr. Kearney which predate June 6, 2002, under ***Boone v Van Liner*** 91 Ohio St 3d 209 (2001).  These documents have not been provided.  The Magistrate Judge also reserved ruling *for the time being* on whether Stefanie Farabow and William Dempsey, in-house counsel for the insurer and the reinsurer respectively, could be deposed to learn information about their communications prior to June 6, 2002.  Mr. Kearney submits that he should be entitled to these documents and depositions without further delay.

C.      Retake Of Plaintiff's 30(B)(6) Deposition and Taking
         of The Depositions Of William Hughes and Robert Mills.

In 2004, Mr. Kearney's counsel, at significant time and expense, travelled to North Carolina to take the 30(B)(6) deposition of plaintiff.  The witness produced by plaintiff knew essentially nothing about the matters identified in the 30(B)(6) Notice.  This issue was subsequently raised with the Magistrate Judge who determined that Mr. Kearney could retake the 30(B)(6) deposition – and plaintiff should produce the "person with knowledge."  (*Doc. 76*).

In *Doc. 76* the Magistrate also ordered that the depositions of Robert Mills and William Hughes be undertaken following the Court's decision on the Declaratory Judgment motions for summary judgment.

Defendant also will need to take the depositions of third-party vendor investigators and a deposition of the reinsurer on the claim, Employers Reinsurance.

3

D.     **Supplement Of Discovery**.

Defendant Requests that in addition to fully complying with the Orders sustaining defendant's two Motions to Compel (and the requests specifically identified in the memoranda and reply memoranda supporting those 2 motions), that the plaintiff and third-party defendant be ordered to supplement all prior responses/requests and produce the Claims File documents for the period 2002-2004.

E.     **Further Discovery**.

The information gleaned from plaintiff and thrid-party defendant's full compliance with the above may necessitate the need for follow-up discovery, which defendant will reserve the right to seek.

III.   **PROPOSED SCHEDULE**.

Come June 2006, this case will enter its fifth year. The Motion For Summary Judgment deadline *for all claims* passed in 2004. Plaintiff and the third-party defendant had notice of this deadline and every ability to seek summary judgment on one or all of Mr. Kearney's claims.

Mr. Kearney is entitled to finally have his claims decided and move on with his life. For that reason, Mr. Kearney submits that the Court need only set a deadline for trial.

With reasonable cooperation of the plaintiff, it is believed that the discovery remaining should be completed within 60-75 days. That would permit a trial to be commenced in 120 days, should those timeframes be within the capacity of the Court to accommodate.

This is the third of three disability insurance cases that the undersigned has brought against third-party DMS, or their principal, based on the actions of DMS. In the first case, *Jeffries v. CLIC, S.D. Ohio Case No 02-351 (Chief J. Beckwith)* based on a Summary Judgment

4

Verdict of bad faith, the parties settled the dispute for $2 Million the day of trial.  In the second case, a jury in Stark County concluded on February 17, 2006, that DMS' actions triggered both bad faith ($1,130,000) and punitive damage ($3 Million) liability, in addition to breach of contract.  The total liability in *Jay* is still to be determined (*Jay v. CLIC/DMS (Stark County, Judge Milligan, Case No. 04*-00843) but is expected to exceed $6 Million.

In each of those matters DMS' counsel (present counsel here) filed serial motions for summary judgment which significantly increased the costs of the disputes and substantially slowed the process.

At this juncture, the most efficient process is to proceed to trial since the plaintiffs have already neglected the summary judgment deadline by 2 years.  Importantly, Judge Hogan recognized this when he denied defendants 2004 motion to bifurcate.

IV.    **SETTLEMENT**

No meaningful settlement offer was made by DMS in either the *Jeffries* or *Jay* cases until trial (and in the case of *Jay* not ever).

In this matter, plaintiff/DMS offered Mr. Kearney a less than nominal sum of money in October 2001, which further required that Mr. Kearney give back his lifetime benefit policies.

Mr. Kearney rejected that bad faith offer.

Since rejecting the offer, plaintiff/DMS has been required to pay and has paid Mr. Kearney a sum of money far in excess of the 2001 offer (nearly 1.5 times the nominal offer of plaintiff/DMS).  Mr. Kearney recently invited plaintiff / DMS to make a good faith offer to settle this dispute and avoid the prejudgment interest penalty it will need to pay in *Jay* for failure to

negotiate in good faith, pursuant to O.R.C. 1343.03(C)(1). Mr. Kearney understands that plaintiff/DMS will not make any such offer.

Respectfully submitted,

s/ Michael A. Roberts
Michael A. Roberts, Esq.
GRAYDON HEAD & RITCHEY LLP
511 Walnut Street, Suite 1900
Cincinnati, OH 45202
(513) 629-2799
(513) 651-3836 - fax
mroberts@graydon.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed electronically with the court and thereby served this 8th day of March, 2006, upon William R. Ellis, Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, OH 45202.

s/ Michael A. Roberts

6