IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE CO., | ) : | CASE NO. C-1-02-479 |
| Plaintiff, Counterclaim Defendant, | ) : | Judge Watson |
| vs. | ) : | Magistrate Judge Hogan |
| CHRISTOPHER L. KEARNEY, | ) : | |
| Defendant, Counterclaimant, and Third-Party Plaintiff, | ) : | |
| vs. | ) : | |
| DISABILITY MANAGEMENT SERVICES, INC. | ) : | |
| Third-Party Defendant. | ) : | |

**CHRISTOPHER KEARNEY'S MOTION TO STRIKE PLAINTIFF'S DELINQUENT AND UNAPPROVED MOTION FOR SUMMARY JUDGMENT**

*679 Days!* That is the time that passed between the *extended deadline* for filing motions for summary judgment and the date that - *without leave* - plaintiff and the third-party defendant (the "Insurance Company") chose to file their motion for summary judgment.

The Motion should be stricken.

First, the motion contravenes the scheduling order. Second, the Insurance Company filed the motion *679 days* late, without making any effort to seek leave of Court. Third, the Motion disregards this Court's comments at the recent March 10, 2006, conference. Fourth, the Insurance Company desires to proceed to summary judgment even though it *still has not* complied with the Court's Order sustaining Mr. Kearney's Motion To Compel. Fifth, the filing violates Federal and

Local Rule. And <u>Sixth</u>, the Insurance Company intends to use summary judgment to further delay this proceeding and increase the expense to Mr. Kearney.

1. **<u>The Motion Contravenes The Scheduling Order.</u>**

This Court originally gave the Insurance Company until November 1, 2003, to file a motion for summary judgment on <u>all</u> claims. (*Doc. 10*). That deadline was later extended to June 1, 2004. (*Doc. 25*). Although it had the capacity to file a motion for summary judgment as to <u>all</u> claims, counterclaims, third-party claims, defenses and issues on or before June 1, 2004, the Insurance Company elected to only file a timely motion on the contract claim. (*Doc. 31*).

2. **<u>The Motion Was Filed *679 days* Late, Without Leave of Court.</u>**

As if missing a Court imposed deadline by 2 years is not egregious enough, the Insurance Company proceeded (no doubt knowingly) in contravention of the Court's June 1, 2004, deadline *without making any attempt whatsoever* to comply with the Federal Rules of Civil Procedure or the Local Rules of this Court.

Specifically, under Fed.R.Civ.P. Rule 16.2, pretrial scheduling orders may be modified only "upon a showing of good cause." Presumably, the Insurance Company knew it had no good cause to file its motion 2 years late and, therefore, made no effort to argue as much.

Moreover, the Insurance Company also disregards S.D. Ohio Civ. R. 6.1(b), which provides: "[this rule] does not permit stipulated extensions of time to respond to Motions, Court Orders, or other deadlines. ***All extensions*** other than those permitted by this Rule ***must be upon motion***." (*emphasis added*).

3. **The Motion Flies In The Face Of This Court's Comments and Direction**.

In February 2006 and again on March 10, 2006, the parties were summoned to participate in teleconferences with the Court. During the course of the March 10 conference, the Insurance Company's then counsel vociferously stated a desire to file a motion for summary judgment. The Court *affirmatively chose to not approve that request*.

Rather, the Court: (i) stated to the effect: "I don't need to see another summary judgment motion;" (ii) inquired as to whether the parties could complete the remaining discovery and be prepared for an August or September 2006 trial; and (iii) stated the following official comments on the docket: "Status Conference held on 3/10/2006. *The Court discussed with the parties the case schedule. Order to follow*." (*Doc entry between 108 and* 109).[1]

Rather than awaiting the Court's "scheduling order *to follow*" – in an apparent attempt to take that authority away from the Court and force the Court's hand, defendant, contrary to rule, proceeded to file a delinquent motion without leave.

Whether it borders on contemptuous for the Insurance Company to take the step it has, without leave, in an effort to take the procedural and scheduling issues away from the Court, is for Your Honor to decide. It certainly, however, appears that such a characterization is on target. A party should not force a Court's hand.

---

[1]  Mr. Kearney presumes that the entry into this case of an unadmitted lawyer additional lawyer on behalf of the Insurance Company, attorney Meagher form Miami, Florida, and the disregard of this Court's directives and Rules is only a coincidence. However, Mr. Kearney was concerned that the Insurance Company would choose to add to its legal team at this late stage. This enhancement to the Insurance Company's legal team at this stage is counterintuitive if, as the Insurance Company suggests, the issues can now easily be decided as a matter of law. Mr. Kearney hopes that the addition to the legal team is not part of a strategy to delay the proceeding and increase Mr. Kearney's expense – a legitimate fear.

4.  **The Motion Was Filed Even Though Discovery Is Not Complete.**

As detailed in the Status Reports filed with the Court in March 2006, the Magistrate Judge in 2004 sustained Mr. Kearney's Motions To Compel both written discovery and deposition testimony. The Insurance Company has not satisfied these *Court Ordered obligations* and instead wants to proceed to a fact based merits decision *before* providing Court ordered discovery to Mr. Kearney.

This desired procedure runs directly counter to the entire purpose of the civil rules which govern conduct and procedure.

5.  **The Action Is Contrary To Rule.**

At the Rule 16 conference conducted on March 10, 2006, the Insurance Company made a request for the opportunity to file a motion for summary judgment.[2] That request was **not granted**.

Instead the Court clearly communicated that the parties should refrain from filing anything until the Court issued the "Order to follow." This too conforms with the Civil Rules.[3] The Insurance Company should be sanctioned for disregarding the Court and attempting to take matters into its own hands.[4]

---

[2] **Fed.R.Civ.P. 16(c) states " Subjects for Consideration at Pretrial Conferences.** At any conference under this rule consideration may be given, and the court may take appropriate action, with respect to . . . **(5)** the appropriateness and timing of summary adjudication under Rule 56."

[3] **Fed.R.Civ.P. 16 (e) Pretrial Orders** states: "After any conference held pursuant to this rule, an order shall be entered reciting the action taken. This order shall control the subsequent course of the action unless modified by a subsequent order. The order following a final pretrial conference shall be modified only to prevent manifest injustice."

[4] **Fed.R.Civ.P. 16 (f) Sanctions** states: "If a party or party's attorney fails to obey a scheduling or pretrial order . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust."

6. **The Motion Is Intended to further delay this proceeding and increase the expense to Mr. Kearney.**

Because this case will soon be entering its fifth year, the Insurance Company's continued refusal to perform its discovery obligations, its addition to its legal team at the 11th hour, and its filing of an improper motion, makes it only reasonable and logical to conclude that the Insurance Company is attempting to exert its financial leverage over Mr. Kearney. That cannot be tolerated.

The Insurance Company's improper and severely delinquent motion for summary judgment should be stricken.

Respectfully submitted,

s/ Michael A. Roberts
Michael A. Roberts, Esq.
GRAYDON HEAD & RITCHEY LLP
511 Walnut Street, Suite 1900
Cincinnati, OH 45202
(513) 629-2799
(513) 651-3836 - fax
mroberts@graydon.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been filed electronically with the court and thereby served this 13th day of April, 2006, upon plaintiff's counsel and counsel for the Third-Party Defendant.

s/ Michael A. Roberts