UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFERSON-PILOT LIFE INSURANCE
COMPANY, et al.,

        Plaintiffs and
        Counterclaim Defendants,

vs.

CHRISTOPHER L. KEARNEY,

        Defendant.

Case No. C-1-02-479

(Judge Watson)
(Magistrate Judge Hogan)

**MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO
STRIKE**

## INTRODUCTION

In refusing to respond to the merits of Jefferson Pilot's and Disability Management Services' (collectively referred to as "Counterclaim Defendants") Motion for Summary Judgment on his Counterclaim and, instead, attacking the Motion for timeliness and propriety, Kearney ignores some important facts and mischaracterizes others. First, his motion entirely fails to mention that there recently has been a sea change in this case – the entry of the Court's Opinion in which it was determined that Counterclaim Defendants' interpretation of the contract was right and Kearney's was wrong. While the Opinion also found the existence of an equitable estoppel sufficient to permit Kearney to keep the money and compel Counterclaim Defendants to continue to pay Kearney more than he is entitled to under the contract, the gravamen of Kearney's entire counterclaim now has been eviscerated. It is no wonder that Kearney attempts to prevent the Court from reaching the merits of his cause – delay is his only "defense."

To argue, as Kearney does, that Counterclaim Defendants had the "capacity to file a motion for summary judgment as to all claims….on or before June 1, 2004,…" is disingenuous, as the entire basis for the Motion is contained within the findings of the Opinion, entered on

January 26, 2006. Thus, Kearney's (melo)dramatic "*679 days!*" (or almost 2 years) actually becomes "*74 days!*" (a little over 2 months). It is Kearney who is attempting to lengthen these proceedings, not Counterclaim Defendants.

In accusing Counterclaim Defendants of violating the Court's comments from the bench at the recent status conference, Kearney fails to mention in his motion the <u>initial</u> comment from the Court, which asked the question of whether there was anything left to decide in this case.[1] It is this "good question" the Motion seeks to answer now, rather than another "*679 days!*" from now. To suggest that <u>first</u> determining the adequacy of a building's foundation <u>prior</u> to erecting the skyscraper is "part of a strategy to delay the proceeding and increase Mr. Kearney's expense" is, to use Kearney's term, "counterintuitive." Motion to Strike at fn.1.

Nor was this the first time this question was asked. In staying Kearney's "bad faith" discovery in July, 2004, Magistrate Judge Hogan stated:

> It seems to us that after oral argument and Judge Spiegel's review of the policy and the law, he will either find the policy language clear and unambiguous on its face, **a finding that will eliminate the possibility of a viable bad faith claim**, or he will find the policy language ambiguous, thereby enabling it to be construed against the carrier and making relevant Defendant's discovery related to the bad faith issue.

Further, Magistrate Hogan stayed Kearney's "bad faith" discovery, stating:

> The Court believes the resolution of this dispute to hinge on a practical consideration, not a legal question. There is no need to compel the retrieval of electronic information until we know whether or not the policy is or is not clear, a determination that must be made by the trial judge. Following Judge Spiegel's order directed to that issue, the parties shall contact this Court for the purpose of scheduling another informal discovery conference wherein the Court would want to see Defendant's interrogatories and document requests and Plaintiff's answers containing its

---

[1] As set forth below, Counterclaim Defendants strenuously disagree with Kearney's counsel's recollection of the Court's comments, which are culled from his memory rather than a transcript. Counterclaim Defendants rely on the Court's recollection as the ultimate arbiter of these disputes.

MIADOCS 924078 1

> objections, in the event the trial judge concludes that the policy language is ambiguous. **If not, the issue will be moot.**
>
> We can say, however, the Plaintiff has now provided an appropriate privilege log and has also provided the Court with copies of the documents listed in the privilege log which predate June 6, 2002, the day that the disputed payments were stopped. The Court has reviewed these documents in camera and finds them to be properly categorized as "privileged." **The Court also finds no evidence supporting a bad faith claim in any of the documents.**

*See* Document No. 83 (emphasis added). This Order clearly and unambiguously indicates that the issue of discovery on the bad faith issue will be moot if the policy language is clear and unambiguous, a finding that now has been made. It is no wonder that Kearney strenuously objects to an examination of the merits of his Counterclaim.

## ARGUMENT

### A.    Summary Judgment is the most efficient way to resolve this case.

Counterclaim Defendants did not "disregard the Court's comments" at the hearing, as Kearney claims – it responded to them. While the Court did state that he would be "happy not to see another summary judgment motion," this was a general comment made with reference to his crowded docket. For Kearney to argue that this was a specific ruling in this case assumes too much, especially considering that summary judgment is the most expedient way to resolve this case.

As set forth in Jefferson-Pilot's and DMS' Motion for Summary Judgment, the five remaining claims can be judiciously and expediently resolved at this juncture as they have no basis in fact or law. Moreover, Kearney's argument that extensive discovery and a multi-day jury trial would more economically resolve the dispute between the parties than a well-taken dispositive motion firmly places his cart before his horse. It is self evident that the most efficient

MIADOCS 924078 1

way to proceed is to decide, first, whether Mr. Kearney has any legally cognizable claim <u>before</u> forcing the parties to engage in extensive discovery.

### B.    Defendant's Counterclaims are not supported in fact or law.

One need only quickly review the issues presented in Jefferson-Pilot's and DMS' Motion for Summary Judgment to see that Mr. Kearney's remaining claims are frivolous. In filing the Motion for Summary Judgment, Jefferson-Pilot and DMS simply ask the Court to consider the following:

1.    Can Mr. Kearney maintain an action for breach of his disability insurance policies (the "Policies") where, to date, he has received all the benefits owed to him under the Policies plus an additional $411,151.14 in erroneous overpayments?

2.    Can Jefferson-Pilot and DMS be found to have acted in bad faith under Ohio law where: (a) they never denied Mr. Kearney's claim nor ceased to pay him his benefits; (b) they have, to date, mistakenly overpaid Mr. Kearney in excess of $400,000.00 under his Policies; (c) rather than terminate the overpayments they continued to make erroneous overpayments and sought the aid of the Court in resolving this issue in a declaratory judgment; and (d) most importantly, Jefferson-Pilot and DMS were found to be correct in their interpretation of the Policies even though prohibited from enforcing the policy terms due to a finding of equitable estoppel?

3.    Can an action for civil conspiracy be maintained under Ohio law in the absence of an unlawful act independent of the actual conspiracy?

4.    Does the request for medical, financial and surveillance information used to verify a disability claim or the filing of a declaratory judgment action under a federal statute, rise to the level of such "extreme and outrageous" conduct as to be regarded as atrocious and utterly intolerable in a civilized community, so as to give rise to cause of action for intentional infliction of emotional distress under Ohio law?

5.    Does the request for medical, financial and surveillance information used to verify Mr. Kearney's disability amount to a wrongful intrusion into Mr. Kearney's private activities in such a manner as to cause "outrage" to a person of "ordinary sensibilities" so as to give rise to a cause of action for invasion under Ohio law?

Each of these questions must be answered with an unqualified "No." There is no disputed issue of any material fact. As set forth in the Motion for Summary Judgment, Jefferson-

MIADOCS 924078 1

Pilot and DMS have overpaid Mr. Kearney for several years. When they discovered this they did not terminate his benefits, they did not ask for the money back, and they did not lower his benefits to the correct amount under the policies. Instead, Jefferson-Pilot and DMS asked the Court to determine whether they were correct in their application of the Policies that Mr. Kearney was not entitled to additional benefits because his claim was one for residual and not total disability. Most important, *the Court agreed* with Jefferson-Pilot and DMS that Mr. Kearney was being erroneously overpaid.

Simply put, there can be no bad faith when an insurer ***overpays*** an insured. It was only through the operation of estoppel that the Court found the erroneous overpayments must continue.

### C. Because the policies are unambiguous, no additional discovery is necessary.

Ironically, while arguing vociferously that all deadlines for motions are past, Kearney simultaneously argues he needs more discovery, the deadline for which also expired long ago. In doing so, Kearney ignores the fact that the Court effectively stayed the bad faith issue until after resolution of the contract claim. Kearney also errs in arguing that additional discovery remains outstanding. *See*, Doc. No. 76, July 26, 2004 Order of Magistrate Judge Hogan. After the July 29, 2004 discovery conference, the Court clearly and unambiguously indicated that the issue of discovery on the bad faith issue will be moot if the policy language is clear and unambiguous. *See*, Doc. No. 83. The Court has now determined that the policy language is just that. Kearney's contention that there is additional discovery to be had is not consistent with these Orders. Mr. Kearney is correct that there were motions to compel which ordered discovery and depositions, but that has been completed. The requested electronic discovery was held in abeyance and has now been rendered moot by the finding that the policy language is clear and unambiguous.

MIADOCS 924078 1

## CONCLUSION

Kearney's repeated *ad hominem* attacks against Counterclaim Defendants and their counsel offer far more heat than light. It must be remembered that this same purple prose was used by Kearney when he was *incorrectly* interpreting the policies. One could only imagine the venom if Kearney had actually been found to be in the right! Because such attacks do nothing to advance this case, Counterclaim Defendants will not respond in kind.

As set forth above, Counterclaim Defendants respectfully ask that this Court to deny Kearney's Motion to Strike and consider the Motion for Summary Judgment and grant Counterclaim Defendants such other and further relief as this Court deems proper.

Respectfully submitted,

s/ William R. Ellis
William R. Ellis (21298)
WOOD & LAMPING LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202
Telephone:    (513) 852-6067
Telefax:    (513) 852-6087
E-mail:    wrellis@woodlamping.com

John E. Meagher (511099)
SHUTTS & BOWEN LLP
201 S. Biscayne Boulevard
1500 Miami Center
Miami, FL 33131
Telephone: (305) 358-6300
Telecopier: (305) 381-9982
E-mail:    JMeagher@Shutts-law.com

Attorneys for Plaintiff
Jefferson-Pilot Life Insurance Company
and Cross-Claim Defendant, Disability
Management Services, Inc.

MIADOCS 924078 1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 26th day of April, 2006. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ William R. Ellis
William R. Ellis

Trial Attorney for Plaintiff
Jefferson-Pilot Life Insurance Company,
and Cross-Claim Defendant, Disability
Management Services, Inc.

274108

- 7 -