IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE CO., | ) : | CASE NO. C-1-02-479 |
| Plaintiff, Counterclaim Defendant, | ) : | Judge Watson<br>Magistrate Judge Hogan |
| vs. | ) : | |
| CHRISTOPHER L. KEARNEY, | ) : | |
| Defendant, Counterclaimant, and<br>Third-Party Plaintiff, | ) : ) | REPLY MEMORANDUM IN<br>SUPPORT OF MOTION TO<br>STRIKE PLAINTIFF'S |
| vs. | : ) | DELINQUENT AND<br>UNAPPROVED MOTION |
| DISABILITY MANAGEMENT SERVICES, INC.<br>Third-Party Defendant. | : ) : | FOR SUMMARY JUDGMENT |

In opposing defendant's Motion To Strike plaintiff's *679 Day* delinquent motion for summary judgment, the plaintiff/insurer somewhat arrogantly makes <u>no effort whatsoever</u> to excuse its patent disregard for: (i) this Court's Scheduling Orders;[1] (ii) the Federal Rules of Civil Procedure;[2] (iii) the Local Rules of The Southern District Of Ohio;[3] and (iv) this Court's remarks at the March 10, 2006, conference.[4]

The insurer proceeds as if these rules **and** this Court simply do not exist. The Insurer does not even mention the rules at issue.

---

[1] Insurer originally had to file MSJs by November 1, 2003, on <u>all</u> claims. (*Doc. 10*). That deadline was later extended to June 1, 2004. (*Doc. 25*).

[2] *See*, Fed.R.Civ.P. Rule 16.2.

[3] *See*, S.D. Ohio Civ. R. 6.1(b).

[4] "*Status Conference held on 3/10/2006.* ***The Court discussed with the parties the case schedule. Order to follow.***" (Doc entry between 108 and 109).

For these reasons, the Motion To Strike should be granted because it: contravenes the scheduling order; was filed *679 days* late, without leave of Court (which leave was *de facto* sought in the May 10 teleconference with the court *and rejected*); and the Insurer desires to proceed to summary judgment even though it *still has not* complied with the Court's Order sustaining Mr. Kearney's Motion To Compel.

Rather than awaiting the Court's "scheduling order *to follow*" – in an apparent attempt to take that authority away from the Court and force the Court's hand, defendant, contrary to rule, proceeded to file a delinquent motion without leave.

Rather than addressing the patent violations of procedure, the Insurer focuses its opposition to the Motion To Strike on completely incorrect legal and factual arguments relating to Mr. Kearney's claims:

> First, Mr. Kearney has not been overpaid.  He has been *under*paid: the Insurer was required to pay Mr. Kearney $36,000+ in March 2006 – benefits it had unreasonably and improperly denied Mr. Kearney from 2002 – 2006 on a cionsistent monthly basis.
>
> Second, defendant compeltely ignores the factual history of these parties and misstates the law by assuming that the Court's January 2006 Order terminates all claims, including for example the invasion of privacy and emotional distress tort claims.  It does not.[5]
> A snippet of the evidence of invasion of privacy (which is unrelated to the issue decided by this Court in January 2006) is the Insurer's secret intrusion into Mr. Kearney's private meal with his girlfriend. (*See*, *Exhibit* 1).  As the Court can see from Exhibit 1 – despite the fact that Mr. Kearney's medical disability has *never* been disputed - the Insurer followed Mr. Kearney and his girlfriend to a restaurant.  After Mr. Kearney sat intenionally in a private booth that provided screening from others by curtains, the Insurer placed itself in a neighboring booth, moved the curtain screen, and placed an audio and video recording device in a position where it could capture the

---

[5]    Attorney Ellis stated at the February 10, 2006, conference incorrectly that the IIED and Privacy Counterclaims were barred by the statute of limitations.  Apparently the Insurer and its new counsel concede that such argument was baseless -- since that argument is absent from the delinquent Motion For Sunmmary Judgment.

actions of both Mr. Kearney and his girlfriend – who believed they were enjoying a private meal.

The Insurer cannot be permitted to engage in the behavior it has in the 13 years since Mr. Kearney filed his claim. And they cannot now disregard this Court and disregard the Court's rules. The Motion to Strike should be sustained and the trial of this matter set for the earliest possible time.

> Respectfully submitted,
>
> s/ Michael A. Roberts
> Michael A. Roberts, Esq.
> GRAYDON HEAD & RITCHEY LLP
> 511 Walnut Street, Suite 1900
> Cincinnati, OH 45202
> (513) 629-2799
> (513) 651-3836 - fax
> mroberts@graydon.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed electronically with the court and thereby served this 1st day of May, 2006, upon plaintiff's counsel and counsel for the Third-Party Defendant.

> s/ Michael A. Roberts