IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE CO., | ) : | CASE NO. C-1-02-479 |
| Plaintiff, | ) : | JUDGE BARRETT<br>Magistrate Judge Hogan |
| vs. | ) : | |
| CHRISTOPHER L. KEARNEY, | ) : | |
| Defendant. | ) : | |
| vs. | ) : | |
| DISABILITY MANAGEMENT SERVICES, INC. | ) : | |
| Third-party Defendant | ) | |

## NOTICE OF SERVICE OF REMAINING DISCOVERY REQUESTS

As requested by the Court during the conference of October 18, 2006, attached as Exhibit 2 are the remaining discovery requests of defendant/third-party plaintiff Christopher Kearney (the "Requests") again propounded on the plaintiff ("JP") and the third-party defendant ("DMS") pursuant to Fed. R. Civ. P. Rules 26, 30, 33, and 34.

Attached as Exhibit 1 is an email of plaintiff's counsel. According to the email, plaintiff's counsel will not be prepared for the scheduled November 3 conference with the Court as the result of the delayed[1] service of these requests. Defendant does not oppose a short postponement of the November 3 conference to accommodate plaintiff's counsel.

Respectfully submitted,

s/ Michael A. Roberts
Michael A. Roberts, Esq.
GRAYDON HEAD & RITCHEY LLP

---

[1] Despite the anticipated service of these requests earlier, defendant's counsel's schedule (including an out-of-town trial, an out-of-town emergency injunctive proceeding, and a 3-day commitment as chaperone for his daughter and her 6th grade class at camp) prevented earlier service of these requests.

1

> 511 Walnut Street, Suite 1900
> Cincinnati, OH 45202
> (513) 629-2799
> (513) 651-3836 - fax
> mroberts@graydon.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed electronically with the court and thereby served this 31st day of October, 2006, upon William R. Ellis, Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, OH 45202.

s/ Michael A. Roberts

**Roberts, Michael A.**

| | |
|---|---|
| **From:** | William R. Ellis [WREllis@WoodLamping.com] |
| **Sent:** | Thursday, October 26, 2006 11:32 AM |
| **To:** | Roberts, Michael A. |
| **Cc:** | Amy Gasser Callow |

**Mike, as I told you at the court conference I will be out of town on business next week until Thursday night, If I am to have any opportunity to discuss your discovery demands with the court on Friday I have to have a chance to review them and the reasons you want them in advance. You promised them for last Friday, I agreed to accept them on Monday instead, and it is now Thursday and I don't have them. Can you please forward them and the reasoning for them immediately?**

*William R. Ellis*

Confidentiality Notice
The information contained in the E-mail message is attorney privileged and confidential information intended only for the use of the individual or entity names above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us at 513-852-6000.



EXHIBIT 1

10/31/2006

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE CO., | ) : | CASE NO. C-1-02-479 |
| Plaintiff, | ) : | JUDGE BARRETT |
| vs. | ) : | Magistrate Judge Hogan |
| CHRISTOPHER L. KEARNEY, | ) : | |
| Defendant. | ) : | |
| vs. | ) : | |
| DISABILITY MANAGEMENT SERVICES, INC. | ) : | |
| Third-party Defendant | ) | |

### DEFENDANT'S REMAINING DISCOVERY REQUESTS

As requested by the Court during the conference of October 18, 2006, below are the remaining discovery requests of defendant/third-party plaintiff Christopher Kearney (the "Requests") again propounded on the plaintiff ("JP") and the third-party defendant ("DMS") pursuant to Fed. R. Civ. P. Rules 26, 30, 33, and 34.

**I.  The Remaining Claims.**

The claims remaining are defendant's claims of: (a) breach of contract; (b) bad faith;[1] (c) intentional infliction of emotional distress; (d) civil conspiracy; (e) breach of fiduciary duty; and (f) invasion of privacy.

**II.  Unanswered And Previously Served Discovery.**

Mr. Kearney filed two separate motions to compel in this action. (*Docs 43 and 54*). In a July 2004 Order (*Doc 76*), the Magistrate Judge sustained Mr. Kearney's two Motions

---

[1] In each of approximately 48 months (May 2002 thru March 2006), JP failed to pay Mr. Kearney a sum of benefits tied to the four (4) independent and compounding adjustments due Mr. Kearney, but denied, on May 6, 2002, May 6, 2003, May 6, 2004, and May 6, 2005. Each year, JP should have – but did not – increase (compoundingly) Mr. Kearney's monthly disability benefits by 7%.

1

EXHIBIT 2

to Compel (holding in abeyance the determination of the appropriate sanction). The Magistrate also denied plaintiff's motion for protective order which sought to prohibit the depositions of certain individuals. (*Doc. 76*). The unanswered but previously served discovery requests, which were ordered to be answered ~ and which Mr. Kearney now demands ~ include:

### A. Unanswered Document/Interrogatory Discovery.

In addition to requiring a sworn verification to prior discovery responses (which has never been provided), Mr. Kearney requests that JP and DMS produce or supplement the following previously requested items:

**DR 2:** Everything in JP/DMS' possession that relates, refers to or concerns Christopher Kearney including importantly, electronically maintained information[2] and communications JP/DMS had with Ms. Farabow, Mr. Dempsey, Mr. Newkirk, and Ms. Johnson;[3]

---

[2] In a disability case, the "Claims File" are those documents that the insurer *chooses* to place in a hard copy file. During the depositions that have been taken, witnesses have acknowledged that not all documents are placed in the Claims File. Specifically, electronic communications are not always placed in the Claims File. And in 2006, electronic discovery is a basic staple of commercial litigation. Here, electronically stored documents were requested. Plaintiff made no effort whatsoever to retrieve such information. The Magistrate Judge became involved at that point, and he ordered that such information be secured by plaintiff and produced to defendant. (*Doc. 76*). To date, these materials have still not been supplied. Putting aside the fact that JP/DMS' refusal to search its files is a blatant violation of JP/DMS' obligations, testimony in the case of the principal claims representative confirmed that he would as a practice prepare documents and not print them and place them in a claimant's claims file. (*Exh. 4, Depo. Excerpt of Robert Mills , 89-100*). Mr. Mills also testified that he had email communications with his boss and others concerning Mr. Kearney's claim. (*Id., pp. 65-90*). Those emails were not preserved by placing them in the claims file. *Id.* For this reason JP/DMS must comply with their commonplace duties under Civil Rule 26 and 34 and search for and produce any requested information stored electronically. JP/DMS cannot decide without even looking that anything they would discover would be irrelevant.

[3] In *Doc. 76* the Magistrate Judge ordered the production of written materials shared with attorneys relative to Mr. Kearney which predate June 6, 2002, under **Boone v Van Liner** 91 Ohio St 3d 209 (2001). These documents have not been provided. During the conduct of Mr. Mills' deposition he revealed that the position that JP/DMS seeks to advance in this case was first uncovered or developed on October 10, 2001. Mr. Mills testified that between October 10, 2001, and June 6, 2002, the date that JP/DMS denied benefits to Mr. Kearney, Messrs. Mills and Hughes participated in numerous telephone conferences with: (i) Ms. Farabow (an employee and in-house counsel with JP); and (ii) William Dempsey (an employee and in-house counsel at Employers Reinsurance Corporation, a reinsurer of JP's liability to Mr. Kearney on the subject disability insurance policies). Mr. Mills also testified that several emails were exchanged among this group and that he also may have participated in conferences with Geraldine Johnson.

**DR 3 / Int 7:** The JP/DMS contracts between themselves and any contracts or agreements either has with Employers Reinsurance, including all amendments from 1995 through November 2006;

**DR 5:** Documents reflecting on criteria or elements of case referrals from JP to DMS and all related documents;

**DR 6 / Int 11:** Documents relating to sanctions and or fines imposed on JP/DMS by any state Insurance Commission or officials;

**DR 10(b):** Documents describing procedures for claim handling;

**DR 11:** All marketing materials of DMS and specifically any materials provided to JP or Employers Reinsurance by DMS to solicit or secure the business for administering claims (both entire blocks of claims and individual claims);

**DR 14 and 22:** DMS claims handling training materials, handouts, or guidelines and notes from all in-house claim administration or policy interpretation seminars or conferences;

**DR 15** Manuals, materials, and documents used during the handling of Mr. Kearney's claim.

**DR 17:** Notes and the calendars of claims persons with responsibility for Mr. Kearney's claim;

**DR 20/21 and Int 9/10:** Copies of all complaints filed by JP for declaratory judgment against its insureds and copies of complaints filed against either JP or DMS for breach of contract or bad faith;

**Int 2:** Who suggested new interpretation of contracts in 2001?;

**Int 4:** Identify (and provide all documents relative to) investigators retained and produce all videotapes, audio tapes, photographs and investigative reports and notes;

**Int. 5:** State when, by whom and why Mr. Kearney's claim was referred by JP to DMS. Also state what documents relate to referral;

**DR 15:** State the reserve on Mr. Kearney's policy and identify any changes made to the reserve.

**Add'l Docs:** Files of Farabow, Johnson,[4] Newkirk, and Dempsey predating June 6, 2002; financial statements and Annual Reports of Jefferson Pilot through 2006; Copies of any and all privacy policies for protecting the personal, private information of policyholders; copies of all training materials and policies regarding privacy(including the Gramm-Leach-Bliley Financial Modernization Act, 15 U.S.C. §6700, et seq. and the Health Insurance Portability and Accountability Act, PL104-191); Annual Personnel reviews of Mills, Hughes, and Ditmar since 1995; DMS organizational Chart; and documents identified in "Privilege Log" up to June 6, 2002 (attached as Exhibit 1).

Mr. Kearney further requests that in addition to fully complying with the Order (*Doc 76*) sustaining defendant's two Motions to Compel (and the requests specifically identified in the memoranda and reply memoranda supporting those 2 motions), that JP and DMS be ordered to supplement all prior responses/requests and produce the Claims File documents for the period 2002-today.

### B.   Requested and/or Remaining Depositions.

The following "party" discovery depositions remain to be completed:

- Robert Mills;[5]
- William Hughes;[6]
- Jefferson-Pilot 30(B)(6);[7]

---

[4]   In November 2001 or December 2001, ERC and Mr. Dempsey sought the opinion of outside counsel, Attorney Geraldine Johnson, as to coverage issues on Mr. Kearney's policies – 7 months before JP filed suit. Those communications are not privileged. *Id.* In Ms. Johnson's December 2001 letter to Mr. Dempsey she wrote: "In order to ***strip*** Mr. Kearney of the ability to allege bad faith or at least best position ourselves to defend such a claim, it is my recommendation that we continue to pay Mr. Kearney the monthly amount we have been paying under a full reservation of rights contemporaneous with our pursuit of a declaratory judgment action." (*See, December 21, 2001, Letter of Attorney Johnson, Bates labeled 0629-0630*).

[5]   On May 14, 2004, the parties began Mr. Mills' deposition but concluded it after 5 hours 15 minutes to allow counsel to catch the last flight to Cincinnati. These witnesses must also be directed to answer questions concerning their communications with Mr. Dempsey, Ms. Farabow, and Ms. Johnson which predate June 6, 2002.

[6]   In *Doc. 76* the Magistrate also ordered that the depositions of Robert Mills and William Hughes be undertaken following the Court's decision on summary judgment.

[7]   In 2004, Mr. Kearney's counsel, at significant time and expense, traveled to North Carolina to take the 30(B)(6) deposition of plaintiff. The witness produced by plaintiff knew essentially nothing about the matters identified in the 30(B)(6) Notice. This issue was subsequently raised with the

4

- Jefferson Pilot Chief Privacy Officer;
- DMS 30(B)(6);
- DMS Chief Privacy Officer;
- Employers Reinsurance 30(B)(6);
- Stefanie Farabow;[8]
- William Dempsey (technically a 3rd party);
- Investigator firm depositions;

The information gleaned from JP and DMS' full compliance with the above may necessitate follow-up discovery, which Kearney reserves the right to seek.[9]

Respectfully submitted,

s/ Michael A. Roberts
Michael A. Roberts, Esq.
GRAYDON HEAD & RITCHEY LLP
511 Walnut Street, Suite 1900
Cincinnati, OH 45202
(513) 629-2799
(513) 651-3836 - fax
mroberts@graydon.com

---

Magistrate Judge who determined that Mr. Kearney could retake the 30(B)(6) deposition – and plaintiff should produce the "person with knowledge." (*Doc. 76*).

[8]     In Doc. 76 the Magistrate Judge reserved ruling *for the time being* on whether Stefanie Farabow and William Dempsey, in-house counsel for the insurer and the reinsurer respectively, could be deposed to learn information about their communications prior to June 6, 2002. Mr. Kearney submits that he should be entitled to these documents and depositions without further delay. Under the Ohio Supreme Court's decision in **Boone v. Vanliner Ins. Co.**, 744 N.E.2d 154, 91 Ohio St.3d 209, 213-214, 2001-Ohio-27 (2001) an insurer's communications with counsel prior to the insurer's denial of benefits are discoverable. JP/DMS must produce (through documents and deposition) all communications with lawyers which predate JP/DMS' denial of benefits to Mr. Kearney (i.e., all communications up to June 6, 2002). An increased COLA benefit was due to Mr. Kearney on June 6, 2002, and JP/DMS refused to pay it. That was the first date that benefits were denied.

[9]     In a prior action involving trial counsel for these parties, this Court conducted many conferences and analyzed many, many motions and pleadings concerning DMS' resistance to comply with electronic discovery. (*See, Case No. C-1-02-351*). At every stage of that action, the Court required DMS to comply with its obligation to produce electronically stored information. At one point the District Court Judge found that JP/DMS' counsel had in the Court's judgment "intentionally misunderstood" the Court's clear directive on the issue. (*Id. Doc. 100*).

5

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing has been filed electronically with the court and thereby served this 31st day of October, 2006, upon William R. Ellis, Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, OH 45202.

                                                                            s/ Michael A. Roberts

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFERSON-PILOT INSURANCE COMPANY,

    Plaintiff,

vs.

CHRISTOPHER L. KEARNEY,

    Defendant.

:  Case No. C-1-02-479
:
:  (Judge Spiegel)
:
:  **PRIVILEGE LOG**
:

The following documents have not been produced subject to a claim of privilege as specified below.

| Document Number | Document Identity |
|---|---|
| 2819-2820 | Privileged communication from counsel to client |
| 2932 | Privileged communication from client to counsel |
| 2934-2935 | Privileged communication from client to counsel with notes |
| 2938-2939 | Privileged communication from client to counsel |
| 2941-2944 | Privileged communications from client to counsel |
| 2949 | Privileged communication from client to counsel |
| 3151-3152 | Privileged communication from counsel to client |
| 3372 | Privileged communication between counsel |
| 3376 | Privileged communication between counsel |
| 3382 | Privileged communication from client to counsel |
| 3419 | Privileged communication from client to counsel |

EXHIBIT 1

| Document Number | Document Identity |
|---|---|
| 3421-3423 | Internal communication of Rotzel & Andress |
| 3430 | Privileged communication between counsel |
| 3480 | Privileged communication between counsel |
| 3493 | Privileged communication between counsel |
| 3497 | Privileged communication from client to counsel |
| 3508-3509 | Privileged communication between counsel |
| 3519 | Privileged communication between counsel |
| 3528 | Privileged communication from client to counsel |
| 3544 | Privileged communication from client to counsel |
| 3547 | Privileged communication from client to counsel |
| 3551 | Privileged communication between counsel |
| 3608-3609 | Privileged communication from counsel to client |
| 3610 | Privileged communication from client to counsel |
| 3616 | Privileged communication from client to counsel |
| 3623 | Privileged communication from client to counsel |
| 3625 | Privileged communication from client to counsel |
| 3643-3645 | Privileged communication from counsel to client |
| 3646 | Privileged communication from client to counsel |
| 3648 | Privileged communication from client to counsel |
| 3649 | Privileged communication from counsel to client |
| 3651 | Privileged communication from counsel to client |
| 3666 | Privileged communication from counsel to client |

| Document Number | Document Identity |
|---|---|
| 3668 | Privileged communication from counsel to client |
| 3669 | Privileged communication from counsel to client |
| 3671 | Privileged communication from counsel to client |
| 3674 | Privileged communication to counsel from client |
| 3677 | Privileged communication to counsel from client |
| 3678 | Privileged communication from counsel to client |
| 3680 | Privileged communication from counsel to client |
| 3691 | Privileged communication from client to counsel |
| 3697 | Privileged communication from client to counsel |
| 3705 | Privileged communication between counsel |
| 3707-3717 | Privileged e-mail communication between counsel |
| 3719-3723 | Privileged communication between counsel |
| 3724 | Privileged communication between counsel |
| 3726-3727 | Privileged communication between counsel |
| 3729-3773 | Privileged communication between counsel |
| 3777-3780 | Privileged communication from counsel to client |
| 3788-3789 | Internal communication of Plaintiff's former counsel |

In addition, the following privileged documents were inadvertently disclosed. These are clearly privileged communications which should be immediately returned to counsel for Plaintiff.

| Document Number | Document Identity |
|---|---|
| 564 | Privileged communication from counsel to client |
| 568 | Privileged communication from counsel to client |

| | |
|---|---|
| 570-71 | Attorney work product |
| 628-29 | Privileged communication from counsel to client |
| 3386-3387 | Privileged correspondence from counsel to client |
| 3388 | Privileged e-mail communication between counsel |
| 3393-3397 | Privileged e-mail communication and correspondence between counsel and client |
| 3400-3407 | Privileged e-mail communications between counsel and client and hand-written attorney work product |
| 3408-3409 | Privileged correspondence from counsel to client |
| 3410 | Privileged correspondence from client to counsel |
| 3411-3413 | Privileged e-mail communications between counsel and client |
| 3447-3450 | Privileged correspondence from counsel to client |
| 3657-3661 | Attorney work product |
| 3688 | Privileged correspondence from client to counsel |

Respectfully submitted,

s/Amy Gasser Callow
William R. Ellis (0012279)
Peter M. Burrell (0044139)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202-2491
(513) 852-6000 (Telephone)
(513) 852-6087 (Fax)

Trial Attorneys for Plaintiff

207276.3