UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**JEFFERSON-PILOT LIFE INSURANCE CO.**
**PLAINTIFF**

VS.

**CHRISTOPHER L. KEARNEY,**
**DEFENDANT**

CASE NO. C-1-02-479
(SPIEGEL, J.)
(HOGAN, M.J.)

**ORDER**

Before the Court are a series of discovery-related motions, the first of which is Defendant's Motion to Compel (Doc. 43). Plaintiff's Memorandum in Opposition (Doc. 46) is also before the Court. There is no Reply brief. This is a disability insurance case. The Plaintiff carrier began the litigation with a claim for declaratory judgment. Defendant, beneficiary of the policy, counterclaimed for bad faith. The first issue is a legal one, whether Defendant can lawfully receive cost of living increases and a social security benefit when he is receiving residual benefits rather than total disability benefits.

**THE FIRST MOTION TO COMPEL**

Defendant complains about incomplete discovery responses and a privilege log, which was promised, but never arrived. Defendant also complains about his inability to depose 17 employees of Plaintiff. Defendant's Motion to Compel contains a request for sanctions. Plaintiff attributes the delay to the illness of Geraldine Johnson, Esq, Plaintiff's former counsel. The Court has independent knowledge of Ms. Johnson's struggle and prays for her recovery. (The Court's comment is to be taken as a show of concern for a member of the Bar, not as an indication of bias in favor of Plaintiff.) In any event, Plaintiff expresses willingness to schedule depositions, says that "paper discovery" is complete, although there have been objections to


EXHIBIT C

some requests, and that the privilege log is being prepared. Plaintiff says that the issue in this case is whether or not the Plaintiff carrier's decision to cease paying cost of living increases and social security supplements was in accordance with the policy and otherwise lawful. Since Plaintiff considers the issue to be one of law, Plaintiff wishes to stay discovery until a decision is made on the cross-motions for summary judgement. The complicating factor is, of course, that the discovery deadline has passed. Plaintiff's position, had bifurcation been sought early in the case, would have likely ruled the day. It is now too late for bifurcation.

The Court must first address the objections Plaintiff has to Defendant's Interrogatories and/or Document requests. An informal discovery conference has been scheduled for Thursday July 29, 2004. The first order of business will be to resolve the question whether Plaintiff's responses are "incomplete" or whether its objections are legitimate. If Plaintiff is ordered to supplement its answers or responses, it must do so on or before August 31, 2004. Once paper discovery is complete and it will be on August 31, 2004, the parties will schedule the depositions, all of which will take place on or before October 29, 2004. The privilege log will be completed on or before August 31, 2004.

Defendant's Motion to Compel (Doc. 43) is granted. Defendant's request for sanctions will remain pending and will certainly be granted if Plaintiff does not comply with this Order.

## THE PROTECTIVE ORDERS

Next is Plaintiff's Motion for a Protective Order (Doc. 57) and Defendant's Memorandum in Opposition. (Doc. 62). The stimulus for this Motion is Defendant's act of noticing the depositions of Robert Mills and William Hughes, DMS employees and three attorneys, Stephanie Farabow, William Dempsey and Geraldine Johnson. Plaintiff objects to the depositions of the two DMS employees on the basis that the notices, served less than three working days before the depositions were to occur, provide insufficient lead time. Plaintiff also objects to having these depositions taken locally because the two deponents live in Massachusetts. The objection to the depositions of the attorneys is based on the attorney-client privilege. Defendant also wishes to redepose a Jefferson-Pilot Rule 30(b)(6) witness and

2

Plaintiff objects.

The Court finds that the deposition of Mills and Hughes should go forward. These deponents appeared for their depositions in Massachusetts previously and the Mills deposition was begun, but was not completed. The Court has been provided with no information which suggests that either deponent is a managing official of Jefferson-Pilot or Disability Management Services, Inc. and neither has been accused of any form of obstruction, as far as cooperation with their depositions is concerned. These depositions should occur in the state and county where the deponents reside and be at Defendant's cost. Defendant's failure to complete both depositions when scheduled is not the fault of either deponent.

Plaintiff objects to the depositions of Ms. Farabow, Plaintiff's in-house counsel, Mr. Dempsey, counsel for Employers Reinsurance Corp., Plaintiff's reinsurer, and Ms. Johnson, Plaintiff's former trial counsel. The objection is based on attorney-client privilege. Defendant argues that this is a diversity case in which Ohio law applies. Although Plaintiff disagrees on the basis that this is not a denial-of-coverage case and that federal procedural rules apply, the Court finds that Ohio law does apply. The Court finds that the *Boone* case applies to a situation where a carrier continues the base coverage, but denies the add-ons, such as cost of living increases and social security supplements. *See Boone v. Vanliner Ins. Co.*, 91 O.S.3d 209 (Ohio, 2001) wherein the Ohio Supreme Court said: "in an action alleging bad faith denial of insurance coverage, the insured is entitled to discover claims file materials containing attorney-client communications related to the issue of coverage that were created *prior to the denial of coverage*." (Emphasis supplied). *Garg v. State Auto Mut. Ins. Co.*, 155 O. App.3d 258 (2nd Dist. 2003) extended the *Boone* ruling to work product materials. In the instant case, Plaintiff denied coverage to the extent that it stopped payment for cost of living increases and social security supplements.

An interesting issue is raised by Plaintiff's Memorandum in Opposition. At what point does *Boone* apply, October, 2000 when Plaintiff informed Defendant of what it considered to be an overpayment or December, 2001, when counsel for Plaintiff advised the carrier to pursue a declaratory judgment action? The Court holds that neither date applies. The date Plaintiff stopped payments relative to the disputed categories in this case was June 6, 2002 and that is date after which all attorney-client communications are protected from disclosure.

3

It does not necessarily follow that because claims materials are not protected under the attorney-client or work-product privileges prior to June 6, 2002, as the *Boone* and *Garg* cases hold, that an opposing party may depose attorneys relative to their communications with their clients prior to June 6, 2002. Discovery of claims file information is one thing; deposing the adversary's counsel is quite another. *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986) held that before counsel can be deposed, it must be shown that other means to the same end were unavailable, and that the information sought must be probative of an issue in the case and crucial to the preparation of the case. Although counsel disagree on the substance/procedural essence of the issue, it seems to us that what may be discoverable is a substantive question, but the source is a procedural question. Thus, although Ohio substantive law applies, federal procedural law also applies. The Court is not satisfied that counsel is the only source of the discoverable material and therefore, neither Ms. Johnson, Mr. Dempsey nor Ms. Farabow may be deposed, at least not at this time.

The next issue concerns Defendant's desire to conduct another Rule 30(b)(6) deposition in addition to the one conducted in May, 2004 of Valerie Loftin, Vice President of Claims for Jefferson-Pilot. Essentially, Defendant argues that Ms. Loftin was able to answer few of defense counsels's questions and believes her to be an inappropriate person to have been designated as the Rule 30(b)(6) witness. Therefore, Defendants seeks to retake the deposition of a person with knowledge. Presumably, Defendant wishes to depose all those persons in the chain of decision-making from both Jefferson-Pilot and Disability Management Services, Inc. (DMS), its claims administrator. That portion of Plaintiff's motion is denied. Defendant may either retake the deposition of Ms. Loftin or request the deposition of a person with knowledge. When the Court learns the identity of the new 30(b)(6) witness designated by Plaintiff, the deposition of that person shall take place no later that August 31, 2003.

Jefferson-Pilot's Motion for a Protective Order (Doc. 57) is granted in part and denied in part in accordance with this opinion.

Plaintiff's second Motion for a Protective Order (Doc. 45) is essentially an objection to Defendant's noticing 12 depositions on 24 hours notice. Even more egregious is the fact that none of the deponents reside in this judicial district or the tri-state area. Although this Motion is moot because the time set for the depositions is long past, it is but another example of a lack of

4

civility and having to rule on an unnecessary Motion for a Protective Order is a waste of time for this Court.

### THE SECOND MOTION TO COMPEL

Lastly, there is Defendant's Second Motion to Compel, (Doc. 54), which is simply a repeat version of the previously-filed Motion to Compel (Doc. 43). (*See also* Doc. 63, Plaintiff's Memorandum in Opposition and Doc. 70, Defendant's Reply). It does, however, serve as a more complete version of the previously-filed document. Defendant first refers to previously requested electronically-stored information concerning his claim. Plaintiff responds as if merely refraining from filing said material in the "claims file" or filing it elsewhere insulates a party from making appropriate discovery. The only difference between traditional paper discovery and electronic discovery is the cost of retrieval. The Court is not convinced that the cost of retrieval is a significant burden for Jefferson-Pilot and/or its claims administrator to bear. While we agree that paper discovery of otherwise protected attorney-client materials must be disclosed if dated prior to June 6, 2002, we also find that the request to depose the three lawyers is not as yet justified. Defendant's Second Motion to Compel is granted in part and denied in part in accordance with this opinion.

July 26, 2004                                      *s/Timothy S. Hogan*
                                                   Timothy S. Hogan
                                                   United States Magistrate Judge

5