UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT INSURANCE COMPANY, | : | Case No. C-1-02-479 |
| | : | |
| Plaintiff, | : | Judge Michael Barrett |
| | : | |
| vs. | : | PLAINTIFF'S MOTION FOR |
| | : | RETURN OF |
| | : | INADVERTENTLY |
| CHRISTOPHER L. KEARNEY, | : | DISCLOSED DOCUMENTS |
| | : | |
| Defendant | : | |

Now come Plaintiff, Jefferson-Pilot Life Insurance Company and Counterclaim

Defendant Disability Management Services, Inc. and move the Court for an Order

requiring the return of privileged documents that were inadvertently disclosed to

Defendant through his counsel.  In its March 14, 2007 Order, the Court confirmed that

documents identified as protected by the attorney-client and work product privileges by

DMS and Jefferson-Pilot were properly categorized as privileged as previously

determined by Magistrate Judge Hogan.  In light of this ruling, DMS and Jefferson-Pilot

now renew their request for the return of additional privileged documents which were

inadvertently disclosed during discovery.  These documents were produced to counsel for

Mr. Kearney by Ms. Geraldine Johnson, former counsel to Jefferson-Pilot and DMS.  At

the time of production, Ms. Johnson was battling cancer, a battle which she ultimately

lost.  It appears that during that time, while Ms. Johnson was fighting her illness, yet still

attempting to maintain a practice, several documents that are privileged were

inadvertently produced by her office.  Neither Jefferson-Pilot nor DMS ever waived their

privilege with regard to the documents.  Jefferson-Pilot and DMS request that these

inadvertently produced documents be returned to their counsel immediately.  A

Memorandum in Support of this Motion follows.

> Respectfully submitted,
>
> s/William R. Ellis
> Counsel for Plaintiff
>
> **William R. Ellis** (0012279)
> **Amy Gasser Callow** (0063470)
> Wood & Lamping LLP
> 600 Vine Street, Suite 2500
> Cincinnati, OH  45202-2491
> (513) 852-6000 (Telephone)
> (513) 852-6087 (Fax)
>
> **John E. Meagher**
> Shutts & Bowen LLP
> 1500 Miami Center
> 201 S. Biscayne Boulevard
> Miami, Florida 33131

## MEMORANDUM IN SUPPORT

Geraldine M. Johnson was the original trial attorney for Jefferson-Pilot when it

filed its Motion for Declaratory Judgment in 2002.  As has been the subject of many

motions filed by Mr. Kearney, Ms. Johnson was the attorney responsible for responding

to the initial round of paper discovery.  When it became apparent that Ms. Johnson's

health would no longer allow her to continue as trial counsel of record, William Ellis and

the law firm of Wood & Lamping entered their appearance on behalf of Jefferson-Pilot

and DMS.  Mr. Roberts entered his appearance as counsel for Mr. Kearney only a few

months before Wood & Lamping.

When Mr. Roberts and Mr. Ellis entered the case, both counsel took some time to fully apprise themselves of the discovery that had occurred to date. One of the discoveries made by Wood & Lamping in its review of the file received from Roetzel & Andres was that although Ms. Johnson had responded to Mr. Kearney's request for production of documents, she had not submitted a privilege log. Mr. Roberts also requested that a privilege log be provided. On May 14, 2004, counsel for Jefferson-Pilot and DMS hand-served a copy of the privilege log to Mr. Roberts. On May 28, 2004, the notice of filing the privilege log was filed with the Court.[1] In this privilege log, DMS and Jefferson-Pilot requested the return of privileged communications which had been inadvertently produced by Ms. Johnson. To date, Defendant has not returned those documents. In fact, he continues to refer to the privileged communications and attempts to rely upon them in support of his claim. This is improper and Court intervention is now required to secure return of these clearly privileged documents.

The Ohio Supreme Court has determined that the Ohio Statute governing privileged communications between an attorney and a client provides the exclusive means by which privileged communication directly between an attorney and client can be waived.[2] Revised Code Section 2317.02 states that communications between an attorney and a client can only be waived if: (1) the client expressly consents, or (2) the client voluntarily testifies on the same subject. In *McDermott*, the Court declined to add a judicially created waiver to a statutorily created privilege and held that R.C. §2317.02 was the sole means by which the privilege could be waived. In *McDermott*, the State attempted to compel the testimony of McDermott's attorney on the basis that the client,

---

[1] *See,* Exhibit 1.
[2] *State v. McDermott*, 72 Ohio St. 3d, 570, 572, 651 N.E. 2d 985, 987 (1995).

McDermott, had had a conversation with his attorney's brother.[3] The prosecution argued

that the attorney's brother's testimony concerning McDermott's conversation with him,

created a presumption that McDermott had waived the attorney-client privilege and

therefore his attorney could be ordered to appear for questioning.[4] The Ohio Supreme

Court rejected this waiver via a third party argument, confirmed the importance of the

privilege and held that the only ways the attorney client privilege could be waived were

set forth in the statute.

In the case at bar, it is undisputed that Jefferson-Pilot and DMS have never

consented to waiver of the attorney-client privilege through the disclosure of privileged

documents and have never voluntarily testified on the subjects of the documents. Waiver

under the statute has not occurred and the privileged documents should never have been

disclosed. Therefore, the attorney-client privilege documents which were inadvertently

disclosed by counsel, must be returned.

In the March 14, 2007 Order of the Court, Judge Barrett reviewed the privilege

log and documents listed on the privilege log which had been previously reviewed in

camera by Magistrate Judge Hogan. The Magistrate Judge had earlier determined that

attorney-client communications amongst in-house and outside counsel which predated

June 6, 2002 were protected from disclosure.[5] Also included on the privilege log were

several documents which had been inadvertently disclosed by Ms. Johnson. Jefferson-

Pilot and DMS had requested that those documents be returned. Many of these

documents post-date June 6, 2002 and the logic of the Court's earlier rulings applies.

Others, which pre-date June 6, 2002, are either the work product of or communications

---

[3] *Id* at 986.
[4] *Id*
[5] *See* Doc. No. 83.

4

by Ms. Johnson to or from her clients. These documents should never have been part of

the claims file and *Boone v. Vanliner*[6] should not be applied to them. Moreover, these

documents contain the thoughts, impressions and advice of Ms. Johnson in her role as

counsel to Jefferson-Pilot and DMS.

  Addressing each document, there is no doubt that these communications are

privileged.

| | |
|---|---|
| Document No. 564 | 6-6-02 – E-mail communication from Robert Mills from Geraldine Johnson |
| Document No. 568 | 5-20-02 – Correspondence from Mr. Mills from Ms. Johnson |
| Document No. 570 – 571 | Hand written notes of Ms. Johnson |
| Document No. 628-629 | 12-21-01 – Correspondence from Ms. Johnson to William Dempsey |
| Document 3386 – 3387 | 9-10-02 – Correspondence from Ms. Johnson to Stephanie Farabow and William Dempsey. |
| Document No. 3388 | 9-1-02 – E-mail correspondence by and between Ms. Farabow, Mr. Dempsey and Ms. Johnson |
| Document No. 3393 – 3395 | These are a series of E-mail communications between Ms. Johnson and Attorney Karen Guam of her office regarding documents in the Kearney case |
| Document No. 3396 | 8-6-02 – Draft correspondence to Mr. Kearney from Mr. Mills with handwritten comments from Ms. Johnson |
| Document No. 3397 | 7-12-02 – Correspondence between Ms. Johnson and Mr. Dempsey |
| Document No. 3400 | 6-28-02 – E-mail correspondence to Ms. Johnson from Mr. Mills solicit legal advice |

---

[6] *Boone v. Vanliner, Ins.* 744 N.E.2d 154 (Ohio 2001)

| | |
|---|---|
| Document No. 3401 | 6-6-02 – E-mail correspondence to Ms. Johnson from Mr. Mills with handwritten notes by Ms. Johnson |
| Document No. 3402 – 3406 | Fax coversheets by and between Ms. Johnson, Ms. Farabow and Mr. Dempsey regarding the draft versions of the Complaint for Declaratory Judgment |
| Document No. 3406 | 5-29-02 – E-mail correspondence between Ms. Johnson and Ms. Guam regarding legal research questions solicited by Ms. Johnson |
| Document No. 3407 | 5-2-02 – E-mail communication from Mr. Mills to Ms. Johnson and Mr. Demsey |
| Document No. 3408 – 3409 | 5-12-02 – Status letter to Ms. Farabow from Ms. Johnson |
| Document No. 3410 | 5-07-02 – Correspondence to Ms. Johnson from Ms. Farabow |
| Document No. 3411 | 5-02-02 – Correspondence from Ms. Farabow to Ms. Johnson and Mr. Demsey |
| Document No. 3412 | 4-29-02 – Correspondence between Ms. Johnson and Ms. Farabow |
| Document No. 3413 | 4-29-02 – E-mail correspondence between Ms. Farabow and Ms. Johnson |
| Document No. 3447 – 3450 | E-mail correspondence from counsel to client |
| Document No. 3657 – 3611 | Draft version of Complaint for Declaratory Judgment prepared by Ms. Johnson's office and protected by the attorney work-product privilege |
| Document No. 3688 | Fax cover sheet from Ms. Johnson to Mr. Mills |

Of these documents, it is document no. 628-629 that has caused the most

consternation.  It is clear from the content of this letter that this communication contains

legal advice from Ms. Johnson to her clients. It is this letter from which Mr. Kearney has heralded his supposed loss of a bad faith claim. Setting aside the fact that the only way to deny Mr. Kearney of some manufactured "right" to a bad faith claim is to act in good faith, Mr. Kearney and his counsel continuously misquote, misinterpret and misapply this correspondence. To allow this correspondence in particular to remain in the case given its sensitive nature and its clear privilege is prejudicial.

It is difficult to speculate how and why so many inadvertent disclosures occurred. Ms. Johnson was a respected colleague of Wood & Lamping before she joined Roetzel & Andres. Nonetheless, the fact remains that numerous documents were produced by her office that should not have been. Jefferson-Pilot and DMS never consent to waiver of the attorney-client privilege. They never authorized release of these documents and under the Ohio Statute, these documents are privileged and must be returned. Ms. Johnson's illness and subsequent death no doubt impacted her practice toward the end of her life. It is unfortunate, but her illness should not be allowed penalize Jefferson-Pilot and DMS. These documents are protected by the attorney-client privilege and in light of the Court's recent ruling, must be returned.

Respectfully submitted,


s/William R. Ellis
Counsel for Plaintiff
**William R. Ellis** (0012279)
**Amy Gasser Callow** (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202-2491
(513) 852-6000 (Telephone)
(513) 852-6087 (Fax)

**John E. Meagher**
Shutts & Bowen LLP
1500 Miami Center
201 S. Biscayne Boulevard
Miami, Florida 33131

## CERTIFICATE OF SERVICE

I hereby certify that on April1 19th, 2007, I electronically filed the foregoing with the Clerk of the Court, which will send a notice of electronic filing to the following:

Michael A. Roberts, Esq.
Graydon, Head & Ritchey LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, OH 45202-3157
Attorney for Defendant

                                        s/William R. Ellis
                                   William R. Ellis
                                   Attorney for Plaintiff

316032.1

8