UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFERSON-PILOT INSURANCE
COMPANY,                                              :    Case No. C-1-02-479
                                                      :
        Plaintiff,                                  :    Judge Michael Barrett
                                                      :
vs.                                                   :    PLAINTIFF'S MOTION TO
                                                      :    COMPEL
                                                      :
CHRISTOPHER L. KEARNEY,                               :
                                                      :
        Defendant                                   :

       Now come Plaintiff, Jefferson-Pilot Life Insurance Company and Counterclaim Defendant Disability Management Services, Inc. and move the Court for an Order compelling responses to outstanding interrogatories and requests for production of documents submitted to Defendant Kearney. In correspondence dated March 22, 2007, Defendants ask Plaintiff to supplement his discovery responses.[1] This request for supplementation was reiterated in correspondence dated April 4, 2007.[2] On April 6, 2007, Kearney's counsel responded to the Request for Supplementation, but did not completely supplement his responses as requested.[3] Having exhausted all non-judicial means in an attempt to resolve this, DMS and Jefferson-Pilot now move the Court for an order compelling discovery responses from Mr. Kearney.

       As a threshold matter, the interrogatories submitted by Mr. Kearney were not verified. Jefferson-Pilot and DMS ask that Mr. Kearney immediately respond and verify his interrogatory responses.

---

[1] See Exhibit 1, 3-22-07 correspondence.
[2] See Exhibit 2, 4-04-07 correspondence.
[3] See Exhibit 3, 4-06-07 responses to request for supplementation.

Interrogatory no. 3 asked Mr. Kearney to "identify all person(s) with knowledge or information relevant to the subject matter of the counterclaim." In response, Mr. Kearney identified "representatives of Jefferson-Pilot and DMS including their vendors, Christopher Kearney, Tim Kearney, Nancy Kearney and Kearney's physicians." Jefferson-Pilot and DMS asked that Mr. Kearney supplement his response to specifically identify his physicians. The same supplementation was requested for Interrogatory No. 18. Jefferson-Pilot and DMS need to confirm that they know the identity of the physicians with whom Mr. Kearney has sought or received treatment. For this reason, Mr. Kearney must identify those physicians by name and address.

Interrogatory No. 9 asked Mr. Kearney to "identify all medical practitioners that have identified and can support your allegation that the alleged action of Jefferson-Pilot and DMS caused your medical condition to deteriorate." In response, Mr. Kearney stated that the question was unclear and he needed to know what medical condition was being referred to or whether it was a physical condition. Jefferson-Pilot and DMS responded in clarification:

> The "medical condition" referred to is the one Mr. Kearney claims causes his current residual disability. In supplementation of both Interrogatory No. 9 and Interrogatory No. 10, please state with specificity which of the medical doctors identified have advised that the actions of DMS and/or Jefferson-Pilot adversely affect Mr. Kearney's medical health. In addition, please verify the name and address of Dr. Patel. We do not have any medical records from Dr. Patel in our possession and ask that you supplement the same.

In his 4-6-07 correspondence, Mr. Kearney does not supplement Interrogatory No. 9 and 10 nor does he provide the name and address of Dr. Patel. Before the depositions of medical personnel are taken, Jefferson-Pilot and DMS have a right to

2

explore the basis of the doctors' testimony. Mr. Kearney has claimed that actions by Jefferson-Pilot and DMS caused his medical condition to deteriorate. Jefferson-Pilot and DMS are simply asking him to identify which of the medical practioners he has treated with have made such a claim. If all of them have made such a claim, he can simply so state and identify them by name.

Interrogatory No. 4 asked that Mr. Kearney "please identify all credit cards you have obtained and/or maintained since your disability began and include the name of the issuer, the date of issuance and date in which the card has been in effect." Document Request No. 9, then asked that Mr. Kearney "produce all statements for the credit cards identified in response to Interrogatory No. 4 from the time your disability began to the present." Mr. Kearney refuses to supplement this Interrogatory and Document Request. He objects that the request is unduly burdensome and it seeks confidential information. Jefferson-Pilot and DMS agreed to enter into a protective order maintaining the confidentiality of Mr. Kearney's credit card information. The information contained on those credit card statements is crucial. Mr. Kearney claims that he is residually disabled. He argues that he is unable to work at the same level he worked before his disability. He also claims a mental disability. Review of the credit card statements will give a very accurate and up-to-date picture of Mr. Kearney's activities, both work and leisure. This information is essential to adequately asses the level of functioning enjoyed by Mr. Kearney. Jefferson-Pilot and DMS agree to keep this information confidential and not disseminate any confidential credit card information.

Respectfully submitted,

s/William R. Ellis
Counsel for Plaintiff

**William R. Ellis** (0012279)
**Amy Gasser Callow** (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202-2491
(513) 852-6000 (Telephone)
(513) 852-6087 (Fax)

**John E. Meagher**
Shutts & Bowen LLP
1500 Miami Center
201 S. Biscayne Boulevard
Miami, Florida 33131

### CERTIFICATE OF SERVICE

I hereby certify that on April 27th, 2007, I electronically filed the foregoing with the Clerk of the Court, which will send a notice of electronic filing to the following:

Michael A. Roberts, Esq.
Graydon, Head & Ritchey LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, OH 45202-3157
Attorney for Defendant

　　　　s/William R. Ellis
William R. Ellis
Attorney for Plaintiff

316751.1