# Graydon Head & Ritchey LLP

*Attorneys at Law*

Michael A. Roberts
Direct Dial: (513) 629-2799
E-Mail: mroberts@graydon.com

April 6, 2007

**_VIA EMAIL AND REGULAR MAIL_**
William R. Ellis, Esq.
WOOD & LAMPING LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202

    Re: *Jefferson Pilot v. Kearney*

Dear Counsel:

    Enclosed are:

1. Copies of tape recordings requested;

2. Copies of medical records from Spectrum Orthopedics;

3. Copies of medical records from Behavioral Psychiatric Consultants, Inc.;

4. Kearney's written response to your most recent document production request;

5. As you requested, the last known addresses of Kearney's medical providers are:

| | |
|---|---|
| Dr. Suresh A. Patel, M.D.<br>3745 Wipple Ave. NW<br>Canton, Ohio 44718 | Elizabeth A. Henderson, Ph.D.<br>4150 Belden Village St. #110<br>Canton, Ohio 44718 |
| Shawn Barnhart, LISW<br>1201-30th St. NW, Suite 203B<br>Canton, OH 44709 | Dr. Donna Judd-McClure<br>5811 Dunglady<br>Dublin, Ohio |
| Dr. Martin Lehenbauer<br>Alliance Primary Care<br>608 Reading Rd., Suite B<br>Mason, Ohio 45040 | |


EXHIBIT 3

www.graydon.com
*Mailing Address*
P.O. Box 6464
Cincinnati, Ohio 45201-6464

*Cincinnati Office*
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202-3157
telephone (513) 621-6464
fax (513) 651-3836

*Kentucky Office*
2500 Chamber Center Drive
Suite 300
Ft. Mitchell, Kentucky 41017-0070
telephone (859) 282-8800
fax (859) 525-0214

*Butler/Warren Office*
7759 University Drive
Suite H
West Chester, Ohio 45069
telephone (513) 755-9500
fax (513) 755-9588

William R. Ellis, Esq.
April 6, 2007
Page 2

On March 1, 2007, you indicated that you would coordinate the depositions of these persons. I took you at your word and have no discomfort with you undertaking that task. I am, however, unavailable between April 6 and April 30. I presently do not know which of the above physicians, if any/all, I will call as witnesses at trial, but am reserving the right to call each of them as they all have opined that your clients' actions have caused Mr. Kearney to suffer emotional distress. Further, since I do not believe they are material to your proposed MSJ briefing, I would also have no discomfort if you conducted these depositions after the discovery deadline.

6. Pursuant to the Court's Order (*Doc. 142*) enclosed are copies of the Claims Assessment Agreement that I could locate [I will continue my search and provide you with whatever other copies may exist, if any, in my numerous Kearney files]. As you know, this document came to me through my client who acquired it from a third party without any confidentiality constraint. I do not believe I have shared it with anyone outside this litigation.

***Interrogatory Responses.*** You have asked that Mr. Kearney supplement responses to your discovery requests:

- **Interro. 3:** I presume you know what your DMS/JP reps and vendors will say. Mr. Kearney's testimony far exceeds the nature of an interrogatory response. Further, you have taken and express a desire to retake Kearney's deposition. You will have sufficient opportunity to ask him then. Tim Kearney will testify as to his direct knowledge of your clients' violation of Mr. Kearney's privacy rights. Mary Kearney and Kearney's physicians will testify as to the emotional harm and distress your clients have caused – I understand you will explore this in their depositions. Finally, we presume that Nancy Kearney will also testify as to the emotional distress your clients have caused;

- **Interro. 4:** You are correct the unpaid sum was paid after a 3+ year delay and Court order;

- **Interro. 9/10:** See above. Further, you will learn in depth about these physicians' opinions when you schedule/conduct their depositions;

- **Interro. 17/18:** See above

- **Interro. 24/Doc. Req. 29:** At your request Kearney has reconsidered his objection to these requests and restates his objection. This is- as you know - consistent with the Court's decision in the Jay case, which rejected your right to this information.

We require the depositions of the following from Employers Reinsurance: David Newkirk, Robert Dempsey, and Robert Linner. I expect to be able to conduct all 3 of these depositions in a single day. Before the Court ordered that these depositions

William R. Ellis, Esq.
April 6, 2007
Page 3

proceed, you refused to cooperate in arranging them. I presume that I will not receive your cooperation and need to unilaterally compel the depositions on a day I decide without regard for your availability. Let me know if I am wrong.

    Also, I would like to conduct the Mills, Hughes, and JP depositions between May 1 and May 15. (*See, Deposition Notices previously served and letter of February 26, 2007*). Let me know dates convenient by next Friday, April 13. If I receive no response by then, I will issue Notices for times convenient with my schedule.

                            Sincerely,

                            GRAYDON HEAD & RITCHEY LLP

                            Michael A. Roberts

MAR/tsl
Enclosures

1369755.1