UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEFFERSON-PILOT LIFE INSURANCE COMPANY, Plaintiff/Counter Defendant, vs. CHRISTOPHER L. KEARNEY, Defendant/Counter Plaintiff. | CASE NO. C-1-02-479 (Judge Watson) (Magistrate Judge Hogan) **MOTION FOR PROTECTIVE ORDER** |

Now comes Plaintiff Jefferson-Pilot Life Insurance Company and moves this Court for a Protective Order with regard to the 30(b)(6) deposition unilaterally noticed for Monday, May 7, 2007. As a threshold matter, counsel for Jefferson-Pilot is not available on that date. More important, however, the deposition as noticed far exceeds the scope of previous 30(b)(6) discussions between counsel. Counsel for Mr. Kearney had agreed to limit the scope of his 30(b)(6) inquiry with regard to Jefferson-Pilot. Moreover, in issuing the 30(b)(6) notices, Kearney has reverted to the overbroad and irrelevant requests he previously sought and attempts to proceed as if the discussions of counsel have not occurred. It is clear that Court intervention is required. Jefferson-Pilot respectfully requests that the Court issue a protective order that the Jefferson-Pilot 30(b)(6) deposition not go forward on May 7, a date on which counsel is not available, and that the areas of inquiry be limited to those as previously agreed between counsel. Guidance from the Court is also required with regard to the profitability inquiry.

Respectfully submitted,

/s Amy Gasser Callow
William R. Ellis (0012279)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202-2491
Telephone: (513) 852-6000
Telefax: (513) 852-6087
E-mail: wrellis@woodlamping.com

OF COUNSEL:

John E. Meagher (511099)
SHUTTS & BOWEN LLP
201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
Telephone: (305) 358-6300
Telecopier: (305) 381-9982
E-mail: JMeagher@Shutts-law.com

Attorneys for Plaintiff, Jefferson-Pilot Life
Insurance Company and Cross-Claim Defendant,
Disability Management Services, Inc.

## *MEMORANDUM IN SUPPORT*

Mr. Kearney's 30(b)(6) deposition notice is overbroad, duplicative and seeks irrelevant information. The contract claim has been decided by the Court. Any information regarding the administration or management of the contract issue, as well as training associated with claims management, is irrelevant. Mr. Kearney's remaining claims, tenuous as they may be, are limited to invasion of privacy, intentional infliction of emotional distress, conspiracy and bad faith. Jefferson-Pilot will establish at trial that Mr. Kearney's claims are unfounded as a matter of law and in several instances barred by the statute of limitations. Jefferson-Pilot recognizes that

2

courts will often allow broad discovery—or at least discovery that is broader than one party wants. Under Federal Rule 26, however, the discovery must at least be reasonably related to a claim in issue and reasonably calculated to lead to the discovery of admissible evidence. Moreover, several of the areas of inquiry, regardless of relevancy, have been addressed by other witnesses. Still other items had been withdrawn by Mr. Kearney's counsel during negotiations between counsel. It is clear that Court intervention is required in light of the fact that this latest Notice completely disregards the earlier testimony and agreements of counsel.

### A. Counsel had previously agreed to withdraw and/or narrow the scope of his 30(b)(6) inquiry.

Attached as Exhibit 1 is correspondence from Mr. Roberts to Jefferson-Pilot's counsel in which he agreed to narrow the scope of Mr. Kearney's 30(b)(6) notice as it relates to Jefferson-Pilot. Specifically, he agreed to withdraw his request for a witness to testify regarding "annual Reports and/or form 10-k's of JP for the period 1993 to the present." Despite counsel's earlier agreement to withdraw this request, as verified by his own correspondence, this request again appears in the April 27, 2007 Notice at item 11. Mr. Kearney's counsel also agreed to address "Claims administration, training provided to claims administration representatives of JP" (item 2 of the April 27, 2007 Notice) and "Documents which relate or refer to claim administration of psychiatric disability claims and/or residual disability claims" (item 3 of the April 27, 2007 Notice) with Clyde Honaker. Mr. Honaker's deposition has been taken. To ask again for a witness with knowledge as to items 2 and 3 is unnecessarily duplicative when Mr. Honaker has already been deposed. Items 2, 3 and 11 must be stricken from the Notice in light of the earlier agreement of counsel.

3

**B. Many of the items set forth in the April 27, 2007 Notice are irrelevant with regard to the remaining claims in the case.**

Item 1 asks for a witness that can testify to "The information, communications, and documentation (including electronic communications) shared between JP and DMS regarding claim administration generally and the claim of Chris Kearney specifically." This request relates to Mr. Kearney's breach of contract claim. That claim has been resolved and any testimony on that issue is now irrelevant. In addition, this description is vague and overbroad, and Valerie Loftin has already testified as to the "quarterly reports" referred to by counsel in earlier correspondence, starting at page 30 of her deposition. Any information regarding claim administration generally has also been exhausted by Ms. Loftin and Mr. Honaker. As to Mr. Kearney's claim specifically, this topic was exhausted in the depositions of Mr. Honaker, Mr. J.L. Roberson, Mr. Harold Shelton and the DMS claims personnel who were directly involved in Mr. Kearney's claim. There is no other witness that Jefferson-Pilot can produce that has any additional informational. In short, even if this topic were relevant, there is nothing else to discuss.

Item 5 asks for "JP's business reasons for retaining DMS." Ms. Loftin and Mr. Honaker have testified exhaustively on this topic. Mr. Kearney seeks evidence of an ill-purpose with regard to Jefferson-Pilot's decision to use DMS to aid in its claim administration. The fact that there was no ill purpose, as all witnesses have testified, has not deterred counsel from asking for yet another witness to testify on this same topic. This is irrelevant, duplicative and unduly burdensome.

Item 7 asks for "Documents exchanged between the [sic] JP and DMS prior to the execution of any claims administration agreement" and item 8 seeks "Documents exchanged between JP and DMS subsequent to the execution of any agreement, including all reports

4

referenced in the Agreement between JP and DMS." As Jefferson-Pilot has stated to counsel on several occasions, these requests for documents exchanged before and after the execution of the claim administration agreement appear to be improper requests for production. To the extent these items seek testimony, the description is vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Jefferson-Pilot has asked counsel to provide a more specific description of what he seeks but to date he has not done so.

Item 9 asks for a witness to testify to "JP's business reasons for ceasing, limiting, or modifying the sale of own-occupation disability insurance policies of the type issued to Mr. Kearney." Again, this topic has been addressed by Ms. Loftin and Mr. Honaker and again, this topic is related to the breach of contract claim.

Finally, Item 10 seeks "Documents for the period 1994 to the present which report, comment on, or relate to the profitability of own-occupation disability insurance policies sold by JP." This appears, again, to be a request for production, which is improper in this context. To the extent Mr. Kearney seeks testimony on this subject area, it is irrelevant to this litigation. Moreover, the "description" is so vague and overbroad it cannot reasonably be understood.

Items 4 and 6 seek a witness that can testify as to "JP's privacy protection policies and practices since 1994" and "JP's quality assurance programs, if any." Jefferson Pilot has already agreed to produce a witness who can testify to the privacy protection procedures used by its claims department from the onset of Mr. Kearney's claim to the filing of this lawsuit. Jefferson-Pilot has also agreed to produce a witness to testify regarding any quality assurance programs in place in its claims department during that time period.

## CONCLUSION

Most of the items listed in Mr. Kearney's 30(b)(6) Notice are irrelevant, overbroad and related only to the breach of contract claim. Others seek a witness to offer unnecessarily duplicative testimony on topics that have already been exhausted by other witnesses in this case. Still others seek testimony with regard to items that counsel previously agreed to modify and/or withdraw. To the extent a witness with knowledge can be produced with regard to items 4 and 6, Jefferson-Pilot respectfully requests that this Court issue a protective order limiting the scope of inquiry to those items only.

        Respectfully submitted,

        s/ Amy Gasser Callow

        William R. Ellis (0012279)
        Amy Gasser Callow (0063470)
        WOOD & LAMPING LLP
        600 Vine Street, Suite 2500
        Cincinnati, Ohio 45202-2941
        Telephone: (513) 852-6000
        Telefax:   (513) 852-6087
        E-mail:    wrellis@woodlamping.com

Of COUNSEL:

        John E. Meagher (511099)
        SHUTTS & BOWEN LLP
        201 S. Biscayne Boulevard
        1500 Miami Center
        Miami, Florida 33131
        Telephone: (305) 358-6300
        Telecopier: (305) 381-9982
        E-mail:    JMeagher@Shutts-law.com

        Attorneys for Plaintiff
        Jefferson-Pilot Life Insurance Company
        and Cross-Claim Defendant, Disability
        Management Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 7th day of May, 2007. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                      s/ Amy Gasser Callow
                                      William R. Ellis

                                      Trial Attorney for Plaintiff
                                      Jefferson-Pilot Life Insurance Company,
                                      and Cross-Claim Defendant, Disability
                                      Management Services, Inc.

317607.1