IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEFFERSON-PILOT LIFE INS. CO., | CASE NO. C-1-02-479 |
| Plaintiff, | JUDGE BARRETT |
| | Magistrate Judge Hogan |
| vs. | |
| CHRISTOPHER L. KEARNEY, | |
| Defendant, | |
| vs. | MEMORANDUM IN OPPOSITION |
| | TO PLAINTIFF'S MOTION |
| DISABILITY MANAGEMENT SERVICES, INC., | TO COMPEL |
| Third-Party Defendant. | |

This Court should deny plaintiff and counterclaim defendant's (collectively, "JP/DMS") motion (*Doc. 146*) seeking to compel defendant, Christopher L. Kearney, to produce private information irrelevant to the claims and defenses remaining in this suit (and also not likely to lead to the discovery of admissable evidence).

**Plaintiff's Improper Demands.**

1.  *Verification.* Ironically (given plaintiff's own actions), plaintiff complains that the interrogatory responses are unverified. Regardless, that complaint is now moot.

2.  *Interros. 3 and 9: Names Addresses of Physicians.* Oddly, plaintiff requests that Kearney provide "names and addresses" of his physicians, which Kearney has done a multitude of times, including in the letter sent to plaintiff and which plaintiff attaches to its motion to compel as Exhibit 3. Apparently, plaintiff filed the motion to compel without reading the information Kearney supplied and which plaintiff attached to its own motion.

1

3.  *Interro. 4, DR. 9:* Kearney has been disabled ~ which JP/DMS does not now and has never disputed ~ for fourteen (14) years. Now, for the first time, after advising this Court that it needed no further discovery to defend itself on Kearney's affirmative counterclaims and third-party claims (*See*, Doc. 107: "*No additional discovery is needed*"),[1] JP/DMS seeks all records and information that Kearney has "obtained or maintained" <u>since 1993.</u> This overwhelming 11th hour request could not possibly have any relation whatsoever to the claims and defenses before this court. And JP/DMS concedes as much. JP/DMS argues that this request is "crucial" (despite telling the Court one year ago that no further discovery was needed) because "Kearney claims that he is residually disabled … (and) review of the credit card statements will give a very accurate picture of Kearney's activities."

There are numerous problems with JP/DMS' argument. Most importantly, Kearney's disability is a non-issue in this case (as evident by the pleadings and letters received from plaintiff's counsel).[2] This was confirmed again this month when DMS' officers testified in deposition that no one at DMS has ever (in 14 years) even suggested that Kearney is not residually disabled. (*The precise deposition testimony will be provided to the Court at the May 23 hearing with the explanation for its absence here*). If not pure harassment, the request (and this Rule 37 pursuit) is a fishing expedition to get information about Kearney for future claim management purposes, not this litigation. Further, Judge Milligan of Stark County rejected this very request (also posed at the 11th hour after the discovery cutoff) in a case involving DMS and its trial counsel here, when the dispute did involve whether the plaintiff was disabled. Judge Milligan correctly reasoned that even

---

[1] Kearney's claims are all that remains since the Court has disposed of all of JP/DMS' claims.

[2] In a July 28, 2005, letter from plaintiff's counsel to the undersigned, plaintiff represented as follows: "The case currently pending has never been about his continued disability … ."

2

when disability is in contest, credit card records will not prove whether someone is disabled or not.  (*Jay v. DMS & MCIC, Stark County, Case No. 04CV 00843*).

JP/DMS was correct in its 2006 filing (*Doc. 107*) when it advised the Court that it needed no further discovery before pursuing the trial of this matter.

## Conclusion

Given the total lack of any merit to JP/DMS' motion to Compel, Kearney asks that the Court both: (i) deny the motion; and (ii) award Kearney his expenses and attorney fees incurred in opposing the motion pursuant to Fed. . Civ. P. 37(A)(4)(B).

Respectfully submitted,

OF COUNSEL:

GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio  45201
(513) 621-6464
Cincinnati, Ohio  45201

/s Michael A. Roberts
Michael A. Roberts (0047129)
GRAYDON HEAD & RITCHEY LLP
Trial Attorney for Plaintiff
1900 Fifth Third Center
511 Walnut Street
(513) 629-2799
(513) 651-3836
mroberts@graydon.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above was filed electronically with the ECF system and was thereby electronically served this 18[h] day of May 2007, on William R. Ellis, Esq. Wood & Lamping, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202 and John Meagher, Esq., Shutts & Bowen LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, Fl. 33131.

/s Michael A. Roberts