UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE COMPANY, | : | CASE NO. C-1-02-479 |
| | : | |
| | : | (Judge Watson) |
| Plaintiff/Counter Defendant, | : | (Magistrate Judge Hogan) |
| | : | |
| vs. | : | **PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RETURN OF DOCUMENTS** |
| | : | |
| CHRISTOPHER L. KEARNEY, | : | |
| | : | |
| Defendant/Counter Plaintiff. | : | |
| | : | |

## *I. INTRODUCTION*

Plaintiff Jefferson-Pilot Life Insurance Company ("Jefferson-Pilot) and Counterclaim Defendant Disability Management Services, Inc., ("DMS") never waived the attorney-client privilege with regard to the documents identified in the Motion for Return of Inadvertently Disclosed Documents. Rather than address this issue directly, Mr. Kearney argues first that several documents Jefferson-Pilot and DMS believe to have been disclosed were in fact not. He then argues that any remaining documents that were inadvertently disclosed are privileged. The privilege issue has been exhausted by this Court. Documents exchanged by and between in-house and outside counsel are privileged. These are not simply in-house communications and, as such, any *Boone* analysis is limited. The documents Jefferson-Pilot and DMS seek to reclaim are privileged, the privilege is held by the clients, and the documents must be returned.[1]

---

[1] Additionally, during the recent depositions of DMS employees, counsel discovered that Documents numbers 5 and 14 of the last discovery production were also draft versions of correspondence from the client to outside counsel. These documents are identified as document numbers 550-552 and DMSESUPP0010-0013. Therefore, they too, must be returned.

## II. ARGUMENT

### A. *If documents were in fact not inadvertently produced, they need not be returned.*

Mr. Kearney argues that several of the documents Jefferson-Pilot and DMS believe were inadvertently produced were, in fact, not produced. Jefferson-Pilot's response is simply, "good." If Jefferson-Pilot misidentified documents as produced when they were not, then it did so because the privilege logs produced in this case were created after the documents in response to the first request for production of documents had been produced. Due to the illness of original counsel, current counsel had to review what had been produced and create a privilege log in response to that first production. To the extent that current counsel erred in the determination that certain documents were produced when, in fact, they had not been produced, Jefferson-Pilot and DMS amend their motion to compel the return of documents accordingly. If documents numbers 3386-88, 3393-97, 3400-3413, 3447-50 and 3688[2] were never produced, then they need not be returned.

### B. Attorney Work Product is Privileged.

The nine pages that Mr. Kearney admits to possess contain the thoughts and impressions of outside counsel. Documents 564 and 568, although admittedly innocuous on their face, are communications from outside counsel. Mr. Kearney tries to characterize these as "business communications." It is important to remember that Ms. Johnson served as outside counsel to Jefferson-Pilot and DMS. *Boone v. VanLiner* addressed communications of in-house counsel during the claim process. The intent of *Boone* is to ensure that communications relevant to the claims process are available for scrutiny. The Court recognized the fact that an in-house attorney was involved did not necessarily mean that litigation was imminent; accordingly, privilege did not automatically attach. The Court concluded, however, that once the litigation line was

---

[2] Document number 3688 is not identified on Mr. Kearney's exhibit 2 as a document he had not received.

2

crossed, privilege would apply. *Boone* is distinguishable from this case in that the communications at issue here involve outside counsel.  By its very nature, the engagement of outside counsel evokes the imminent possibility of litigation.  Any and all communications between Ms. Johnson and her clients, regardless of date, clearly are privileged.

Pages 3657-3611 and 570-71 are attorney work product.  The work product doctrine is "distinct from and broader than the attorney-client privilege."[3]  The work product privilege "protects tangible and intangible materials reflecting the pattern of investigation, assembly of information, determination of relevant facts, preparation of legal theories, strategy planning, and mental impressions of the attorney."[4]  The draft of the Complaint is the very essence of the thoughts and advice of Ms. Johnson.  The fact that a complaint was eventually filed in no way lessens the work product value of the drafts preceding the final version.  No doubt Mr. Kearney would oppose sharing the various drafts of his counsel's briefs and communications with opposing counsel.  The same is true of Ms. Johnson's handwritten notes on a letter from the client to Ms. Johnson and other counsel.[5]  Likewise, Documents 5 and 14 are e-mails from the client to outside counsel with an earlier draft of the letter from the client to Ms. Johnson. Ms. Johnson's notes as to what changes should be made to a letter that will eventually be sent by DMS to Mr. Kearney are clearly the mental impressions of the attorney and reflect both her legal theory and strategic planning.  There is no question that these documents are privileged.

### C. DMS and Jefferson-Pilot have never waived privilege regarding the December 21, 2001 letter.

Of primary concern to all parties is document number 628-629, the December 21, 2001 letter to Mr. Dempsey from Ms. Johnson.  As a threshold matter, Mr. Kearney's argument that

---

[3] *United States v. Nobles,* 422 U.S.225, 228 n. 11, 95 S.Ct. 2160 (1975).
[4] *Hickman v. Taylor*, 329 U.S. 495, 511, 67 S.Ct. 385 (1947).
[5] Mr. Kearney appears not to accept counsel's representation that he recognizes the handwriting of Ms. Johnson after their many years of practice together.  If needed, her handwriting can be verified by other sources as well.

3

the letter was not sent directly to DMS and/or Jefferson-Pilot is immaterial. By blind copy or other means, the letter ended up in the claim documents produced by Jefferson-Pilot and DMS—hence the inadvertent disclosure. Employers Reinsurance Company reinsures the Jefferson-Pilot policy at issue in this case. It is involved in this litigation and has participated in the management of the litigation. The attorney/client privilege enjoyed by Jefferson-Pilot and DMS extends to Employers Reinsurance Company to the extent it has jointly participated in this defense.

The "'joint defense privilege' protects communications between two or more parties and respective counsel if they are engaged in a joint defense effort."[6] The joint defense privilege applies between parties and their counsel when it is established that: "1) the communications were made in the course of a joint defense effort; 2) the statements were designed to further the effort; and 3) the privilege has not been waived."[7] The joint defense privilege applies here. Employers Reinsurance Company, as the reinsurer, has been involved in this litigation from the beginning. Although not a party, as reinsurer Employers Reinsurance Company shares a common interest in the outcome of the litigation. Their counsel has been in communication with DMS, Jefferson-Pilot and the in-house and outside counsel throughout the litigation process. Ms. Johnson's correspondence reflects this fact. In her letter, she advises Employers Reinsurance Company of the status of the impending litigation and offers her legal opinion as to the actions the parties involved should take. The fact that Employers Reinsurance Company is not a named party is immaterial: Employers Reinsurance Company is jointly engaged in the defense (or more correctly prosecution in this case) of this claim and therefore enjoys the same privilege as DMS and Jefferson-Pilot.

---

[6]*Travelers Cas. and Sur. Co. v. Excess Ins. Co. Ltd.,* 197 F.R.D. 601, 606 (S.D. Ohio 2000) *quoting Metro Wastewater Reclamation v. Continental Casualty Co.* 142 F.R.D. 471, 478 (D.Colo. 1992).
[7]*Id., quoting In re Bevill, Bresler & Schulman Asset Management Corp.*, 805 F.2d 120, 126 (3rd Cir. 1986).

4

As to the content of the letter itself, it is not a document unworthy of protection. Setting aside the fact that the correspondence is from outside counsel and thereby clearly distinguishable under *Boone*, it does not "cast light on whether the denial was made in bad faith"[8] except to the extent it demonstrates the insurers' good faith. Mr. Kearney alleges that the intent to act in good faith, thereby "stripping" him of a bad faith claim, demonstrates bad faith. First, there is no inherent right to a bad faith claim that must be protected. To take away an insured's ability to pursue a bad faith claim is to act in bad faith. Second, although Mr. Kearney makes much of the use of the word "strip," the intent demonstrated is good. DMS and Jefferson-Pilot have a duty not to allow a bad faith claim, and this duty is fulfilled when they act in good faith. Rather than demonstrate a bad faith denial, the letter instead confirms DMS's and Jefferson-Pilot's recognition of their duty of good faith and their intention to abide by it.

Finally, there has been no waiver. In a diversity action, the state law of privilege governs a claim of privilege.[9] The Ohio Supreme Court has recognized that R.C. §2317.02 provides the exclusive means by which communications between a client and counsel may be waived. There must be an express waiver—inadvertent disclosure will not satisfy the burden of an express waiver. DMS and Jefferson-Pilot have never consented to allow their communications with counsel to be disclosed and have repeatedly requested that they be returned. Accordingly, the documents that have been inadvertently produced must be returned.

### III. CONCLUSION

It is truly unfortunate that, due to the serious illness of predecessor counsel, privileged documents were inadvertently produced to Mr. Kearney. That these documents are privileged cannot be seriously contested, as all involve communications with outside counsel and all

---

[8] *Boone v. Vanliner Ins Co.*, 91 Ohio St. 3d 209, 744 N.E.2d 154 (2001).
[9] Fed. R. Evid. 501; *Guy v. United Healthcare Corp.*, 154 F.R.D. 172, 177 (S.D. Ohio 1993).

5

involve a common defense of Mr. Kearney's claims. In his Order dated August 13, 2004, Doc. No. 83, Magistrate Judge Hogan ruled that the documents identified on the privilege log were indeed privileged and contained no evidence supporting a bad faith claim in any of the documents. Mr. Kearney asked Judge Barrett to revisit this decision and in its Order dated March 14, 2007, Doc. No. 142, this Court confirmed that these communications by and between in-house and outside counsel were privileged. Consistent with these rulings, DMS and Jefferson-Pilot now request that all privileged communications, including those that were inadvertently disclosed, be returned. There is no reason to depart from those prior rulings. For these reasons, the documents identified in the Motion for Return of Documents should be returned to counsel for Jefferson Pilot and DMS.

Respectfully submitted,

/s William R. Ellis
William R. Ellis (0012279)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202-2491
Telephone:    (513) 852-6000
Telefax:       (513) 852-6087

OF COUNSEL:

John E. Meagher (511099)
SHUTTS & BOWEN LLP
201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida  33131
Telephone:  (305) 358-6300
Telecopier: (305) 381-9982
E-mail:    JMeagher@Shutts-law.com

Attorneys for Plaintiff, Jefferson-Pilot Life Insurance Company and Cross-Claim Defendant, Disability Management Services, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 24th day of May, 2007. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                s/ William R. Ellis

319640.1

5/24/2007 3:37 PM