UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFERSON-PILOT LIFE
INSURANCE COMPANY,
PLAINTIFF

CASE NO. C-1-02-479
(SPIEGEL, J.)
(HOGAN, M.J.)

VS.

CHRISTOPHER L. KEARNEY,
DEFENDANT

### ORDER

This Court conducted an informal discovery conference on July 29, 2004, the purpose for which was to rule on Plaintiff's objections to Defendant's Interrogatories and Document Requests, all of which are directed to Defendant's claim that Plaintiff's decision to terminate the Social Security Supplement and cost of living increases from Defendant's disability benefit checks was based on bad faith.

The Court has learned that the parties' previously-filed cross-Motions for Summary Judgment are scheduled for oral argument before Judge Spiegel on August 17, 2004 and are directed to the base question in this case, whether the Plaintiff's unilateral act of terminating a portion of the coverage was a breach of the disability policy. It seems to us that after oral argument and Judge Spiegel's review of the policy and the law, he will either find the policy language clear and unambiguous on its face, a finding that will eliminate the possibility of a viable bad faith claim, or he will find the policy language ambiguous, thereby enabling it to be construed against the carrier and making relevant Defendant's discovery related to the bad faith issue.

Plaintiff has supplied the Court, in-camera, with the documents stored electronically in the case of *Jeffries v. Centre Life Insurance Company*, a recently closed disability case wherein the same lawyers, who oppose one another in this case, were also adversaries there. The point of the in-camera submission was to show that very little evidence disclosed in that case was useful



to the adversary and didn't justify the cost of retrieval. This Court finds it unnecessary to review documents from another case for the purpose of making any decisions in this case even though both cases involve claims management by DMS (Disability Management Services, Inc.).

This Court believes the resolution of the dispute to hinge on a practical consideration, not a legal question. There is no need to compel the retrieval of electronic information until we know whether or not the policy language is or is not clear, a determination that must be made by the trial judge. Following Judge Spiegel's order directed to that issue, the parties shall contact this Court for the purpose of scheduling another informal discovery conference wherein the Court would want to see Plaintiff's Interrogatories and Document Requests and Plaintiff's Answers containing its objections, in the event that the trial judge concludes that the policy language is ambiguous. If not, the issue will be moot.

We can say, however, the Plaintiff has now provided an appropriate privilege log and has also provided the Court with copies of the documents listed in the privilege log which predate June 6, 2002, the date that the disputed payments were stopped. The Court has reviewed these documents in camera and finds them to be properly categorized as "privileged." The Court also finds no evidence supporting a bad faith claim in any of the documents.

August 13, 2004

                               s/Timothy S. Hogan
                               Timothy S. Hogan
                               United States Magistrate Judge