Westlaw.

Slip Copy

Page 1

Slip Copy, 2006 WL 140585 (E.D.Pa.)

(Cite as: 2006 WL 140585 (E.D.Pa.))

H
Only the Westlaw citation is currently available.

United States District Court,
E.D. Pennsylvania.
Thomas SALDI
v.
PAUL REVERE LIFE, et al.
No. Civ. A. 99CV6563.

Jan. 13, 2006.

Alan H. Casper, Philadelphia, PA, Jeffrey K. Rubin, Friedman, Rubin & White, Bremerton, WA, Kenneth R. Friedman, Richard Friedman, Law Offices of Friedman, Rubin & White, Anchorage, AK, for Thomas Saldi.

Andrew F. Susko, Kevin C. Cottone, Luke A. Repici, White and Williams LLP, Philadelphia, PA, for Paul Revere Life, et al.

*MEMORANDUM & ORDER*

SURRICK, J.

*1 Presently before the Court is Plaintiff's Motion For Leave To File A Second Amended Complaint Pursuant To F.R.C.P. 15 (Doc. No. 90) and Defendants' Response thereto (Doc. No. 92). For the following reasons, Plaintiff's Motion will be granted in part and denied in part.

I. BACKGROUND

The facts in this case have been summarized in our Memorandum and Order dated August 13, 2004. (Doc. No. 84.) The information pertinent to the instant Motion is as follows. On December 27, 1999, Plaintiff Thomas Saldi (hereinafter "Saldi") filed his initial Complaint. (Compl., Doc. No. 1.) On March 23, 2000, Plaintiff filed an Amended Complaint alleging (1) breach of contract, (2) breach of the covenant of utmost fair dealing, (3) violation of the Unfair Trade Practices and Consumer Protection Law, and (4) bad faith pursuant to 42 Pa. Cons.Stat. Ann. § 8371. (Am.Compl., Doc. No. 11.) Plaintiff Thomas Saldi died on October 16, 2004 and a Suggestion of Death and Substitution of Administrator was filed on February 2, 2005. Ideal T. Saldi, Sr., Thomas Saldi's father, was substituted as Plaintiff in his capacity as Administrator of the Estate of Thomas Saldi. (Doc. No. 88.)

In the instant Motion, Plaintiff proposes the following amendments to the Complaint: (1) addition of appropriate Survival Act averments under 42 Pa. Cons.Stat. Ann. § 8302, (2) addition of averments of material fact based upon documents and testimony obtained during discovery, (3) addition of a claim in Count IV for post-litigation bad faith conduct by Defendants pursuant to *O'Donnell v. Allstate Insurance Co.*, 734 A.2d 901 (Pa.Super.Ct.1999), and (4) addition of a claim for emotional distress damages in Count II arising from Defendants' alleged breach of the covenant of utmost fair dealing pursuant to *The Birth Center v. St. Paul Cos.*, 567 Pa. 386, 787 A.2d 376 (Pa.2001). Defendants object, arguing that the post-litigation bad faith claim and the emotional distress damage claim are not cognizable--thus making any amendment futile, that the claims Plaintiff seeks to add are barred by the applicable statutes of limitations, and that the addition of these claims at this juncture would be prejudicial to Defendants.

II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that after the first amended pleading, a party may amend its complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). A court may deny a motion for leave to amend when certain factors are present. These

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Slip Copy

Slip Copy, 2006 WL 140585 (E.D.Pa.)

(Cite as: 2006 WL 140585 (E.D.Pa.))

Page 2

include " 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.' " *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir.1990) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

III. LEGAL ANALYSIS

A. Claim for Post-Litigation Bad Faith

*2 Plaintiff seeks to add a claim in Count IV for post-litigation bad faith based upon the fact that Defendants paid Saldi's benefits but continued "to maintain a reservation of rights until Saldi's death, even after defendants knew and/or recklessly disregarded that they lacked any medically supported reasonable basis for reservation of rights." (Doc. No. 90 at Ex. C ¶ 122.) In Pennsylvania, although there is no common law claim for bad faith, claims for bad faith are permitted under 42 Pa. Cons.Stat. § 8371. [FN1] In seeking to add the claim for post-litigation bad faith, Plaintiff relies on *O'Donnell* for the proposition that "section 8371 is not restricted to an insurer's bad faith in denying a claim" and that "the conduct of an insurer during the pendency of litigation may be considered as evidence of bad faith under section 8371." *O'Donnell*, 734 A.2d at 906, 907. Plaintiff argues that Defendants' payments on Plaintiff's claim were made under a reservation of rights and that this constituted bad faith conduct during the pendency of the litigation.

> FN1. 42 Pa. Cons.Stat. § 8371 provides:
> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) Award interest on the amount of the claim.... (2) Award punitive damages against the insurer. (3) Assess court costs and attorney fees against the insurer.

Defendants argue that both Third Circuit and Eastern District of Pennsylvania case law provide that "there is no bad faith under 42 Pa.C.S. § 8371 without a denial of benefits." *Simon Wrecking Co. v. AIU Ins. Co.*, 350 F.Supp.2d 624, 632 (E.D.Pa.2004) (citing *UPMC Health Sys. v. Metro. Life Ins. Co.*, 391 F.3d 497, 505 (3d Cir.2004)). Defendants argue that because the conduct at issue involved payment of claims, albeit under a reservation of rights, there was no denial of benefits and thus no bad faith claim can result.

While there appears to be some disagreement between the Pennsylvania Superior Court and courts in the Third Circuit regarding the proper interpretation of 42 Pa. Cons.Stat. § 8371 and its application to conduct that does not involve a denial of benefits, we need not resolve any disagreement in deciding the instant Motion. Even if § 8371 covered conduct beyond the denial of benefits, Defendants' payment of the claim under a reservation of rights would not constitute bad faith in this instance. Preliminarily, we note that the basic purpose of a reservation of rights suggests that it is not, in itself, grounds for a bad faith claim. A reservation of rights allows an insurer to make payments to an insured while maintaining the right to seek reimbursement if it later becomes clear that the insured was not entitled to the payments. *Mass. Cas. Ins. Co. v. Rossen*, 953 F.Supp. 311, 315 (C.D.Cal.1996). "A reservation of rights protects an insurer from potential liability for bad faith if it were to withhold payments, and it also provides the insured with the use of the payments until the determination is made." *Id.* The reservation of rights, then, is itself a means of preventing a bad faith claim by the insured.

In this case, it is clear that Defendants have presented a reasonable basis for making payments under a reservation of rights. Defendants, after reviewing new documentation from Plaintiff's medical providers, agreed to reinstate benefits but under a reservation of rights while they continued their investigation. (Doc. No. 92 at 4.) During this investigation, Defendants requested that Plaintiff undergo an independent medical examination ("IME"). (Doc. No. 90 ¶¶ 89-91.) Saldi was

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Page 3

Slip Copy, 2006 WL 140585 (E.D.Pa.)

(Cite as: 2006 WL 140585 (E.D.Pa.))

evaluated by Drs. Paul J. Moberg, Ph.D. and Clyde Markowitz, M.D. of the University of Pennsylvania Health System. (*Id.* at Ex. 23.) This evaluation alerted Defendants to the fact that Saldi had a history of substance abuse, including abuse of prescription drugs, crack cocaine, and heroin, and that this potentially affected his health and ability to work. (*Id.* at Ex. 23, pp. 15-16.) The report suggested that the drug abuse may be the primary or a contributing cause of Saldi's declining neuropsychological, behavioral, and adaptive function. The report stated:

> *3 While it is possible that there are very mild cognitive deficits present from his MS, the current data, history and clinical presentation indicate that a majority of his behavioral and functional problems stem from the significant substance abuse/dependency.... A number of his prior physicians raised concerns over his prescription drug use and it seems that most were unaware of the extent and magnitude of his illicit drug use.... The use of such potent prescription and nonprescription drugs are known to have adverse effects on cognition and on basic functional status.

(*Id.*) Depositions of Plaintiff's experts also alerted Defendants to Saldi's drug abuse problems and their potential connection to his cognitive problems and inability to work. (Doc. No. 92 at Ex. D, pp. 85-94.) Defendants contend that this new information led to the reservation of rights as Defendants continued to investigate Saldi's health problems and continued to assess the role of his MS and drug abuse on his inability to work. This is certainly a reasonable basis for a continued reservation of rights--Saldi received his payments and Defendants were able to further investigate a condition that had the potential to invalidate Saldi's claim. [FN2] Accordingly, Plaintiff cannot maintain a claim for bad faith based solely on this reservation of rights. Allowing amendment of the Complaint to add this claim would be a futile gesture.

> FN2. Plaintiff argues that under the terms of Saldi's policy, if Saldi were disabled by MS, whether or not the substance abuse contributed to his inability to work would not impact his entitlement to payments.

(Doc. No. 90 at Ex. C ¶ 97.) Defendants contend that they were also investigating whether the drug abuse "preceded his application for the subject disability insurance policy and onset of MS." (Doc. No. 92 at 4; Doc. No. 92 at Ex. C, pp. 85-86.) Under the policy, a pre-existing condition, such as drug abuse, that caused the inability to work would be treated differently than the MS. (Doc. No. 90 at Ex. C, pt. 2.) The new information regarding drug abuse was a reasonable basis upon which to continue the investigation and to make payments to Saldi under a reservation of rights.

B. Claim for Emotional Distress Damages

Plaintiff also seeks to amend the Complaint to add a claim for emotional distress damages in Count II arising from Defendants' alleged breach of the covenant of utmost fair dealing. Plaintiff relies on cases from the Pennsylvania Supreme Court and the Eastern District of Pennsylvania for the proposition that under Pennsylvania law, emotional distress damages from a breach of contract claim are possible. *Birth Ctr.*, 787 A.2d at 385; *Tannenbaum v. Unum Life Ins. Co. of Am.*, No. Civ. A. 03-CV-1410, 2005 WL 645237, at *2 (E.D.Pa. Mar.18, 2005); *Hatchigian v. Hartford Ins. Co.*, Civ. A. No. 03-3252, 2003 U.S. Dist. LEXIS 15666, at *14-15 (E.D.Pa. Aug. 13, 2003). Plaintiff points out the statement in *Birth Center* that "[t]he possibility cannot be ruled out that emotional distress damages may be recoverable on a contract where, for example, the breach is of such a kind that serious emotional disturbance was a particularly likely result." *Birth Ctr.*, 787 A.2d at 385. This Court has similarly held that "there is no per se rule against the recovery of emotional distress damages for a breach of contract." *Tannenbaum*, 2005 WL 645237, at *2.

The general rule is that " '[a] plaintiff may not ordinarily recover emotional distress damages arising from a breach of contract.' " *Krisa v. Equitable Life Assurance Soc.*, 109 F.Supp.2d 316, 323 (M.D.Pa.2000) (quoting *Craig v. Salamone*,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2006 WL 140585 (E.D.Pa.)

(Cite as: 2006 WL 140585 (E.D.Pa.))

Page 4

No. 98-CV-3685, 1999 WL 213368 at *10 (E.D.Pa. Apr.8, 1999)). However, the Restatement (Second) of Contracts provides "exceptions to the rule that emotional distress damages are not recoverable for breach of contract ... (1) where the breach caused bodily harm; and (2) when the contract or breach is such that serious emotional disturbance was a particularly likely result." *Novick v. UnumProvident Corp.*, Civ. A. No. 01-CV-258, 2001 U.S. Dist. LEXIS 9735, at *3 n. 3 (E.D.Pa. July 10, 2001) (citing Restatement (Second) of Contracts § 353).

*4 While we agree that under Pennsylvania law, recovery of emotional distress damages for breach of contract is possible, we will not permit Plaintiff to amend the Complaint to add this claim because of the lengthy delay between Plaintiff's discovery of this claim and the instant request to amend again and because of the prejudice to Defendants that would result from this amendment.

The Supreme Court of the United States has specifically addressed the circumstances under which a court may deny leave to amend pleadings. Factors which weigh against amendment include undue delay and undue prejudice to the opposing party by virtue of allowance of the amendment. *Foman*, 371 U.S. at 182. Plaintiff claims that Defendants' breach of the covenant of utmost fair dealing began when Defendants originally denied benefits and continued in June of 2000 when they reinstated the benefits subject to a reservation of rights. The emotional distress damages alleged to have resulted from this breach thus began at least as early as 2000, if not before. Plaintiff seems to suggest that he now seeks to amend the Complaint to add this claim based on *Birth Center*, which concluded that such a claim was available under Pennsylvania law. However, the Pennsylvania Supreme Court decided *Birth Center* in December of 2001 and Plaintiff did not file the instant Motion until April of 2005. During this period of almost four years, Plaintiff allegedly experienced this emotional distress and should have known of the availability of this claim. This delay is itself sufficient basis to deny leave to amend the Complaint to add this claim.

In addition, Plaintiff seeks to add a claim for emotional distress damages five months after Thomas Saldi died. Saldi's death makes direct discovery on the subject impossible. Under the circumstances, the addition of this claim would unduly prejudice Defendants.

C. Survival Act Averments and Additional Facts

Plaintiff seeks also to amend the Complaint to include Survival Act averments under 42 Pa. Con. Stat. Ann. § 8302, and to add averments of material fact based upon documents and testimony obtained during discovery. Defendants do not object or even mention these amendments in their brief in response to Plaintiff's Motion. (Doc. No. 92 pp. 1-17). Since Defendants have not opposed these amendments and since there is no apparent prejudice to Defendants, we will permit Plaintiff to amend the Complaint to add these allegations.

IV. Conclusion

Plaintiff has failed to state a cognizable claim for bad faith based on Defendants' post-litigation conduct. As a result, we will deny as futile Plaintiff's request for leave to amend the Complaint to include this claim. In addition, with respect to the emotional distress claim, because of the lengthy delay between the discovery of this claim and the instant request to amend, and because of the prejudice to Defendants that would result from this amendment, we will deny Plaintiff's request for leave to amend the Complaint to include this claim. We will permit Plaintiff to amend the Complaint to include Survival Act averments and averments of material fact based upon documents and testimony obtained during discovery.

*5 An appropriate Order follows.

*ORDER*
AND NOW, this 13th day of January, 2006, upon consideration of Plaintiff's Motion For Leave To File A Second Amended Complaint Pursuant To F.R.C.P. 15 (Doc. No. 90), it is ORDERED that Plaintiff's Motion is granted in part and denied in part as follows:

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2006 WL 140585 (E.D.Pa.)

(Cite as: 2006 WL 140585 (E.D.Pa.))

Page 5

1. Plaintiff's Motion for leave to amend Complaint to add a claim for post-litigation bad faith conduct is DENIED.
2. Plaintiff's Motion for leave to amend Complaint to add a claim for emotional distress damages arising from Defendants' alleged breach of the covenant of utmost fair dealing is DENIED.
3. Plaintiff's Motion for leave to amend Complaint to add Survival Act averments and material fact averments learned in discovery is GRANTED.

IT IS SO ORDERED.

Slip Copy, 2006 WL 140585 (E.D.Pa.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.