UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE COMPANY, | : : | CASE NO. C-1-02-479 |
| | : | (Judge Watson) |
| Plaintiff/Counter Defendant, | : : | (Magistrate Judge Hogan) |
| vs. | : : | **PLAINTIFF AND COUNTERCLAIM DEFENDANT'S MOTION FOR RECOVERY OF COSTS** |
| CHRISTOPHER L. KEARNEY, | : : | |
| Defendant/Counter Plaintiff. | : : | |

Now comes Plaintiff Jefferson-Pilot Life Insurance Company and moves this Court for an Order requiring Defendant Christopher L. Kearney ("Kearney") to reimburse Jefferson-Pilot for its costs incurred in defending the depositions of William Hughes and Robert Mills. This Court previously ruled that when the depositions of these witnesses were re-noticed, it would be at Defendant's cost. Counsel for Defendant appeared to acknowledge this obligation during the December 27, 2006 conference with the Court. When Plaintiff's counsel requested reimbursement, however, Defendant refused. An Order from this Court is now required. Specifically Jefferson-Pilot seeks an Order taxing the costs of the travel associated with the

depositions of Mr. Mills and Mr. Hughes in the amount of $2,566.62.[1]  Of course, attorney preparation and travel time are not included in this figure.

                                        Respectfully submitted,

/s William R. Ellis
William R. Ellis (0012279)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202-2491
Telephone:    (513) 852-6000
Telecopier:    (513) 852-6087

OF COUNSEL:

John E. Meagher (511099)
SHUTTS & BOWEN LLP
201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida  33131
Telephone:  (305) 358-6300
Telecopier:  (305) 381-9982
E-mail:     JMeagher@Shutts-law.com

Attorneys for Plaintiff, Jefferson-Pilot Life Insurance Company and Cross-Claim Defendant, Disability Management Services, Inc.

---

[1] The costs break down as follows:

| | |
|---|---:|
| Air fare | $1,141.80 |
| Hotel | 571.02 |
| Car Rental | 618.55 |
| Parking and Tolls | 41.05 |
| Cab Fare (from airport) | 24.00 |
| Phone and Internet Access: | 28.35 |
| Meals | 141.85 |
| Total: | $2,566.62 |

2

## MEMORANDUM IN SUPPORT

On May 14, 2004, Mr. Kearney, through his counsel, took the deposition of Robert Mills. This deposition was taken pursuant to Notice in accord with a schedule set by Kearney's counsel. Several other depositions were taken during the same trip, and Mr. Hughes' deposition was scheduled but not begun. When it became apparent that the depositions were not going to be completed during the time requested by Kearney's counsel, counsel for Jefferson-Pilot suggested that the attorneys reschedule their flights and remain in Worchester, Massachusetts to complete the depositions as noticed. Mr. Ellis did not want to incur the cost of a second trip to Massachusetts and offered to make the witnesses available to complete the depositions at that time. Mr. Kearney's counsel refused.

Upon counsel's return to Cincinnati, several outstanding discovery issues remained, including Mr. Kearney's wish to reschedule Mr. Hughes' deposition and complete Mr. Mills' deposition. Mr. Kearney attempted to notice these witnesses for depositions in Cincinnati. Jefferson-Pilot raised the objection that because Mr. Hughes and Mr. Mills lived in Massachusetts, the depositions, if they went forward, should take place there. Jefferson-Pilot also objected that it should not have to incur the cost of returning to Massachusetts to complete depositions that should have been taken during the original trip. The Court ruled that:

> *The Court finds that the depositions of Mills and Hughes should go forward. These deponents appeared for their depositions in Massachusetts previously and the Mills deposition was begun, but was not completed. . . . These depositions should occur in the state and county were the deponents reside and be at Defendant's cost. Defendant's failure to complete both depositions when scheduled is not the fault of either deponent.[2]*

Thus, although the Court agreed with Mr. Kearney that he must be afforded the opportunity to complete the depositions of Mr. Mills and Mr. Hughes, under the circumstances it

---

[2] Exhibit A, Document No. 76, 7-26-04 Order.

ordered him to bear the cost of completing those depositions. The Order that the rescheduled depositions be taken at Defendant's cost may seem extraordinary, but was in keeping with previous orders in this case. The Court had earlier required Plaintiff to pay Defendant's costs in traveling to complete depositions when Defendant persuaded the Court that the witness presented for deposition was not prepared.

When the issue of deposing Mr. Hughes and Mr. Mills was raised during the December 27, 2006 conference with the Court, Mr. Kearney's counsel seemed to agree that he would bear the cost. Mr. Ellis reminded the Court of his offer to stay and complete Mr. Hughes' and Mr. Mills' depositions, his objection to paying for a return flight and other costs, and the Court's Order at Document No. 76 which required Defendant to bear the cost of returning for another deposition.[3] Mr. Ellis also reminded the Court that a similar order had previously been applied to Jefferson-Pilot. At that point, the Court turned its attention to Mr. Roberts and asked: "So, Mike?" to which Mr. Roberts responded "Happy to do it."[4] The Court then directed counsel to try to work out the specifics. Now that the depositions have been taken and the costs incurred, Mr. Roberts has refused to reimburse Jefferson-Pilot.

Mr. Kearney refused to complete the deposition of Mr. Mills when given a reasonable opportunity. In recognition of this, the Court ordered that when the deposition was completed, Mr. Kearney had to bear the costs of completion. During the December 27, 2006 conference with the Court, Mr. Roberts, in response to Mr. Ellis's concern that he might have to pay for a return flight to Worchester, agreed that he would be "happy" to bear the costs of the parties' attending the depositions as previously ordered. Now that the costs have been incurred he refuses to

---

[3] Exhibit B, transcript of December 27, 2006 conference at p. 45, ln. 2-15.
[4] *Id.* at ln. 16-17.

4

reimburse Jefferson-Pilot. Jefferson-Pilot, therefore, respectfully requests that this Court issue an Order taxing the costs of the deposition to Defendant in the amount of $2,566.62.

                              Respectfully submitted,

                              /s William R. Ellis
                              William R. Ellis (0012279)
                              Amy Gasser Callow (0063470)
                              Wood & Lamping LLP
                              600 Vine Street, Suite 2500
                              Cincinnati, OH  45202-2491
                              Telephone:     (513) 852-6000
                              Telecopier:    (513) 852-6087

OF COUNSEL:                 John E. Meagher (511099)
                              SHUTTS & BOWEN LLP
                              201 S. Biscayne Boulevard
                              1500 Miami Center
                              Miami, Florida  33131
                              Telephone:  (305) 358-6300
                              Telecopier:  (305) 381-9982
                              E-mail:      JMeagher@Shutts-law.com

                              Attorneys for Plaintiff, Jefferson-Pilot
                              Insurance Company and Cross-Claim Defendant,
                              Disability Management Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 25 day of June, 2007. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                              s/ William R. Ellis

320175.1
6/14/2007 3:11 PM