Law Offices
# John J. Spiegel
*Professional Association*

700 Concord Building
66 West Flagler Street
Miami, Forida 33130

Telephone (305) 539-0700

John J. Spiegel

October 19, 2001

William J. Hughes, V.P.            Via Fax: 413.747.1545
Claim Operations
Disability Management Services, Inc.
1350 Main Street
Springfield, MA 01103

    Re: **Our Client/Your Insured: Chris Kearney**
          **Policy Numbers: H0493029 & H053069**

Dear Mr. Hughes:

    Our meeting of October 11, 2001 began with you threatening to reduce Mr. Kearney's disability benefits from $6,786.00 to $3,500.00 per month, on the stated basis that for the *past seven (7) years* Jefferson Pilot and your firm, DMS, *mistakenly* overpaid my client. You also made it clear that the reduction in benefits would occur if Mr. Kearney did not accept a lump-sum "settlement" which would be calculated on the basis of 70% of the present value of the reduced monthly benefit using an approximately 10% discount factor. The meeting concluded. Mr. Kearney was not interested in making a counteroffer to your offer to him of $280,000.00.

    Since the meeting, you called asking for a counteroffer. Again, Mr. Kearney, on my advice, declines to counter to your figure. Also since our meeting, I have had an opportunity to review the documents, the facts, the policies, the proposal from Jefferson Pilot upon which my client materially relied in making his decision to purchase the subject policies, and my firm belief is that Jefferson Pilot and DMS have indeed been paying Mr. Kearney the correct amounts over these many years.

Page two
October 19, 2001
William J. Hughes

    It cannot be any surprise to you now that Mr. Kearney's psychiatric condition has worsened. Your own examining psychologist and psychiatrist recently confirmed the existence and severity of Chris' mental illness.

    It is my feeling that Mr. Kearney would be better off with this claim over and done with, but if that is to occur, it must be done in good faith, without intimidation, fear or threats.

    To demonstrate our good faith, I enclose the "proposal" given Mr. Kearney by Jefferson Pilot's Agent prior to him buying this coverage. While you review this, keep in mind that the representations in the proposal are legally binding upon the insurance carrier, any ambiguities will be construed against the carrier, and any doubts will be resolved in favor of the insured and against the carrier. Jefferson Pilot, by conduct, has ratified the representations and promises in the proposal. Also, other documents from Jefferson Pilot admit or tend to admit the existence of ambiguities in the policies, particularly with regard to the distinction between the types of claims, classes of benefits, applicability of cola and the SS supplement.

    If Jefferson Pilot is interested in a fair lump-sum arrangement, please recalculate your offer based on total benefits, a 7% cola, the social security supplement, lifetime benefits, and a far more realistic discount factor.

    I look forward to your response.

                                  Sincerely,

                                  John J. Spiegel

JJS/js
Encl: Proposal 13 pages

Law Offices John J. Spiegel Professional Association
700 Concord Building • 66 West Flagler Street • Miami, Florida 33130 • Telephone (305) 539-0700

0632

## Disability Management Services, Inc.
*1350 Main Street, Springfield, MA 01103-1619 Tel:(413)747-0990 Fax:(413)747-1545*
*A third party administrator for:*
## Jefferson-Pilot Life Insurance Company

October 22, 2001

John J. Speigel
Law Offices John J. Spiegel
700 Concord Building
66 West Flagler Street
Miami, FL 33130

Re: Policy Number/s: H-493029, H-538069

Dear Mr. Speigel:

We received your facsimile of October 19, 2001 relative to the above claim. Before addressing the facts of the coverage and the claim, I would like to briefly address your characterization of the tenor of our meeting.

As you know, rather than beginning the meeting with a threat to reduce Mr. Kearney's benefit as you state, I actually started the meeting with an apology for having to advise you of our recent discovery that Mr. Kearney has been receiving monthly benefits at a rate significantly higher than the maximum benefit allowable under the terms of the policy for his claimed Residual Disability. I also advised you that this overpayment came to our attention upon our close examination of the policies after you requested a second set of "certified" contracts. This is in stark contrast to Mr. Kearney's suggestion (as per the voice-mail message you left on October 18, 2001) that the reduction in benefits was "in bad faith" and "retaliatory".

The above aside, we advised you that the maximum benefit allowable under the above policies for someone who is Residually Disabled is $2,125.00 under policy # H-493029 and $1,375.00 under policy #H-538069. As you know, Mr. Kearney is receiving benefits at the rate of $4,290.00 under policy #H-493029 and $2,496.00 under policy #H-538069. The increased amounts were the result of the company incorrectly paying the Social Security Supplement Benefit, and providing a yearly 7% increase under the Cost of Living Increase Rider based upon the combination of the Basic Monthly & Social Security benefit. As we pointed out to you, the Social Security Supplement & Cost of Living benefit are payable in the event of a Total Disability only, and are not payable in the event of a Residual Disability, which is what Mr. Kearney has been claiming since 1993.

*d/b/a: New England Claims Administration Services, Inc. in FL, MD, ME*
*Licensed as New England Claims Administration Services, Inc. in CA*
*d/b/a Centre Claims Administration Services in NH*

I appreciate the materials you forwarded with your fax of October 18th. However, I did not note anything in the "proposal" documents that are contrary to what the policies state, or that support your contention that Mr. Kearney has been receiving the correct amount of benefits. Also, it is interesting that, in your cover letter, you did not cite any particular parts of the proposal that you feel supports your position or is contrary to ours.

Nevertheless, in the interest of goodwill while we fully review the claim and the documents you supplied, we are sending an additional payment to Mr. Kearney based on the current, incorrect amount he has been receiving. This payment is, of course, being made with a full reservation of rights.

We will be in contact with you again in the near future regarding the company's position. If you have any question in the meantime, please feel free to call me (ext. 1052) or Mr. Mills (ext. 1076).

Sincerely yours

William Hughes
Vice President/Claim Operations

d/b/a: *New England Claims Administration Services, Inc.* in FL, MD, ME
Licensed as *New England Claims Administration Services, Inc.* in CA
d/b/a *Centre Claims Administration Services* in NH

0646