## Disability Management Services, Inc.
*1350 Main Street, Springfield, MA 01103-1619  Tel:(413)747-0990  Fax:(413)747-1545*
*A third party administrator for:*
## Jefferson-Pilot Life Insurance Company

June 18, 2002

Christopher Kearney

Redacted

Re: Policy Number/s: H-493029, H-538069

Dear Mr. Kearney:

We received your letter dated May 16, 2002.

In your letter, you stated that you have "several different definitions and explanations of disability purported by DMS, JP, and PDC to be the defining definitions in my policies." However, you did not provide any evidence to support your statement, nor did you cite any specific instances where this occurred. As we pointed out in our letter dated April 25, 2002, the actual documentation in the file reflects that, on numerous occasions, both verbally and in writing, we discussed your policies' provisions with you and explained how they apply to your claim. Nevertheless, we are happy to provide you with the following information which, hopefully, will answer the questions you raised in your letter.

Please refer to the *Definitions* page of your policies which states:

**Total Disability** means during the first 5 years of a period of total disability that, because of Sickness or Injury, you are:

(1)  unable to perform the substantial and material duties of your occupation; and
(2)  you are not actually engaged in any other occupation.

After you have been totally disabled for a period of 5 years, you will be considered totally disabled if you are unable to perform the duties of any occupation for which you are qualified by education, training or experience, with due regard to your earnings before disability started.

**Residual Disability** means you are:

(a)  unable to do one of more of the substantial and material duties of your profession; or

d/b/a: New England Claims Administration Services, Inc. in FL, MD, ME
Licensed as New England Claims Administration Services, Inc. in CA
d/b/a Centre Claims Administration Services in NH

3628

(b) unable to do your usual daily business duties for substantially as much time as usually required to do such duties.

The Residual Disability rider also addresses the other conditions that must be met in order for you to qualify for benefits, and how those benefits are calculated. Please refer to that provision for additional information.

On the **Supplemental Disability Claim Reports (SDCRs)** you completed prior to May 1, 1998, you stated that you were engaged in your occupation, and you were working on a part time basis. On those same forms, in answer to the question regarding the important duties you were unable to perform, you stated "unable to work as many hrs." You also completed the **Employer's Statement** section on those forms in which you confirmed that the employee (meaning yourself) had returned to part of his work. As the **employer**, in listing the important duties the employee (meaning yourself) was unable to perform, you stated "unable to work as many hrs."

In addition to the SDCRs you completed prior to May 1, 1998, you also completed **Supplemental Claimant's Statement For Residual Disability Benefits (SCSFRDBs)** forms. On these forms you repeatedly stated "I was able to perform all of the usual daily business duties of my occupation, but only for 65% of the time usually required to perform these duties". On these forms you also provided information regarding your monthly earnings. Based on these signed statements you provided, and the other information in the file, your claim was properly administered under the Residual Disability benefit provision of your policies.

After May 1, 1998, you continued to submit the above noted forms on which you provided, substantially, the same information. Although you began to check the "No" box rather than the "Yes" box in answer to the question "Are you engaged in your occupation?", the supporting information you supplied on both the SDCRs, in both your capacity as employee and employer, and the SCSFRDBs remained the same. Accordingly, based on these signed statements and the other information we had, which did not reflect that anything of substance had changed as of May 1, 1998, we properly continued to administer your claim under the Residual Disability benefit provision of your policies.

At a point in time after DMS began administering your claim, you began completing **Continuance Of Disability (CODs)** forms, rather than the above noted Jefferson Pilot forms. On those forms you have continued to state that you are working, and you have not furnished any information that would suggest that such work is substantially different than the work you have been doing throughout the time you have been claiming Residual Disability benefits. Although the company you now work for is a new business started by you, which has a different focus within your industry (which is what we were referring to in our letter dated July 13, 2001 when we said it appeared you were working is a different occupation), your occupational duties of travelling and selling remain the same. Of note lately is that, rather than stating you continue to work 65% of the time you previously worked, you have been indicating that you are working between 5-10 hours per week.

Based on your policies' definitions as quoted above from your contracts, and the information in our file which includes all of the above information supplied by you, we

*d/b/a: New England Claims Administration Services, Inc. in FL, MD, ME*
*Licensed as New England Claims Administration Services, Inc. in CA*
*d/b/a Centre Claims Administration Services in NH*

3629

properly have continued to administer your claim under the Residual Disability benefit provisions. We have also consistently explained to you on several occasions, both verbally and in writing, with detailed specificity, how your policies' provisions apply to your particular claim situation (see enclosed copies of our letters dated October 2, 2000 and July 13, 2001). Hence, we have indeed provided explanations to you. You may disagree with our assessment of how your policies' provisions apply to your claim, which is your right; but to state that we have not explained our position, citing both the facts of the claim and the policies' definitions and provisions, is completely disingenuous.

Since your claim has been, and appears to continue to be, one of Residual Disability, you are not eligible for Waiver of Premium benefits. Please review that provision of your policy, which clearly states that such is the case. You have also been advised of this on several occasions, including in Mr. Harold D. Shelton's letter to you dated January 28, 1998, a copy of which is enclosed for your review.

You will also note that, in his letter, Mr. Shelton also provides you with the answer to another question you claim you never received ie. "a written explanation of my policies to include <u>length of benefits</u> (emphasis added)". Please see the second sentence in the second paragraph which states "The Residual Disability Rider provides that benefits will be payable to age 65" Again, the documentary evidence shows that your assertions that you have never received this information, are without any merit.

Notwithstanding the above, a review of your contracts does not appear to specifically address the maximum benefit period for a Residual Disability. However in our experience, the generally accepted interpretation and application for residual disability benefits of the insurance industry is that, benefits do not extend past your 65th birthday. As a result of the above, we are willing to look further at this issue as part of a global settlement of both parties.

In an effort to amicably resolve our differences, we held discussions with your previous attorney about the possibility of a compromise settlement. We revisited these discussions in our letter to you dated March 11, 2002. Although your April 8, 2002 letter would indicate otherwise, please let us know if you have any further interest in resolving our differences by way of a compromise settlement.

Lastly, we have made another benefit payment at the erroneously adjusted amount to you under separate cover. This payment has also been made necessarily with a reservation of the company's rights under the policies. We anticipate making a decision on this matter shortly.

As always, should you have any questions or concerns about this matter, you can reach me directly at 1-800-883-0596 ext. 1076.

Sincerely,

Robert F. Mills
Claims Consultant

*d/b/a: New England Claims Administration Services, Inc. in FL, MD, ME*
*Licensed as New England Claims Administration Services, Inc. in CA*
*d/b/a Centre Claims Administration Services in NH*

3630

#10

## Disability Management Services, Inc.
*1350 Main Street, Springfield, MA 01103-1619  Tel:(413)747-8990  Fax:(413)747-1545*
*A third party administrator for:*
### Jefferson-Pilot Life Insurance Company

August 11, 2000

Christopher Kearney
   Redacted

Re: Policy Number/s: H-493029, H-538069

Dear Mr. Kearney,

Thank you for your letters of July 3, 2000 and July 28, 2000.

Under separate cover, you should receive two checks reflecting the increase under the cost of living adjustment (COLA) rider for both of your policies that became effective on May 6, 2000. I apologize for this oversight.

As of this writing, please be aware that Dr. Judd-McClure has yet to provide us with a complete copy of your medical records. We would again appreciate your assistance in facilitating our receipt of your medical records. As previously explained, this documentation is essential to the review of your ongoing eligibility for disability benefits.

In my June 5, 2000 letter, I also provided you with an Authorization To Obtain Information form. Please be sure to sign and date this form prior to returning it to this office. For the convenience of your reply, enclosed please find a duplicate authorization form.

Please do not hesitate to contact me directly at 1-800-883-0596 ext. 1119 should you have any questions.

Very truly yours,

Robert F Mills
Claims Consultant

*d/b/a: New England Claims Administration Services, Inc. in FL, MD, ME*
*Licensed as New England Claims Administration Services, Inc. in CA*
*d/b/a Centre Claims Administration Services in NH*

3064