IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANN WIGHTMAN,                          :
                                        Case No. 3:05-cv-204
          Plaintiff,

-vs-                                    District Judge Thomas M. Rose
                                        Chief Magistrate Judge Michael R. Merz
REASSURE AMERICA LIFE
INSURANCE CO.,

          Defendant.              :

## DECISION AND ENTRY

       This case is before the Court on Plaintiff Ann Wightman's Second Motion to Compel Discovery, Motion to Deem Requests for Admission Admitted, and Motion for Expenses, (Doc. 22), and on Defendant Reassure America Life Insurance Co.'s Motion for Protective Order. (Doc. 29). The parties have fully briefed the issues, (Doc. 22, 24, 25; Doc. 29, 30, 36), and on January 4, 2007, the Court heard oral argument on Plaintiff's Second Motion to Compel (Doc. 26, 27).

       As an initial matter, the Court notes that Ms. Wightman originally filed this action in state court and Reassure removed it to this Court on the basis of, *inter alia*, diversity jurisdiction. (Doc. 1)[1]. In any action in federal court where subject matter jurisdiction is based on the parties' diversity of citizenship, while federal procedural law applies to the proceedings, state substantive law provides the rules of decision. 28 U.S.C. § 1652, *Erie Railroad Co. v. Tompkins*, 304 U.S. 64

---

[1] In its Notice of Removal, Reassure alleged that, "the disability policy at issue in this matter *may be* an employee benefits plan which would be governed by ERISA, 29 U.S.C. § 1001, *et seq.*" thereby implicating federal subject matter jurisdiction. (Doc. 1)(emphasis supplied). However, with the exception of Reassure's initial suggestion, neither Ms. Wightman nor Reassure has alleged that the ERISA is implicated in this action.

(1938).

**Plaintiff's Second Motion to Compel Discovery**

The dispute which gave rise to Ms. Wightman's Second Motion to Compel revolves around Reassure's failure to produce certain documents and to provide answers to certain interrogatories. Reassure's position is essentially that the materials Ms. Wightman seeks to discover are irrelevant to this action because they relate to Ms. Wightman's claim of bad faith. Reassure argues that Ms. Wightman's bad faith claim cannot stand because there can be no bad faith when an insurer pays a claim as Reassure has in this instance.

The scope of discovery under the Federal Rules of Civil Procedure has traditionally been quite broad. *Hickman v. Taylor,* 329 U.S. 495 (1947). Fed.R.Civ.P. 26 provides:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause shown, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ. P. 26(b).

Rule 26(b) enables parties to discover any unprivileged evidence or information relevant to their claim. *Surles v. Greyhound Lines, Inc.,* 474 F.3d 288, 305 (6th Cir. 2007). Determining the proper scope of discovery falls within the broad discretion of the trial court. *Lewis v. ACB Business Services, Inc.,* 135 F.3d 389, 402 (6th Cir. 1998). Fed. R. Civ. P. 34 provides for discovery of documents in the "possession, custody or control" of a party, so long as the documents

2

constitute or contain matters within the scope of Rule 26(b). Fed.R.Civ.P. 34(a). In addition, "[t]he function of interrogatories under Fed.R.Civ.P. 33 is broadly the same as any other discovery method." *Babcock Swine, Inc., v. Shelbco, Inc.*, 126 F.R.D. 43, 45 (S.D.Ohio 1998)(citing *Wright & Miller, Federal Practice and Procedure*, § 2163).

An insurance company can exhibit bad faith in ways other than in the denial of insurance coverage. *Unklesbay v. Fenwick*, 167 Ohio App.3d 408, 414 (2nd Dist. 2006). In Ohio, an insurer has a duty to act in good faith toward its insured in carrying out its responsibilities under the policy of insurance. *Id.*, citing *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St.3d 272 (1983). Those responsibilities include the handling and payment of an insured's claim. *Id.*

The Ohio Second District Court of Appeals[2] has recognized that a bad faith "refusal to pay" encompasses more than the outright denial of a claim. *Unklesbay, supra* (citation omitted). That court has declined to interpret a bad faith "refusal to pay" as being synonymous with the denial of a claim and has reasoned that the insurer's "foot-dragging in the claims-handling and evaluation process" could support a bad faith cause of action. *Id.* (citation omitted).

This Court concludes that materials which are relevant to Ms. Wightman's claim of Reassure's bad faith in processing or evaluating or otherwise handling her disability claim are discoverable. Accordingly, Plaintiff's Second Motion to Compel Discovery is granted. With the exception of the surveillance reports which this Court has previously addressed, see, Doc. 23, within ten (10) days Reassure shall provide to Ms. Wightman, all of the documents that are

---

[2]Under *Erie Railroad* and particularly in the absence of any decisional law from the Ohio Supreme Court, it is the Second District Court of Appeals decisions which establish the Ohio law in this case.

responsive to Ms. Wightman's First and Second Requests for Production of Documents and which are not otherwise protected by a claim of privilege.

The Court turns to the Interrogatories at issue. Ms. Wightman seeks an Order compelling Reassure to more fully respond to Interrogatories 2, 3, 4, 5, and 6 in Plaintiff's Second Set of Interrogatories. Reassure has failed to address Ms. Wightman's arguments in support of her Motion to Compel Reassure to respond to those Interrogatories. (Doc. 24).

> Interrogatory 2 reads:
> Please identify any judgments rendered against defendant for bad faith in the past 15 years. Your response should include the date of such judgment, identity of the court or arbitrator which rendered the judgment, amount of the judgment, outcome of any appeal, identity of the claims representative, identity of the insured, and a brief, concise statement of the bad faith allegations against Defendant.
>
> Interrogatory 3 reads:
> Please identify all bad faith claims made against defendant in the last 15 years, which did not result in a judgment against defendant. You [sic] response should include the date, name of the claims representative, name of the insured, brief statement of the bad faith allegations, and a brief statement of the outcome.

Reassure objected to these Interrogatories on several bases including allegations that they are overly broad, unduly burdensome, not limited in scope or geographic area, are not limited to similar policies or similarly situated insureds, and would require Reassure to violate its duties under state and federal privacy law. (Doc.22, Ex. 3 attached thereto). This Court agrees with respect to any information other than that which is a matter of public record relevant to litigation in Ohio.

First, the dissemination of personal, private information concerning insurance policyholders is prohibited by, *inter alia,* the Health Insurance Portability and Accountability Act,

4

Pub.L. No. 104-191, 110 Stat. 1936 (Aug. 21, 1996)("HIPAA"). Secondly, a judgment based on laws other than Ohio's laws would not be relevant to Ms. Wightman's claims. See *State Farm Mut. Auto Ins. Co. v. Campbell,* 538 U.S. 408, 426 (2003). Finally, as Reassure noted, it is a fair statement to say that a majority of claims that reach the litigation stage include a bad faith allegation regardless of whether the allegation has merit and such information is therefore irrelevant.

With the exception of those matters which are a matter of public record, specifically, judgments rendered as the result of completed judicial proceedings in Ohio, Ms. Wightman's Motion as it relates to Interrogatories 2 and 3 is denied.

Interrogatories 4 and 5 address the issue of dollar values and reserve amounts placed by, or on behalf of Reassure with respect to Ms. Wightman's claim. Because the dollar values and reserve amounts arguably go to the issue of bad faith handling and/or evaluation of Ms. Wightman's claim, Reassure's objections to those Interrogatories is not well taken. Therefore, within ten (10) days, Reserve shall answer Interrogatories 4 and 5 in Plaintiff's Second Set of Interrogatories.

The final Interrogatory at issue is number 6 which seeks the factual basis for Defendant's reservation of rights under Ms. Wightman's claim. Again, while a reservation of rights might not in and of itself be the basis of a bad faith claim, a reservation of rights is arguably relevant to the issue of bad faith handling and/or evaluation of a claim. To the extent that Reassure has not answered Interrogatory 6, it shall do so within ten (10) days.

**Plaintiff's Motion to Deem Requests for Admissions Admitted**

Ms. Wightman argues that Fed.R.Civ.P. 36 provides that requests for admission shall be deemed admitted unless a written response is received within thirty (30) days after service

5

of the requests. Ms. Wightman's position is that she served her First Request for Admissions to Defendant on, at the latest, May 9, 2005, when she served her state court Complaint, that Reassure failed to timely respond to her Requests, and therefore, the matters should be deemed admitted.

Reassure argues that its responses to Ms. Wightman's Request for Admissions were timely because she had agreed, on two (2) occasions, to additional time within which Reassure was to respond to the Request. In support of its argument, Reassure has submitted the affidavit of its trial counsel.

Fed.R.Civ.P. 36(a) provides that without leave of court or written stipulation, requests for admission may not be served before th time specified in Rule 26(d). In other words, the Federal Rules of Civil Procedure are clear that discovery requests should not be served before the time specified in Rule 26(d) which is generally before the parties have conferred pursuant to Rule 26(f). *Taylor v. Great Lakes Waste Services*, No. 06-CV-12312-DT, 2007 WL 422036 at *2 (E.D.Mich. Feb. 2, 2007).

The parties filed their Rule 26(f) report on September 26, 2005, indicating that they participated in their Rule 26(f) meeting on September 13, 2005. (Doc. 5). The record does not reflect, nor does Ms. Wightman argue, that there was an Order or a written stipulation between the parties allowing early the early service of discovery requests. Therefore, Ms. Wightman served her Requests for Admission prematurely and they violate Fed.R.Civ.P. 36(a). Accordingly, this Court declines to deem admitted the matters contained in Ms. Wightman's Requests for Admissions.

Assuming *arguendo* that Ms. Wightman timely served her Requests for Admissions when, on August 19, 2005, she provided Reassure a copy of the Requests, the parties' initial Rule 26(f) report dated September 26, 2005, reveals that the parties agreed that Reassure would respond

6

to Ms. Wightman's discovery requests, including the Requests for Admissions, on or before October 14, 2005. (Doc. 5). Reassure's counsel's uncontradicted December 8, 2006, affidavit establishes that Ms. Wightman agreed to two (2) extensions of time to October 28, 2005, within which Reassure was to respond to Ms. Wightman's discovery requests. (Doc. 24, Ex. C thereto). Subsequent correspondence between counsel indicates that Reassure provided Ms. Wightman with responses to her discovery requests by that October 28, 2005, deadline. *Id.*, Ex. 2, 3, 4 thereto). The parties' second Rule 26(f) report, filed October 4, 2006, indicates that on or before October 14, 2006, Reassure would respond to Ms. Wightmans' Interrogatories and Requests for Production of Documents and provide a privilege log related to any documents not produced. (Doc. 14). That Report does not mention Ms. Wightmans' Requests for Admissions. It is clear, then, that Reassure responded to Ms. Wightman's Requests for Admissions within the time to which the parties agreed. Ms. Wightman's Motion to Deem Requests for Admission Admitted is not well taken.

**Plaintiff's Motion for Expenses**

Pursuant to Judge Rose's October 24, 2006, Order to Show Cause, (Doc. 17), Ms. Wightman may seek reasonable expenses by way of a properly supported Motion.

**Defendant's Motion for Protective Order**

Reassure seeks a Protective Order with respect to the scope of the Rule 30(b)(6) deposition which Ms. Wightman has noticed. Specifically, Reassure takes issue with the following nine (9) of the twenty-three (23) topics Ms. Wightman specifically identified in Exhibit A to her Notice of Deposition[3]:

---

[3] The items are numbered to correspond with the numbers as they appear in Exhibit A.

7

> 1. The organizational structure of Reassure America, including, but not limited to any parent, subsidiary, related entity, re-insurer, successor, and/or assign;
>
> 2. The operation of Reassure America and its relationship to any parent, subsidiary, related entity, re-insurer, successor, and/or assign;
>
> 4. Financial performance of Reassure America and any parent, subsidiary, related entity, successor, or assign;
>
> 6. Reassure America's determination and/or placement of reserves;
>
> 8. The acquisition, affiliation, and/or merger of companies/entities that may in any way have a relationship to Plaintiff's policy of insurance and/or the handling of Plaintiff's claim;
>
> 9. Reassure America's relationship with any person, company, and or entity, that administers, evaluates, or consults with regard to the disability claims of Reassure America;
>
> 15. Prior and/or current lawsuits, complaints, or investigations regarding Reassure America disability claims;
>
> 17. Statistical information and/or analysis related to denial or payment of disability claims;
>
> 18. Revenue, expenditures, and/or capital resources of Reassure America;

(Doc. 29).

As noted above, in Ohio, an insurance company can exhibit bad faith in ways other than in the denial of insurance coverage. Further, a bad faith "refusal to pay" encompasses more than the outright denial of a claim and is not necessarily synonymous with the denial of a claim. In Ohio, an insurer has a duty to act in good faith toward its insured in carrying out its responsibilities under the policy of insurance and those responsibilities include the handling as well as the payment of an insured's claim. Finally, while paying a claim with a "reservation of rights" may not, in and of itself, reflect bad faith, it arguably could go to the issue of the handling of a claim.

The Court will address each area of deposition inquiry which Reassure challenges.

8

1. The organizational structure of Reassure America, including, but not limited to any parent, subsidiary, related entity, re-insurer, successor, and/or assign;

It is common indeed to seek information as to the organizational structure of an organization involved in litigation. This is particularly true where a litigant is interested in identifying particular decision-makers. Additionally, information as to the organizational structure of a company allows a prevailing party to identify the potential source of the payment of any damages, including punitive damages, that may be awarded.

2. The operation of Reassure America and its relationship to any parent, subsidiary, related entity, re-insurer, successor, and/or assign;

For the same reasons given with respect to topic number 1, *supra* at p. 8, this information is discoverable and therefore a proper area of inquiry during the Rule 30(b)(6) deposition..

4. Financial performance of Reassure America and any parent, subsidiary, related entity, successor, or assign;

For the same reasons given with respect to topic number 1, *supra*, this information is discoverable and therefore a proper area of inquiry during the Rule 30(b)(6) deposition.

6. Reassure America's determination and/or placement of reserves;

For the same reasons given with respect to the discussion of Ms. Wightman's Second Motion to Compel as it relates to Interrogatories 4 and 5, *supra* at p. 5, this information is discoverable and therefore a proper area of inquiry during the Rule 30(b)(6) deposition.

8. The acquisition, affiliation, and/or merger of companies/entities that may in any way have a relationship to Plaintiff's policy of insurance and/or the handling of Plaintiff's claim;

9

Because, as noted above, the handling of an insurance claim may give rise to an action for bad faith, this information is relevant to Ms. Wightman's claim therefore a proper area of inquiry during the Rule 30(b)(6) deposition.[4]

> 9. Reassure America's relationship with any person, company, and or entity, that administers, evaluates, or consults with regard to the disability claims of Reassure America;

While this information goes to the handling of claims, this Court concludes that its description is so broad as to arguably encompass claims other than Ms. Wightman's. Reassure's objection to this topic of examination is well taken to the extent that it goes beyond Reassure's handling of Ms. Wightman's claim.

> 15. Prior and/or current lawsuits, complaints, or investigations regarding Reassure America disability claims;

For the same reasons given in the Court's discussion of Ms. Wightman's Second Motion to Compel as it relates to Interrogatories 1 and 2 and 5, *supra* at p. 4-5, information which is a matter of public record and relevant to actions in Ohio is discoverable and therefore a proper area of inquiry during the Rule 30(b)(6) deposition.

> 17. Statistical information and/or analysis related to denial or payment of disability claims;

To be relevant, the information with respect to this topic must be limited to policies that are similar to Ms. Wightman's, information which is a matter of public record, and which Reassure issued in the state of Ohio. See *Campbell*, 538 U.S. at 426.

> 18. Revenue, expenditures, and/or capital resources of Reassure America;

---

[4] The Court is aware of Reassure's representation that there is no person with information responsive to this request as there has been no acquisition, affiliation, and/or merger during the pendency of Ms. Wightman's claim. It would seem that a Rule 30(b)(6) deponent would be competent to testify as to that information.

This information is arguably relevant to an award of punitive damages which become relevant in the event there is a finding of bad faith against Reassure. Therefore, it is a proper area of inquiry in a Rule 30(b)(6) deposition.

**Conclusions**

Plaintiff's Second Motion to Compel Discovery, (Doc. 22), is granted in part and denied in part;

Plaintiff's Motion to Deem Requests for Admission Admitted, (*Id.*) is denied; and

Plaintiff's Motion for Expenses, (*Id.*), is granted to the extent that she may request expenses with a properly supported Motion.

Defendant's Motion for Protective Order, (Doc. 29), is granted in part and denied in part.

February 22, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

J:\Wightman_Reassure.wpd