```
                    Kearney Christopher L  - Vol  I
0001
 1            UNITED STATES DISTRICT COURT
 2              SOUTHERN DISTRICT OF OHIO
 3                  WESTERN DIVISION
 4     JEFFERSON-PILOT             :
 5     INSURANCE COMPANY,          :
 6          Plaintiff,             :
 7     vs.                         :  Case No. C-1-02-479
 8     CHRISTOPHER L.              :
 9     KEARNEY,                    :
10          Defendant.             :
11
12        Videotaped deposition of CHRISTOPHER L.
13     KEARNEY, a defendant herein, taken by the
14     plaintiff as upon cross-examination, pursuant
15     to the Federal Rules of Civil Procedure and
16     pursuant to notice, agreement by counsel as
17     to the time and place and stipulations
18     hereinafter set forth, at the offices of
19     William R. Ellis, Wood & Lamping, 2500
20     Convergys Center, 600 Vine Street, Ohio, at
21     9:45 on June 20, 2007, before Deanne
22     Cartwright, a Court Reporter and Notary
23     Public within and for the State of Ohio.
24
0002
 1                      - - -
 2     APPEARANCES
 3
       On behalf of Plaintiff:
 4
           JOHN E. MEAGHER, ESQ.
 5             of
           Shutts & Bowen LLP
 6         1500 Miami Center
           201 South Biscayne Boulevard
 7         Miami, Florida 33131
 8     On behalf of Plaintiff:
 9         STEPHANIE FARABOW, ESQ. (Via telephone.)
               of
10         Jefferson-Pilot Life Insurance Company
           100 N. Greene
11         Greensboro, North Carolina 27401
12     On behalf of Plaintiff:
13         WILLIAM R. ELLIS, ESQ.
               of
14         Wood & Lamping
```



Kearney Christopher L  - Vol  I

```
11   your judgment entry decree of divorce entered
12   October 28th, 1994?
13          A.    No, I don't recognize it right
14   away.  It's not a document I looked at.
15          Q.    Okay.  Let's take a look at the
16   last page.
17          A.    Okay.
18          Q.    And can you identify your
19   signature on the last page?
20          A.    Yes, that's my signature.
21          Q.    And there's a date stamp at the
22   bottom of that page, says entered October
23   28th, 1994, correct?
24          A.    Yes.
0174
 1          Q.    Was that about the time that you
 2   believe your divorce was final from Yoshiko?
 3          A.    I believe -- I believe about
 4   that time, yes.
 5                MR. MEAGHER:  And just for the
 6   record, any editing costs required by your
 7   improper comments we're going to attempt to
 8   charge to you so before we use this at trial.
 9                MR. ROBERTS:  Okay.
10     (Exhibit 7 was marked for identification.)
11                MR. MEAGHER:  Hand you
12   Plaintiff's Exhibit 7 to this deposition.
13   Can you identify your signature on the bottom
14   of this supplemental claimant's statement for
15   residual disability benefits dated
16   October 31, 2004?
17          A.    Yes, that's my -- that looks
18   like my signature.
19          Q.    And here you're claiming
20   residual benefits for the months of April
21   through September 1994, do you see that?
22          A.    Uh-huh.
23          Q.    You have to answer verbally,
24   sir.
0175
 1          A.    Yes, sir.
 2          Q.    Okay.  Thank you.  Can you tell
 3   me why you had not filed a claim for those
 4   months prior to October of 1994?
 5                MR. ROBERTS:  Objection.  Asked
 6   and answered May 10, 2004.  Go ahead if you
 7   can answer today what happened 13 years ago.
```

Page 93

Kearney Christopher L  - Vol  I

8    A.    I -- I stand by my answer that's
9  in my other deposition.
10   Q.    Please answer it again, please,
11 like your counsel instructed.
12         MR. ROBERTS:  Objection.  Asked
13 and answered May 10, 2004.
14   A.    What was your question again?
15   Q.    My question is -- well, read it
16 back, please.
17    (Record read by Reporter.)
18         MR. ROBERTS:  The precise
19 question was asked and answered May 10, 2004.
20   Q.    You can answer.
21   A.    The reason was is because I had
22 depression and I thought I could overcome it
23 during this period and I didn't think that
24 another -- another claim would be filed if I
0176
1  got over it in that period of time so that's
2  my answer.
3    Q.    The reason was not to minimize
4  your income so that you would have to pay
5  less alimony to your wife --
6          MR. ROBERTS:  Objection.
7    Q.    -- is that correct?
8    A.    No, that's not the reason.
9    Q.    The divorce proceedings had
10 nothing to do with your not filing a claim
11 until about a week after the final judgment
12 of divorce --
13         MR. ROBERTS:  Objection.
14   Q.    -- is that correct?
15   A.    That's correct.
16   Q.    In Exhibit 7 at the top, where
17 you say you were residually disabled from
18 February 8th, 1993 to the present, is there
19 any indication on this form that you had
20 recovered for a period of months from your --
21         MR. ROBERTS:  Objection.
22   Q.    -- depression so that you could
23 resume normal work?
24         MR. ROBERTS:  Objection.
0177
1  Document speaks for itself.  Go ahead.
2    A.    I -- I just fill out the forms
3  as they send to me.  If they ask me a
4  specific question like that I would answer

Page 94

JEFFERSON-PILOT LIFE INSURANCE COMPANY
INDIVIDUAL HEALTH CLAIMS (417)
SUPPLEMENTAL CLAIMANT'S STATEMENT
For
RESIDUAL DISABILITY BENEFITS

Name in Full CHRISTOPHER L. KEARNEY  Policy No. H493029  H538069

1. I was residually disabled from 2/8 19 93 to present 19___.

2. During this period of residual disability I was (A) unable to perform the following important daily business duties of my occupation Not able to work as effectively. Not able to focus, travel as much  or (B) I was able to perform all of the usual daily business duties of my occupation, but only for 50 % of the time usually required to perform these duties.

3. I expect to return to the full performance of my occupation on don't know 19___.

NOTE: FOR PURPOSES OF ANSWERING QUESTIONS NO. 4 AND 5, INCLUDE MONTHLY INCOME FROM SALARY, WAGES, BONUSES, COMMISSIONS, FEES OR OTHER REMUNERATION, AFTER DEDUCTION OF NORMAL AND CUSTOMARY BUSINESS EXPENSES BUT BEFORE DEDUCTION OF ANY INCOME TAXES, EARNED FOR SERVICES PERFORMED BY YOU. DO NOT INCLUDE DIVIDENDS, RENTS, ROYALTIES, ANNUITIES OR OTHER FORMS OF UNEARNED INCOME.

4. My average monthly income for the calendar year or the twelve consecutive months immediately prior to my period of total disability (the greater) was $ 8166.00 (to the nearest dollar.)

I used the (A) ✓ prior calendar year (B)___ prior twelve consecutive months earnings to determine this average.

5. My monthly income for each month for which claim is being made is as follows:

| Amount | Month | Year | Amount | Month | Year | Amount | Month | Year |
|---|---|---|---|---|---|---|---|---|
| $2000.00 | 4 | 94 | $2000.00 | 5 | 94 | $2,000 | 6 | 94 |
| $2000.00 | 7/94 | | $2000 | 8/94 | | $2000 | 9/94 | |
| $2000.00 | 10/94 | | | | | | | |

Any information necessary to verify the answers I have given above will be furnished upon request.

Date 10/31 19 94  Signed Christopher L. Kearney
(Claimant)

PLEASE ATTACH THIS FORM DIRECTLY TO A FULLY COMPLETED SUPPLEMENTAL DISABILITY CLAIM REPORT - BE SURE TO SIGN THE DISCLOSURE AUTHORIZATION ON THE BACK OF THAT FORM.

0822