## Disability Management Services, Inc.

*1350 Main Street. Springfield, MA 01103-1619   Tel:(413)747-0990   Fax:(413)747-1545*
*A third party administrator for:*

### Jefferson-Pilot Life Insurance Company

July 13, 2001

Christopher Kearney
621 East Bowman St.
Wooster, OH  44691

Re:  Policy Number/s: H-493029, H-538069
     Claim Number/s: H-493029, H-538069

Dear Mr. Kearney,

We have your letters dated June 12 and June 16, 2001, and a copy of your letter dated June 25, 2001, addressed to Baker and Baris, Inc. We have also received the 1995 Corporate Tax Return for Kearney Magnetics & Engineering, and the 1996 and 1997 Corporate Tax Returns for Innomation, Inc.

We are at a loss regarding your continuing refusal to complete a Description of Occupation form outlining the duties you preformed for Innomation, Inc. As you know, prior to our questioning you about this company on 3/7/01, you never mentioned it in any of your written or verbal communications. When we asked you about the work you did for this organization you said "The work I did for Innomation, Inc. was as an agent of Kearney Associates, Inc." If we rely on that explanation, and rely on your statement that you told me "...by letter on 12-22-00 that you have no further documents to send concerning Kearney Associates, Inc", one would necessarily conclude that the tax return and all other information pertaining to Innomation, Inc., and all of the work you did for that firm as an agent of Kearney Associates, would have been in our file as of 12-22-00. Yet it wasn't.

In your letter dated 3/21/2001, you also state that "The time I spent (working for Innomation) has already been accounted for in my reports for Kearney Associates Inc." This would seem to infer that the duties you did for Innomation, Inc., which you say were "sales and some management", were identical to those duties you did for Kearney Associates, Inc." However, inasmuch as Kearney Associates was a manufacturers representative company, and Innomation, Inc was a firm that was involved in the actual design and manufacturing of industrial custom equipment, one would have to question if,

*d/b/a:  New England Claims Administration Services, Inc. in FL, MD, ME*
*Licensed as New England Claims Administration Services, Inc. in CA*
*d/b/a Centre Claims Administration Services in NH*



0623

at least, *some* of the duties you did for Innomation, Inc., may have been different than those you were performing for Kearney Associates, Inc. Our information is that some duties *were* different, yet you did not advise us of those activities prior to 3/21/01 and you continue to decline to detail those activities.

As you know, since you claimed that your ailments have caused you to be unable to work as long in the office or make as many sales calls as you did prior to disability, we asked you for documentation that might support that claim. As we pointed out to you in our letter dated 10/2/2000, the financial records we presently have do not reflect any reduction in travel related expense commensurate with the onset of your difficulties. While you have stated that the travel expenses which continued after your disability started were those of other employees, you have not furnished any documentation that would show that the travel expenses occurring before the disability started were yours, or documentation that would show that the travel expenses which occurred after the disability started were someone else's.

The above and other issues we have discussed with you are pertinent to our evaluation of your eligibility for benefits under your disability policy. The policy provides benefits under the Residual Disability provision if you are: (A) <u>unable</u> to do one or more of the substantial and material duties of your profession; or (B) <u>unable</u> to do your usual daily business duties for substantially as much time as is usually required to do such duties, and such inability results in an earnings loss. In this situation, determining any disability related earnings loss you may have is difficult for a variety of reasons. First of all, you are claiming that you are unable to drive <u>as much</u> as you used to be able to drive, and you are unable to make <u>as many</u> sales calls as you used to be able to make (While you, in fact, continue to both drive and make sales calls). Accordingly, rather than having a situation where there is a <u>complete</u> inability to do something, in this instance we are trying to evaluate a claim in which there is only a <u>degree</u> of inability. Under the best of circumstances, objectively determining the extent of only a degree of inability, in any claim, is difficult. In claims such as this, where the medical limitations are primarily subjective in nature, measuring the impact of your disability on your ability to perform your predisability duties, and it's impact on earnings, becomes even more difficult.

What makes this claim even more problematic to evaluate, however, is that you continue to perform the above duties <u>in a different occupation.</u> (To answer the question in your June 16th letter, this is the issue that I was addressing when I referred to a comparison analysis of the skills required to do your present job versus those required to do your previous job). This causes us to have to consider whether or not there are other factors, besides disability, which are impacting the amount of sales calls you make and the amount of driving you do. Along these lines, the following are just some of the questions we must necessarily attempt to answer: 1) Are your sales calls and driving activities self limiting because of the lack of business (i.e. are you performing all of the sales calls that can be made in the new enterprise?) 2) Are you electing not to perform as many sales calls, in order to engage in some other, business or non-business, activity? 3) Did litigation with one or more of your customers (such as JE Grote) in any way affect your business? 4) Did the new business, as with many new businesses, simply not succeed? Etc.

*d/b/a: New England Claims Administration Services, Inc. in FL, MD, ME*
*Licensed as New England Claims Administration Services, Inc. in CA*
*d/b/a Centre Claims Administration Services in NH*

0624

I think we should clarify that, at this point, we are not questioning whether or not you have a medical condition for which you are receiving treatment. However, the existence of a condition alone does not necessarily equate to benefit eligibility under the Residual Disability benefit provision. There must be a disability, and the disability must be the cause of the income decrease. In this case, the documentation we presently have is just not conclusive that you qualify for benefits under those parameters. It is for these reasons that we continue to investigate your claim and ask you for the documentation and information we have requested. Contrary to what you seem to feel, we are not asking you for the information to annoy you.

Considering all of the above, our ongoing need to obtain documentation substantiating your eligibility for continuing benefits, and your clearly expressed dissatisfaction both with us and the claim process, it occurs to us that exploring a compromise settlement of this claim might be in the best interest of both parties. This offer is made in all sincerity, and we hope its intention is not misinterpreted. If you are not interested in such a dialogue, please simply tell us. If you are, kindly let us know. Naturally, if you are not interested in exploring an alternative resolution, we would need to communicate to you the information that is presently required to further evaluate your claim.

I hope this letter addresses your outstanding concerns, and answers the questions about why we need certain information. If not, please contact me and I'll do my best to provide you with whatever additional information you require. In the event that you would prefer to have an attorney represent your interests, we would be happy to speak with that individual as well. I can be reached by telephone at 1-800-883-0596 ext. 1076. I look forward to your reply.

Sincerely,

Robert Mills
Claims Consultant

cc:   Ms. Mary Baker
      Ms. Leslee Hymowitz

*d/b/a: New England Claims Administration Services, Inc. in FL, MD, ME*
*Licensed as New England Claims Administration Services, Inc. in CA*
*d/b/a Centre Claims Administration Services in NH*

0625