UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEFFERSON-PILOT LIFE INSURANCE COMPANY, et al. | CASE NO. C-1-02-479 |
| | (Judge Barrett) |
| Plaintiff/Counterclaim Defendants, | |
| | **MOTION TO BIFURCATE** |
| vs. | |
| CHRISTOPHER L. KEARNEY, | |
| Defendant/Counterclaim Plaintiff. | |

Jefferson Pilot Life Insurance Company ("JP") and Disability Management Services, Inc. ("DMS"), respectfully request that the Court bifurcate Kearney's tort claims for compensatory damages from his claims for punitive damages. The reasons for this motion are fully explained in the attached Memorandum in Support.

Respectfully submitted,

/s William R. Ellis
William R. Ellis (0012279)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202-2491
Telephone:    (513) 852-6000
Telefax:        (513) 852-6087
E-mail: wrellis@woodlamping.com

OF COUNSEL:

John E. Meagher (511099)
SHUTTS & BOWEN LLP
201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
Telephone: (305) 358-6300
Telecopier: (305) 381-9982

       E-mail:       JMeagher@Shutts-law.com

Attorneys for Plaintiff, Jefferson-Pilot Life
Insurance Company and Cross-Claim Defendant,
Disability Management Services, Inc.

## MEMORANDUM IN SUPPORT

Plaintiff/Counter-Defendant, Jefferson-Pilot Life Insurance Company ("JP") and Third Party Defendant, Disability Management Services, Inc. ("DMS"), hereby move the court to bifurcate Mr. Kearney's claims for compensatory damages for bad faith, invasion of privacy, and civil conspiracy from his punitive damages claim. The Federal Rules of Civil Procedure give the District Court the authority and the power to bifurcate a trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expediation and economy." Fed. R. Civ. P. 42(b). "Only one of these criteria need be met to justify bifurcation." *Saxon v. Titan-C Manufacturing Inc.*, 86 F.3d 553, 556 (6th Cir. Ohio 1996).

When there is a claim for punitive damages, the Ohio Revised Code requires that the compensatory damages claim be bifurcated from the punitive damages claim. *See* O.R.C. Ann. §2315.21. The statute states:

> (B) (1) In a tort action that is tried to a jury and in which a plaintiff makes a claim for compensatory damages and a claim for punitive or exemplary damages, upon the motion of any party, the trial of the tort action **shall be bifurcated** as follows:
>
> (a) The initial stage of the trial shall relate only to the presentation of evidence, and a determination by the jury, with respect to whether the plaintiff is entitled to recover compensatory damages for the injury or loss to person or property from the defendant. During this stage, no party to the tort action shall present, and the court shall not permit a party to present, evidence that relates solely to the issue of whether the plaintiff is entitled to recover punitive or exemplary damages for the injury or loss to person or property from the defendant.
>
> (b) If the jury determines in the initial stage of the trial that the plaintiff is entitled to recover compensatory damages for the injury or loss to person or property from the defendant, evidence may be presented in the second stage of the trial, and a determination by that jury shall be made, with respect to whether the plaintiff additionally is entitled to recover punitive or exemplary damages for the injury or loss to person or property from the defendant.

*Id*. (emphasis added).

Other courts have bifurcated the compensatory damages portion of a trial from the punitive damages portion. *See e.g. Keyser v. Unum Life Ins. Co. of America*, 2005 WL 2230203, *10 (S.D. Ohio Sept. 12, 2005) (In a disability insurance case, "[i]t is the Court's practice to bifurcate the issue of punitive damages from the triable-liability issues of the case."); *Muncie Power Prods. v. United Techs. Auto. Inc.*, 328 F.3d 870, 872 (6th Cir. 2003) (the plaintiff sought both compensatory and punitive damages and the trial was bifurcated to consider first the issues of liability and compensatory damages, and second the issue of punitive damages); *United States v. Matusoff Rental Co.*, 204 F.R.D. 396, 399 (S.D. Ohio 2001) (the court ordered separate trials on liability and damages but both trials will be heard by the same jury, and the damages trial will begin immediately after the completion of the liability trial); *Smith v. Glaxo Wellcome, Inc.*, 1998 U.S. Dist. LEXIS 22455 (S.D. Ohio 1998) (the trial will be bifurcated into separate phases with the initial stage related only to evidence of liability and compensatory damages and the second stage related to whether the plaintiff is entitled to punitive or exemplary damages).

Bifurcation promotes judicial economy in this case because Mr. Kearney must first prove that he is entitled to compensatory damages before he can even address the issue of punitive damages. *See Gevedon v. Gevedon*, 167 Ohio App. 3d 1, 12 (Ohio Ct. App. 2006) (actual compensatory damages rather than nominal damages are necessary to support an award of punitive damages) citing *Seasons Coal Co., Inc. v. City of Cleveland* (1984) 10 Ohio St.3d 77, 82, 461 N.E.2d 1273 (observing that punitive damages are highly irregular absent proof of any actual damages). Unless the jury awards compensatory damages, there is no basis for punitive damages and there is no need for evidence related to punitive damages to be presented at trial. Bifurcation is the most judicially efficient and cost-effective way to handle this issue.

Additionally, bifurcation will prevent JP and DMS from being prejudiced in the liability portion of the trial by the admission of evidence related to punitive damages.

                                                Respectfully submitted,

                                                /s William R. Ellis
                                                William R. Ellis (0012279)
                                                Wood & Lamping LLP
                                                600 Vine Street, Suite 2500
                                                Cincinnati, OH  45202-2491
                                                Telephone:    (513) 852-6000
                                                Telefax:         (513) 852-6087
                                                E-mail:  wrellis@woodlamping.com

OF COUNSEL:                         John E. Meagher (511099)
                                                SHUTTS & BOWEN LLP
                                                201 S. Biscayne Boulevard
                                                1500 Miami Center
                                                Miami, Florida  33131
                                                Telephone:  (305) 358-6300
                                                Telecopier:  (305) 381-9982
                                                E-mail:       JMeagher@Shutts-law.com

                                                Attorneys for Plaintiff/Counter-defendant,
                                                Jefferson-Pilot Life Insurance Company and Third-
                                                Party Defendant, Disability Management Services,
                                                Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 24th day of August, 2007. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                   s/ William R. Ellis

327373.1