UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE COMPANY, et al. | : : : | CASE NO. C-1-02-479 |
| Plaintiff/Counterclaim Defendants, | : : | (Judge Barrett) |
| vs. | : : | **COUNTERCLAIM DEFENDANT JEFFERSON PILOT AND THIRD** |
| CHRISTOPHER L. KEARNEY, | : : | **PARTY DEFENDANT DISABILITY MANAGEMENT SERVICES'S** |
| Defendant/Counterclaim/Third Party Plaintiff. | : : | **MOTION TO REALIGN PARTIES FOR TRIAL** |

Plaintiff/Counterclaim Defendants Jefferson Pilot Life Insurance Company ("JP") and Third Party Defendant Disability Management Services, Inc. ("DMS") (collectively referred to as "Counterclaim Defendants"), by and through undersigned counsel, hereby respectfully request that the Court realign the parties in this action for trial by denominating Christopher L. Kearney ("Kearney") as Plaintiff, and JP and DMS as Defendants at trial. The grounds for this motion are:

1.    This action was initiated by JP in 2002, seeking a declaratory judgment as to its rights and liabilities under a contract of disability insurance where the insurer, JP, had been overpaying Kearney under the terms of the insurance policy.

2.    Kearney counterclaim against JP and filed a third party complaint against DMS (a third party claims administrator for JP), seeking damages for breach of contract, bad faith, conspiracy, intentional infliction of emotional distress, and invasion of privacy.

3. On Jan. 26th, 2006 the Court ruled on the parties' cross-motions for summary judgment on JP's claim for declaratory relief, finding that Kearney would not be entitled to increases under the terms of the policy. However, the Court found that equitable estoppel was applicable and therefore JP was estopped from not paying the overpayments.

4. On August 20, 2007, the Court entered an Opinion an Order on the Motion for Summary Judgment on Kearney's claims filed by JP and DMS. The Court granted the motion as to Kearney's claims for breach of contract and intentional infliction of emotional distress, dismissing those claims, and denied the motion as to Kearney's claims for bad faith, invasion of privacy, and civil conspiracy.

5. Thus, the only claims remaining for trial are those on which Kearney is seeking affirmative relief against JP and DMS: bad faith, invasion of privacy, and civil conspiracy.

6. A motion for realignment of the parties lies in the sound discretion of the court. Ericsson Inc. v. Harris Corporation, 1999 WL 604827 (N.D. Tex. August 11, 1999) (*citing* Lloyd v. Pendleton Land & Exploration, Inc., 22 F.3d 623, 625 (5th Cir. 1994)). *See also*, Western Reserve Life Assurance Company of Ohio v. Bratton, 2006 WL 1418804 (N.D. Iowa May 18, 2006)As explained by the Ericsson court, "[i]t is elemental that the party who files a lawsuit is designated as the plaintiff. This designation is based on the party's burden to prove the claims initially asserted in the lawsuit. A court normally will not realign the parties from their original designations unless the plaintiff no longer retains the burden to prove at least one of its claims or if subsequent events in the case significantly shift the ultimate burden of proof from the plaintiff to the defendant." Ericsson, at *2.

7. That is precisely the situation here, where neither JP nor DMS have affirmative claims remaining for trial. All that remains, are Kearney's claims, where he is the plaintiff and

JP and DMS are the defendants. The presentation and order of trial should reflect this reality, and realignment will accomplish that end.

> 8.  As further explained by the court in Bratton:
>
>> . . . "Ordinarily, the trial court extends the privilege of opening and closing the case to the party that has the burden of proof." Anheuser-Busch, Inc. v. John Labatt Ltd., 89 F.3d 1339, 1344 (8th Cir. 1996). Some district courts have determined that the party who proceeds first at trial is "typically the plaintiff, even where the plaintiff seeks only or even primarily a declaratory judgment." L-3 Commc'ns Corp. v. OSI Sys., Inc., 418 F.Supp.2d 380, 383 (S.D.N.Y. 2005) (*citing* Rowan Cos., Inc. v. Ainsworth, 50 F.Supp.2d 588, 590-91 (W.D. La. 1999)). In deciding whether to realign the parties, other district courts have considered which order of proof is more efficient and understandable for the jurors; that is, whether the plaintiff or counterplaintiff should proceed first. *See* Allendale Mut. Ins. Co. v. Bull Data Sys., Inc., No. 91C6103, 1995 WL 5895, *2 (N.D.Ill. 1995) (citing Federal Rule of Civil Procedure 16 and Federal Rule of Evidence 611 and concluding that allowing the counterclaimants to proceed first at trial is promoting "the Court's goal of ensuring the presentation of evidence to the fact-finder in an orderly and sensible manner"); Sweet Jan Joint Venture v. FDIC, 809 F.Supp. 1253, 1258 (N.D.Tex. 1992) (concluding that the defendants should present proof first at trial because such an order of proof would be the "clearest manner in which to present this case to the jury").

Bratton, 2006 WL 1418804 at * 1.

> 9.  In Bratton, all that remained for trial before the jury were counterclaims by the Brattons.[1] Thus, the Court held, over the objection of the insurer:
>
>> The Brattons bear the burden of proof on each claim that the jury will be asked to decide, therefore, the court will change the sequence in which the parties present evidence at trial and allow the Brattons to open and close the case. That is, the Brattons may present their opening statement first, then WRL may present its opening statement, then the Brattons may present their case-in-chief, and then WRL may present its case-in-chief. Each party will then be given the opportunity to present appropriate rebuttal or surrebuttal evidence. The Brattons are then directed to present a

---

[1] There was a remaining claim for declaratory relief by the insurance company, but that was to be determined by the Court, not the jury.

3

> closing argument, followed by WRL's closing argument and, finally, the Brattons' rebuttal argument.

Bratton, 2006 WL 1418804 at *2.

10. Here, like Bratton, the only claims remaining for the jury are Kearney's affirmative claims. He should therefore be designated as plaintiff for trial.

11. Similarly, in AT Publishing, Inc. v. OFC Capital, 2007 WL 1725603 (D. Alaska June 13, 2007), the court was faced with a situation where, as here, after certain claims were dismissed, "[JP and DMS's] role is analogous to the role ordinarily filled by a defendant. Similarly, defendant and counterclaimant [Kearney] occupies the role ordinarily filled by the plaintiff." Id. at *2. Accordingly, the court realigned the parties for trial, explaining:

> the court has an independent concern for managing the trial in a fashion which will enable the jury to best understand the dispute. At trial, jurors could be confused if they are confronted with a case in which the only damage claim presented is presented by a defendant rather than a plaintiff. The court concludes that the jury should be given a framework appropriate to the consideration of the issues which actually remain in the litigation. . . . . [JP and DMS] no longer ha[ve] any claims . . ., but [Kearney] does. It makes sense to realign the parties, and the court will do so.

12. Accordingly, as the only claims remaining for trial here are Kearney's affirmative claims for relief, the Court should realign the parties for trial, with Kearney as Plaintiff and JP and DMS as Defendants.

**CONCLUSION**

For the foregoing reasons, Jefferson Pilot Life Insurance Company and Disability Management Services, Inc. respectfully request that the Court realign the parties for purposes of trial, denominating Christopher Kearney as the Plaintiff at trial, and Jefferson Pilot and Disability Management Services as Defendants at trial, and granting JP and DMS such other and further relief as is equitable and just.

    Respectfully submitted,

/s William R. Ellis
William R. Ellis (0012279)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202-2491
Telephone:     (513) 852-6000
Telefax:          (513) 852-6087
E-mail:  wrellis@woodlamping.com

OF COUNSEL:

John E. Meagher (511099)
SHUTTS & BOWEN LLP
201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida  33131
Telephone:  (305) 358-6300
Telecopier: (305) 381-9982
E-mail:     JMeagher@Shutts-law.com

Attorneys for Plaintiff/Counterdefendant, Jefferson-Pilot Life Insurance Company and Third Party Defendant, Disability Management Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 27th day of August, 2007. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ William R. Ellis

MIADOCS 2281413 1