UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE COMPANY, et al. | : | CASE NO. C-1-02-479 |
| | : | |
| | : | (Judge Michael R. Barrett) |
| Plaintiff/Counterclaim Defendants, | : | |
| | : | |
| vs. | : | **COUNTERCLAIM DEFENDANT'S** |
| | : | **AND THIRD PARTY DEFENDANT'S** |
| CHRISTOPHER L. KEARNEY, | : | **PROPOSED JURY INSTRUCTIONS** |
| | : | |
| Defendant/Counterclaim Plaintiff. | : | |
| | : | |

Plaintiff and Counterclaim Defendant Jefferson Pilot Life Insurance Company ("JP") and

Third Party Defendant Disability Management Services, Inc. ("DMS") ("Counterclaim

Defendants"), respectfully submit these proposed jury instructions for the Court's consideration.

Respectfully submitted,

/s William R. Ellis
William R. Ellis (0012279)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202-2491
Telephone:    (513) 852-6000
Telefax:       (513) 852-6087
E-mail:  wrellis@woodlamping.com

OF COUNSEL:

John E. Meagher (511099)
SHUTTS & BOWEN LLP
201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida  33131
Telephone:  (305) 358-6300
Telecopier:  (305) 381-9982
E-mail:       JMeagher@Shutts-law.com

Attorneys for Counterclaim and Third
PartyDefendants
Jefferson Pilot Life Insurance Company
and Disability Management Services, Inc.

## PROPOSED JURY INSTRUCTION NO. 1

### Introduction

Members of the jury: Now that you have heard all of the evidence and the arguments of counsel, it becomes the duty of the Court to instruct you on the law that applies to this case.

As jurors, it is your sworn duty to follow the law as I shall state it to you in these instructions and to apply the law to the facts as you find them from the evidence in this case.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

It is not the function of the jury to question the wisdom of any rule of law given to you by the Court.

Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon what you think the law should be or upon any other view of the law except that given in the instruction of the Court.  It would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in this case.

OJI § 3.01

## PROPOSED JURY INSTRUCTION NO. 2

### Burden of Proof

The party who claims that certain facts exist has the duty to prove each fact by a preponderance of the evidence.  This duty is known as the burden of proof.

The burden of proof is on Kearney to establish the facts necessary for its claims by a preponderance of the evidence.

Preponderance of the evidence is the greater weight of the evidence, that is, evidence that you believe because it outweighs or overbalances the evidence opposed to it.

A preponderance means evidence that is more probable, more persuasive, or more likely to be true.  It is the quality of the evidence that must be weighed.  Quality may or may not be identical with quantity or the greater number of witnesses.

If the weight of the evidence is equally balanced or if you are unable to conclude that one side or the other has proved a fact to be more probable, the party who has the burden of proof has not established such issue by a preponderance of the evidence.  If an issue may reasonably be determined in two or more ways and you cannot decide which is more probably true, you cannot resort to speculation or guesswork.

If the proof offered by the party establishes all the essential facts of the claim by a preponderance of the evidence, the party has met the burden and you should find in favor of that party.  Later in these instructions, I will explain the various claims of the parties and outline the essential elements and factual issues concerning them.

OJI §§ 3.10, 3.50

## PROPOSED JURY INSTRUCTION NO. 3

### Preponderance of the Evidence

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

OJI §§ 3.10, 3.50

## PROPOSED JURY INSTRUCTION NO. 4

### Evidence and Inferences

Evidence is all the testimony received from the witnesses and the exhibits admitted during the trial.

Evidence may be direct or circumstantial, or both.

Direct evidence is the testimony given by a witness who has seen or heard the facts to which he testifies.  It includes exhibits admitted into evidence during the trial.

Circumstantial evidence is the proof of facts or circumstances by direct evidence from which you may reasonably infer other related or connected facts which naturally and logically follow, according to the common experience of mankind.

To infer, or to make an inference is to reach a reasonable conclusion of fact which you may, but are not required to, make from other facts which you find have been established by direct evidence.  Whether an inference is made rests entirely with you.

OJI § 5.10

## **PROPOSED JURY INSTRUCTION NO. 5**

### **Evidence - Exclusions**

Evidence does not include the pleadings or any statement of counsel made during the trial, unless such statement was an admission or agreement admitting certain facts. The opening statements and the closing arguments of counsel are designed to assist you. They are not evidence.

Statements or comments made by counsel during trial are not evidence. You should consider only the evidence actually presented and not the opinions or suggestions of counsel or allegations that are unsubstantiated by evidence.

Any statements or answers ordered stricken or which you were instructed to disregard are not evidence and must be treated as though you never heard them.

You must not guess why the court sustained the objection to any questions or what the answer to such question might have been. You must not consider as evidence any suggestion included in a question that was not answered.

OJI § 5.20 (Modified)

## PROPOSED JURY INSTRUCTION NO. 6

### Credibility

You are the judges of the facts, the believability of the witnesses, and the weight of the evidence.

To weigh the evidence, you must consider the believability of the witnesses. You will use the tests of truthfulness which you use in your daily lives.

These tests include the appearance of each witness upon the stand; his or her manner of testifying; the reasonableness of the testimony; the opportunity he or she had to see, hear and know the things concerning which he has testified; his/her accuracy of memory; frankness or lack of it; intelligence, interest and bias, if any; together with all of the facts and circumstances surrounding the testimony. Use these tests and assign to each witness' testimony such weight as you think proper.

You are not required to believe the testimony of any witness simply because he or she was under oath. You may believe or disbelieve all or any part of the testimony of any witness. It is your duty to determine what testimony to believe and what testimony not to believe.

OJI §5.30 (modified)

## PROPOSED JURY INSTRUCTION NO. 7

## Depositions, transcripts and interrogatories

Some testimony was presented by a deposition, transcript of testimony, video tape, or audio tape. This evidence is to be considered according to the same tests that are applied to other witnesses.

If statements in a deposition or other device differ from the testimony given by the same witness in the court room, you may consider them to test the credibility or believability of such witness.

Evidence has been introduced consisting of written questions and answers previously submitted to one of the parties. Such evidence is to be considered according to the usual tests that are applied to the witnesses. You may consider the fact that such questions were formally submitted and the answers made in writing.

OJI §5.31

## PROPOSED JURY INSTRUCTION NO. 8

### Proximate Cause

A party who seeks to recover for injury or damage due to bad faith must prove not only that the other party acted in bad faith, but also that such bad faith was a proximate and direct cause of the injury or damage.

Proximate or direct cause exists where an act or failure to act, in a natural and continuous sequence, directly produces the injury or damage and without which it would not have occurred.

A person is not responsible for injury or damage to another if his/her actions in bad faith are a remote cause and not a proximate or direct cause.

A cause is remote when the result could not have been reasonably foreseen or anticipated as being the likely cause of any injury or damage.

OJI §11.10, 11.20

## PROPOSED JURY INSTRUCTION NO. 9

## Consideration of the Evidence; Duty to Follow Instructions; Corporate Party Involved

In deciding this case, you must follow and apply all of the law as I explained it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible for any of the acts of its employees that are made within the scope of their duties as employees of the company.

In your deliberations, you should consider only the evidence—that is, the testimony of the witnesses and the exhibits I have admitted into the record—but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.

## PROPOSED JURY INSTRUCTION NO. 10

### Sympathy and Prejudice Precluded

It is natural to feel sympathy for one side or the other, but you must not let those feelings interfere with your consideration of the facts of the case or the law as I give it to you. For example, in your deliberations, you must not be sympathetic to either the plaintiff or the defendant based on which party filed the lawsuit because such designations have nothing to do with the facts or the law of the case. Likewise, you must not consider whether one party is wealthier than the other, or whether one party has more lawyers or representatives at trial. The number of witnesses or the number of exhibits that a party might use, or the sophistication of a party's presentation, are also not proper considerations as such matters are not evidence.

Matters such as sympathy or prejudice have no place in your deliberations; yours is a purely intellectual duty to determine the issues in the case under all the evidence in the case and under the law which the court gives you.

Authority:  *Book v. Erskine & Sons, Inc.*, 154 Ohio St. 391, 398 (1951).

## PROPOSED JURY INSTRUCTION NO. 11

## Duty to Act In Good Faith

Insurance policies are traditionally know as contracts *uberrimae fides* which means that the parties to the policies have a duty to act toward each other with utmost good faith. This duty is not limited to the insurance company. Under Ohio law the relationship between an insurer and the insured is fiduciary in nature. The insurance company relies on the insured to provide it with truthful and honest information and the insured relies on the insurer to process and pay all legitimate claims. Both Kearney and Jefferson-Pilot had a duty to act in good faith with one another and you may consider their actions toward one another in your deliberations.

Authority: *Buemi v. Mutual of Omaha Ins. Co.*, 37 Ohio App.3d 113, 524 N.E.2d 183 (1987); *Prudential Ins. Co. of America v. Carr* (C.P.1964), 94 Ohio Law Abs. 385, 388, 30 O.O.2d 373, 374-375, 199 N.E.2d 412, 414.

## PROPOSED JURY INSTRUCTION NO. 12

### Duty of Parties to a Contract of Insurance

As the policyholder, Kearney is duty-bound to cooperate with his insurance company, Jefferson-Pilot, in processing his disability claim. This cooperation includes submitting all required forms and other documentation. Failure of the policyholder to provide reasonably necessary information is a breach of the policyholder's obligations under the insurance contract and relieves the insurance company of the obligation to pay benefits.

Under Ohio law, an insurer has a duty to act in good faith toward its insured in carrying out its responsibilities under the policy of insurance, including the payment of valid claims within a reasonable time.

Under the terms of Jefferson-Pilot's policy with Kearney, Jefferson-Pilot has the right to have an examination of Kearney at its own expense, by an examiner of its choice, as often as is reasonable while a claim is pending. Kearney also has an obligation under the terms of his policy to complete the claims forms sent to him, to return the claims forms to Jefferson-Pilot within the time period established in the policy and to provide Jefferson-Pilot with the information it needs to determine if a benefit is payable and how much the benefit should be. Kearney must provide proof of disability every 30 days. He also has an obligation to provide truthful and complete information.

Authority: *Luntz v. Stern*, 135 Ohio St. 225, 232 (1939); *Moore v. State Farm Fire & Cas. Co.*, 1985 WL 62876 (Ohio App. 2 Dist.); *Gabor v. State Farm Mut. Auto. Ins. Co.*, 66 Ohio App.3d 141, 144 (1990); *Ward v. Custom Glass & Frame, Inc.*, 105 Ohio App.3d 131, 134 (1995); Jefferson-Pilot's policy with Kearney.

**PROPOSED JURY INSTRUCTION NO. 13**

**Bad Faith Claims**

Under Ohio law, an insurer has a duty to act in good faith in deciding whether to accept or deny insurance benefits.  A breach of that duty will give rise to a cause of action in tort against the insurer.  In this case, Kearney has made a claim that Jefferson-Pilot acted in bad faith while consistently paying insurance benefits to him in an amount that exceeded what is provided for by the policy.  Jefferson-Pilot denies that it acted in bad faith.

To prevail on his bad faith claim, Kearney must show that Jefferson-Pilot refused to pay his claim and that it lacked "reasonable justification" for its refusal.  Kearney must prove that Jefferson-Pilot's refusal to pay was totally arbitrary and capricious.  In order to show bad faith on the part of Jefferson Pilot, Kearney must prove that a refusal to pay benefits by Jefferson Pilot constituted something more that poor judgment or mere negligence.

It should be noted that the Court has already determined that Jefferson-Pilot did not breach its contract with Kearney.  Therefore, even if you find that Kearney satisfied his burden of proof on one or more of his claims against Jefferson-Pilot, there can not be a finding a bad faith on the part of Jefferson-Pilot so long as it had "reasonable justification" for its refusal to pay benefits, if you find there was such a refusal even if the refusal was wrong.

An insurer has the right to legitimately question a claim without exposing itself to damages for bad faith.  An insurer can be wrong.  However, for bad faith to exist, you must find that Jefferson-Pilot refused to pay benefits without "reasonable justification" and that the refusal was arbitrary and capricious.

Authority:  *Hoskins v. Aetna Insurance Company* 6th Ohio State 3rd 272,452 N.E. 2nd 1315(1983); *Staff Builders, Inc. v. Armstrong* 37 Ohio State 3rd 298, 515 N.E. 2nd 783 (1988); *Zoppo v. Homestead Insurance Company* 71 Ohio State 3rd 552,644 N.E. 2nd 397 (1994); *Ketcham v. Miller* 104 Ohio State 372, 136 N.E. 2nd 145 (1922); T.d. 174, Opinion and Order

granting in part and denying in part Motion for Summary Judgment, entered August 17, 2007); Roberts v. Personal Service Ins. Co., 467 N.E.2d 257 (Ohio Ct. App. 1983).

## PROPOSED JURY INSTRUCTION NO. 14

### Bad Faith

An insurer has a duty to act in good faith toward its insured in carrying out its responsibilities under the policy of insurance. An insurer subjects itself to a bad faith claim only when its refusal to pay benefits is not predicated upon circumstances that furnish reasonable justification therefore and is "arbitrary and capricious."

A refusal to pay benefits is "arbitrary and capricious" when the refusal is not based on a consideration of relevant factors and there has been a clear error of judgment. The essential inquiry on bad faith is whether the decision to deny benefits was arbitrary and capricious and there existed a reasonable justification for the denial of benefits, not whether the insurance company's decision to deny benefits was correct. In order to show bad faith on the part of Jefferson Pilot, Kearney must prove that there was a refusal to pay benefits by Jefferson Pilot and that said refusal constituted something more that poor judgment or mere negligence.

Authority: *Hoskins v. Aetna Life Ins. Co.*, 452 N.E.2d 1315, 1319 (Ohio 1983); *Mundy v. Roy,* 2006 WL 522380, Case No. 2005-CA-28 (Ohio Ct. App. March 3, 2006) *Unklesbay v. Fenwick*, 855 N.E.2d 516, 520 (Ohio Ct. App. 2006), citing *Hoskins*, 452 N.E.2d 1315, 1316; *Zoppo v. Homestead Ins. Co.*, 644 N.E.2d 397, 400 (Ohio 1994); *Spremulli's Am. Serv. v. Cincinnati Ins. Co.*, 632 N.E.2d 599, 602 (Ohio Ct. App. 1992); *Kent v. Central Ben. Mut. Ins. Co.*, 573 N.E.2d 144, 146 (Ohio Ct. App. 1989); *Keyser v. UNUM Life Ins. Co. of America*, 2005 WL 2230203, Case No. C2-03-138 (S.D. Ohio Sept. 12, 2005);; Roberts v. Personal Service Ins. Co., 467 N.E.2d 257 (Ohio Ct. App. 1983).

## PROPOSED JURY INSTRUCTION NO. 15

### Bad Faith:  Filing of a Lawsuit, Reservation of Rights

Bad faith cannot be found merely because one party files a lawsuit against another. A court of law is an appropriate venue to resolve disputes over contracts of insurance.

Bad faith also cannot be found merely because an insurance company makes benefit payments to an insured under a "reservation of rights."

A reservation of rights allows an insurer to make payments to an insured while maintaining the right to seek reimbursement if it later becomes clear that the insured was not entitled to the payments.  A reservation of rights protects an insurer from potential liability for bad faith if it was to withhold payments, and it also provides the insured with the use of the payments until the determination is made.

Authority: T.D. 174, Opinion and Order granting in part and denying in part Motion for Summary Judgment, entered August 17, 2007, at p. 14, citing *Saldi v. Paul Revere Life*, 2006 WL 140585, *2 (E.D. Pa. 2006) (unpublished), and *Mass. Cas. Ins. Co. v. Rossen*, 953 F.Supp. 311, 315 (C.D. Cal. 1996).

## PROPOSED JURY INSTRUCTION NO. 16

### Bad Faith

The insurer in this case, Jefferson-Pilot, is required under the insurance policy to make a determination of liability each month.  To make a determination, Jefferson-Pilot is entitled to reasonable proof of Kearney's income each month, information as to whether Kearney remains disabled, how much time he is able to spend on the job, what (if any) financial losses are being sustained, whether those financial losses result from his disability (rather than business downturns, producing defective machinery, etc.) and, if so, the percentage of his loss.

Authority: Jefferson-Pilot's policy with Kearney; Residual Rider.

## PROPOSED JURY INSTRUCTION NO. 17

### Bad Faith

In this case, over a 14-year period since Kearney first made a claim for benefits, the insurer, Jefferson-Pilot, performed surveillance on Kearney approximately seven times. Jefferson-Pilot also requested medical records or contacted Kearney's medical providers approximate five times; requested tax information six times; and business information four times. Jefferson-Pilot or its agents interviewed Kearney's business associates on three occasions. Kearney attended two independent medical reviews and one interview with a rehabilitation counselor during the 14-year period.

I instruct you as a matter of law that, in terms of frequency, the amount of attention paid by Jefferson-Pilot to Kearney's claim did not constitute an arbitrary and capricious handling of the claim.  When viewed in light of a fourteen-year period, the frequency of surveillance, requests for information, and investigations by JP were not unreasonable and cannot be considered by you as constituting bad faith.

Authority: Jefferson-Pilot's policy with Kearney ["Limitations" section]; T.d. 174, Opinion and Order granting in part and denying in part Motion for Summary Judgment, entered August 17, 2007, at p. 16.

20

## PROPOSED JURY INSTRUCTION NO. 18

### Proper Investigation of Residual Disability

An insurer is entitled and obligated to seek and obtain information verifying a claim. Insurers balance the need for prompt claim payment against the need to be accurate in determining liability for each claim. The claim administration processes are organized to facilitate rapid claim administration without losing appropriate controls over the legitimacy of claims.

The primary duty of the claim analyst is to make accurate claim decisions. The central reason for claim accuracy is to protect the interests of all the insurer's policy owners, such as Kearney, as well as to maintain the financial stability and strength of the insurance company. Paying invalid claims, or paying valid claims in the wrong amounts, can weaken the insurer's financial strength and render it less capable of fulfilling its promises to its other insureds when their claims come due.

Authority: "*Claim Administration, Principles and Practices*, 3d Edition," published by the International Claims Association ("ICA"), a professional organization outlining the principles of good faith and processing of claims.

## PROPOSED JURY INSTRUCTION NO. 19

### Invasion of Privacy

Kearney filed an action for damages against Jefferson-Pilot Life Insurance Company, claiming that the company violated Kearney's right of privacy.

Kearney claims that Jefferson-Pilot engaged in a deliberate and systematic campaign of harassment to intrude into Kearney's private affairs and unnecessarily share details of his health with the public.

Jefferson-Pilot claims that it had a contractual and fiduciary duty as an insurer to periodically investigate the status of Kearney's health and occupational activities and to obtain reasonable proof of Kearney's monthly income to ensure that Kearney was entitled to receive the continued benefits under the insurance policies, and that it did not disclose such information to the general public at large.

OJI §349.01

## PROPOSED JURY INSTRUCTION NO. 20

### Right of Privacy – Defined

The right of privacy is the right of a person to be let alone. It is the right to be free from unwarranted or excessive publicity and to live without unwarranted or excessive interference by the public in matters with which the public is not necessarily concerned.

An invasion of privacy also may be the unwarranted appropriation or exploitation of one's personality; the publicizing of one's private affairs with which the public has no legitimate concern; or the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities.

A person of ordinary sensibilities is a reasonable person of normal mental condition who is able to contend with normal or ordinary emotional stress.

One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability for invasion of privacy if the intrusion would be highly offensive to a reasonable person.  Thus, the "wrongful intrusion" into a person's private activities must be done in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities.

Explained another way, there can only be liability for invasion of privacy upon the seclusion or solitude of another where the conduct has been of such a character as to shock the ordinary person to the point of emotional distress; that is, so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.  Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor and cause the person to exclaim, "Outrageous."

23

For one to unreasonably publicize another person's private life: (1) there must be publicity, i.e., the disclosure must be of a public nature, not private; (2) the facts disclosed must be those concerning the private life of an individual, not his public life; (3) the matter publicized must be one which would be highly offensive and objectionable to a reasonable person of ordinary sensibilities; (4) the publication must have been made intentionally, not negligently; and (5) the matter publicized must not be a legitimate concern to the public.

"Publicity" means "communicating the matter to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge. Mere "publication," i.e., any communication to a third person, does not constitute "publicity." It is also not "publicity" if the communication is made to a person authorized to receive such information.

In this matter, Kearney authorized the disclosure of information and records to Jefferson-Pilot or any of its agents, attorneys, consumer reporting agencies or independent administrators. Kearney expressly waived any and all privileges to Jefferson Pilot and DMS receiving such information when he signed an authorization enabling Jefferson Pilot and DMS to obtain information from "any…other person or organization having any information regarding illness, injury, medical history, diagnosis, treatment…and any other non-medical information of the insured to give Jefferson-Pilot Life Insurance Company or its representatives any and all such information required by them to determine my eligibility for policy claim benefits"

Jefferson Pilot and DMS also assert that any communications of information about Kearney that it made were permissible and thus not an invasion of privacy.  Communications of private information are permissible when they are made in good faith, there is an interest to be upheld, the statement is limited in its scope to the proper occasion, and publication is made in a

proper manner to proper parties only.  Such a communication is also allowed if  the

communication concerns matters of common business interest and when the communication is

made in a reasonable manner and for a proper purpose.


OJI §349.03 (Modified)

Authority:  *Welling v. Weinfeld*, 866 N.E.2d 1051, 1059 (Ohio 2007) (adopting Restatement of
the Law 2d, Torts, Section 652E); *Sustin v. Fee*, 431 N.E.2d 992, 993-94 (Ohio 1982), quoting
Restatement of the Law 2d, Torts (1977), section 652B; *Seta v. Reading Rock, Inc.*, 654 N.E.2d
1061, 1067 (Ohio Ct. App. 1995), quoting *Killilea v. Sears, Roebuck & Co.*, 499 N.E.2d 1291,
1294 (Ohio Ct. App. 1985); Jefferson-Pilot's policy with Kearney [including "Disclosure
Authorization"]; *Wilson v. Proctor & Gamble*, 1998 WL 769718, Case No. C-970778 (Ohio Ct.
App., Nov. 6, 1998); *Haller v. Phillips*, 591 N.E.2d 305 (Ohio Ct. App. 1990); *Proffitt v.
International Paper Co.*, 953 F. Supp. 207 (S.D. Ohio 1996).

## PROPOSED JURY INSTRUCTION NO. 21

## Invasion of Privacy -- Conclusion

If you find by the greater weight of the evidence that Jefferson-Pilot invaded Kearney's privacy, and that the invasion of privacy caused injury, mental suffering, shame or humiliation or outrage to Kearney, that such an invasion was not permissible for the reasons set forth above, and that such invasion of privacy would injure a person of ordinary sensibilities, then you must find for Kearney and you will continue your deliberations to decide damages.

If you find that Kearney failed to prove by the greater weight of the evidence the invasion of privacy, or if you find that such invasion of privacy would not injure a person of ordinary sensibilities, or if you find that Kearney consented to the intrusion in his private activities, or if you find that the intrusion was permissible, then you must find for Jefferson-Pilot.

OJI §349.09

26

## PROPOSED JURY INSTRUCTION NO. 22

### Invasion of Privacy -- Damages

In arriving at an amount of damages that would fairly or adequately compensate Kearney for any loss that you conclude that he suffered due to Invasion of Privacy, you may consider shame, humiliation, the hurt feelings, the outraged sensibilities, the invasion or interference with Kearney's private activities and any out-of-pocket loss, medical expense, or lost income which naturally results from any wrongful Invasion of Privacy by Jefferson-Pilot.

OJI §349.11

## PROPOSED JURY INSTRUCTION NO. 23

### Conspiracy

Kearney claims that Jefferson-Pilot Life Insurance Co. and Disability Management Services, Inc. committed civil conspiracy in their dealings with Kearney.  In Ohio, civil conspiracy is a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages.

An underlying and independent unlawful act is required before a civil conspiracy claim can be successful.

Moreover, the act must cause actual damages.  Although a conspiracy may be said to be of itself a thing amiss, until actual damages have been accomplished in pursuance of it, the conspiracy must be looked at as an unfulfilled intention of several to do mischief.  Thus, a conspiracy, in and of itself, furnishes no cause of civil action.  The gist of an action for conspiracy is the actual damage caused by acts committed pursuant to a formed conspiracy, rather than the conspiracy itself; and unless some thing is actually done by one or more of the conspirators which proximately results in actual damages, there can be no recovery for a claim of conspiracy.

The term "malice" in the phrase "malicious combination" means that state of mind under which a person does a wrongful act purposely, without a reasonable or lawful excuse, to the injury of another.

The phrase "not competent for one alone" means that if one person could lawfully commit an act, then that same act committed by two or more persons cannot support a conspiracy claim, no matter how malicious the conspirators or how great the injury. There must

28

be an underlying unlawful act which is actionable in the absence of a conspiracy. An otherwise

lawful act is not made unlawful merely because two or more persons intend to commit the act.

Authority:  *Kenty v. Transamerica Premium Ins. Co.*, 650 N.E.2d 863, 866 (Ohio 1995); *Minarik v. Nagy*, 193 N.E.2d 280, 281-282 (Ohio Ct. App. 1963); *Cruz v. South Dayton Neurological Associates*, Inc. 700 N.E. 2d 675 (Ohio App. Second Dist. 1997); *Gosden v. Louis*, 687 N.E.2d 481, 496 (Ohio Ct. App. 1996), citing *Pickle v. Swinehart*, 166 N.E.2d 227 (Ohio Sup. Ct. 1960) [definition of "malice"].

## PROPOSED JURY INSTRUCTION NO. 24

### Punitive Damages

If you decide in favor of Kearney on the issue of bad faith or invasion of privacy, you also will decide whether Jefferson-Pilot shall be liable for punitive damages in addition to any other damages that you might award to Kearney.  The purposes of punitive damages are to punish the offending party and to make the offending party an example to discourage others from similar conduct.  You may decide that the defendant is liable for punitive damages only if you find by clear and convincing evidence that

(A)     Jefferson-Pilot's acts or failures to act demonstrated actual malice, aggravated or egregious fraud, oppression, or insult,

and

(B)     Kearney has presented proof of actual damages that resulted from those acts or failures to act of Jefferson-Pilot.

"Actual Malice" includes

(A)     that state of mind under which a person's conduct is characterized by hatred, ill will, or a spirit of revenge,

and

(B) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.

"Substantial" means major, of real importance, of great significance, not trifling or small.

To be "clear and convincing" the evidence must have must more than a simply greater weight than the evidence opposed to it and must produce in your minds a firm belief or conviction about the facts to be proved.

30

If you award punitive damages, the amount should be fair and reasonable under all the facts and circumstances. It should not be excessive, nor influenced by passion, sympathy, or prejudice.

If you decide that the Jefferson-Pilot is liable for punitive damages, you must also decide whether or not Jefferson-Pilot is liable for the attorney fees of counsel employed by Kearney in the prosecution of this action. If you decide that Jefferson-Pilot is liable for those attorney fees, the court will determine the amount.

OJI §23.71, 3.75; *Zoppo v. Homestead Insurance Co.*, 644 N.E.2d 397 (Ohio 1994).

## PROPOSED JURY INSTRUCTION NO. 25

### Closing Remarks

The court cannot embody all the law in any single part of these instructions. In considering one portion, you must consider it in the light of and in harmony with all the instructions.

The court has instructed you on all the law necessary for your deliberations. Whether or not certain instructions are applicable may depend upon the conclusions you reach on the facts by a preponderance of the evidence. For example, the court does not know whether you will need to apply the instructions on the measure of damages since that would depend upon the verdict you reach. If you have an impression that the court has indicated how any disputed fact should be decided, you must put aside such an impression because that decision must be made by you, based solely upon the facts presented to you in this courtroom.

Circumstances in the case may arouse sympathy for one party or the other. Sympathy is a common, human emotion. The law does not expect you to be free of such normal reactions. However, the law and your oath as jurors require you to disregard sympathy and not to permit it to influence your verdict.

You must not be influenced by any consideration of sympathy or prejudice. It is your duty to weigh the evidence, to decide the disputed questions of fact, to apply the instructions of law to your findings and to render your verdict accordingly. Your duty as jurors is to arrive at a fair and just verdict.

Your initial conduct upon commencing deliberations is a matter of importance. It is not wise to express immediately a determination to insist upon a certain verdict. Having so expressed yourself, your sense of pride may be aroused, and you may hesitate to give up your position even

32

if shown that it is not correct.

Consult with one another in the jury room, and deliberate with a view to reaching an agreement if you can do so without disturbing your individual judgment. Each of you must decide this case for yourself. You should do so, however, only after a discussion of the case with the other jurors. Do not hesitate to change an opinion if convinced that it is wrong. However, you should not surrender your considered opinion concerning the weight of the evidence in order to be congenial or to reach a verdict solely because of the opinion of other jurors.

OJI §25.20

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 30th day of August, 2007.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

<u>s/ William R. Ellis</u>

MIADOCS 2287820 4

34