UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE COMPANY, et al. | : : : | CASE NO. C-1-02-479 |
| | : | (Judge Michael R. Barrett) |
| Plaintiff/Counterclaim Defendants, | : : | |
| vs. | : : | **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN** |
| CHRISTOPHER L. KEARNEY, | : : | **SUPPORT OF MOTION TO CERTIFY QUESTION OR, IN THE** |
| Defendant/Counterclaim Plaintiff. | : : | **ALTERNATIVE, FOR RECONSIDERATION** |

Defendants, Jefferson Pilot Life Insurance Company ("JP") and Disability Management Services, Inc. ("DMS") ("Defendants"), respectfully submit the case of *Penton Media, Inc. v. Affiliated FM Insurance Co.*, 2007 WL 2332323 (C.A.6 (Ohio)) (copy attached), decided by the Sixth Circuit Court of Appeals on August 17, 2007, as supplemental authority in support of their Motion for an Order Certifying a Question of Ohio Law to the Ohio Supreme Court or, in the althernative, an Order Reconsidering the Denial of Counterclaim Defendants' Motion for Summary Judgment (the "Motion").

Specifically, *Penton Media* confirms Defendants' position that, in order to have a valid claim for "bad faith" under Ohio law, there must be a "refusal to pay" the claim. As stated by the Sixth Circuit:

> As the Ohio Court of Appeals has explained,
>
> The existence of a duty of good faith and fair dealing between an insurer and an insured is based on the fiduciary duty imposed upon insurers. **An insurer breaches the duty when it refuses to pay or settle a claim for an arbitrary or capricious reason.** In executing the contract, the insurer's action must be predicated upon "circumstances that furnish reasonable justification therefor."

*Id*. at *5 (emphasis supplied).

Further, the Sixth Circuit makes clear that the insurer's "subjective intent" is irrelevant to a determination of bad faith under Ohio law, stating:

> As an initial matter, insofar as Penton argues that FM's bad faith lay in that it intended from the beginning to deny coverage and focused only on reasons to deny the claim, the bad faith claim was properly rejected. As the Ohio Supreme Court explained in *Zoppo,* an insurer must base " 'its refusal to pay the claim ... upon circumstances that furnish reasonable justification therefor.' " 644 N.E.2d at 400 (quoting *Staff Builders,* 525 N.E.2d at 788). However, "[i]ntent is *not* and has never been an element of the reasonable justification standard." *Id.* The insurer must have a reasonable basis for its decision and take reasonable steps in adjusting the claim; its subjective intentions are not relevant.

*Id*. at *6 (emphasis in original).

Accordingly, Plaintiff Kearney's claim for bad faith must fail, as the Court has already found that his claim was timely paid. Further, Kearney's claim that JP and DMS "conspired to deny" his claim sometime in the future, an event that never occurred, cannot withstand judicial scrutiny as, even in the situation where an insurer refused to pay a claim, the "subjective intentions" of the insurer is irrelevant under Ohio law.

For these reasons, the *Penton Media* case provides further support for Defendants' request that the question of whether one can have a bad faith claim under Ohio law *without* a refusal to pay be certified to the Ohio Supreme Court prior to the trial of this cause or, in the alternative, for the Court's entry of order reconsidering its Order on Defendants' Motion for Summary Judgment and granting said Motion.

Respectfully submitted,

s/ William R. Ellis
William R. Ellis (0012279)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202-2491
Telephone:    (513) 852-6000
Telefax:       (513) 852-6087
E-mail:  wrellis@woodlamping.com

OF COUNSEL:

John E. Meagher (511099)
SHUTTS & BOWEN LLP
201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida  33131
Telephone:  (305) 358-6300
Telecopier:  (305) 381-9982
E-mail: JMeagher@Shutts-law.com

Attorneys for Defendants Jefferson
Pilot Life Insurance Company and
Disability Management Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 6th day of September, 2007.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

s/ William R. Ellis

MIADOCS 2287820 4