## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER L. KEARNEY,** | **)** | **CASE NO. C-1-02-479** |
| | **:** | |
| **Plaintiff,** | **)** | **Judge Michael R. Barrett** |
| | **:** | |
| **vs.** | **)** | |
| | **:** | |
| **JEFFERSON-PILOT LIFE, et al.,** | **)** | |
| | **:** | |
| **Defendants.** | | |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY A QUESTION OF OHIO LAW TO THE OHIO SUPREME COURT OR, ALTERNATIVELY, SUMMARY JUDGMENT

This Court must deny defendants' request to certify a question to the Ohio Supreme Court. First, certification is not permitted because the proposed question is not, under Ohio law, "determinative of the proceeding." Second, the defendants are plainly wrong on the substantive law of bad faith in Ohio. Third, even if certification were available (which it isn't), this Court should exercise its discretion and reject defendants' request. Finally, because the summary judgment decision is consistent with the law of Ohio, defendants' token alternative request for reconsideration should be denied.

**A.      Certification To The Supreme Court Is Not Permitted.**

This matter proceeds to trial on September 17, 2007, on the basis of three independent, affirmative claims for relief: (i) invasion of privacy; (ii) conspiracy; and (iii) bad faith. The rule defendants rely upon in support of their motion, Rule XVIII of the Rules of Practice of the Ohio Supreme Court, requires first that the question of law be "determinative of the proceeding." That requirement is simply not met here. The Rule provides:

> "The Supreme Court *may* answer a question of law certified to it by a court of the United States. This rule *may* be invoked when the certifying court, in a proceeding before it, determines there is a question of Ohio law that *may* be determinative of the proceeding and for which there is no controlling precedent in the decisions of this Supreme Court, and issues a certification order."

This Rule does not apply here because there exist three separate tort claims. Accordingly, no single issue ~ including the question defendants raise ~ is "determinative of the proceeding." The Ohio Supreme Court has defined "determinative" to mean: "ultimate issues which when decided will definitely settle the <u>entire</u> controversy between or among the parties, so as to leave <u>nothing</u> for the court to do but to enter judgment for the party or parties in whose favor such determinative issues have been resolved by the jury."[1] (*emphasis added*).

The question defendants raise is not determinative because even without the bad faith claim, two claims for relief remain. Accordingly, this Court has no ability under Rule XVIII to further delay the trial of this case. Defendants' motion is unavailing and should be denied.

**B.    Certification Is Improper Because There Does Exist Controlling Precedent On The Question Of Law At Issue.**

Certification is also impermissible because there does exist Ohio Supreme Court authority on the issue raised. Specifically, the Ohio Supreme Court held in *Hoskins* that an insurer has a duty to act in good faith in the handling as well as payment of the claims of its insured.[2] This law is now well established.[3]

---

[1]    *QSP, Inc. v. Gibson 2005-Ohio-6346 (8th Dist. December 1, 2005)* citing *Miller v. McAllister, 169 Ohio St. 487, 494 (1959)*.

[2]    *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St. 3d 272, 452 N.E.2d 1315 (1983), *paragraph one of the syllabus* ("Based on relationship between insurer and insured, insurer has duty to act in good faith in handling and payment of claims of its insured").

Quite simply, as this Court concluded in its accurate summary judgment Order and Opinion, in Ohio, an insurance company can exhibit bad faith in ways other than in the denial of insurance coverage, and the duty of good faith extends beyond those scenarios involving the outright denial of payment for a claim.[4] "Bad faith" on the part of an insurer is the functional equivalent of a lack of good faith.[5] Generally, an insurer has a duty to exhibit good faith toward its insured as part of carrying out its duties under a contract of insurance.[6] This claim of bad faith is independent of the contract of insurance and overlies an insurer's contractual responsibilities and requires that the insurer do nothing that would injure the right of the insured to receive the benefits of the agreement.

For these reasons, it is plainly obvious that the Court did not fail to properly apply the law of Ohio when it denied defendants' summary judgment plea. And it is also true that certification is not warranted or permitted.

## C.    Even If Certification Were A Consideration, This Court Should Exercise Its Discretion Against Certification.

Even if the question of law presented was an appropriate candidate for certification (which it isn't), this Court should decline defendants' invitation and exercise the Court's discretion to reject the certification request.

The certification rule is appropriately intended to promote judicial efficiency, economy, and expediency in cases where a single question of law is determinative of the

---

3      See, e.g., *Gillette v. Estate of Gillette* 2005-Ohio-5247 (Franklin Cty. 2005)("'The duty of good faith operates to ensure that an insurer's performance or refusal to perform under the contract does not deprive an insured of the benefits owed under the policy'"); *Mundy v. Roy*, 2006 WL 522380, *4 (Ohio Ct. App. 2006).

4      See, e.g., *Drouard v. United Services Automobile Association 2007-Ohio-1049 (6th Dist. March 9, 2007)* citing *TOL Aviation v. Intercargo Ins. Co., 2006-Ohio-6061 (6th Dist. 2006)*; *Unklesbay v. Fenwick 2006-Ohio-2630 (2nd Dist. 2006)*; *Mundy v. Roy 2006-Ohio-993 (2nd Dist. 2006)*.

5      *Netzley v. Nationwide Mut. Ins. Co., 34 Ohio App 2d 65, 72, 296 NE 2d 550 (1971)*.

6      *Unklesbay v. Fenwick, supra at para. 14, citing, Hoskins, supra, at paragraph one of syllabus; TOL Aviation Inc., supra at para. 64.*

entire proceeding. As indicated above, the question raised is not determinative of the entire proceeding. Accordingly, certification is not permitted.

But more importantly, the policy reasons for the certification procedure would be undercut if certification were permitted here. Specifically, Mr. Kearney has struggled at great cost to get to trial for 5+ years. Certification and further delay of the trial would unfairly prejudice Mr. Kearney and play directly into the hands of the financially-able defendant-conspirators. Since, as defendants have threatened, a Sixth Circuit appeal awaits, any concern defendants have with the propriety of the Court's summary judgment Opinion and Order on the bad faith claim (and future judgment) is most efficiently addressed as an additional assignment of error in the Sixth Circuit.

Accordingly, as the Certification rule is discretionary, even if the question presented were appropriate for certification (which it isn't), it is most appropriate that this Court exercise its discretion and reject defendants' request.

## D.    The Perfunctory "Reconsideration" Request Must Be Denied.

Before denying defendants' request for summary judgment on the bad faith claim, the Court reviewed 50 plus pages of defendants' legal memoranda, perused the law of Ohio, conducted numerous conferences with counsel wherein defendants repeatedly made their "no bad faith" argument, examined multiple depositions, and poured over hundreds of pages of exhibits. The end result of that analysis was the proper rejection of defendants' request for summary judgment. Defendants offer no new basis for reconsideration and the request must be denied.[7] The cases discussed in the reconsideration request are the same cases defendants discussed in the motion for summary judgment and their reply memo.

---

[7]    Motions for reconsideration under Rule 59 should not be granted to allow the losing party to repeat arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier. *Sault St Marie*

## **Conclusion**

Accordingly, the bad faith claim should proceed to trial with the other tort claims. And defendants' motion should be denied.  Defendants engaged in a multi-year campaign of deliberate and systemic harassment in the handling and administration of Mr. Kearney's claim and a jury should properly evaluate their conduct.

Respectfully submitted,

OF COUNSEL:

/s Michael A. Roberts

GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio  45201
(513) 621-6464
Cincinnati, Ohio  45201

Michael A. Roberts (0047129)
GRAYDON HEAD & RITCHEY LLP
Trial Attorney for Plaintiff
1900 Fifth Third Center
511 Walnut Street
(513) 629-2799
(513) 651-3836
mroberts@graydon.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the above was filed electronically with the ECF system and was thereby electronically served this 7th day of September 2007, on William R. Ellis, Wood & Lamping, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202 and John Meagher, Shutts & Bowen LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, Fl. 33131.

/s Michael A. Roberts

---

*Tribe Of Chippewa Indians v Engler* 146 F 3d 367, 374 (6th Cir. 1998); *Owner Operator Ind. Driver Assoc. Inc. v. Arctic Express Inc.* 288 F Supp 2d 895, 900 (S.D. Ohio 2003); *Johnson v. Henderson* F Supp. 2d 793, 796 (N. D. Ohio 2002).