UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER L. KEARNEY,** | ) : | CASE NO. C-1-02-479 |
| Plaintiff, | ) : | Judge Michael R. Barrett |
| vs. | ) : | |
| **JEFFERSON-PILOT LIFE, et al.,** | ) : | |
| Defendants. | | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO BIFURCATE**

Typically (i.e., in a prior case involving these defendants and counsel) bifurcation may be appropriate in a disability insurance case to compartmentalize the issue of disability and breach of contract from other independent claims for extra-contractual damages. The theory being, prove beach of contract first before moving onto evidence supporting extra-contractual damages.

That scenario is not presented here because the issue of disability was never questioned. And the issue of breach of contract and contract obligations has already been determined.

Here, the claims remaining are all extra-contractual claims. The evidence of these claims is precisely the same evidence that supports the award of punitive damages. Accordingly, it is not possible to segregate the tort evidence from the punitive damage evidence.

Notwithstanding this reality, as indicated by Mr. Kearney's counsel at the Final Pretrial Conference, the plaintiff has no objection to defendants' bifurcation request to the extent that any "bifurcation" is limited to the issue of defendants' net worth. That is, the

1

trial should proceed as follows: (i) the jury should be provided all evidence; (ii) the jury should then deliberate on the tort claims; (iii) the jury should in its deliberations be asked to answer the question of whether defendants exhibited malice; and (iv) if the answer is affirmative, the jury should then be provided with evidence of defendants' worth[1] and argument as to the proper measure of a punitive damage award for final deliberations.

In no event should any other evidence be withheld from the jury during the first phase of the case. Under the procedure outlined above there exists no possibility of prejudice to defendants.

Respectfully submitted,

OF COUNSEL:

GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45201
(513) 621-6464
Cincinnati, Ohio 45201

/s Michael A. Roberts
Michael A. Roberts (0047129)
GRAYDON HEAD & RITCHEY LLP
Trial Attorney for Plaintiff
1900 Fifth Third Center
511 Walnut Street
(513) 629-2799
(513) 651-3836
mroberts@graydon.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the above was filed electronically with the ECF system and was thereby electronically served this 7th day of September 2007, on William R. Ellis, Wood & Lamping, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202 and John Meagher, Shutts & Bowen LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, Fl. 33131.

/s Michael A. Roberts

---

[1] No other evidence "relates <u>solely</u> to the issue of whether the plaintiff is entitled to recover punitive damages." R.C. §2315.21.

2