IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. KEARNEY, | ) : | CASE NO. C-1-02-479 |
| Plaintiff, | ) ) | |
| vs. | ) : ) | Judge Michael R. Barrett |
| JEFFERSON-PILOT LIFE INS., et. al., | ) : | **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** |
| Defendants. | ) | |

The plaintiff, Christopher L. Kearney, submits these proposed jury instructions in the above captioned matter. Mr. Kearney reserves the right to submit amended, supplemental, and further instructions, interrogatories, and verdict forms.

As an initial matter, Mr. Kearney requests that the Court use its standard, OJI-based instructions on the following points of law:[1] (a) Introduction [*OJI – 3.01*]; (b) Burden of Proof [*OJI – 3.10*]; (c) Preponderance [*OJI – 3.50*]; (d) Clear and Convincing (for the punitive damages instruction)[*OJI 3.75*]; (e) Evidence And Inferences [*OJI 5.10*]; (f) Evidence – Exclusions [*OJI 5.20*]; (g) Credibility [*OJI 5.30*]; (h) Depositions, transcripts and interrogatories [*OJI 5.31*]; (i) Expert Witness and hypothetical question [*OJI 5.70*] ; (j) Agency (contract and tort) [ *OJI 15.10 and 15.11*]; (k) Inference From Judge's Questions; (l) Rulings On Objections; (m) Impeachment; (n) Charts, Diagrams, and Summaries; (o) Jury's Recollection Controls; (p) Each Party Entitled To The Benefit Of All Evidence; (q) Opinion Testimony; (r) Election Of Foreperson [*OJI 25.10*]; (s) Duty To Deliberate; (t) No Recommended Verdict; (u) Jury Interrogatories; (v) Verdicts [*OJI 25.10*]; (w) Proximate

---

[1] If it is convenient, Mr. Kearney will submit these standard instructions to chambers on a disk or other electronic media.

Cause [*OJI 11.10, 11.20*]; (x) Consideration Of The Evidence; (y) Duty To Follow Instructions; (z) Corporate Party Involved; (aa) Sympathy and Prejudice Precluded; and (bb) Closing Remarks [*OJI 25.20*].2

Further, Mr. Kearney believes that the Defendants' Proposed Instructions ~ Nos. 11 through 24 ~ which deal with the issues of bad faith, invasion of privacy, and conspiracy are improper on their face (*e.g., they argue that Kearney failed to cooperate – not a contention in the case*), misstate the law (*e.g., Kearney need not "prove disability every 30 days;" and bad faith only exists in a "refusal to pay" situation*), and, are, in many cases, are redundant and improperly argue defendants' view of the case.  Accordingly, Mr. Kearney proposes and requests the following instructions on the specific issues in this case:

**Instruction 1**
**[Bad Faith]**

In Ohio, an insurer has a duty to act in good faith in the handling as well as payment of the claims of its insured.3  As such, an insurance company can exhibit bad faith in ways other than in the denial of insurance coverage, and the duty of good faith extends beyond those scenarios involving the outright denial of payment for a claim.4  "Bad faith" on the

---

2   Defendants attempt to restate some of these standard instructions in their proposed instructions submitted to the Court but in many cases misquote or misstate the OJI instruction.  (*See, e.g., Defendants' Proposed Jury Instruction Nos. 1 – 10, and 25*).

3   Authority: *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St. 3d 272, 452 N.E.2d 1315 (1983), *paragraph one of the syllabus* ("Based on relationship between insurer and insured, insurer has duty to act in good faith in handling and payment of claims of its insured"); *Gillette v. Estate of Gillette* 2005-Ohio-5247 (Franklin Cty. 2005)("'The duty of good faith operates to ensure that an insurer's performance or refusal to perform under the contract does not deprive an insured of the benefits owed under the policy'"); *Mundy v. Roy*, 2006 WL 522380, *4 (Ohio Ct. App. 2006).

4   Authority: *Drouard v. United Services Automobile Association* 2007-Ohio-1049 (6th Dist. March 9, 2007) citing *TOL Aviation v. Intercargo Ins. Co.*, 2006-Ohio-6061 (6th Dist. 2006); *Unklesbay v. Fenwick* 2006-Ohio-2630 (2nd Dist. 2006); *Mundy v. Roy* 2006-Ohio-993 (2nd Dist. 2006).

part of an insurer is the functional equivalent of a lack of good faith.5  Generally, an insurer has a duty to exhibit good faith toward its insured as part of carrying out its duties under a contract of insurance.6

This claim of bad faith is independent of the contract of insurance and overlies an insurer's contractual responsibilities and requires that the insurer do nothing that would injure the right of the insured to receive the benefits of the agreement.

Mr. Kearney contends that as the result of the value of his claim, defendants engaged in a multi-year campaign of deliberate and systemic harassment in the handling and administration of his claim without reasonable justification and in so doing defendants violated their affirmative duty of good faith.  While things like paying a claim with a "reservation of rights" may not, in and of itself, reflect bad faith, they may go to the issue of the handling of a claim.

If you find by the greater weight of the evidence that defendants engaged in bad faith, then you must find for Mr. Kearney and you will continue your deliberations to decide damages flowing from the bad faith conduct of the defendants, including whether defendants should pay Mr. Kearney's attorneys fees.7  If you find that plaintiff failed to prove bad faith by the greater weight of the evidence, then you must find for the defendants.

In arriving at an amount of damages that would fairly or adequately compensate Mr. Kearney for his loss, you may consider emotional distress, anxiety, embarrassment,

---

5    Authority:  *Netzley v. Nationwide Mut. Ins. Co.*, 34 Ohio App 2d 65, 72, 296 NE 2d 550 (1971).

6    Authority:  *Unklesbay v. Fenwick, supra* at para. 14, citing, *Hoskins, supra*, at paragraph one of syllabus; *TOL Aviation Inc., supra* at para. 64.

7    Authority:  *TOL Aviation Inc. supra c\at para. 74, citing Brown v Guarantee Title and Trust/ARTA* No. 94-41 (5th Dist. 1996).

humiliation, and/or the hurt feelings and any out-of-pocket loss, medical expense, or lost income which naturally results from the defendants' wrongful acts.

## Instruction 2
## [Invasion of Privacy][8]

Mr. Kearney claims that defendants violated his right of privacy. Specifically, Mr. Kearney alleges that defendants intentionally engaged in a multi-year campaign of deliberate and systemic harassment and in so doing intruded into Mr. Kearney's private affairs and unnecessarily shared details of his health and other personal information with the public. Mr. Kearney also contends that the broad sharing of his private information, including his medical condition, social security number, home and business addresses, and financial information constitute a publication.

The right of privacy is the right of a person to be let alone. It is the right to be free from unwarranted, excessive, and/or uncalled-for publicity and to live without unwarranted, excessive, or uncalled-for interference by the public in matters with which the public is not necessarily concerned.

An invasion of the right of privacy is the unwarranted, uncalled-for appropriation or exploitation of one's personality; the publicizing of one's private affairs with which the public has no legitimate concern; or the wrongful intrusion or interference into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities.

If you find by the greater weight of the evidence that defendants invaded plaintiff's privacy, and that the invasion of privacy caused injury, mental suffering, shame or humiliation or outrage to Mr. Kearney, and that such invasion of privacy would injure a

---

8   Authority: *OJI 349*; *Welling v. Wienfeld*, 866 N.E.2d 1051, 1059 (Ohio 2007) (adopting Restatement of the Law 2d Torts, Section 652E for what constitutes invasion of privacy in Ohio).

person of ordinary sensibilities, then you must find for Mr. Kearney and you will continue your deliberations to decide damages. If you find that plaintiff failed to prove by the greater weight of the evidence the invasion of privacy then you must find for the defendants.

In arriving at an amount of damages that would fairly or adequately compensate Mr. Kearney for his loss, you may consider shame, humiliation, the hurt feelings, the outraged sensibilities, the invasion or interference with Mr. Kearney's private activities and any out-of-pocket loss, medical expense, lost income which naturally results from the defendants' wrongful acts.

### Instruction 3
### [Conspiracy]

A civil conspiracy is "a malicious combination of two or more persons to injury another person or property, in a way not competent for one alone, resulting in actual damages."9 An underlying unlawful act is required before a civil conspiracy claim can be successful.10

To establish a conspiracy, Mr. Kearney must prove by a preponderance that the defendants acted with that state of mind under which a person does a wrongful act purposely, without a reasonable or lawful excuse, to the injury of another. *Pickle v. Swinehart* 170 Ohio St. 441, 443, 166 NE 2d 227 (1960).

If you find by the greater weight of the evidence that defendants engaged in a conspiracy as I have defined for you, and that the conspiracy caused injury, mental suffering, shame or humiliation or outrage to Mr. Kearney, then you must find for Mr. Kearney and you will continue your deliberations to decide damages. If you find that

---

9   Authority: *Kenty v. Transamerica Premium Ins. Co.*, 650 N.E.2d 863, 866 (Ohio 1995).

10  Authority: *Minarik v. Nagy*, 193 N.E.2d 280, 281-282 (Ohio Ct. App. 1963).

plaintiff failed to prove a conspiracy by the greater weight of the evidence then you must find for the defendants.

In arriving at an amount of damages that would fairly or adequately compensate Mr. Kearney for his loss, you may consider shame, humiliation, the hurt feelings, the outraged sensibilities, t and any out-of-pocket loss, medical expense, lost income which naturally results from the defendants' wrongful acts.

## Instruction 4
## [Compensatory Damages ]

If you find for Kearney on either his bad faith, invasion of privacy, or civil conspiracy claims, then Kearney may recover damages necessary to compensate him for all detriment proximately caused by the insurer's conduct.  This amount may include damages for emotional distress, anxiety,  and consequential or incidental economic loss.[11]

## Instruction 5
## [Punitive Damages] [12]

You may also decide whether the defendant(s) shall be liable for punitive damages in addition to any other damages that you award to Mr. Kearney.

The purposes of punitive damages are to punish the offending party and to make the offending party an example to discourage others from similar conduct. You may decide that the defendants are liable for punitive damages if you find by clear and convincing evidence that the defendants' acts or failures to act demonstrated: malice; aggravated or egregious fraud; oppression; or insult.   You may also decide that the defendants are liable for

---

11    *Zoppo v. Homestead Ins. Co* . 71 Ohio St.3d 552, 558 (1994) ("an insurer who acts in bad faith is liable for those compensatory damages flowing from the bad faith conduct"); *Hoskins v. Aetna Life Insur. Co.* 6 Ohio St.3d 272, 275 (1983); *Eastern v. Nationwide Mutual Ins. Co.* 66 Ohio App.3d 843 (1st Dist. 1990)(a plaintiff may recover for emotional distress damages upon proving bad faith); *LeForge v. Nationwide Mutual Fire Ins. Co.* 82 Ohio App.3d 692 (Clinton Cty. 1992)( "A bad faith claim ... allows for recovery of extra contractual damages.  These are damages over and above those covered by the insurance contract sustained by the insured as a consequence of . . . the insured's bad faith").

12    *OJI 23.71 (for claims arising before 4.7.2005) and OJI 3.75.*

punitive damages if you find by clear and convincing evidence that the defendant as principal, authorized, participated in, or ratified acts or failures to act of an agent that demonstrate malice, aggravated, or egregious fraud, oppression, or insult.

In either case, Mr. Kearney must have also presented proof of actual damages that resulted from those acts or failures to act of the defendants.

"Malice" includes: (A) that state of mind under which a person's conduct is characterized by hatred, ill will, or a spirit of revenge, or (B) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.

"Oppression" is an act or series of acts that wrongfully subject the victim to harm or hardship by the unjust or cruel use of force or authority.

"Insult" means any act or remark that is consciously, deliberately, or intentionally, scornful or humiliating.

To recover punitive damages, the burden is on the Mr. Kearney to establish the above requisite intent by clear and convincing evidence. Clear and convincing evidence is more than simply a greater weight of evidence. To be "clear and convincing" the evidence must produce in your minds a firm belief or conviction.

If you award punitive damages, the amount should be fair and reasonable under all the facts and circumstances. It should not be excessive or influenced by passion, sympathy, or prejudice. You may also consider the defendants' wealth in determining the appropriate punitive damages award.13

**Instruction 6**
**[Attorneys Fees]**

---

13    Authority: ***Spadafire v. Blue Shield*** (1985), 21 Ohio App.3d 201, 205; ***LeForge v. Nationwide Mutual Fire Insur. Co.*** (Clinton Cty. 1992) (citing ***Spadafire*** ("Evidence of Defendant's wealth is relevant when considering an award of punitive damages."))

If you decide that the defendant(s) are liable for punitive damages you must also decide whether the defendant(s) are liable for the attorneys fees of counsel employed by Mr. Kearney in the prosecution of this action. If you decide that the defendant(s) are liable for those attorneys fees, the Court will determine the amount).

                                          Respectfully submitted,

Michael A. Roberts, Esq. (0047129)

                                          s/Michael A. Roberts

                                          GRAYDON HEAD & RITCHEY LLP
                                          511 Walnut Street, Suite 1900
                                          Cincinnati, OH 45202
                                          (513) 629-2799
                                          (513) 651-3836 - fax
                                          mroberts@graydon.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been filed electronically with the court and thereby served this 11th day of September, 2007, upon William R. Ellis, Wood & Lamping LLP, 600 Vine Street, Suite 2500, Cincinnati, OH 45202 and John E. Meagher, Esq., Shutts & Bowen LLP, 1500 Miami Center, 201 South Biscayne Boulevard, Miami, Florida 33131.

                                          s/ Michael A. Roberts