UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE COMPANY, et al. | : : : | CASE NO. C-1-02-479 |
| Plaintiff/Counterclaim Defendants, | : : : | (Judge Barrett) (Magistrate Judge Hogan) |
| vs. | : : | **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO BIFURCATE** |
| CHRISTOPHER L. KEARNEY, | : : | |
| Defendant/Counterclaim Plaintiff. | : : | |

Defendants Jefferson Pilot Life Insurance Company ("JP") and Disability Management Services, Inc. ("DMS") (collectively, "Defendants"),[1] by and through undersigned counsel, hereby file their reply memorandum in support of their motion to bifurcate Kearney's tort claims for compensatory damages from his claims for punitive damages.

As set forth in Defendants' Motion, the Court has the authority and power to bifurcate a trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed. R. Civ. P. 42(b). Moreover, § 2315.21 of the Ohio Revised Code requires that the compensatory damages claim be bifurcated from the punitive damages claim. *See* O.R.C. Ann. §2315.21.

In response, Kearney sets up a straw man argument to knock down: that because Kearney's disability status (i.e., breach of contract or the contractual obligations) is not at issue here, there is no need to bifurcate the case. But that is not the distinction at issue here, and the

---

[1] At the Final Pretrial Conference on August 30, 2007, the Court orally granted JP's and DMS's Motion to Realign the parties for trial.

cases cited by Defendants in their initial Motion are not limited to either disability cases or breach of contract cases in bifurcating claims for compensatory damages from those for punitive damages.

In his response, as he did at the Final Pretrial Conference, Kearney proposes his version of bifurcation, i.e., that he be allowed to present all of his evidence other than that related to the wealth of Defendants in the first part of the trial, and that only wealth and amount of punitive damages be presented later, after compensatory damages. Kearney's purported "reasonable" offer, however, is nothing of the sort, and is not the type of bifurcation mandated by Ohio's statutes, which limits the presentation of evidence during the first part of a bifurcated trial only:

> with respect to whether the plaintiff is entitled to recover compensatory damages for the injury or loss to person or property from the defendant. During this stage, no party to the tort action shall present, and the court shall not permit a party to present, evidence that relates solely to the issue of whether the plaintiff is entitled to recover punitive or exemplary damages for the injury or loss to person or property from the defendant.

O.R.C. Ann. §2315.21(B)(1)(a). In other words, other than "wealth" evidence, Kearney wants to try his *entire* punitive damage claim in the initial part of the trial, contrary to how the statute directs that bifurcation be managed. For instance, Kearney has filed the depositions of numerous witnesses who had nothing to do with the handling of Kearney's claim. In fact, some are employees of companies (such as JP's reinsurer, ERC) Kearney did not even sue. The admission of such evidence in the compensatory damage phase of Kearney's claim is totally improper and designed only to inflame the jury.

Kearney's "rationale" for such a novel bifurcation is that the evidence for all of his "claims is precisely the same evidence that supports the award of punitive damages. Accordingly, it is not possible to segregate the tort evidence from the punitive damage

evidence." Of course, what Kearney really means is that he would like to prejudice Defendants by contaminating the trial of his underlying claims with punitive damage evidence. In any event, his rationale does not survive scrutiny, as the evidence supporting compensatory damages is **not** the same as that supporting punitive damages.

This was explained by the Ohio Supreme Court in Staff Builders, Inc. v. Armstrong, 525 N.E.2d 783 (Ohio 1988), wherein it stated:

> . . . an award of compensatory damages against an insurance company for bad faith is predicated upon its refusal to pay the claim where such refusal is not founded upon circumstances that furnish reasonable justification therefor. In contrast, punitive damages may be recovered against an insurer that breaches its duty of good faith in refusing to pay a claim of its insured upon proof of actual malice, fraud or insult on the part of the insurer. Thus, the evidence adduced in a particular case sufficient to establish bad faith on the part of the insurer may or may not be sufficient for the jury to further conclude that actual malice was exhibited by the insurer..

Id. at 790.

Moreover, intent and malice is *not* a part of a claim for bad faith. This recently was made clear by the United States Court of Appeals for the Sixth Circuit in Penton Media, Inc. v. Affiliated FM Insurance Co., 2007 WL 2332323 (6th Cir. (Ohio) August 17, 2007), applying Ohio law:

> As an initial matter, insofar as Penton argues that FM's bad faith lay in that it intended from the beginning to deny coverage and focused only on reasons to deny the claim, the bad faith claim was properly rejected. As the Ohio Supreme Court explained in Zoppo, an insurer must base " ' its refusal to pay the claim ... upon circumstances that furnish reasonable justification therefor.' " 644 N.E.2d at 400 (quoting Staff Builders, 525 N.E.2d at 788). However, " [i]ntent is not and has never been an element of the reasonable justification standard." Id. The insurer must have a reasonable basis for its decision and take reasonable steps in adjusting the claim; its subjective intentions are not relevant.

*Id*. at *6 (emphasis in original).  Plainly, the evidence that needs to be presented by Kearney on his bad faith and invasion of privacy counts does not rest on intent and malice.  Accordingly, bifurcation should first limit Kearney solely to his claims for compensatory damage, and then, if he prevails on those claims, he may attempt to introduce evidence of intent, malice, and yes, wealth, to support his claims for punitive damages.[2]  To allow otherwise is to severely prejudice defendants and sow reversible error into the record.

## CONCLUSION

For the foregoing reasons and those set forth in their initial Motion, Defendants Jefferson Pilot Life Insurance Company and Disability Management Services, Inc. respectfully request that the Court grant their Motion to Bifurcate, and grant them such other and further relief as the Court deems necessary and just.

Respectfully submitted,

/s William R. Ellis
William R. Ellis (0012279)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202-2491
Telephone:    (513) 852-6000
Telefax:          (513) 852-6087
E-mail:  wrellis@woodlamping.com

OF COUNSEL:                          John E. Meagher (511099)
                                     SHUTTS & BOWEN LLP

---

[2]   See O.R.C. Ann. §2315.21(B)(1)(b):

(b) If the jury determines in the initial stage of the trial that the plaintiff is entitled to recover compensatory damages for the injury or loss to person or property from the defendant, evidence may be presented in the second stage of the trial, and a determination by that jury shall be made, with respect to whether the plaintiff additionally is entitled to recover punitive or exemplary damages for the injury or loss to person or property from the defendant.

201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida  33131
Telephone:  (305) 358-6300
Telecopier:  (305) 381-9982
E-mail:      JMeagher@Shutts-law.com

Attorneys for Plaintiff/Counter-defendant, Jefferson-Pilot Life Insurance Company and Third-Party Defendant, Disability Management Services, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 11th day of September, 2007.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

s/ William R. Ellis

MIADOCS 2309943 1