UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER L. KEARNEY,** | ) : | CASE NO. C-1-02-479 |
| Plaintiff, | ) : | Judge Michael R. Barrett |
| vs. | ) : | |
| **JEFFERSON-PILOT LIFE, et al.,** | ) : | |
| Defendants. | | |

**PLAINTIFF'S REPLY TO DEFENDANTS' SUPPLEMENTAL AUTHORITY (Doc. 182) REGARDING CERTIFICATION**

For the reasons previously briefed by plaintiff, Christopher Kearney (*Docs. 159, 161, and 196*), this Court must deny defendants' request to certify a question to the Ohio Supreme Court (*Docs. 179, 182, and 203*).

The case that defendants "supplementally" rely upon in Doc. 182, <u>Penton Media, Inc. v. Affiliated FM Insurance Co.</u>, *2007 WL 2332323 (6th Cir. Aug 15, 2007, attached as Exhibit 1*) confirms as much.

<u>Penton Media</u> also confirms that this Court's Summary Judgment Order and Opinion (*Doc. 174*) correctly states and applies the law of Ohio on the issue of bad faith.

**Facts Of *Penton Media***

Penton Media operates trade shows. Due to the events of 9/11, a trade show planned for New York City in the Fall of 2001 was scrapped. Accordingly, Penton Media filed a claim with its business interruption insurer, Affiliated FM Insurance ("AFMI"). The trial court granted summary judgment to AFMI on the issue of coverage. Penton Media raised that issue as an assignment of error, but the 6th Circuit affirmed the trial court's decision. The trial court also sustained AFMI's request for summary judgment on Penton Media's

1

bad faith claim. That decision too was affirmed by the 6th Circuit in its August 2007 decision.

### *Penton Media's* Statement/Application of Ohio Law Is Correct And Consistent With This Court's Opinion And Order

The Sixth Circuit's analysis of Ohio law on bad faith is consistent with this Court's own analysis. The Sixth Circuit found:

- "Ohio law recognizes that bad faith in the adjustment of an insurance claim may exist without a valid claim for coverage;"

- "an insurer has a duty to act in good faith in the processing and payment of the claims of its insured;"

- "A breach of this duty will give rise to a cause of action in tort <u>irrespective</u> of any liability arising from breach of contract."[1]

- "In <u>executing the contract</u>, the insurer's action must be predicated upon 'circumstances that furnish reasonable justification therefor;'"[2]

- "The insurer must ... take reasonable steps in adjusting the claim ...;" and

- "The *Zoppo* court held that performing a cursory investigation and ignoring information that would tend to support the insured's claim can constitute bad faith." (*Penton Media* Exhibit 1 at pp. 6-7).

Each of these statements of Ohio law are correct and affirm the propriety of this Court's Summary Judgment Opinion and Order (Doc. 174).

First, as the 6th Circuit properly notes, bad faith can exist in the "adjustment" of a claim even in the absence of a valid claim for coverage. The corollary, or flip side of this legal point, therefore, is also true: bad faith can exist in the "adjustment" of a claim even if

---

[1] *Citing the Ohio Supreme Court cases of Staff Builders, Inc. v. Armstrong,* 37 Ohio St. 3d 298, 525 N.E.2d 783, 788 (Ohio 1988); see also *Zoppo v. Homestead Ins. Co.,* 71 Ohio St. 3d 552, 1994 Ohio 461, 644 N.E.2d 397, syllabus P 1 (Ohio 1994) (approving and following *Staff Builders*).

[2] *Citing, State Farm Mut. Auto. Ins. Co. v. Reinhart,* 114 Ohio App. 3d 625, 683 N.E.2d 843, 845 (Ohio Ct. App. 1996)(quoting, *Staff Builders,* 525 N.E.2d at 788).

2

the claim is ultimately paid. The cases that hold as much are identified in Kearney's prior briefing and this Court's Summary Judgment Opinion and Order.

Second, bad faith can exist in the "adjustment" of a claim regardless of whether there exists valid coverage and regardless of the ultimate payment of a claim because (as the 6th Circuit and this Court each correctly noted) an insurer has a duty to act in good faith in both the processing and payment of the claim. Accordingly, if an insurer does not exercise good faith in the "processing" of a claim (even an invalid claim), liability for bad faith can result.[3]

Third, that is why, in Ohio a breach of the duty of good faith will give rise to a tort claim "irrespective" of liability (or the absence of liability) on the contract. Here, contrary to Ohio law, defendants argue that because they have no present outstanding liability on any contract claim, there can be no tort. But, of course, that is in direct contravention of Ohio law and *Penton Media's* analysis of Ohio law.

Fourth, as *Penton Media* points out, in "executing the contract" (i.e., processing and adjusting the claim) the insurer's "actions (i.e., not necessarily payment or denial) must be predicated upon 'circumstances that furnish reasonable justification therefor.'" Accordingly, if the "actions" that defendants took here in the execution of the Policies were not predicated upon circumstances that furnish a reasonable justification, defendants can be held liable for the tort of bad faith ~ irrespective of what amount they paid or did not pay on the contract.

Fifth, as *Penton Media* points out (citing *Zoppo*), the insurer must take reasonable steps in adjusting the claim. And if it doesn't, the insurer exposes itself to the tort of bad faith "irrespective" of its liability (or lack thereof) on the contract. And *Penton Media*

---

[3] Despite Penton Media's argument that their insurer failed to perform an adequate investigation (and that, therefore, bad faith existed even in the absence of a valid claim), the Court properly held that given the "basis for refusal, namely, interpretation of the contract, [the claim] did not require any investigation into circumstances at the (trade show facility)."

3

specifically recounts the fact that the Ohio Supreme Court stated in <u>Zoppo</u> that performing a cursory investigation and ignoring information that would tend to support the insured's claim <u>can</u> constitute bad faith.

## **Conclusion**

Based now on defendants' own "supplemental authority" it is plainly clear that this Court's Summary Judgment Opinion and Order on Kearney's bad faith claim is entirely consistent with well settled Ohio Supreme Court precedent and the Sixth Circuit's view of Ohio bad faith law. For these and the additional reasons already briefed, defendants' motion to certify their bad faith question ton the Ohio Supreme Court must be rejected.

Respectfully submitted,

OF COUNSEL:

GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio  45201
(513) 621-6464
Cincinnati, Ohio  45201

/s Michael A. Roberts
Michael A. Roberts (0047129)
GRAYDON HEAD & RITCHEY LLP
511 Walnut Street, 19th Floor
Cincinnati, Ohio 45202
(513) 629-2799
mroberts@graydon.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the above was filed electronically with the ECF system and was thereby electronically served this 12th day of September 2007, on William R. Ellis, Wood & Lamping, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202 and John Meagher, Shutts & Bowen LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, Fl. 33131.

/s Michael A. Roberts