UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER L. KEARNEY,** | ) | CASE NO. C-1-02-479 |
| Plaintiff, | ) | Judge Michael R. Barrett |
| vs. | ) | |
| **JEFFERSON-PILOT LIFE, et al.,** | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' DEPOSITION DESIGNATIONS AND EXHIBITS**

Below are plaintiff's objections to defendants' deposition designations (*Doc. 206*) and proposed exhibits list.

**A.   Deposition Designation Objections.**

In Doc. 206, defendants designate ~ as evidence for this trial ~ portions of the 2004 and 2007 depositions of Christopher Kearney. For the reasons discussed below, the majority of the subjects covered in the designated testimony are irrelevant (and/or unfairly prejudicial and misleading) and should not be permitted into the evidence or argument of the case.

**1.   May 2004 Deposition**

   a.   **Page 85:6 - 87:10** – Defendants here suggest that some nefarious reason existed for the timing of Mr. Kearney's October 31, 1994, claim for benefits due to depression. This testimony is not relevant to any trial issue/defense and is misleading. Any such evidence/argument should, accordingly, be excluded.

   b.   **Page 87:20 - 88:11** -- Defendants here suggest that Mr. Kearney may have suffered from undiagnosed depression prior to 1992. This testimony too is not relevant to

any trial issue/defense and is misleading. Any such evidence/argument should, accordingly, be excluded.

    c.    **Page 93:9 - 100:8** -- Defendants here delve into great detail about Mr. Kearney's early 1990s divorce and other lawsuits in which he was engaged in the 1990s. Other than the stipulation that Mr. Kearney was involved in a domestics relations suit in the early 1990s, business related lawsuits in the late 1990s, and a bankruptcy proceeding in 1998, any evidence / argument regarding the allegations, defenses, or conduct of any lawsuits or other unrelated disputes (including evidence argument of an alleged mid-1990s assault [p. 98:15-100:8]) is irrelevant, unfairly prejudicial, and should be excluded. Furthermore, as defendants' counsel clarified in Kearney's deposition ~ when clarifying his request that Kearney laundry list the disputes he's been involved in ~ "skip domestics (relations matters) because they're of no importance to me … I'm not worried about that … anything related to your family issues or your family court or your divorces or any of that are of no interest to me whatsoever." (pp. 94:1 - 98:12).

**2.**    **June 2007 Deposition**

    a.    **Page 103:3 - 104:2** -- Defendants here intimate that at times Kearney may have told someone he was not disabled when he was (or the converse). This questioning / argument is irrelevant to any issue in the case, is factually unsupported, and is misleading. Accordingly, it should be excluded.

    b.    **Page 122:1 - 126:20 and 127:8 - 130:19** -- Defendants here examine Kearney on the fact that he may at one time have shared ownership in and/or used boats owned by his brother. This testimony/argument is irrelevant to any issue in the case.

    c.    **Page 129:13 - 136:8 *and* 143:19 – 20 *and* 144:4 – 8 *and* 146:8 - 147:18** – Here defendants delve into the details of a marital spat between Kearney and his

present wife which escalated into a divorce filing in 2007 and a domestic violence allegation that have each been resolved.

As indicated above, defendants are captivated by the fact that Kearney has had one early 1990s divorce, a near divorce in 2007, and other business related lawsuits. While the existence of those disputes has no relevance, even if they did have marginal relevance, the most the jury needs to know about the details is a stipulation as to the existence of "other business related lawsuits, a divorce and a bankruptcy filing." Again, as to divorce issues, in 2004, defendants' counsel correctly stated that "domestic relations matters ... are of no importance to me ... anything related to your family issues or your family court or your divorces or any of that are of no interest to me whatsoever." (2004 depo. at 94:1 - 98:12).

d. **Page 158:2 - 158:17 *and* 161:13 - 164:1 *and* 165:4 - 180:24 *and* 181:23 - 182:7 *and* 236:9 - 238:22** -- In this 2007 seven-hour deposition (demanded 3 weeks after Kearney's heart attack) defendants' counsel again interrogated Kearney on details of his 1993 divorce. As stated above, other than the admission that Mr. Kearney was involved in a domestics relations suit in the early 1990s, a near divorce in 2007, and other business disputes, any evidence / argument regarding these unrelated ancillary disputes and allegations is completely unwarranted, irrelevant, and prejudicial. "Domestic relations matters are of no importance to [defendants] ... whatsoever." (2004 deposition, pp. 94:1 - 98:12).

e. **Page 186:7 – 21 *and* 191:18 - 193:7 *and* 195:20 - 202:21 *and* 206:9 - 211:21 *and* 225:18 - 233:23** – This is more of the same, here defendants interrogate Kearney regarding other suits/claims which are irrelevant. Other than the admission that Mr. Kearney was involved in business related lawsuits in the late 1990s, and a bankruptcy proceeding in 1998, any evidence / argument regarding the details, assertions, defenses of

3

any lawsuits or other unrelated disputes (including evidence argument of an alleged mid-1990s assault allegation) should be excluded.

  f. **Page 211:24- 219:18** – Here defendants interrogate Kearney about the 1991 back rider exclusion/removal to policy. This issue is totally irrelevant and misleading.

## B. Exhibit Objections.

1. **Exhibit 7: Claim Payment Worksheets.**

These materials are irrelevant to the issues/defenses to be tried.

2. **Exhibits 8(C)-(F); 12(B): Domestic relations pleadings and documents.**

As discussed above, these materials are irrelevant to the issues/defenses to be tried. No argument or evidence should be presented regarding them, save the stipulation that they happened.

3. **Exhibits 8(I)-(O), (S)-(U); 12(A) and 12(C): Pleadings and Documents from unrelated business lawsuits in the 1990s.**

As discussed above, defendants' fascination and fixation with the business lawsuits in the 1990s are irrelevant. Other than the stipulation as to there existence there should be no argument or evidence presented on these topics. Otherwise, Mr. Kearney will be required to defend the merits of each of these extraneous matters thereby unnecessarily delaying and complicating these proceedings.

4. **Exhibits 8(P)-(R): Documents regarding the early 1990s back condition of Kearney.**

As discussed above, these materials have no relation whatsoever to the claims and issues in this case and therefore should be excluded as irrelevant and misleading.

5. **Exhibits 5, 15, 16 and 19: Miscellaneous Unproduced Exhibits.**

Kearney reserves the right to object to these documents if he is ever provided copies.

**6.    Exhibits 17:  Alleged DMS Customer Surveys.**

There are many procedural, substantive, and evidentiary reasons to exclude these surveys.

***Procedural Shortcomings.***  First, these documents were not produced until August 2007.  Kearney, therefore, has had no ability to depose any alleged author or creator.  Second, no one on defendants' witness list can authenticate these documents ~ accordingly, whoever discusses them at trial will be offering double hearsay.

***Substantive and Evidentiary Shortcomings.***  First, defendants presumably desire to offer these exhibits as evidence that DMS reps are good people on claims other than Kearney's.  The hypocrisy of this effort is apparent from defendants motion in limine in which they argue that evidence of the treatment of other policyholders should be excluded.

Second, the surveys should be excluded because they are irrelevant under Rule 401: they do not show haw DMS treated Mr. Kearney on his claim.

Third, the surveys are patent hearsay.  They should be excluded as such.  In fact, the surveys are double hearsay because the survey itself is hearsay, and the statements contained in the survey are also hearsay.

Fourth, there is no evidence (and no designated trial witness who can offer) of the methodology used to arrive at the survey results and no evidence of any proper scientific sampling.  Accordingly, the surveys are not reliable or trustworthy.

Fifth, the source of the information and the method or circumstances of preparation indicate lack of trustworthiness.  The original surveys are not provided, the sample size is much too small: in most cases less than 20 policyholders responded from what started as a

very small hand selected group of policyholders. This is the case even though DMS was handling over 300 claims at any given time.

Sixth, even if relevant (which they are not) the surveys should be excluded under Rule 403 since the risk of unfair prejudice far outweighs any relevance these surveys have as to how DMS handled Kearney's claim. Any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and the likelihood of misleading the jury.

Seventh, the survey provided is merely a summary of the original surveys. The contents of those originals were never made available for examination to confirm the accuracy of the summary. Under Evid Rule 1006, because the originals were not available for examination they alleged survey result authored by an unknown person should be excluded.

## **Conclusion**

The above designated deposition testimony of Kearney and the proposed exhibits referenced above, and any/all other evidence concerning the subject matters addressed above (regardless from which witness they are solicited) should be excluded from the trial of this case.

|  |  |
|---|---|
| OF COUNSEL: | Respectfully submitted, |
|  | /s Michael A. Roberts |
| GRAYDON HEAD & RITCHEY LLP | Michael A. Roberts (0047129) |
| 1900 Fifth Third Center | GRAYDON HEAD & RITCHEY LLP |
| 511 Walnut Street | 511 Walnut Street, 19th Floor |
| Cincinnati, Ohio 45201 | Cincinnati, Ohio 45202 |
| (513) 621-6464 | (513) 629-2799 |
| Cincinnati, Ohio 45201 | mroberts@graydon.com |

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the above was filed electronically with the ECF system and was thereby electronically served this 13th day of September 2007, on William R. Ellis, Wood & Lamping, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202 and John Meagher, Shutts & Bowen LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, Fl. 33131.                                             /s Michael A. Roberts