UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON-PILOT LIFE INSURANCE COMPANY, et al. | : | CASE NO. C-1-02-479 |
| | : | |
| | : | (Judge Watson) |
| Plaintiff/Counterclaim Defendants, | : | (Magistrate Judge Hogan) |
| | : | |
| vs. | : | **DEFENDANTS' OBJECTIONS TO** |
| | : | **PLAINTIFF KEARNEY'S EXHIBITS** |
| CHRISTOPHER L. KEARNEY, | : | |
| | : | |
| Defendant/Counterclaim Plaintiff. | : | |
| | : | |

  1. Defendants Jefferson Pilot and DMS (hereinafter "Defendants") object to any and all red pages or tabs authorized by the Plaintiff's lawyer or law firm on the basis that such are not exhibits but documents created by the Plaintiff's attorney for purposes of influencing the jury through the attorney's comments.

  2. Defendants object to Exhibit 1, a 1990 proposal submitted to Mr. Kearney, on the basis that such proposal is irrelevant to the issues in this case.

  3. Defendants object to Plaintiff's Exhibit 9 and the General Electric/ERC 1997 Summary on the basis that such summary is irrelevant to the issues in this case and is an unauthenticated document.

  4. Defendants object to Plaintiff's Exhibit 12, the Jefferson-Pilot DMS Agreement, in that such agreement is irrelevant to the issues in this case.

  5. Defendants object to Exhibit 13, which is a transcript of a speech delivered by Robert Bonsall to a conference of actuaries, in that such speech is irrelevant to the issues in this case.

6. Defendants object to Plaintiffs Exhibit 15, a list of closed claims, on the basis that such Exhibit contains reserve amount information, which is irrelevant to this case and designed solely to prejudice the jury.

7. Defendants object to Exhibit 20 and transcript of a recorded call between Mr. Kearney and Robert Hughes, on the basis that the telephone conversation is irrelevant to the issues remaining in this case, is an improper summary, violates the best evidence rule and is hearsay.

8. Defendants object to Exhibit 21, a photo of Mr. Kearney eating at a public restaurant, on the basis that such picture is irrelevant to the issues in this case and the Court has already ruled that surveillance was appropriate.

9. Defendants object to Exhibit 22, which is the International Claims Association Statement of Principles, on the basis that this document has not been authenticated by any witness, is hearsay and bears no relevance to the issues in this case.

10. Defendants object to Exhibit 23, which represents Mr. Le Gravenase's thoughts in a speech to a seminar and is neither authenticated nor authoritative. He has not been listed as an expert or even as a witness in this case. Defendants are thus deprived of the right to cross examine him as to qualifications or his opinions. The document is hearsay.

11. Defendants object to Exhibit 24, which is Mr. Miller's expert report prepared in 2001, which was withheld from the defendants until the time of Mr. Miller's discovery deposition. It was discovered during the discovery examination. (see page 7 of Miller's deposition). There is no qualification of the witness in this record to render such a report; Unless Mr. Miller testifies live there will be no opportunity to explore his report nor voire dire his qualifications; and it is impossible for the Defendants to cross-examine an 86-page report, and

2

was not possible to review the report provided during the deposition so as to properly examine the witness. Moreover, any such testimony would have to be presented live by Mr. Miller and not in the form of a report. (see: *Aubrey Rogers Agency In. v AIG Life Insurance Company* 2000 WL 135129 (D Del. 2000). The report is hearsay.

      12.     Defendants object to parts of Exhibit 25 which contain draft letters and e-mails. Drafts are not actions taken in the claim—merely thoughts of actions to be taken—and the proper evidence are the letters that were actually sent. The specific objection is to Documents 0051 to 0054; 0061 to 0064; 0028 to 0032; and 0010 to 0013. Defendants further object to the parts of Exhibit 25 which have a duplication of a letter of June 18, 2002, one of which is not stamped with Bates numbers indicating production. Defendants also object to the yellow sticky attached to one of the documents of Exhibit 25 on which Plaintiff's counsel has written the word "misrepresentation."

      13.     Defendants object to the sticky note authored by counsel and attached in Exhibit 26 referencing the speeding ticket, which note amounts to argument and is not evidence.

      14.     Defendants object to Exhibit 27 which is the financial statement of General Electric because it is not relevant to any of the issues in this case and General Electric is not a party to this case. The document is unauthenticated and hearsay.

      15.     The Defendants object to Exhibit 28 which is the 2006 financial statement of Lincoln Financial. Lincoln Financial is not a party to this case, and its 2006 financial statement is irrelevant. The document is unauthenticated and hearsay.

      16.     Defendants object to Exhibit 29 which is the 2006 financial statement of DMS on the basis that such financial statement is irrelevant. The document is hearsay.


17. Defendants object to Exhibit 30 which is the Privilege Log produced in this litigation from 1994 to 2007 by Employers Reinsurance Corporation, which is not a party to this case. Such log is irrelevant to the remaining issues in this case. The document will also confuse and mislead the jury.

18. Defendants object to Exhibit 31, the payment records through 1999, solely on the basis that such records are incomplete and would mislead the jury into believing that there were no payments made after that date.

19. Defendants object to Exhibit 32, the Underpayment Schedule, on the basis that it bears no relevance to this case. There is no dispute that the Plaintiff was made whole immediately after the Court issued its order in the declaratory judgment action. The Court has previously held the payments were timely.

20. Defendants object to Exhibit 33, which is a letter relating to another case entirely unrelated to Mr. Kearney, on the basis that such other cases are not relevant and the inclusion of other cases would require the retrial of those cases in this case.

21. Defendants object to Exhibit 40, which is the notice regarding California law; since this is an Ohio case, California law is irrelevant. Also, unauthentic and hearsay.

22. Defendants object to Exhibit 41, which is a file on Mr. Kearney that was kept by the reinsurer on the basis that reinsurance is irrelevant and most of the contents of the file are duplicative of the claims file. Defendants incorporate all objections previously made to duplicative documents.

23. Defendants object to Exhibit 43, which is the DMS proposal to Jefferson-Pilot, on the basis that such proposal is irrelevant to the issues remaining in this case.

24. Defendants object to Exhibit 44, which are Documents 1290 through 1311, which were produced pursuant to the Court's order in discovery, which amount entirely to draft documents between Jefferson-Pilot and DMS and are irrelevant to the issues in this case.

25. Defendants object to Exhibit 45 of Plaintiff on the basis that such exhibit reflects an agreement between Jefferson-Pilot and DMS regarding *only* New York claims. Mr. Kearney's claim obviously is a claim in Ohio, and therefore the document is completely irrelevant.

26. Defendants object to Exhibit 46, the Administrative Services Agreement between Jefferson-Pilot and DMS entered into in 2005, on the basis that such document is irrelevant to the claims remaining in this case. Further the exhibit, absent testimony would require the jury to engage in contract interpretation which is a matter of law for the court.

27. Defendants object to Exhibit 47 which reflects two DMS invoices to Jefferson-Pilot—one in May of 2007, and another in January of 2002—on the basis that such invoices are irrelevant to the issues remaining in this case.

28. Defendants object to Exhibit 49, which is an Audit Worksheet, on the basis that such document is irrelevant to the issues in this case and can only serve to mislead the jury.

29. Defendants object to Exhibit 50, which is a series of communications between Ms. Lofton and Mr. Bonsall, on the basis that the communications do not relate to Mr. Kearney's case and therefore are totally irrelevant to the issues remaining in this case.

30. Defendants object to Exhibit 51, which is the 2000 reserve information, on the basis that reserve information is irrelevant to this case and can only serve to prejudice the jury.

31. Defendants object to Exhibit 52, which are the 2007 printouts from the Passport System, on the basis that such documents are irrelevant to this case and were created long after the complaint giving rise to the claims remaining in the case.

32. Defendants object to Exhibit 53, which is a collection of training materials used by Disability Management Services, in that several of such documents relate only to California and other state regulations which are irrelevant to this case, and that such training materials amount primarily to the Power Point presentations which are meaningless without the presenter's comments to explain the documents. Plaintiff has listed no witness that he intends to call who was a presenter of these various Power Point presentations; therefore, they can only serve to mislead the jury and thus are irrelevant to this case. It is further anticipated that plaintiff will propose his own interpretation of the presentation without foundation to do so. Moreover, there is no claim on Mr. Kearney's part that there was insufficient training of any of the personnel who handled Mr. Kearney's claim.

33. Defendants object to parts of Exhibit 54 which are purported to be the medical records of Mr. Kearney. The second part of Exhibit 54 contains records of a Dr. Gregory Wood and a Dr. Kirkman Baxter from November of 2006. Neither of those physicians is listed on the Plaintiff's Witness List, so as to explain the nature of the records, authenticate them or be cross-examined on them. There are no expert witnesses disclosed who would testify about physical ailments other than Dr. Lehenbauer and he was silent on these records. The next section is the records of Dr. Elizabeth Henderson, and Dr. Henderson is not listed as a witness to explain her records, authenticate them or to be cross-examined on them. The next section is the records of Dr. Mark Bernbaum. Dr. Bernbaum is not listed as a witness in this case so as to explain the records, authenticate them or to be cross-examined on them. The next section is a record from Mayfield Neurological Institute, and specifically a letter from Dr. Berger to Dr. Perduk, neither of whom is listed as a witness. Such documents have not been authenticated and the doctors cannot be cross-examined as to the content. The next section is a section of records from the

Crisis Intervention Center of Stark County from February of 2007, which records have not been authenticated and the doctors have not been listed to testify in this case to explain their records or to be cross-examined on them. The next section is a section of records from Dr. Bret Feree. Dr. Feree has not been called to testify to authenticate these records, nor has he been listed as a witness to be cross-examined on them. Defendants have no objection to the next section, which are the records of Dr. Lehenbauer. The following section is the records of Dr. Judd-McClure through August of 2005. Defendants will object to the admission of these records in the absence of Dr. McClure's testimony. Dr. McClure's discovery deposition does not qualify her as an expert to testify to these matters, and her records cannot be cross-examined at trial. (see *Aubrey Rogers supra).* The next section of the records is the Behavioral Psychiatric Consultants, Inc. records from 2006 and 2007. They are not relevant to the issues in this case and, further, no witness has been called to testify as to their authenticity or to be cross-examined on them. The next section is selected records from Dr. Perduk. Dr. Perduk has not been listed as a witness in this case; the records are not authenticated; and there is no opportunity to cross-examine Dr. Perduk on these records. Furthermore, these records are incomplete, excluding letters from the Plaintiff to Dr. Perduk and from the doctor to the Workers Compensation Board, which the Defendants know to exist. The next section is a partial record of medications from 1996 through 1999 which document is not authenticated and is incomplete. Next is a record from Mark Sheppard, M.D of Spectrum Orthopaedics. Dr. Sheppard is not listed as a witness in this case, was not disclosed as an expert, and has not been offered to authenticate his records nor for cross-examination with regard to these records. All of the above records are hearsay.

*****

Respectfully submitted,

/s William R. Ellis
William R. Ellis (0012279)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202-2491
Telephone:    (513) 852-6000
Telefax:    (513) 852-6087

OF COUNSEL:          John E. Meagher (511099)
SHUTTS & BOWEN LLP
201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
Telephone: (305) 358-6300
Telecopier: (305) 381-9982
E-mail:    JMeagher@Shutts-law.com

Attorneys for Plaintiff, Jefferson-Pilot Life
Insurance Company and Cross-Claim Defendant,
Disability Management Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 13th day of September, 2007. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ William R. Ellis

329133.1

9