UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFERSON-PILOT LIFE INSURANCE :    CASE NO. C-1-02-479
COMPANY, et al.                              :
                                        :    (Judge Watson)
      Plaintiff/Counterclaim Defendants,    :    (Magistrate Judge Hogan)
                                        :
vs.                                              :    **DEFENDANTS' OBJECTIONS TO**
                                        :    **DEPOSITION DESIGNATIONS OF**
CHRISTOPHER L. KEARNEY,            :    **PLAINTIFF KEARNEY**
                                        :
      Defendant/Counterclaim Plaintiff.    :
                                        :

Defendants Object to the use of any part of the depositions of Dr. Shawn Barnhart, Dr. Donna Judd-McClure, Dr. Suresh Patel or Clinton Miller. These were discovery depositions of these alleged experts and not noticed for trial. Moreover, none of the depositions reflect the necessary qualifications for the witness to render opinions in this case. The witnesses will also not be available for the defendants to voire dire them as to qualifications and /or bases for their opinions. In addition the opinions expressed, if any are not stated to the requisite certainty required of experts.

**OBJECTIONS TO DEPOSITION DESIGNATIONS OF TODD DITMAR**

Defendants object to the designation of page 13, lines 1-22, on the basis that the testimony sought is irrelevant to the issues in this case, and the prejudicial value greatly outweighs the probative value of such examination.

Defendants object to the designation of page 14, lines 16-20, on the same basis as above.

Defendants object to the designation of page 22, line 19, through page 24, line 11, on the basis that such testimony is irrelevant, discusses a party not a party to this case, and is irrelevant to the issues remaining in this case.

Defendants object to the designation of page 32, lines 1-5, on the basis that its prejudicial value greatly outweighs any probative value of the matters discussed.

Defendants object to the testimony elicited in the designations from page 39, line 9, through page 45, line 9, with respect to the argumentative nature of the questions, the fact that the testimony elicited is more prejudicial than probative of any issue remaining in this case, that part of the testimony discusses Employers Reinsurance, which is not a party to this case, and that primarily the questions amount to speeches by the Plaintiff's counsel with negative answers by the witness.

Defendants object to the designation of page 58, lines 11-19, on the basis that it has no relevance to the case at hand and due to the limited nature of the questioning, has no probative value whatsoever.

Defendants object to the designation of page 62, line 14, through page 63, line 3, on the basis that it calls for a legal conclusion from a lay witness and intentionally confuses the jury on the difference between the third-party administrator and the insurer with regard to duties.

Defendants object to page 65, line 24 through page 67, line 5. This segment discusses performance reviews which were the subject both of an objection and a confidentiality order in a prior case. Moreover, it reviews the performance of parties not related to Mr. Kearney's claim and who did not handle Mr. Kearney's claim. The testimony is completely irrelevant and argumentative in nature and can only serve to confuse the jury. The same objection applies to a designation of page 69, line 1 through page 70, line 3. The same objection applies to page 70, lines 16-24 and page 71, line 16 through page 72, line 8. The same objection applies to page 72,

line 22 through page 74, line 20. The same objection applies to page 77, lines 13-15, and page 77, line 24 through page 78, line 8. The same objection applies to page 84, line 1, through page 85, line 16. The same objection applies to page 86, line 2, through page 87, line 5.

Defendants object to the designation of page 88, line 10, through page 89, line 21, on the basis that the author of the document was not questioned and the person questioning had no knowledge of the document. It is therefore neither authenticated nor is the interpretation of it legitimate evidence to be presented to this jury. No demand was made for the deposition of the author of that document.

Defendants object to the use of personnel files of employees not related to this claim and the use of privileged and confidential documents. The objection set forth above relative to personnel files applies to the designation of page 91, line 19 through page 93, line 10. The same objection applies to page 109, lines 7-16, and page 111, line 16 to page 112, line 3.

Defendants object to the designation of page 117, line 27, through page 119, line 3, in that the questioning deals with a different, and unrelated case and is completely irrelevant to Mr. Kearney's case and would only serve to confuse the jury. Admitting testimony concerning an irrelevant and unrelated matter would require the Defendants to retry that matter in this case. The same objection applies to the designation of page 120, lines 3-19.

Defendants object to the designation of page 127, line 20, through page 128, line 8, in that the questioning deals with California law and the California regulations which are unrelated to the handling of Mr. Kearney's claim.

Defendants object to page 148, lines 11-19, on the basis that it is an incomplete hypothetical.

Defendants object to the designation of page 156, line 13, through page 157, line 10, on the basis that it references privileged material and issues which are not relevant to the remaining claims in this case.

Defendants object to the designation of page 164, lines 7-23, in that the testimony discusses the proposal which is not relevant to any of the issues remaining in this case.

Defendants object to the designation of page 168, line 4, through page 169, line 7, on the basis that the testimony is argumentative and that it questions a witness on a document which he had not reviewed. Further, the prejudicial value of such testimony greatly outweighs any probative value with regard to the remaining issues in this case.

The Objections to other designations are as follows:

**Objections Key**

R =      Relevance
UP =    Unfair Prejudice outweighs probative value, or admission will cause confusion
HS =    Hearsay
LF =    Lack of Foundation
NQ =   Not qualified as an expert
F =      Form of Question
P =      Privilege
S =      Inadmissible Settlement Discussions


**William Hughes (05/04/2007)**

| Page/Line | Objection |
| --- | --- |
| 6:3 – 6:11 | R,UP |
| 8:5 – 8:16 | R |
| 21:14 – 22:11 | R |
| 22:21 – 23:22 | R |
| 23:23 – 24:14 | R,F |
| 27:9 – 28:14 | R |
| 31:21 – 32:13 | R |
| 33:2 – 33:6 | R |
| 35:13 – 36:4 | R |
| 40:24 – 41:18 | R |
| 45:13 – 46:1 | R |
| 46:2 – 46:4 | R,F |

| Page/Line | Objection |
|---|---|
| 47:20 – 48:23 | R |
| 49:19 – 50:4 | R |
| ADD 52:13 – 52:18 | |
| 55:7 – 55:17 | R, UP |
| 55:18 – 56:1 | R |
| 56:19 – 62:2 | R |
| 62:20 – 62:24 | R |
| 63:1 – 63:8 | R |
| 66:8 – 68:1 | R |
| 68:20 – 69:12 | R |
| 69:13 – 71:13 | R, LF, HS, F |
| 71:23 – 72:12 | R, LF, HS, F |
| 73:5 – 73:7 | F |
| 73:8 – 82:9 | LF, HS, R |
| 78:17 – 78:19 | F |
| 81:1 – 81:5 | F |
| 85:1 – 85:14 | R, F |
| 89:20 – 89:23 | F |
| 91:19 – 91:24 | R, UP |
| 100:1 – 100:8 | R |
| 102:21 – 103:20 | R |
| 108:12 – 110:6 | R |
| 112:17 – 112:21 | F, UP |
| ADD 116:6 – 116:16 | |
| 117:8 – 117:12 | R, UP |
| ADD 120:4 – 120:13 | |
| 121:6 – 121:15 | R, UP |
| 121:16 – 122:2 | R |
| 123:2 – 123:8 | F, LF |
| 123:9 – 125:11 | R |
| 125:19 – 126:13 | LF |
| 126:14 – 128:19 | R, UP |
| Page/Line | Objection |
| 130:9 – 130:24 | R, UP, F |
| ADD 133:10 – 133:15 | |
| 137:1 – 137:11 | F |
| ADD 141:23 – 142:2 | |
| ADD 148:1 – 148:12 | |
| 153:2 – 153:7 | F |
| 153:20 – 154:3 | LF, F |
| 156:1 – 156:17 | R |
| 167:21 – 168:1 | R |
| 169:14 – 169:23 | R |
| 172:4 – 172:21 | R, LF |
| 173:18 – 173:22 | R, S |
| 174:1 – 175:24 | R, S |

| | |
|---|---|
| 176:1 – 176:24 | S |
| 177:1 – 178:24 | R, S |
| 179:1 – 179:16 | F, S, R |
| 182:4 – 182:6 | R |
| 196:5 – 196:23 | P |
| ADD 199:12 – 199:17 | |
| 206:16 – 207:7 | LF, HS |
| 210:21 – 217:20 | LF, HS, F |
| 224:13 – 224:14 | R |
| 227:9 – 228:1 | F |

The objections to the deposition designations of Robert Mills are as follows:

**Robert Mills (05/03/2007)**

| Page/Line | Objection |
|---|---|
| 5:9 – 5:14 | R |
| 7:1 – 7:6 | R |
| 11:21 – 12:2 | R, UP |
| 12:17 – 12:19 | R, UP |
| 17:21 – 19:9 | F, LF, R, UP |
| 21:15 – 21:19 | R, UP |
| 22:1 – 22:3 | R |
| 28:4 – 30:4 | R, UP |
| 30:12 – 30:17 | R |
| 32:5 – 32:15 | R |
| 33:9 – 33:24 | R |
| 35:24 – 36:7 | R, UP |
| 37:9 – 37:12 | F |
| 39:14 – 39:24 | R |
| ADD 42:9 – 43:1 | |
| 43:19 – 44:24 | R |
| 45:13 – 48:1 | R |
| 46:5 – 46:9 | R, LF |
| 48:2 – 48:6 | R, UP |
| 48:11 – 48:13 | R, UP |
| 49:10 – 51:17 | R |
| 53:7 – 53:16 | F |
| 54:1 – 54:11 | F |
| 55:5 – 55:10 | F, LF, HS |
| 55:11 – 55:18 | R |
| 56:16 – 57:9 | R, UP |
| 57:17 – 58:1 | R, F, UP |
| 59:21 – 60:19 | P |
| 65:15 – 65:24 | R |
| 66:9 – 66:14 | R, F |
| 67:22 – 68:11 | R, F |

| | |
|---|---|
| 69:18 – 70:16 | R, F |
| 72:12 – 73:9 | R |
| 73:20 – 73:24 | R, F |
| 75:12 – 75:24 | R, UP |

Objections to John L. Roberson deposition designations are as follows:

| Page/Line | Objection |
|---|---|
| 7:12-7:25 | R |
| 9:12-1:11 | R |
| 14:25-15:4 | R |
| 17:10-20:07 | R |
| 12:3-21:10 | R |
| 21:-24-22:8 | R |
| 25:15-26:10 | R |
| 32:14-33:1 | R |
| 44:7-44:12 | R |
| 50.2-51:4 | R |
| 53:5-53:17 | R |
| 53:23-53:25 | R |
| 55:10-55:16 | R |
| 56:10-57:7 | R |
| 58:25-60:6 | R, F |
| 62:6-64:18 | R, F |
| 65:11-69:16 | R, F |
| 70:1-71:23 | R, F |
| 76:21-78:6 | R |
| 80:18-80:22 | R |

**Harold Shelton**

| Page/Line | Objection |
|---|---|
| 3:6-3;15 | R, F |
| 4:9-4:25 | R |
| 5:5-5:11 | R, F |
| 8:13-8:15 | R |
| 37:19- 40:11 | R |
| 40:20-41:22 | R |
| 44:3-44:16 | R |
| 46:9-49:14 | R |
| 52:4-52:11 | Speculation |
| 52:19-52:23 | R |
| 54:1-54:8 | R |
| 54:16-54:21 | R |

| 64:3-64:7 | R |
| 64:23-65:7 | R |

Due to the shear volume of exhibits and designations Defendants will file its additional objections As soon as possible.

Respectfully submitted,

/s William R. Ellis
William R. Ellis (0012279)
Amy Gasser Callow (0063470)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202-2491
Telephone:    (513) 852-6000
Telefax:        (513) 852-6087

OF COUNSEL:

John E. Meagher (511099)
SHUTTS & BOWEN LLP
201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida  33131
Telephone:  (305) 358-6300
Telecopier:  (305) 381-9982
E-mail:        JMeagher@Shutts-law.com

Attorneys for Plaintiff, Jefferson-Pilot Life
Insurance Company and Cross-Claim Defendant,
Disability Management Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed with the Court by electronic means on this 13th day of September, 2007.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

s/ William R. Ellis

329103.1